| | |
|---|---|
| **PENNSYLVANIA NATIONAL MUTUAL**<br>**CASUALTY INSURANCE COMPANY,**<br><br>        **Plaintiff,**<br><br>      **v.**<br><br>**BEACH MART, INC. and L&L WINGS, INC.,**<br><br>        **Defendants.** | **Expert Disclosure**<br>Fed. R. Civ. P. 26(a)(2)(A) |

Plaintiff/Counter-Defendant Pennsylvania National Mutual Casualty Insurance Company (hereafter "Penn National") submits the following expert disclosure pursuant to Fed. R. Civ. P. 26(a)(2)(A). Penn National expects to call the following expert witness at trial:

> David Paige, Esq.
> 141 Fifth Avenue, 10a
> New York, NY 10010

Mr. Paige is an attorney with over 30 years of legal and insurance industry experience. Mr. Paige is expected to testify as to whether the actions or inactions of Penn National, as they relate to claims made by Beach Mart, Inc. (hereafter "Beach Mart") for breach of contract and bad faith were below the standard of care owed by Penn National to Beach Mart, or were otherwise made in "bad faith" as that term is defined by insurance customs and practices, and is reflected in North Carolina law. In addition, Mr. Paige is also expected to testify as to the reasonableness of the attorney fees claimed as damages by Beach Mart. Mr. Paige's opinions on these matters, and the facts supporting Mr. Paige's opinions are set forth in the accompanying reports, which may be supplemented as required.

**[Space Intentionally Left Blank]**

**EXHIBIT**

**A**

**This the 16th day of November, 2020.**

Hedrick Gardner Kincheloe & Garofalo LLP


By: */s/ David L. Levy*_____
NC State Bar No. 34060

Hedrick Gardner Kincheloe & Garofalo, LLP
6000 Fairview Road, Suite 1000
Charlotte, NC  28210
Phone: (704) 366-1101
Fax: (704) 366-6181
dlevy@hedrickgardner.com
*Attorney for Plaintiff*


By: */s/ Devlin K. Horton*
NC State Bar No. 47815

Hedrick Gardner Kincheloe & Garofalo, LLP
300 N. 3rd Street, Suite 420
Wilmington, NC  28401
Phone: (910) 679-4801
Fax: (910) 509-9630
dhorton@hedrickgardner.com
*Attorney for Plaintiff*

PENNSYLVANIA MUTUAL CASUALTY
INSURANCE COMPANY,

*Plaintiff,*

vs.

BEACH MART, INC., AND L&L WINGS, INC.,

*Defendant.*

Civil Action No: 4:14-cv-00019

---

## EXPERT REPORT OF DAVID PAIGE, ESQ.

---

DAVID PAIGE

Dated: November 16, 2020

# <u>TABLE OF CONTENTS</u>

<u>PAGE</u>

<u>Introduction</u> ---------------------------------------------------------------------------2

<u>Background</u>---------------------------------------------------------------------------------4

      <u>The Underlying Counterclaims</u>----------------------------------------------4

      <u>Beach Mart's Claims Against Penn National</u> -----------------------------5

      <u>Beach Mart's objection to Penn National's selection of counsel</u>---------9

      <u>Beach Mart's contention that Penn National did not respond in a "reasonably prompt time"</u> ----------------------------------------------------- 10

      <u>Beach Mart's contention that Penn National did not conduct a reasonable investigation</u>---------------------------------------------------- 12

      <u>Beach Mart's claim for reimbursement of attorney's fees</u> ------------- 13

<u>Summary of Opinions</u>------------------------------------------------------------ 13

<u>Materials Reviewed and Exhibits/Qualifications/Publications</u>-------------- 14

<u>Compensation</u>--------------------------------------------------------------------- 14

<u>Previous Expert Testimony</u>----------------------------------------------------- 15

## INTRODUCTION

1.  I have been retained by Plaintiff, Penn National Mutual Casualty Insurance Company, ("Plaintiff" or "Penn National"), to serve as an expert witness in this matter. If Plaintiff calls me as a witness at trial, I may testify to some or all of the opinions below. I reserve the right to supplement or amend this report based upon the receipt of additional information.

2.  From 2008 to March, 2013, I was a Managing Director and the General Counsel to Sterling & Sterling, Inc., a $300 million,[1] multi-state insurance brokerage operation with principal offices in Woodbury, N.Y., and other offices throughout the United States. I was responsible for facilitating business development, placement of complex risks, managing the claims department, advocating for clients on complex liability claims, managing the company's third-party claims administrator and Loss Control department, performing due diligence on various acquisitions, regulatory compliance, creating and implementing agency policies and procedures (including procedures regarding claims handling) and all legal aspects of the firm. I was responsible for insurance policy review, interpretation, claims analysis, contractual analysis, policy wording, procedural compliance and selected placement. I also regularly participated in the reporting, handling and resolution of complex liability claims, including claims concerning defense issues similar to those at issue here. As a result, I am fully familiar with the custom and practice for the handling, adjustment and resolution of complex liability claims in various jurisdictions during the relevant times addressed in this report, as well as standard policies and

---

[1] The reference here is to approximate annual premium volume.

procedures related to defense of liability claims.

3. From January, 2003 to March, 2008 I served as chief operating officer of the Dewitt Stern Group, Inc., a $400 million independent insurance brokerage located in New York City, with offices in five other states. My oversight included all offices. I was responsible for all aspects of operations, including contractual, regulatory, adherence to legal responsibilities and ethics, implementing procedures and business planning, as well as interpretation and negotiation of policy forms, contracts with insurers, claims issues and disputes, including managing the claims department, advocating for clients on complex liability claims, managing the company's third-party claims administrator and Loss Control department, including complex liability claims and defense issues in multiple jurisdictions such as those relevant to this report. I was also responsible for sales, contracts and procedures for implementation of the processes required by insurers for the sale of commercial insurance policies, regulatory compliance and all legal aspects of the firm. During my time at DeWitt, I frequently participated in the reporting, handling and resolution of large, complex liability claims, as well as defense issues. As a result, I am fully familiar with the custom and practice for the defense issues relevant to this report. I have also practiced extensively in the field of insurance law. Annexed hereto as Exhibit "A" is a copy of my *curriculum vitae*. I have reviewed materials produced by the parties to date in this litigation, and as referred to and addressed below.

4. Based upon my review of such materials, and my background and knowledge of commercial customs, practices and standards in the insurance industry for the provision of defense, I have formed certain opinions and conclusions

3

regarding the issues herein. From my review, as of this date, my testimony will cover the following opinions. I reserve the right to supplement this opinion. I am prepared to expand on and further explain my opinions at trial.

5. A list of documents which were reviewed by me is described in this report. Some documents were not essential to forming my opinion.

## BACKGROUND AND OPINIONS

1. This report is prepared in accordance with widely accepted standards and practices of the insurance industry and is based on my professional opinion, education, training, and experience.

2. The following facts and opinions are, in my judgment, most relevant to this Report.

### The Underlying Counterclaims

3. On or about September 9, 2011, Beach Mart filed a complaint in a North Carolina Federal Action against L&L Wings, Inc., for breach of contract, and related causes of action. (the "Underlying Action") (Beach Mart's Answer and Counterclaim at page 7, paragraph 6)

4. At all times pertinent to this analysis, Penn National issued various commercial liability insurance policies to the plaintiff, Beach Mart ("Plaintiff" or "Beach Mart"), (the "Penn National Policies"). (Beach Mart's Answer and Counterclaim at page 8, paragraph 16, 17)(Penn National's Complaint in Declaratory Judgement Action pages 2, 3)

5. On or about November 22, 2011, L&L filed an answer and counterclaim in the Underlying Action asserting various claims against Beach Mart, including claims for trademark infringement, and unfair and deceptive trade practices.

4

(the "Underlying Counterclaims")(Beach Mart's Answer and Counterclaim at page 7, paragraph 7)

6. Beach Mart admits that, although L&L filed its Underlying Counterclaims in November, 2011, Beach Mart did not "determine" that it had insurance coverage under the Penn National Policies until June 8, 2012, approximately seven months after the filing of the Underlying Counterclaims. (Beach Mart's Response to Interrogatory number 6).

   a. I have no information as to why Beach Mart delayed more than six months between the time when Beach Mart had knowledge that it had been sued on the Underlying Counterclaims, and Beach Mart's first notice to Penn National of a request for coverage under the Underlying Counterclaims.

   b. It is my experience that a delay as long as six months in the reporting of an active lawsuit to a liability insurer frequently triggers a coverage investigation.

Beach Mart's claims against Penn National

7. Penn National's Notice of Occurrence/Claim indicates that the Beach Mart claim for coverage under the Penn National Policies was first received on June 8, 2012. (PNI_01723)

8. Beach Mart alleges that between June 8, 2012, and January 15, 2013, Beach Mart and Penn National exchanged communications, correspondence and information "in an effort by Beach Mart to convince Penn National to defend and indemnify it against the Underlying Counterclaims." (Beach Mart's Answer and Counterclaim at page 8, paragraph 11)

5

9. My extensive review of the various correspondence and claims files indicates to me that Penn National undertook a comprehensive review of insurance coverage elements, underlying facts and further investigated pertinent facts during this period.

10. The communications between Beach Mart and Penn National are, in my opinion, typical communications between an insured and a liability insurer in the course of a complex claim where a reservation of rights had been issued, and potential coverage issues are undergoing analysis.

11. More specifically, Penn National communicated regularly with Beach Mart and its counsel. For example, a Penn National document dated July 18, 2012, indicates that Penn National had spoken to Beach Mart's attorney Stephen Shaw on June 14, 2012. The file indicates that:

   a. Attorney Shaw had been informed by Penn National regarding potential breaches of "conditions" under the Penn National Policies;

   b. Attorney Shaw also informed Penn National regarding the scope of discovery to date, and the depositions to be conducted in the future;

   c. Attorney Shaw also informed Penn National regarding probable future mediation and trial dates; and

   d. Penn National informed Mr. Shaw that coverage analysis had been referred to Penn National's home office for review. (PNI_00304; PNI_02598)

12. In my experience, this indicates thorough, open exchanges of information between an insured's counsel and a liability insurer on the status of a complex claim and the progress of coverage analysis.

6

13. By letter dated July 18, 2012, Penn National formally conveyed its initial insurance coverage position to Beach Mart.

   a. Penn National noted that the Underlying Counterclaim was served upon Beach Mart in 2011, and that various depositions had already taken place, months before notice was given to Penn National.

   b. Penn National also noted that a number of exclusions could apply to the claim. Penn National promised to continue its investigation and reserved its rights while investigating the claim. (Penn National letter of July 18, 2012 at page 2)

   c. In my experience, this type of investigation and reservation of rights is extremely common in the context of a claim of this complexity, where the insurer sought to reasonably investigate limited coverage and late notice issues.

14. On August 7, 2012, Penn National created a "Coverage Question Report", detailing the status of Penn National's information regarding the claim, as well as outstanding coverage issues. (PNI_08715)

   a. The Coverage Question Report included a detailed description of the Underlying Counterclaims, as well as litigation context. It was clear to me from my review of the Coverage Question Report that Penn National had carefully studied the factual background of the claims brought against Beach Mart.

   b. The Coverage Question Report also confirmed to me that Penn National had performed a detailed analysis of coverage under the Penn National Policies, with the identification of areas of coverage for further analysis, as well as facts that required further investigation. (PNI_08715)

7

c. It is my opinion that Penn National's analysis was thorough and timely, per insurance industry standards.

15. As of September 11, 2012, Penn National had determined that it would be prudent to obtain a legal review of coverage for the Underlying Counterclaims.

16. It is also notable to me that, in an internal communication, Penn National stated that "it is incumbent to provide the insured with the greatest benefit of the doubt in these matters and we certainly wish to proceed in good faith."

a. In my opinion, the reference of this matter for an opinion of outside counsel was reasonable under the circumstances. (PNI_10912)

17. As of September 27, 2012, Attorney Shaw on behalf of Beach Mart, had been in touch with Penn National's coverage counsel regarding Penn National's "ongoing evaluation of coverage." (Email of 01/27/2012; no bates number)

a. This indicates to me that Beach Mart and its counsel were aware of Penn National's on-going coverage investigation, and that there was continuing communication with the insured.

18. As of November 9, 2012, internal documents indicate that Penn National was taking the position that the coverage analysis "should not be focused on an attempt to deny coverage, rather it should focus on determining the law and facts applicable to the claim." (PNI_10915)

a. This attitude towards coverage on a complex claim illustrates to me that Penn National carefully balanced its financial interests with those of the insured.

19. On January 15, 2013, Beach Mart was informed that Penn National had appointed attorney David Brown to defend Beach Mart against the Underlying

8

Counterclaims under a reservation of rights. (Beach Mart's Answer and Counterclaim at page 8, paragraph 12)

20. On October 2, 2017, Penn National filed an action for declaratory judgment action requesting a judicial declaration regarding the contractual rights of Penn National and Beach Mart under the Penn National Policies.

   a. It is my experience that insurers may decide to file for a judicial declaration of the parties rights under a disputed insurance contract, so that the insured could have a court's guidance regarding its conduct.

   b. In my opinion, the filing of such a declaratory action is consistent with an insurer's obligation to carefully consider its actions toward its insured on a given claim.

21. On October 16, 2017, Beach Mart filed an answer and counterclaims in response to Penn National's complaint, asserting various causes of action against Penn National, including allegations that Penn National had acted in "bad faith". ("Beach Mart's Answer and Counterclaims")

   Beach Mart's objection to Penn National's selection of counsel.

22. In November, 2012 Penn National appointed attorney David Brown to defend Beach Mart against the Underlying Counterclaims. Beach Mart disputes Mr. Brown's qualifications to defend the Underlying Counterclaims. (Beach Mart's Answer and Counterclaim at paragraph 12)

   a. It is my information that Mr. Brown is a partner at the national law firm of Goldberg, Segalla. It is also my information that Goldberg, Segalla is a 400 lawyer national law firm, with diverse practices, including intellectual property, as well as other areas of complex litigation. Mr. Brown has been in practice for nearly 30 years.

9

b. It is my opinion that Mr. Brown and Goldberg, Segalla are qualified to handle the defense of the Underlying Counterclaims.

23. Although Beach Mart has intimated that Mr. Brown may not have had the qualifications to represent Beach Mart in the Underlying Counterclaims, (Beach Mart's Answer and Counterclaims at paragraph 29), my review of the file materials reveals evidence of competent representation.

a. Further, Beach Mart did not specify how Penn National's choice of defense counsel was "not qualified".

b. It is my opinion, that by appointing Mr. Brown as defense counsel, Penn National appointed experienced, local counsel to represent Beach Mart.

24. It is also evident that Beach Mart's prior counsel, Womble, Carlyle, may well have "frozen out" attorney Brown from "meaningful participation" in the defense of the Underlying Counterclaims. (PNI_09378)

<u>Beach Mart's contention that Penn National did not respond in a "reasonably prompt time".</u>

25. Beach Mart contends that Penn National did not respond in a reasonably prompt time to Beach Mart's "demand for reimbursement of attorneys' fees" incurred between June 8, 2012, and January 15, 2013. (Beach Mart's Answer and Counterclaim at page 9, paragraph 27)

26. Beach Mart claims that the "delay" of "over six months" between the tender of the Underlying Counterclaims to Penn National and Penn National's retention of attorney Brown is evidence of a lack of good faith. (Beach Mart's Answer and Counterclaim at page 14, paragraph 52, 53)

10

a. It is my observation, however, that Penn National performed a detailed analysis of the Underlying Counterclaim, as well as the various insurance coverage issues presented by the claim.

b. Such detailed communication and investigation is obvious to me from the claims files and correspondence. For example, Penn National continually communicated with Beach Mart's lawyer, sent correspondence to Beach Mart regarding its coverage position and analysis, and evaluated the Underlying Counterclaims continually.

27. Beach Mart, however, admits to its own delays in reporting the claim in the Underlying Counterclaim to Penn National. Specifically, Beach Mart admits that L&L filed its Underlying Counterclaims on November 22, 2011, but that Beach Mart but that Beach Mart did not "determine" that it had insurance coverage under the Penn National Policies until June 8 2012. (Beach Mart's Response to Interrogatory number 6). I have no information to explain Beach Mart's delay of over six months in reporting the L&L Underlying Counterclaim as a claim under the Penn National policies.

28. It is apparent that Beach Mart's delay in reporting the claim to Penn National added to the coverage issues that had to be resolved by Penn National before it could finalize its insurance coverage position.

29. Even Beach Mart's counsel admits that there are "coverage issues" present regarding Beach Mart's claims for coverage for the Underlying Counterclaims. (Deposition of Stephen Oliver at page 8)

30. It is my information that, through the course of the six months before a defense was offered under a reservation of rights, Beach Mart was not prejudiced in any manner by Penn National's careful analysis of the coverage issues in the

11

case, that Beach Mart was defended competently, and that Beach Mart did not suffer any financial detriment from Penn National's analysis during the six-month period.

Beach Mart's allegation that Penn National did not conduct a reasonable investigation.

31.    Beach Mart alleges that Penn National improperly "failed to investigate" or, put differently, failed to "conduct a reasonable investigation" regarding insurance coverage for the Underlying Counterclaims. (Beach Mart's Answer and Counterclaim at page 15, paragraph 56).

32.    Beach Mart alleged that Penn National's "failure to identify" various deposition testimony, various documents, and certain allegations against Beach Mart "constitutes at least bad faith failure to investigate Beach Mart's claims for coverage under" the Penn National Policies. (Beach Mart's Response to Interrogatory number 5)

33.    It is unclear to me as to how Penn National's alleged failure to "identify" certain documents or allegations rises to "bad faith" insurance claims practices. I am of the opinion that such a general, blanket assertion does not give any detail regarding alleged reckless disregard for Beach Mart's financial welfare, or actionable conduct. Instead, there is contrary evidence in the information made available to me:

a.    Penn National's reservation of rights letter was sent soon after receipt of Beach Mart's claim in July 2012, specifically referencing the allegations against Beach Mart. As a result, it appears that Penn National did, in fact, "identify" such allegations quickly after receiving notice of the Underlying Counterclaims;

12

b. Penn National carefully reviewed the allegations against Beach Mart, together with all of the facts and circumstances surrounding the arguably late notice of claim and the limited coverage under the Penn National Policies for the Underlying Counterclaims before offering Beach Mart a defense under a reservation of rights.

<u>Beach Mart's claim for reimbursement of attorneys' fees</u>

34. Beach Mart also contends that Penn National has refused to reimburse Beach Mart for its attorney's fees incurred between June 8, 2012 and January 15, 2013, "after a delay of more than two years." (Beach Mart's Answer and Counterclaim at page 9, paragraph 27)

35. My analysis regarding Beach Mart's claim for reimbursement of attorneys' fees and costs is addressed in a separate opinion.

**Summary of Opinions**

36. Penn National communicated in a reasonable fashion with Beach Mart and its counsel, providing details regarding Penn National's coverage investigation, and indicating an understanding of the nature of the Underlying Counterclaims.

37. Penn National performed a thorough investigation of potential insurance coverage issues, as well as the facts of the Underlying Counterclaims.

38. Penn National's appointment of Mr. Brown as defense counsel was reasonable and appropriate.

39. Penn National was careful not to put its financial well-being ahead of Beach Mart's during the course of its investigation and handling of Beach Mart's claim for coverage for the Underlying Counterclaims. In my opinion the filing of

a declaratory action was prudent to obtain an impartial judicial determination of the rights of the parties under the Penn National Policies.

**MATERIALS REVIEWED**

I have reviewed materials supplied by counsel, and various sources of industry knowledge concerning the subject matter of this action, including the list of documents attached as Exhibit "B."

**EXHIBITS**:

Apart from the attachments to this report, I do not presently plan to use any exhibits as a summary of my testimony, other than the attached curriculum vitae, but I reserve the right to prepare other exhibits upon the receipt of additional information.

**QUALIFICATIONS/ PUBLICATIONS:**

My qualifications and a list of my publications during the last ten years are summarized in my *curriculum vitae*, attached as Exhibit "A" to this report.

**COMPENSATION:**

For studying materials and testifying: $425.00 per hour.

**PREVIOUS EXPERT TESTIMONY:**

I have testified as an expert at trial, in the following matters:

1. United States vs. Minga, Case No. 1:08-CR-00052, USDC, Northern District of Mississippi. (broker fraud action; represented defendant insurance broker)

2. Vagt vs. Chicago Title Corp., NY Supreme Court, Westchester County. (fee dispute; represented Chicago Title)

3. Ambroselli vs. C.S. Burrall & Son, (USDC, WDNY)

4. Vinecourt vs. Kleve & Associates, Court of Common Pleas, OH (Action against insurance broker for negligence)

5. Confidential Arbitration, D.C. Bar (for client)

14

6. G.E. Betz vs. Conrad, Case No. 07-CVS-1551, Sup Court, NC. (for defendant)

7. Anderson vs. ESAIC, Case No. 5:2013CV01122, NDNY (for policyholder)

8. Knightbrook vs Payless Systems, Case No. CV-12-01671-PHX-DGC, USDC, Arizona. (for policyholder)

9. Northern Leasing Systems, Inc. vs. Kollars, *et al,* Case No. 14350 CV 2007, Civil Court, New York County (for plaintiff)

10. McCarter & English, LLP vs. Jarrow Formulas, Inc., 3:19-CV-01124 (MPS) (USDC, CT) (for Defendant)

I have also testified by deposition in the matters with the following captions:

1. Shetucket Plumbing Supply, Inc., *et al* vs. S.C.S. Agency, Inc., Case No. 3:05-CV-00424, USDC Connecticut. (broker malpractice action; represented plaintiff insured client)

2. Hartford Life Insurance Company vs. Ronald Rosenfeld, *et al,* Case No. 2:05-CV-05542, USDC New Jersey. (insurance policy rescission case; represented insurer)

3. Penelope Harris, *et al* vs. Randy Merchant, *et al,* Case No. 090302712, First Judicial District of Pennsylvania; (broker malpractice action; represented plaintiff insured client)

4. Cobb vs. Penn Life, Case No. 09CVS7083, North Carolina Superior Court, Wake County; (broker malpractice action; represented defendant insurer)

5. Whittier vs. Irving Oil, Case No.07-C-0479, New Hampshire State Court; (broker malpractice action; represented plaintiff insured client)

6. Atlantic Casualty vs. Value Plumbing, Case No. 1:11CV7565, USDC Southern District of New York. (broker malpractice action; represented plaintiff insured client)

7. J.P. Morgan Securities vs. Vigilant Insurance, *et al,* Case No. 600979/09, New York Supreme Court, New York County (for insurer)

8. Regions Bank vs. Marsh USA, Inc., 2:11-CV-02648-JTF, USDC, Western District of Tennessee (broker malpractice action; represented plaintiff insured client)

9. University of Washington vs. Mercer, USDC Washington. (broker malpractice action; represented plaintiff insured client)

15

10. Scottsdale vs. Indian Harbor, USDC SDNY (inter-insurer bad faith action; represented defendant)

11. Blacke vs. Anthem Blue Cross, Blue Shield, USDC, MO (action against medical insurer; represented plaintiff insured client)

12. First Media vs One Beacon, USDC, Kansas City, MO (valuation action regarding sale of insurance business; represented plaintiff)

13. Confidential fee arbitration, SDNY – represented client in dispute

14. Certain Underwriters vs. Cohen, USDC, MD (dispute regarding disability insurance)

15. Anderson vs. Penn National, USDC, NDNY (dispute regarding insurance policy cancellation)

16. Carolina Casualty Insurance Company vs. Omeros Corporation, No. C12-287RAJ, W.D. Washington

17. Peavey vs. Penn National Fire Insurance Company, No. CV-2014-904520.00, Jefferson County, AL

18. Voss vs. CH Insurance, Onondaga County, New York

19. Let it Grow, Inc. vs. Liberty Mutual Insurance. Company and American Fire Insurance Company, No. BER-L-2142-18, Superior Court of New Jersey, Bergen County. [action against insurer for bad faith failure to pay property damage claim]

This report will be supplemented and/or amended as necessary.

_____

DAVID PAIGE
Dated: November 16, 2020

16

**David H. Paige, Esq.** DPaige@Legalfeeadvisors.com/ 877.664.0020 [ext. 501]
**Legal Fee and Insurance Expert     Expert Assessor**

| Curriculum Vitae | |
|---|---|
| **Present Position** | March, 2013 to Present: Legal Fee Advisors™, New York, NY **Founder, Managing Director** Founder of Legal Fee Advisors™, highly experienced legal fee analysts dedicated to the provision of expert testimony and to making sure that clients only pay fair, ethical legal fees. Mr. Paige has been recognized as a testifying expert in new York, New Jersey, Pennsylvania and Ohio. Legal Fee Advisors™ offers the services of nationally and internationally recognized legal fee experts providing testimonial support in complex fee issues involving international and specialty areas, including IP litigation, products liability and commercial disputes. Legal Fee Advisors also employs a team of efficient, experienced legal fee auditors to make certain that firms are in compliance with customized billing guidelines. Legal Fee Advisors'™ also advises law firms regarding compliance issues. |
| **Licenses** | Mr. Paige is licensed to practice law in the State of NY. He has held insurance broker licenses in the following states: NY and NJ. He has been admitted *pro hac vice* in various other states. |
| **Affiliations** | ABA Section on Professional Responsibility; NY City Bar Association – Committee on Professional Responsibility; Association of Professional Responsibility Lawyers; National Association of Legal Fee Advisors; Fellow, Business Excellence Institute |
| **Publications** | • Paige and Wilson, Journal of Legal Billing, Vol. 1, No.1, Editor and Contributor [2018] <br><br>• Weimer, Kallman and Whitman [editors], Insurance Agency Risk Management: A Comprehensive Guide to Avoiding E&O Claims Book Two (West, 2013)(Author of Chapter 18) <br>• Authored various articles on "Legal Fee Connection", a blog published daily on Linkedin. <br>• Quoted by: Forbes, CNN Money, Reuters, Corporate Secretary, Business Finance, Wall Street Journal, The Deal and Westlaw News regarding legal fee issues <br>• Authored the E&O Quarterly, and a monthly column in Professional Insurance Agents magazine distributed to Professional Insurance Agents members in NY, NJ, CT, NH; <br>• Weimer, Whitman and Hagglund, Law of Commercial Insurance Agents and Brokers (West, 2007)( Author of Chapter 7). <br>• Numerous articles [monthly] in the Professional Insurance Agent, regarding E&O issues; <br>• Monthly newsletters: the E&O Report, written for the Independent Insurance Agents of NY; <br>• Paige and Atwater, Errors and Omissions Litigation Prevention Manual, 1999; <br>• Lustig and Paige, The Liability Prevention Primer: A Forms-Based Approach, 1991 |
| **Quotations** | Mr. Paige has been quoted in the following publications: <br>~American Lawyer, "How a Big Law Fee Dispute Turned Into a Bitter, Cross-Country Litigation," January 13, 2017; <br>**http://m.americanlawyer.com/#/article/1202776824329/1/How%20a%20Big%20Law%20Fee%20Dispute%20Turned%20Into%20a%20Bitter,%20Cross-Country%20Litigation** <br><br>~NJ Law Journal, "Legal Departments Still Sheepish on Third-Party Bill Review", August 17, 2015; http://www.njlawjournal.com/id=1202734927778 |

1

| | |
|---|---|
| | ~Law 360, "4 tips to Avoid Client Discounts Amid Litigation Slowdown", May 4, 2015;<br>~Omaha World-Herald, "To benefit clients and attorneys, more firms trade the billable hour for flat fees.", December 20, 2014;<br><br>~Yahoo Business, "Six Tips for Reducing Legal Fees" – August 21, 2013; http://smallbusiness.yahoo.com/advisor/blogs/profit-minded/6-tips-for-reducing-outside-legal-bills-for-small-businesses-182013818.html<br>~Wall Street Journal, "Law Firms Face Fresh Backlash Over Fees" – October 22, 2012; http://online.wsj.com/article/SB10001424052970203400604578070611725856952.html<br>~Corporate Secretary, "Five Great Ways to Manage Outside Legal Costs" – July 11, 2011; http://www.businessinsider.com/five-great-ways-to-manage-outside-legal-costs-2011-7<br>~Corporate Secretary, "Ways to Lower Outside Counsel Costs" – May 16, 2011; http://www.corporatesecretary.com/articles/corporate-secretary-week/11898/ways-lower-outside-counsel-costs/<br>~Forbes, "'Grazing,' Photocopying and Other Tricks Inflate Legal Bills" – May 11, 2011; http://www.forbes.com/sites/danielfisher/2011/05/11/grazing-photocopying-and-other-tricks-inflate-legal-bills/<br>~Business Finance, "Are You Paying for Your Law Firm's Overhead?" – April 27, 2011; http://businessfinancemag.com/article/are-you-paying-your-law-firms-overhead-0427<br>~Westlaw News and Insight, "Madoff Trustee Seeks an Additional $45 Million in Fees" – April 19, 2011; http://newsandinsight.thomsonreuters.com/Legal/news/2011/04_-_april/madoff_trustee_seeks_an_additional_$45_million_in_fees/<br>~CNN Money, "Madoff Trustee Wants $43 Million More in Pay" – April 19, 2011; http://money.cnn.com/2011/04/19/news/companies/madoff_lawyer_fees/index.htm<br>~Various radio interviews, business radio [FL; WA; AZ][2014] |
| **Prior Positions** | March, 2009 to March, 2013: <u>Sterling Analytics Group</u>. Woodbury, NY<br>**Founder, Managing Director**<br>Responsible for creating legal fees advisory and consulting company. Built on 20 years as an attorney, including experience as a general counsel, as a partner in litigation firms, and as an active litigator to create and grow international consulting and expert legal fees practice. Advised Fortune 1000 companies [including Groupon, Adventist Health Systems, RBS, Regions Financial] regarding methodologies for achieving significant reduction in outside legal fees and costs, monitoring monthly spend, as well as acting as a testifying expert involving legal fee disputes.<br><br>March, 2008 to March, 2013: <u>Sterling & Sterling, Inc</u>. Woodbury, NY<br>**Managing Director, General Counsel: Insurance Brokerage and Risk Advisory**<br>Responsible for facilitating business development, compliance, and all legal aspects of $300 Million multi-state insurance brokerage operation. Continuing responsibility for policy interpretation, claims analysis, claims procedures, acquisition analysis, due diligence, contractual terms and conditions for acquisitions, insurance policy wording and placement. Creation and implementation of national insurance programs for affinity groups. Supervision of national litigation for company, compliance and payment of legal bills. Complex program specialist, creating European and South American customized placements. Specialist in construction risk, unusual and hard to place products, including London placements. Active participant in the Association of Corporate Counsel.<br><br>January, 2003 to March, 2008: Dewitt Stern Group, Inc. New York, NY<br>**Chief Operating Officer: Insurance Brokerage and Risk Advisory**<br>Responsible for the growth and development of a $400 Million independent insurance brokerage involving all aspects of acquisitions, operations, including contractual, regulatory, due diligence, adherence to legal responsibilities and ethics and business planning. Set protocols for legal billing and payment of legal bills. Interpretation and negotiation of policy forms, claims disputes. Specialist in construction risk, unusual and |

2

| | |
|---|---|
| | hard to place products, including London placements. Creation of internet product platforms, and opening/expansion of Los Angeles, Chicago, San Francisco and Ft. Lauderdale offices.<br><br>November,1999 – December, 2004:    Nicoletti, Hornig, Campise, Sweeney & Paige New York, NY<br>**Insurance and Commercial Litigator, Of Counsel**<br>Concentrations: Partner and member of executive committee. Retained by major insurers, private corporations on commercial and on legal fee disputes. Complex insurance coverage litigation and defense of insurance agents and brokers in professional liability litigation on a regional and national basis; Commercial Litigation, including insurance regulatory disputes and class actions, coverage analysis and litigation. Advised insurance agents and brokers on sale and acquisition of insurance businesses.<br><br>Professional Liability Loss Control: writing, lecturing and audits regarding methodologies for avoidance of E&O liability.<br><br>1987–November, 1999: Lustig & Brown, LLP New York, NY<br>**Founding Partner and Manager**, New York City Office<br>Managed and supervised the defense of hundreds of complex coverage litigations, legal fee disputes, commercial and professional liability disputes, including suits across the United States;<br>Successfully conducted trials and/or settlements of numerous litigations in New York State, Iowa, Texas and New Jersey, including federal class actions and complex arbitrations.<br>Litigation and Analysis of Complex Coverage Insurance Issues: examples: construction insurance; continuous trigger analysis, Personal Injury coverage, Personal lines, business interruption, highly protected risks, ocean/inland marine covers, London placements, excess lines, entertainment insurance, surety issues, construction insurance, environmental insurance, products liability insurance, D&O insurance, non-concurrency issues, general liability, life/disability insurance, "vanishing" premium issues, TPA Liability, advertising agency liability.<br><br>Representation of insurance agents and brokers in regulatory proceedings; Advised insurance agents and brokers on sale and acquisition of insurance businesses. |
| **Lecturing** | 1986–1987 Moot & Sprague Buffalo, NY<br>Litigation Associate<br><br>1985–1986 Saperston & Day Buffalo, NY<br>Litigation Associate<br><br>- CLO Summit, 10 Practical Solutions for Reducing Legal Fees, Pasadena, CA, March, 2019<br>- CLO Forum, Legal Billing Issues and Solutions, Newport beach, CA, June, 2016<br>-Association of Corporate Counsel [TN] Lecture on Value Based Billing vs AFAs, July, 2015<br>-Appellate Judge's Education Institute, [ABA Judicial Division], Lecture on Legal Fees and Costs, November, 2014<br>-Corporate Counsel Conference: Lecture on Selection of External Counsel, October, 2014<br>-American Bar Association, Lecture on reasonable billing practices, August, 2014<br>-Chief Litigation Officer Conference, Lectured on best practices for legal billing, Palm Beach, FL<br>- CLO Summit, Las Vegas, NV: "Six Tips for Beginning the Process of Reducing Legal Bills" [2014]<br> - Corporate Counsel Exchange: "Reducing Legal Fees, while Improving Relationships", Amsterdam, NV [2013] |

3

| | |
|---|---|
| | -Danish Industrial Counsel Association: "Strategies for Managing and Controlling Billing Practices," Copenhagen, Denmark [2013]<br>-Association of Corporate Counsel: "Legal Billing Myths," [2013]<br>-Lecturing on behalf of the NALFA, the ALM regarding legal fee disputes, ethics and methodologies for controlling legal costs.<br>-CLM webinars regarding legal cost controls and ethics issues, November, 2012.<br>-Presented seminar on ethical issues in legal billing disputes at CLO Conference, Amelia Island, FL, January, 2012.<br>-Lectured on behalf of the Association of Corporate Counsel; speaker at the 2009 Annual Meeting.<br>-Previously lectured for many years for the Professional Insurance Agents of NY, NJ, CT and NH and the Insurance Broker's Association of New York on regulatory and liability issues;<br>-Prepared and conducted at least ten seminars per year since 1988 regarding E&O loss control on behalf of IIANY and Assurex International.<br>-Conducted private insurance agency seminars throughout New York State, Texas and North Carolina.<br>-Certified CE instructor by the New York State Insurance Department.<br>-Lecturing on Attorney Malpractice liability for the ABA.<br><br>ACORD Task Force: Participation with risk managers and IIAANY in drafting the 1997 revision to the ACORD standard certificate of insurance.<br><br>Thompson Reuters Westlaw Roundtable Group: Member of Advisory Board |
| **Expert Retentions** | Expert Retentions: multiple retentions as an expert concerning the propriety of legal fees; qualified as an expert on legal fees in federal, state courts; attorney's breach of professional responsibility; retained as an expert in broker E&O litigations; retained as expert in insurance coverage actions nationally as a standard of care expert re broker, underwriting and adjuster conduct; qualified as an expert in insurance disputes; Bad faith insurance practices |
| **Arbitrator** | Retained as arbitrator in major dispute re interpretation of insurance agreements. |
| **Expert Assessor** | Assessed Insurance Authority, UAE Government Excellence System, Abu Dhabi, UAE, October, 2016; Retirement Authority, October, 2017; Retirement Authority, October, 2018; Fellow, Business Excellence Institute |
| **Education** | 1985     Syracuse University College of Law Syracuse, NY J.D., *Magna Cum Laude*<br>Editor, Syracuse Law Review<br><br>1979     Michigan State University E. Lansing, MI<br>M.A., Special Education<br><br>1977     Syracuse University Syracuse, NY<br>B.A., Special Education, *Cum Laude*. |
| **Personal** | Mr. Paige resides in New York, New York with his wife, Jeannette. |

4



**EXHIBIT B**

Materials provided by counsel include:

1. The Pleadings in this matter (2:14-CV-0008-FL);
2. Written Discovery exchanged and served by the Parties in this matter;
3. Volume I – Penn National Document Production to Beach Mart [PNI_00001-03000];
4. Volume II – Penn National Document Production to Beach Mart [PNI_03001-07585];
5. Volume III – Penn National Document Production to Beach Mart [PNI_07586-11834]; and
6. Discovery Deposition Transcripts of Gary Gibson, Greg Gross, and Stephen Oliver.



# Report and Analysis of Attorneys' Fees

## Table of Contents

I. Introduction ................................................................................................................ 3

II. Summary Conclusions ................................................................................................ 4

III. Analysis and Methodology ....................................................................................... 7

IV. Specific Analysis of Issues........................................................................................ 8

    1. Fees and Expenses not properly subject to reimbursement:.................................8

        a. Inappropriate Timekeepers ...................................................................9

        b. Time Entries Containing Redactions.....................................................10

        c. Non-Billable Disbursements .................................................................11

    2. Potentially excessive hourly rates:.....................................................................13

    3. Generally objectionable billing practices permeate the Analyzed Bills: ............14

        a. Block Billing...........................................................................................14

        b. Vague or Inadequately Described Time Entries ...................................15

        c. Administrative and/or Clerical Tasks ....................................................17

        d. Internal Conferences and Coordination ...............................................19

        e. Pure Travel............................................................................................20

        f. Overqualified Tasks...............................................................................21

        g. Legal Research ......................................................................................22

V. Conclusion ............................................................................................................... 25

VI. Appendix ................................................................................................................. 26

    Inappropriate Timekeepers .....................................................................................26

    Redacted Time Entries .............................................................................................27

    Non-Billable Disbursements.....................................................................................29

    Block Billing .............................................................................................................30

    Vague or Inadequately Described Entries.................................................................32

    Clerical and/or Administrative Tasks .......................................................................33

    Conferencing and Coordination...............................................................................35

Case 2:14-cv-00008-FL    Document 91-1    Filed 03/10/21    Page 25 of 184



Travel Time................................................................................................................................37

Overqualified Tasks......................................................................................................................38

Excessive Legal Research ............................................................................................................39

2



### I. Introduction

I am the Managing Director of Legal Fee Advisors ["LFA"], a legal fee advising firm. I have several decades of experience both as a practicing attorney and as in-house counsel. I have also acted as an advisor to many large corporations concerning prevailing commercial billing standards and practices. Further, I am fully familiar with the combination of ethical and legal standards governing billing practices on a national basis. I have served as a member of the Professional Responsibility Committee of the Association of the Bar of the City of New York, and have both lectured and testified extensively on the subject of legal fee billing [a copy of my curriculum vitae is attached as Exhibit 1].

I have been retained by Penn National Insurance Co., [the "Penn National"], as an expert regarding the billing practices of the firm, Womble Carlyle Sandridge & Rice, LLP [ the "Firm"], in connection with the Firm's representation of a Penn National insured, Beach Mart [the "Insured"], in a litigation in North Carolina ["the Litigation"]. Penn National has retained me to review certain time records tendered in an insurance coverage dispute between Penn National and the Insured as a result of the Litigation, to determine if the charged time and expenses are objectively reasonable under applicable standards.

The Firm requests fees in the amount of $481,755.50 [the "Total Fees"] and costs in the amount of $28,996.33, [the "Total Expenses"] for a total of $510,751.83 [the "Total Fees and Expenses"]. The Total Fees and Expenses range in date from July 2012 to February 2013, [the "Analyzed Bills"].

The Analyzed Bills have been reviewed by me to determine whether such charges and billing practices are reasonable under the North Carolina Lodestar standard,[1] applicable commercial, ethical and legal standards, as well as based upon my experience. I have analyzed the Firm's billings and have arrived at certain conclusions.

---

[1] See Norwood v. Charlotte Mem'l Hosp. & Med. Ctr., 720 F. Supp. 543, 549 (W.D.N.C. 1989) ("In the interests of coherence and clarity, this court will base this and future analyses of attorney fee awards upon the definition of "lodestar" as reasonable hours multiplied by reasonable hourly rates."); Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.")



## II. Summary Conclusions

I have been asked to provide an opinion as to whether the Total Fees and Expenses reflected in the Analyzed Bills accurately and reasonably reflect prevailing lodestar standards [as well as other applicable standards] regarding the claimed legal fees. Based upon my experience, my review of the Analyzed Bills and other materials, as well as my knowledge of commercial billing standards and pertinent authorities, I have reached the following conclusions:

**First, the Analyzed Bills contain fees and expenses that are not properly subject to reimbursement under applicable legal, commercial and ethical standards.** This includes charges by non-professionals or "inappropriate timekeepers," whose support service functions should reasonably and fairly be included in the law firm's professional rate, task descriptions that contain redactions, as well as non-billable disbursements that are not commonly or reasonably reimbursable and are therefore in conflict with such common commercial standards.

**Second, the balance of the Total Fees should then be reduced for unsubstantiated excessive billing rates, as compared to market rates in North Carolina.** I have compared the Firm's rates in the Analyzed Bills to mean rates for billings actually rendered for firms engaged in litigation across North Carolina, in a multi-billion-dollar database maintained by the Wolters Kluwer Corporation.[2] The Wolters Kluwer database has been regarded as a highly dependable means of objectively determining the rates actually paid by corporate clients throughout the world on bills processed through Wolters Kluwer's billing systems. My comparison found that the Firm's rates were generally greater than the mean/market rates for similar firms in North Carolina, with the analysis showing a range of 1.38 to 1.44 times greater than the mean rates for partner rates, as well as a moderate range of 0.99 to 1.11 for associate rates. Due to the partner-heavy staffing of the Litigation, I have recommended a conservative reduction of 20% to the Total Fees for hourly rates in excess of those generally charged in the North Carolina legal market.

**Third, as explained in greater detail below, I have identified a number of intertwined and improper billing problems that permeate the Analyzed Bills and that, in my opinion require further reductions.** I have not attempted to identify or recommend a specific reduction to the Analyzed Bills related to each of the remaining individual improper billing practices, and have instead recommended an aggregate reduction for several reasons. First, many of the time entries in the Analyzed Bills have multiple, intertwined problems. As a result, attempting a separate reduction for each billing issue woven into a given problematic billing entry could lead to double counting. Second, the Firm engaged in a disfavored billing practice commonly referred to as "block billing." Block billing occurs when a single entry by a timekeeper does not break out the amount of time spent to complete each task, but instead each entry consists of a list of many tasks strung together. This practice makes any attempt to isolate [with any accuracy] a specific reduction for each improperly charged task extremely

---

[2] *2014 Real Rate Report*, Wolters Kluwer, at pages 68, 69 and 73, available upon request. The information in this report consists of data taken from client invoices submitted by US law firms for work performed during 2007 through 2013. All invoices were submitted through the Datacert/TyMetrix e-billing systems and approved prior to 1 February 2014. The analyses contained in this report are derived from aggregating hours, fees, and rates submitted as line items on those invoices. For a line item to qualify for inclusion in this report, it had to undergo multiple and rigorous testing processes to ensure its validity. I have taken the mean rates for partners and associates engaged in litigation in Charlotte, Greensboro and Raleigh, North Carolina, in order to arrive at a market rate for litigation across North Carolina.

4



difficult. Third, in many cases, due to a lack of clarity in the wording incorporated into the blocked billed charges, I could not be consistently certain from the vague/incomplete task descriptions precisely what work was being done or why. Such a lack of clarity, as a result, makes segregation of individual tasks [and associated charges] virtually impossible. As a result, in my experience, both commercial clients and courts are more comfortable imposing a single, across-the-board reduction to account for such pervasive billing problems, broadly addressing all of the intermingled billing problems identified.

As described in greater detail below, this includes problems such as block billing, vaguely or repetitively described fee and expense entries, charges for administrative and/or clerical tasks, charges for pure travel time, an apparently excessive number of hours spent on legal research, charges for tasks completed by overqualified timekeepers, as well as considerable time spent on internal conferences and coordination. Accordingly, I believe that a comprehensive further reduction of at least 25% should be applied to the remaining Total Fees [after the reductions set forth above], as well as an additional reduction of 5% to the Total Expenses:

a. *Description Issues: Block Billing, Vague Task and Expense Descriptions:* As previously stated and detailed below, each of these problems significantly impairs the ability of a client, an adversary or court to determine specifically what work was done, as well as the specific amount of time that was charged for each task. This practice hides the precise content of the work that was done, handicapping analysis. As stated above, the practices of vague, repetitive and block billing have made this analysis more difficult.

b. *Administrative and/or Clerical Tasks:* Some billing entries appear to incorporate charges for clerical and/or administrative tasks, requiring no clear professional-level skill. My review identified $64,888.00 in clerical tasks within the Analyzed Bills. Most authorities agree that attorneys are obligated to absorb the cost of clerical and administrative tasks as a part of their cost of doing business, [e.g., "non-billable overhead"], and not as chargeable tasks to firm clients on a for-profit basis. This is primarily because, as a general principle, law firms are not permitted to earn "profit" on overhead expense items or on non-skilled clerical or administrative work, usually considered to be compensated as part of the firm's rate. As set forth below, it is my opinion that such charges are not subject to reimbursement and should be considered overhead costs of the Firm's operations.

c. *Internal Conferences and Coordination:* My review found an excessive percentage, [in fact, approximately 30% of the Total Fees], where fee descriptions described internal meetings, telephone calls, instruction, coordination and discussions. In my experience, this is an extremely high percentage of charges allocated to internal work. Similar to excessive staffing, many courts and commercial clients agree that a significant amount of time spent on internal discussions and what appears to be coordination rather than substantive legal work. This reflects potential inefficiency and improper charging for unfair amounts of internal work. While it is often necessary to manage other timekeepers, the excessive number of entries identified within the Analyzed Bills that were devoted to these tasks, leads me to the belief that excessive time has probably been charged to the client. The results concerning these issue are set forth below.

5



d.  *Pure Travel:* In my experience, non-working travel is generally charged at half-rate [if at all] to most commercial clients. Most courts have taken a similar approach and not permitted full reimbursement for pure travel time. My review of the Analyzed Bills found a total of approximately $40,315.50 in fees that appear to be for pure, non-working travel.

e.  *Overqualified Staffing:*  My review of the Analyzed Bills also found that some entries incorporate charges for time keepers that, from my information, appear to be overqualified for the identified task, totaling $31,342.00 in fees.[3] In general, it is common commercial practice to require that tasks are performed by a timekeeper with a level of expertise designed to achieve appropriate levels of efficiency. In other words, partners should not charge for associate level work and associates should not charge for paralegal level work.

As a result, based on common commercial standards, my experience and consistent legal precedent, it is my opinion that a reasonable fee for each action would be as follows:

| | |
|---|---:|
| **Initial Total Fees:** | **$481,755.50** |
| **Initial Total Expenses:** | **$28,996.33** |
| **Step 1:** | |
| 100% Reduction of Inappropriate Time Keepers | $382.50 |
| 100% Reduction to Fully Redacted Entries | $1,796.50 |
| 50% Reduction to Partially Redacted Entries | $26,690.50 |
| 100% Reduction to Expenses for Non-Billable Disbursements | $365.99 |
| **Total Fees After Step 1:** | **$452,886.00** |
| **Total Expenses After Step 1:** | **$28,630.34** |
| **Step 2:** | |
| 20% Reduction to Fees for Excessive Rates | $90,577.20 |
| **Total Fees After Step 2:** | **$362,308.80** |
| **Step 3:** | |
| 25% Reductions to Fees for Generally Objectionable Billing Practices | $90,577.20 |
| 5% Reductions to Expenses for Vaguely Described Entries | $1,431.52 |
| **Recommended Total Fees:** | **$271,731.60** |
| **Recommended Total Expenses:** | **$27,198.82** |
| **Recommended Total Fees and Expenses:** | **$298,930.42** |

The result is a Recommended Total Fees and Expenses of **$298,930.42** – a reduction of $211,821.41, or 41.5% from the original fees and expenses requested by the Firm.

---

[3] Note, the totals are partially obscured by the practice of block billing, as detailed below.



### III.    Analysis and Methodology

The Total Fees and Expenses contain fees and expenses totaling $510,751.83, with invoices ranging in date from July 2012 to February 2013, and are represented as comprised of fees and expenses related to the Litigation.[4]

With respect to the Analyzed Bills, I was asked by Penn National to perform the following analyses:

    A.    Compliance with applicable legal and ethical billing standards; and

    B.    Compliance with generally accepted, customary commercial billing standards and practices.

I was also asked to:

    1.    Compile a summary of the results of my examination of the invoices following a line-by-line analysis of the bills for variations from the legal, ethical, and commercial standards applicable to my review;

    2.    Formulate conclusions and recommendations from that review and analysis.

I have followed the step-by-step process outlined above in reaching my conclusions and recommendations.

For the purposes of this report and throughout this analysis, I also applied my cumulative experience and have provided an explanation and/or examples[5] of each area of concern identified. I applied the following relevant authorities:

- Relevant legal precedent, entitled "Legal/Ethical Standards"; and

- Relevant commercial standards as expressed in corporate legal billing guidelines, entitled "Generally Accepted Commercial Standards."

My working documents, indicating precisely which charges have been identified as improper, together with my calculations are attached as Exhibits 2, 3, and 4 to this Report. The Firm's time records were all provided to me in PDF format. As such, each line item entry that incorporates an issue described here has been tagged directly within the PDF [Exhibit 2 – "Analyzed Bills"]. The noted objections were then compiled within an excel spreadsheet, [Exhibit 3 – "All Tags" and "Objection Totals"]. Each tag number corresponds to an objection category, from our "tagging guide" created for this matter, [Exhibit 4]. These exhibits demonstrate how each and every billing entry was treated for purposes of this analysis.

---

[4] Note, the Analyzed Bills contained fees and expenses for two matters: [1] "005 General – Intellectual Property"; and [2] "L&L Dispute (SUPER WINGS Trademark)." I have chosen to exclude all fees and expenses associated with the first matter as such entries were fully redacted and did not appear to be related to the Litigation. Therefore, the Total Fees and Expenses are made up of only those fees and expenses associated with the second matter name, L&L Dispute (SUPER WINGS Trademark).

[5] As explained below, my full working documents are attached, reflecting line-by-line review.



## IV.    Specific Analysis of Issues

My analysis below focuses on the following factual, legal and ethical issues:

1. The Firm has included fees and expenses not properly subject to reimbursement:

    a. Fees for inappropriate timekeepers;

    b. Time entries containing redactions;

    c. Expenses for non-billable disbursement;

2. Potentially excessive hourly rates;

3. Generally objectionable billing practices litter the Analyzed Bills:

    a. Block-billing;

    b. Vague or inadequately described time and expense entries;

    c. Administrative and/or clerical tasks;

    d. Internal conferences and coordination;

    e. Pure travel;

    f. Charges for tasks completed by apparently overqualified time keepers; and

    g. Legal research.

**1.   Fees and Expenses not properly subject to reimbursement:**

In the State of North Carolina [as well as in most jurisdictions], a determination of whether attorney fees are reasonable in fee-shirting disputes begins with a calculation of the "lodestar": "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[6] A lodestar fee calculation, however, requires additional analysis. To be reasonable, the fees must comply with ethical billing rules for attorneys, including the general rule that a lawyer shall not charge a "clearly excessive fee" or "clearly excessive amount of expenses.[7] In addition, the next necessary consideration is whether proper billing judgment was used by the fee applicants as reflected by general commercial business practices.[8] The issues outlined below suggest that the Firm has fallen short of these recognized standards.

The Analyzed Bills contained several fees and expenses that are not properly subject to reimbursement under common commercial legal billing standards, such as fees by inappropriate timekeepers, redacted entries, and non-billable disbursements.

---

[6] Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983).
[7] See NC R BAR Ch. 2, Rule 1.5; N.C. Gen. Stat. Ann. § 6-21.6.
[8] Hensley, at 437.



**a. Inappropriate Timekeepers**

My review identified charges in the amount of $382.50 for time charged by a time keepers who appears to be non-professional and is described as a "Legal Assistant." Timekeepers who are non-professionals [non-lawyers and non-paralegals] are, in my experience, likely performing tasks that are clerical or administrative in nature, and, as a result, they should not be permitted to bill for their time – especially since the billing rate generally incorporates a profit element and firms are not generally permitted by commercial clients and ethical authorities to generate a profit from non-professional time and expenses.

As a result, the Total Fees should be reduced by the percentage of inappropriate timekeepers found in the Analyzed Bills:

| Objection | Total Number of Objectionable Entries | Total Number of Hours | Total Amount of Objection |
|---|---|---|---|
| Inappropriate Timekeepers | 7 | 5.1 | $382.50 |

Examples of entries by inappropriate timekeepers are shown below.

| Invoice Number | Date | Description | Time Keeper | Hours | Amount |
|---|---|---|---|---|---|
| 2249973 | 7/3/2012 | Telephone conference with Stephen Shaw regarding depositions in Wilmington; make arrangements for court reporter/videographer for same | Kimberly W. Brandt (Legal Assistant) | 0.5 | $37.50 |
| 2249973 | 7/5/2012 | Prepare deposition notices for L&L employees Avi, Bondarchuck and Carter; send same to opposing counsel and court reporter | | 1.0 | $75.00 |
| 2249973 | 7/25/2012 | Locate Miami court reporter; prepare amended notice of deposition for Albert Levy; send same to opposing counsel and court reporter | | 0.6 | $45.00 |
| 2273068 | 10/11/2012 | Compile documents for review in preparation for today's filings | | 1.0 | $75.00 |
| 2276777 | 11/8/2012 | Coordinate sending summary judgment notebooks to Judge Fox | | 0.4 | $30.00 |

Legal authorities and other generally accepted commercial standards that discuss the disallowance of charges for tasks completed by inappropriate timekeepers can be found at the Appendix to this Report. The line-by-line calculations that show the detail of this calculation are attached as Exhibit 3.

9



### b. Time Entries Containing Redactions

My review of the Analyzed Bills identified several time entries that were either fully or partially redacted. Such redacted entries do not contain sufficient detail to allow us to reasonably understand the submitted fees and whether they are at all related to the Insured. It is my experience that it is a basic commercial practice that a reasonable, objective client would not pay for legal fees or expenses that are either unrelated and/or wholly redacted. Similarly, many courts have held that redacted fee descriptions disqualify or seriously impair the clarity of such task descriptions.[9] This is because it is not reasonably possible to determine whether such tasks were reasonably related to the matter, and if so, whether such work was accomplished in a reasonable and efficient manner.

| Objection | Total Number of Objectionable Entries | Total Number of Hours | Total Amount of Objection | Reduction from Total Fees |
|---|---|---|---|---|
| Fully Redacted Entries | 4 | 3.9 | $1,796.50 | $1,796.50 |
| Partially Redacted Entries | 37 | 171.8 | $53,381.00 | $26,690.50 |

Examples of the redactions are shown below:

Full Redactions:



*Invoice 2244408*

| 06/09/2012 | ██████████ | Burke, Charles A. | 2.20 | $ 1,155.00 |
|---|---|---|---|---|
| 06/24/2012 | ██████████ | Burke, Charles A. | 0.30 | $ 157.50 |

Partial Redactions:

*Invoice 2244408*

| 06/13/2012 | Defend Manny Golasa's deposition; meeting with clients after the deposition; ██████████ send list of outstanding projects and deadlines to Stephen Shaw; study financial record prepared by Wendy Ray and evaluate document production issues | Burke, Charles A. | 8.50 | $ 4,462.50 |
|---|---|---|---|---|

---

[9] See <u>Carpet Super Mart, Inc. v. Benchmark Int'l Co.</u>, No. 1:18CV398, 2020 WL 4505670, at *16 (M.D.N.C. Aug. 5, 2020) ("Excessive redaction of timesheets removes information the court needs to determine the reasonableness of a fee request. <u>See Am. Home Assurance Co. v. Weaver Aggregate Transp., Inc. v. Manzo</u>, Case No. 5:10-cv-329-Oc-10PRL, 2015 WL 12830413, at *10 (M.D. Fla. Jan. 14, 2015), <u>report and recommendation adopted sub nom. Am. Home Assurance Co. v. Weaver Aggregate Transp., Inc.</u>, Case No. 5:10-cv-329-Oc-10PRL, 2015 WL 12850589 (M.D. Fla. Feb. 26, 2015).").

10



*Invoice 2276777*



| 11/01/2012 | Research licensee estoppel; review status of reply brief with Charles Burke; ▮▮▮ | Shaw, Stephen F. | 1.40 | $ 350.00 |

*Invoice 2286680*

| 12/19/2012 | Continue to prepare objections and responses to L&L's initial pre-trial disclosures; ▮▮▮ | Shaw, Stephen F. | 3.40 | $ 850.00 |
| 12/20/2012 | ▮▮▮ discuss objections to pre-trial witness and exhibit lists with Charles Burke and revise and finalize same; prepare supplemental exhibit list to reflect additional evidence and objectionable material | Shaw, Stephen F. | 3.70 | $ 925.00 |

In my experience, if a party was "not furnishing enough information for a court to form a judgment on whether its fees were legitimate, then a court might be obligated to deny them."[10] Further, courts have also held that "vague and heavily redacted" time entries "impose a great burden on this Court to meaningfully assess the reasonableness or necessity of individual tasks allegedly performed in a given day,"[11] and have made reductions as a result.[12] Certainly, a commercial client would never, in my experience, pay fees or expenses that are redacted. In a similar vein, I do not think this burden should be borne by Penn National. As a result, I am of the opinion that fully redacted time entries should be completely removed from the Total Fees, and any partially redacted time entries should be subject to a 50% reduction to account for the inability to determine whether the fees are fair and reasonable.

Legal authorities and other generally accepted commercial standards that discuss the disallowance of charges for redacted entries can be found at the Appendix to this Report. The line-by-line calculations that show the detail of this calculation are attached as Exhibit 3.

### c. Non-Billable Disbursements

The Total Expenses submitted by the Firms should be reduced to exclude expenses that are not commonly subject to reimbursement under applicable legal and commercial standards. Such billing entries submitted in the Analyzed Bills include charges for "Photocopies," "Color Copies," "Computer Research – Lexis," "Express Delivery Charges," and "working dinners." As a general rule, and in my experience, such disbursements are not commonly paid by commercial clients, as most are considered part of a firm's overhead on-going office expenses.

| Objection | Total Number of Objectionable Entries | Total Amount of Objection |
|---|---|---|

---

[10] *Democratic Party of Washington State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004).

[11] *Lewis v. Roosevelt Island Operating Corp.*, No. 16CV03071ALCSN, 2018 WL 4666070, at *9 (S.D.N.Y. Sept. 28, 2018).

[12] In *Lewis,* the court applied a 60% to account for the "vague and heavily redacted" time entries.

11



| Non-Billable Disbursements | 20 | $365.99 |

As a result of my analysis, I have identified potentially objectionable charges in the amount $365.99 in non-billable overhead and disbursements. It is my recommendation that all of these non-billable disbursements found in the Analyzed Bills should be completely removed from the Total Fees.

Examples of non-billable disbursements are shown below.

| Invoice Number | Description | Amount |
|---|---|---|
| 2241108 | Photocopies | $87.00 |
| 2249973 | Compact Disc | $60.00 |
| 2255601 | Express Delivery Charge - Federal Express Corporation; 798732503212;Ward & Smith, Joe Schouten, RALEIGH, NC | $8.62 |
| 2273068 | Computer Research – Lexis LEXIS LEGAL SERVICES - SEARCHES | $15.25 |
| 2273068 | Business Meal - Burke, Charles 10/22/2012 Winston Salem, NC - Working dinner while completing summary judgment brief - Charles Burke; Jake Wharton; Kim Brandt - - Burke Street Pizza | $37.06 |

Legal authorities and other generally accepted commercial standards that discuss non-billable disbursements can be found at the Appendix to this Report. The line-by-line calculations that show the detail of this calculation are attached as Exhibit 3.

| | |
|---|---:|
| **Initial Total Fees:** | **$481,755.50** |
| **Initial Total Expenses:** | **$28,996.33** |
| **Step 1:** | |
| 100% Reduction of Inappropriate TIME KEEPERS | $382.50 |
| 100% Reduction to Fully Redacted Entries | $1,796.50 |
| 50% Reduction to Partially Redacted Entries | $26,690.50 |
| 100% Reduction to Expenses for Non-Billable Disbursements | $365.99 |
| **Total Fees After Step 1:** | **$452,886.00** |
| **Total Expenses After Step 1:** | **$28,630.34** |

12



**2. Potentially excessive hourly rates:**

I next reviewed the commercial reasonableness of the Firm's rates as required under a lodestar analysis.[13] As a general proposition, under accepted legal principles as part of any objective analysis of reasonableness, firms must establish that their rates are reflective of objectively determinable market rates for similar work in the applicable jurisdiction.[14] More specifically, it is important to determine that such rates are commercially reasonable based upon actual market conditions for the type of work, as well as the geographic location of the client, the firm and the <u>location</u> of the litigation. To accomplish this task, I have reviewed the hourly rates charged by the Firm and compared these rates to the mean hourly rates for firms involved in litigation and located in North Carolina, during the periods in question, utilizing an independently compiled database, the "2014 Real Rate Report."[15]

My analysis of the Firm's rates in comparison to the mean rates set forth in the 2020 Real Rate Report is as follows:

| Rate Analysis for Litigation in North Carolina | | | | | |
|---|---|---|---|---|---|
| Year | Position | Real Rate Report Mean Rate | Firm's Average Hourly Rate | Rate Difference (Mean Rate - Firm Rate) | Rate Comparison (Firm Rate/Mean Rate) |
| 2012 | Partner | $352.25 | $488.50 | ($136.25) | 138.68% |
| | Associate | $232.08 | $258.75 | ($26.67) | 111.49% |
| 2013 | Partner | $361.53 | $521.67 | ($160.14) | 144.29% |
| | Associate | $250.20 | $250.00 | $0.20 | 99.92% |

As shown above, the mean rates charged by similar firms for similar work and paid by clients in North Carolina, are generally lower than the rates charged by the Firm. Overall, the Firm rates were 23.6% greater than the those charged in North Carolina. It is worth noting here that over the span of the Analyzed Bills, 5 different partners billed their time to this Litigation, compared with a total of 2 associates. This top-heavy structuring of the Litigation is concerning and further supports my recommendation that the Total Fees should be subject to a reduction. As a result, I am therefore of the opinion that the Total Fees should be reduced by a conservative percentage of 20% .

| | |
|---|---|
| **Total Fees After Step 1:** | **$452,886.00** |
| **Step 2:** | |
| 20% Reduction to Fees for Excessive Rates | $90,577.20 |
| **Total Fees After Step 2:** | **$362,308.80** |

---

[13] See <u>Blum v. Stenson</u>, 465 U.S. 886, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).

[14] *Id*. at 896 n. 11.

[15] *2014 Real Rate Report*, Wolters Kluwer, at pages 68, 69 and 73, available at <u>http://www.wkelmsolutions.com/products/real-rate-report</u>.



**3. Generally objectionable billing practices permeate the Analyzed Bills:**

As demonstrated below, my line-by-line analysis uncovered a series of objectionable billing practices. The Firm has failed to remove such objectionable charges from the Analyzed Bills. As in any lodestar analysis, the Firm has the burden of providing clear evidence in support of their assertion regarding the reasonableness of the fee request. Practices such as block billing and vague entries, obscure the Analyzed Bills, making it impossible to determine objective reasonableness because the task descriptions are not transparent. I have therefore recommended an across the board reduction of 25% to the Total Fees that accounts for all of the following objectionable billing practices taken together.

**a. Block Billing**

As previously explained, block billed charges represent entries that are grouped together with other entries, and are therefore stripped of per task billing detail. Most authorities agree that such billing practices render it difficult for a client or adversary to determine how much time, out of the total amount, was charged for each distinct task, therefore requiring a reasonable reduction. Consequently, block billing restricts an adversary's ability to reasonably determine which amount in a fee entry is attributable to which specific task within the narrative. Based on these entries, it could not be determined how much time out of the total amount is charged for each distinct task. Based on standard commercial practices requiring transparency and precedent set forth in the Appendix, a reduction is therefore required.

The following table outlines the total number of block billing objections identified in the Analyzed Bills:

| Objection | Total Number of Objectionable Entries | Total Number of Hours | Total Amount of Objection | Objection Percentage of Total Fees |
|---|---|---|---|---|
| Block Billing | 242 | 903.2 | $339,245.50 | 79.60% |

The following are examples of block billed time entries found throughout the Analyzed Bills:

| Invoice Number | Date | Description | Time Keeper | Hours | Amount |
|---|---|---|---|---|---|
| 2241108 | 6/1/2012 | Correspondence with expert witness transmitting key pleadings and confirming scope of proposed engagement; telephone conference with licensing and damages expert in California; discussion regarding scope of report, salient points, timeline and budget; advise Jack Hicks and Charles Burke regarding same; prepare supplemental discovery responses including documents produced from electronically-stored information | Stephen F. Shaw | 2.8 | $658.00 |
| 2249973 | 7/6/2012 | Review additional documents provided by Stephen Shaw and work on final preparations for deposition; take deposition of L&L Wing's private investigator; | Charles A. Burke | 6.5 | $3,412.50 |

14



| | | | | | |
|---|---|---|---|---|---|
| | | prepare notes regarding key testimony from today's deposition and points to follow up on | | | |
| 2249973 | 7/17/2012 | Review deposition transcript from Maeyan Golasa, Yaniv Drezner, and Wendy Ray; review and consider correspondence from opposing counsel on discovery matters and prepare response to same; work with DJ Mason to determine most effective theory of recovery for monetary damages, in order to support Motion to Compel Production of L&L's financial information; continue to review supplemental document production from Wendy Ray; review and consider extensive Request for Admissions and supporting exhibits served by L&L and determine strategy to respond | Stephen F. Shaw | 4.7 | $1,104.50 |
| 2265963 | 9/28/2012 | Review draft summary judgment brief and declarations and work on revisions; review revised version of summary judgment documents and provide input to Stephen Shaw; review summary judgment motion filed by Wings | Charles A. Burke | 4.8 | $2,520.00 |

As shown above, a large proportion of the time entries in the Analyzed Bills were not separated and valued by task; thus, it is difficult to determine the precise time spent for each task billed. Since it is hard to tell from the specific descriptions precisely what was done and for what amount of time [and it is important to do everything possible not to "double count" billing entries] I have recommended an across-the-board reduction that accounts for all of the factors discussed in this report along with this improper practice of block billing.

Legal authorities and other generally accepted commercial standards that discuss why the use of block billing is not reasonable can be found at the Appendix to this Report. The line-by-line calculations that show the detail of this calculation are attached as Exhibit 3.

### b. Vague or Inadequately Described Time Entries

Many tasks appeared throughout the Analyzed Bills that were so vaguely described that a reasonable client, court or adversary could not understand the value delivered by the billing timekeeper for the task described or expense charged. The issue of "vague" descriptions is well-recognized and a standard billing concern both in standard commercial settings and in judicial analysis of billings. I have reviewed the Analyzed Bills and identified multiple entries that were vague as the description does not reasonably and adequately describe the billed activity or expense.

It should be noted here that I was also asked by Penn National to determine how much time the Firm dedicated to the counterclaim filed in the Litigation. My review of the Analyzed Bills, however, did not prove successful in this endeavor. I was only able to identify one time entry containing the word "counterclaim."[16] Due to the vague billing

---

[16] See Jack B. Hicks' entry on 1/24/2013 for 0.5 hours on page 93 of the Analyzed Bills: "Consider status of claims and Beach Mart's rights pertaining to defense of counterclaim.".

15



practices employed by the Firm, I am unable to provide any insight into how much time the Firm dedicated to this counterclaim.

The following table outlines the total number of vague time entries identified in the Analyzed Bills:

| Objection | Total Number of Objectionable Entries | Total Number of Hours | Total Amount of Objection | Percentage Block Billed | Objection Percentage of Total Fees |
|---|---|---|---|---|---|
| Vague Entries | 136 | 429.4 | $177,323.00 | 80.42% | 41.61% |

The following are examples of inadequately described time entries found throughout the Analyzed Bills:

| Invoice Number | Date | Description | Time Keeper | Hours | Amount |
|---|---|---|---|---|---|
| 2244408 | 6/21/2012 | Work on various issues related to the Facebook subpoena | Charles A. Burke | 1.0 | $525.00 |
| 2255601 | 8/28/2012 | Work on summary judgment arguments and strategy | Charles A. Burke | 1.5 | $787.50 |
| 2273068 | 10/18/2012 | Work throughout the day to complete opposition brief | Stephen F. Shaw | 9.1 | $2,275.00 |
| 2276777 | 11/19/2012 | Work on various pre-trial matters | Stephen F. Shaw | 1.2 | $300.00 |

The following table outlines the total number of vague expenses identified in the Analyzed Bills:

| Objection | Total Number of Objectionable Entries | Total Amount of Objection |
|---|---|---|
| Vague Expense Entries | 4 | $2,068.16 |

The following are the inadequately described expenses found throughout the Analyzed Bills:

| Invoice | Description | Amount |
|---|---|---|
| 2249973 | Transportation American Express Travel - Charles Burke, 7/3/12 - Tampa, FL | $455.10 |
| 2249973 | Transportation American Express Travel - Charles Burke, 7/3/12 - Tampa, FL | $179.00 |
| 2276777 | Transportation - American Express Travel - Charles Burke, 11/14/12 - New York, NY | $396.60 |
| 2286680 | Lodging - Burke, Charles 11/14/2012 Burke, Charles New York, NY - the Levy deposition | $1,037.46 |

16



As can be seen in the examples given above, some expenses do not adequately describe what the charge is for. Many of these expenses gave limited detail as to what the expense was for nor why the expense was so high. For example, numerous charges for "Transportation" were charged in excess of $150 without as to what type of transportation it was, a flight [a generally reasonable expense over $150] or whether they were incurred as a result of late night or overtime work [a non-billable expense]. Further, no supporting documentation was provided for $1,037.46 in lodging for the Levy deposition. As a result, I am of the opinion that the Total Expenses be reduced by an aggregate percentage of 5% to account for such deficiencies.

Legal authorities and other generally accepted commercial standards that discuss vague descriptions can be found at the Appendix to this Report. The line-by-line calculations that show the detail of this calculation are attached as Exhibit 3.

### c. Administrative and/or Clerical Tasks

From the information available to me, a moderate portion of the billing entries incorporate charges for clerical and/or administrative tasks, requiring no clear professional-level skill. Most authorities agree that attorneys are obligated to absorb the cost of clerical and administrative tasks as a part of the cost of doing business, [e.g., "non-billable overhead"], and not as chargeable tasks to firm clients on a for-profit basis. This is primarily because, as a general principle, law firms are not permitted to earn "profit" on overhead expense items or non-skilled clerical or administrative work, usually considered to be compensated as part of the firm's rate.

The following table outlines the total number of objections identified in the Analyzed Bills:

| Objection | Total Number of Objectionable Entries | Total Number of Hours | Total Amount of Objection | Percentage Block Billed | Objection Percentage of Total Fees |
|---|---|---|---|---|---|
| Clerical Entries | 63 | 210.1 | $64,888.00 | 95.02% | 15.22% |

The following are examples of clerical and/or administrative tasks found throughout the Analyzed Bills:

| Invoice Number | Date | Description | Time Keeper | Hours | Amount |
|---|---|---|---|---|---|
| 2249973 | 7/12/2012 | Prepare Notice of Deposition for Albert Levy along with transmittal letter; provide instructions to Jennifer Glosson regarding same; work throughout the day to finalize Reply Brief for Motion to Amend Reply; additional legal research to support argument added by Charles Burke; revise and proofread final version of brief; finalize supporting exhibit for filing; strategy conference with Charles Burke to discuss additional discovery needed prior to mediation; file brief and supporting | Stephen F. Shaw | 6.6 | $1,551.00 |

17



| | | exhibits with court; correspondence with opposing counsel regarding discovery issues | | | |
|---|---|---|---|---|---|
| 2273068 | 10/11/2012 | Finalize Memorandum of Law in Support of Motion for Protective Order for Israel Golasa with supporting exhibits; complete Opposition Brief for L&L's Motion to Compel further deposition questioning of Israel Golasa; discuss filing of same with Charles Burke; file same with Court and submit copies of DVDs to court and opposing counsel; discuss status of the case and deposition with Wes Anson and provide update | Stephen F. Shaw | 6.6 | $1,650.00 |
| 2291899 | 1/24/2013 | Communications with Torie Sharpe regarding trial preparations; communications with Charles Burke regarding anticipated trial team and timing of witnesses; email instructions for reservations for trial team; consider email from Wilmington Hilton regarding potential reservations | Robert D. Mason | 0.5 | $237.50 |
| 2291899 | 1/28/2013 | Communications with Torie Sharpe regarding contract for hotels and conference rooms for trial; consider proposed Hilton contract and communications with Charles Burke regarding contract; communications with Hilton regarding questions about contract | Robert D. Mason | 0.4 | $190.00 |
| 2291899 | 1/29/2013 | Communications and negotiations with Wilmington Hilton regarding contact for room block and conference rooms for trial | Robert D. Mason | 0.4 | $190.00 |
| 2291899 | 1/31/2013 | Consider revised contract from Hilton for guest rooms and conference room space for trial; communications with Brigid Driskill of Hilton regarding clarification of points in contract; execute and email contract to Hilton | Robert D. Mason | 0.5 | $237.50 |

As demonstrated above, the clerical/administrative tasks identified throughout the Analyzed Bills appear to incorporate charges for non-professional work, and are therefore unreasonable. I am unsure why so much time was dedicated to the administrative task of organizing hotel reservations for trial, nor why such clerical tasks were completed by a partner. As previously mentioned, due to the Firm utilizing the disfavored practice of block billing, I have recommended an across-the-board reduction to the remaining Total Fees that accounts for all of these issues taken together, including clerical tasks.

Legal authorities and other generally accepted commercial standards that discuss clerical and administrative tasks can be found at the Appendix to this Report. The line-by-line calculations that show the detail of this calculation are attached as Exhibit 3.

18



**d. Internal Conferences and Coordination**

Per my review of the Analyzed Bills, I also identified a high number of internal conferences and coordination charged by timekeepers. I note that many of these conferences, comprising <u>over 24% of the Total Fees,</u> were often billed by both [or all] parties participating in the conference, rather than by the primary contributor[s] to the substance of the meeting or conference. This appears inefficient. Such excessive need to constantly coordinate with a large number of other timekeepers is often seen by courts and commercial clients as an inefficient use of time. Time keepers spent time revising, updating, sharing and discussing tasks at a level I do not find to be reasonable. Such charges should not, in fairness, be borne by Penn National. Attorneys have an ethical duty to conduct matters with efficiency – I believe that large amounts of time spent conferencing and coordinating with coworkers about every aspect of the matter cannot be considered reasonable.[17]

The following table outlines the total number of objections identified in the Analyzed Bills:

| Objection | Total Number of Objectionable Entries | Total Number of Hours | Total Amount of Objection | Percentage Block Billed | Objection Percentage of Total Fees |
|---|---|---|---|---|---|
| Internal Conferences | 79 | 254.1 | $101,354.00 | 98.16% | 23.78% |
| Instruction/Coordination | 29 | 120.0 | $43,433.00 | 99.60% | 10.19% |
| **Total**[18] | **98** | **321.7** | **$126,065.50** | **98.39%** | **29.58%** |

From my review, the Firm dedicated approximately 321.7 hours to intraoffice conferences, and coordination between staff, accounting for approximately 30% of the Total Fees. Such a high percentage is cause for significant concern; it is hard to understand how and why such effort was reasonably needed to be expended. Although nearly all the time entries containing an intraoffice conference or coordination were block billed with other entries, it is extremely concerning that the Firm dedicated many hours to these tasks. This significant portion of time dedicated to such a practice is likely to be considered an inefficient use of time.

The following are examples of time entries related to these objections found throughout the Analyzed Bills:

| Invoice Number | Date | Description | Time Keeper | Hours | Amount |
|---|---|---|---|---|---|
| 2255601 | 8/23/2012 | Defend the Wes Anson deposition; work on negotiations with opposing counsel regarding dispute over the Meir Levy deposition; work on | Charles A. Burke | 10.7 | $5,617.50 |

---

[17] See <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 437, 103 S. Ct. 1933, 1941, 76 L. Ed. 2d 40 (1983) ("The Court ruled that the district court "should exclude from this initial fee calculation hours that were not 'reasonably expended…,'" and that "counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.").

[18] Note, this total does not double-count the objections contained within this table. A time entry has only been included once in this total, even if it contained both an internal conference and instruction/coordination.



| | | | | | |
|---|---|---|---|---|---|
| | | new contract interpretation strategies and discuss with Jack Hicks and Stephen Shaw; review written discovery responses served by L&L and follow up with Stephen Shaw regarding deficiencies; exchange messages with Stephen Shaw with instructions on various outstanding projects and court filings | | | |
| 2291899 | 1/7/2013 | Receive instructions from Charles Burke regarding preparation of motion for trial setting in April | Stephen F. Shaw | 0.4 | $100.00 |
| 2291899 | 1/22/2013 | Conference with DJ Mason regarding strategy for trial setting; review brief from Wings opposing April trial date; review changes to Glassman's testimony; work on development of a trial outline with witness order and topics to be covered by each witness, along with key evidence on important points | Charles A. Burke | 6.4 | $3,488.00 |
| | | Conference with Charles Burke | Robert D. Mason [DJ Mason] | 0.3 | $142.50 |
| 2291899 | 1/23/2013 | Telephone conference with client representatives; review discovery responses and the transcript of Albert Levy's deposition to address various issues raised by Beach Mart; provide status update to Beach Mart regarding Albert Levy as a possible trial witness; revise trial outline; conference with DJ Mason | Charles A. Burke | 5.8 | $3,161.00 |
| | | Conference with Charles Burke | Robert D. Mason [DJ Mason] | 0.3 | $142.50 |

Legal authorities and other generally accepted commercial standards that discuss excessive intraoffice conferences and coordination can be found at the Appendix to this Report. The line-by-line calculations that show the detail of this calculation are attached as Exhibit 3.

    **e. Pure Travel**

Also evident throughout the Analyzed Bills, were the number of billing entries dedicated to what appears to be "pure" travel [i.e., travel without substantive work being accomplished during the travel]. As previously mentioned, under commonly accepted commercial standards, billing entries for travel where no substantive work is being conducted during transit should not fairly or reasonably be chargeable at the full rate or the full amount of time. Such charges may, in common practice, however, be properly billed at either half-rate or half-time if the travel is necessary for business purposes. Taking this into consideration and acknowledging that many of entries containing pure travel charges are block billed, I have recommended an across-the-board reduction to account for this improper billing practice.

20



The following table outlines the total number of pure travel entries identified in the Analyzed Bills:

| Objection | Total Number of Objectionable Entries | Total Number of Hours | Total Amount of Objection | Percentage Block Billed | Objection Percentage of Total Fees |
|---|---|---|---|---|---|
| Pure Travel | 14 | 96.7 | $40,315.50 | 98.48% | 9.46% |

The following are examples of pure travel entries found within the Analyzed Bills:

| Invoice Number | Date | Description | Time Keeper | Hours | Amount |
|---|---|---|---|---|---|
| 2255601 | 8/15/2012 | travel to RTP for settlement conference | Stephen F. Shaw | 1.2 | $282.00 |
| | 8/15/2012 | return travel to Greensboro (delayed due to traffic in RTP) | Stephen F. Shaw | 1.4 | $329.00 |
| 2276777 | 11/14/2012 | Travel to New York for the Meir Levy deposition; work on final deposition preparations; plan for pretrial submissions and discuss with Stephen Shaw; exchange messages with opposing counsel regarding negotiations over pretrial submissions | Charles A. Burke | 5.4 | $2,943.00 |
| | 11/16/2012 | Return travel from deposition; work on deposition scheduling | Charles A. Burke | 4.5 | $2,452.50 |

Legal authorities and commercial standards discussing the unreasonableness of pure travel can be found at the Appendix to this Report. The line-by-line calculations that show the detail of this calculation are attached as Exhibit 3.

**f. Overqualified Tasks**

A portion of the billing entries in the Analyzed Bills contain entries that incorporate charges for staff that appear to be overqualified for the identified task. Most authorities agree that attorneys are obligated to charge for staffing that is reasonable and efficient. For example, an attorney should not be tasked with cite checking and proofing briefs when a paralegal is capable of completing such a task. Staffing a task by an individual who is overqualified for that task does not reflect such efficiencies, and often results in unreasonable charges.

The following table outlines the total number of apparently overqualified entries identified in the Analyzed Bills:

| Objection | Total Number of Objectionable Entries | Total Number of Hours | Total Amount of Objection | Percentage Block Billed | Objection Percentage of Total Fees |
|---|---|---|---|---|---|
| Overqualified | 29 | 131.2 | $31,342.00 | 95.69% | 7.35% |

21



The following are examples of apparently overqualified charges found within the Analyzed Bills:

| Invoice Number | Date | Description | Time Keeper | Hours | Amount |
|---|---|---|---|---|---|
| 2255601 | 8/24/2012 | Finalize Brief and Motion to Compel Shaw, Stephen F. Production of L&L's Financial information, and prepare supporting exhibits; prepare and file motions, briefs and supporting exhibits for Motion to Compel, Motion fur Extension of Time to Conduct Deposition of Meir Levy, Opposition Brief to L&L's Motion to Strike; finalize and send supplemental document production and discovery responses to opposing counsel; prepare and send correspondence to opposing counsel regarding the confidentiality designation for the report of Wes Anson; draft brief supporting motion for limited extension of discovery period; review merits of same with Charles Burke; prepare supporting exhibits for same; proofread and revise in preparation for filing; continue to work on Opposition Brief to L&L's Motion to Strike References to Expert Reports | Stephen F. Shaw | 11.7 | $2,749.50 |
| 2265963 | 9/28/2012 | Work throughout the day to: complete declarations; to revise and complete final draft of brief supporting summary judgment; prepare motion for summary judgment; collect and prepare all exhibits and incorporate citations to same in brief | Stephen F. Shaw | 8.8 | $2,068.00 |
| 2273068 | 10/21/2012 | Complete citations to fact record and final work on brief send same to Charles Burke for review; work to finalize Drezner's declarations and supporting exhibits; prepare index of exhibit and prepare for filing | Stephen F. Shaw | 2.7 | $675.00 |
| 2276777 | 11/12/2012 | Update deposition records and provide same to DJ Mason; further review of financial production; prepare exhibits for upcoming deposition; file status update | Stephen F. Shaw | 0.9 | $225.00 |

Legal authorities and commercial standards discussing the unreasonableness of overqualified entries can be found at the Appendix to this Report. The line-by-line calculations that show the detail of this calculation are attached as Exhibit 3.

### g. Legal Research

It is presumed that the Firm has been retained for its experience with the subject matter and type of proceeding at issue. Therefore, legal research should typically be a low percentage of the fees. My review, however, found numerous entries charged for what appears to be for excessive legal research for the Firm. I am therefore of the opinion that this firm did not exercise sound billing judgment when seeking to charge for large amounts of legal

22



research. My review identified that approximately 97 hours, or 6% of the Firm's Total Fees, was spent researching legal topics. Of these hours identified, 2.44% of the billings dedicated to legal research appears excessive on an overall basis.

The following table outlines the total number of objections identified in the Analyzed Bills:

| Objection | Total Number of Objectionable Entries | Total Number of Hours | Total Amount of Objection | Percentage Block Billed | Objection Percentage of Total Fees |
|---|---|---|---|---|---|
| Legal Research | | 96.7 | $24,182.50 | 95.97% | 5.67% |
| Legal Research in Excess of 3 hours [Hours over 3] | 18 | 42.7 | $10,412.50 | N/A | 2.44% |

The following are examples of excessive legal research found in the Analyzed Bills:

| Invoice Number | Date | Description | Time Keeper | Hours | Amount |
|---|---|---|---|---|---|
| 2249973 | 7/30/2012 | Work throughout the day to research and draft responses to L&L's motions; advise Charles Burke regarding status of same; confirm scheduling of remaining depositions in California and Virginia; analyze response to Motion to Stirke [sic] and identify legal research needed for Charles Burke | Stephen F. Shaw | 7.9 | $1,856.50 |
| 2249973 | 7/31/2012 | Continue to work on draft of opposition brief for motion to compel; legal research on applicable standard for production of electronic information in a certain format; analyze appropriate response to motion to strike expert reports and consider same with DJ Mason; draft insert for opposition brief for motion to strike; legal research on motion to amend scheduling order; review and consider correspondence from opposing counsel on L&L's discovery deficiencies and draft response | Stephen F. Shaw | 8.6 | $2,021.00 |
| 2255601 | 8/16/2012 | Legal research to prepare for summary judgment motion and opposition to potential | Stephen F. Shaw | 4.6 | $1,081.00 |
| 2273068 | 10/30/2012 | Research various issues to support | Stephen F. Shaw | 4.9 | $1,225.00 |

23



| | | arguments in Reply Brief, continue to draft reply brief for Charles Burke's review; provide instructions to DJ Mason regarding assistance with Reply Brief | | | |
|---|---|---|---|---|---|

Legal authorities and commercial standards discussing the unreasonableness of excessive legal research can be found at the Appendix to this Report. The line-by-line calculations that show the detail of this calculation are attached as Exhibit 3.

24



### V. **Conclusion**

As indicated throughout this Report, the large number of generally objectionable billing practices identified in the Analyzed Bills, combined with the unreasonably high rates, necessitates a series of across-the-board reductions to account for these issues.

As a result, based on common commercial standards, my experience and consistent legal precedent, it is my opinion that a reasonable fee for each action would be as follows:

| | |
|---|---|
| **Initial Total Fees:** | **$481,755.50** |
| **Initial Total Expenses:** | **$28,996.33** |
| **Step 1:** | |
| 100% Reduction of Inappropriate TKS | $382.50 |
| 100% Reduction to Fully Redacted Entries | $1,796.50 |
| 50% Reduction to Partially Redacted Entries | $26,690.50 |
| 100% Reduction to Expenses for Non-Billable Disbursements | $365.99 |
| **Total Fees After Step 1:** | **$452,886.00** |
| **Total Expenses After Step 1:** | **$28,630.34** |
| **Step 2:** | |
| 20% Reduction to Fees for Excessive Rates | $90,577.20 |
| **Total Fees After Step 2:** | **$362,308.80** |
| **Step 3:** | |
| 25% Reductions to Fees for Generally Objectionable Billing Practices | $90,577.20 |
| 5% Reductions to Expenses for Vaguely Described Entries | $1,431.52 |
| **Recommended Total Fees:** | **$271,731.60** |
| **Recommended Total Expenses:** | **$27,198.82** |
| **Recommended Total Fees and Expenses:** | **$298,930.42** |

The result is a Recommended Total Fees and Expenses of **$298,930.42** – a reduction of $211,821.41, or 41.5% from the original fees and expenses requested by the Firm.

Respectfully Submitted:

_____

David Paige
November 2020

25



## VI. Appendix

The following sections outline relevant state and federal authorities, and generally acceptable commercial standards that support the various propositions I have discussed in detail in the above report.

**Inappropriate Timekeepers**

The following authorities are applicable to my conclusion that inappropriate timekeepers are objectionable in this matter:

*Legal Standards*

**Missouri v. Jenkins by Agyei, 491 U.S. 274, 288, 109 S. Ct. 2463, 2472, 105 L. Ed. 2d 229 (1989)** (The Court noted that "[o]f course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them. What the court in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (CA5 1974), said in regard to the work of attorneys is applicable by analogy to paralegals: 'It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available. Such non-legal work may command a lesser rate. Its dollar value is not enhanced just because a lawyer does it.'")

**Irwin Indus. Tool Co. v. Worthington Cylinders Wisconsin, LLC, 747 F. Supp. 2d 568, 591 (W.D.N.C. 2010)** (The Court did not award fees for the services of a project assistant because "there is nothing in the record to show that she has any legal training or background and she appears to be . . . akin to a legal secretary or legal assistant, whose pay would be considered overhead for the firm.") (citation omitted)

**Lea Co. v. N. Carolina Bd. of Transp., 323 N.C. 691, 696, 374 S.E.2d 868, 871 (1989)** (The court held that trial court reasonably concluded that services of paralegals and secretaries were largely clerical in nature or were part of ordinary office overhead to be subsumed in the hourly rate of attorneys.)

**Spell v. McDaniel, 852 F.2d 762, 770 (4th Cir. 1998)** (reducing paralegal time claimed by thirty percent to account for "duplication but also for the fact that the attorney's own hourly rate can properly be considered to subsume the secretarial-type services identified as having been performed by their paralegals").

*Generally Accepted Commercial Standards*

Federal Reserve Bank of New York: The Bank will not pay attorney rates for work that is typically performed by paralegals or clerical staff. (p. 11); the Bank reserves the right not to pay for certain fees that are considered firm overhead: performing administrative and clerical tasks (p 14)

University of Texas Billing Guidelines: UT System will not pay for administrative staff, such as secretarial support, case clerks, and accounting and billing clerks, including but not limited to the following: overtime, file opening, file organization, docketing or other administrative tasks, preparation of billing, invoice review, budget preparation or communications regarding same or any other accounting matter. (p 2, E)

Texas Outside Counsel Billing Guidelines: Outside counsel may not bill for administrative staff, law clerks, or interns.  (p 3)

26



: In no event shall Canal be billed for a lawyer, law clerk, or paralegal's performance of clerical or administrative tasks (p 3); Canal will not pay for administrative or clerical activities, i.e. work that can and should be done by secretaries, receptionists, clerks, runners, word processers, transcribers or other administrative staff. (p 11)

**Redacted Time Entries**

The following authorities are applicable to my conclusion that redacted time entries are objectionable in this matter:

*Legal Standards*

**Carpet Super Mart, Inc. v. Benchmark Int'l Co., No. 1:18CV398, 2020 WL 4505670, at \*16 (M.D.N.C. Aug. 5, 2020)** ("Excessive redaction of timesheets removes information the court needs to determine the reasonableness of a fee request. See Am. Home Assurance Co. v. Weaver Aggregate Transp., Inc. v. Manzo, Case No. 5:10-cv-329-Oc-10PRL, 2015 WL 12830413, at \*10 (M.D. Fla. Jan. 14, 2015), report and recommendation adopted sub nom. Am. Home Assurance Co. v. Weaver Aggregate Transp., Inc., Case No. 5:10-cv-329-Oc-10PRL, 2015 WL 12850589 (M.D. Fla. Feb. 26, 2015) ("While reviewing Weaver's invoices, the Court noticed a significant amount of redactions, which made it difficult, if not impossible, to determine the nature of the attorney's task."); In re 50 Pine Co., LLC, 317 B.R. 276, 286 (Bankr. S.D.N.Y. 2004); cf. Bapu Corp. v. Choice Hotels Int'l, Inc., Civ. No. 07-5938 (WJM), 2010 WL 2245600, at \*2 (D.N.J. June 1, 2010) (noting that the level of redaction did not prevent court from discerning what tasks were billed). A more common issue is block billing which, like excessive redaction, can remove the details a court needs to accurately assess the reasonableness of a fee request. See, e.g., Raynor v. G4S Secure Sols. (USA) Inc., 327 F. Supp. 3d 925, 949 (W.D.N.C. 2018), aff'd, 805 F. App'x 170 (4th Cir. 2020); see also In re Olson, 884 F.2d 1415, 1428 (D.C. Cir. 1989); Project Vote/Voting for Am., Inc. v. Long, 887 F. Supp. 2d 704, 716–17 (E.D. Va. 2012); Uzzell v. Friday, 618 F. Supp. 1222, 1226 (M.D.N.C. 1985).")

**McGibney v. Rauhauser, 549 S.W.3d 816, 821 (Tex. App. 2018), review denied (Sept. 28, 2018)** (An appellate court remanded a fee awarded due in part to heavily redacted billing entries. The court rejected the argument that the entries had to be redacted because of privilege, emphasizing that the court must have meaningful evidence of work performed. "In reaching our conclusion that there was insufficient evidence to support the trial court's award of the entire amount sought by Appellee, we need only to look at a handful of the charges that appear on his billing statement. Some entries were so heavily redacted that the trial court could not possibly have had sufficient evidence to determine that the entire amount requested was "not excessive or extreme, but rather moderate or fair." *See Sullivan*, 488 S.W.3d at 299.")

**Shipping & Transit, LLC v. 1A Auto, Inc., 283 F. Supp. 3d 1290, 1305 (S.D. Fla. 2017)** (The court held that, although some redaction of time entries may have been necessary to protect privileged information, "the extensively redacted entries hinder the Court's evaluation of the time spent by counsel and prevent an assessment of the specific tasks performed.")

**Hamilton v. Sheridan Healthcare., Inc., No. 13-62008-CIV, 2015 WL 13540999, at \*5 (S.D. Fla. Dec. 23, 2015), report and recommendation adopted sub nom. Hamilton v. Sheridan Healthcare, Inc., No. 13-62008-CIV, 2016 WL 9444229 (S.D. Fla. Jan. 14, 2016), aff'd sub nom. Hamilton v. Sheridan Healthcorp, Inc., 700 F. App'x 883 (11th Cir. 2017)** (The court held that a substantial amount of time should be disallowed because "redactions (totaling over 90 hours) render the time

27



entries vague and make it difficult, if not impossible, for the Court to determine the reasonableness of the time expended or even if the time relates to this case.")

**Royal Park Investments SA/NV v. Deutsche Bank Nat'l Trust Co., No. 14-CV-04394 (AJN) (BCM), 2016 WL 2977175, at *6 (S.D.N.Y. May 20, 2016)** (determining that discussions between attorney and client were not privileged because "this was not a discussion about litigation counsel's advice; it was a discussion about litigation counsel's fees. "The fee arrangements between attorney and client do not ordinarily constitute a confidential communication and, thus, are not privileged in the usual case." *Priest v. Hennessy*, 51 N.Y.2d at 69; *see also Matter of Nassau Cty. Grand Jury Subpoena*, 4 N.Y.3d at 679 (information about attorneys' fees is "not generally protected under the privilege"); *Margolin v. Grossman*, 679 N.Y.S.2d 20, 20 (App. Div. 1998) (fee arrangements "are not within the scope of the attorney-client privilege"). The same is true under federal law. *See Vingelli v. U.S., Drug Enft Agency*, 992 F.2d 449, 452 (2d Cir. 1993) ("in the absence of special circumstances client identity and fee arrangements do not fall within the attorney-client privilege"); *In re Shargel*, 742 F.2d 61, 62 (2d Cir. 1984) ("[w]e have consistently held that... fee information [is], absent special circumstances, not privileged").")

**Cambridge Elecs. Corp. v. MGA Elecs., Inc., No. CV02-8636MMM(PJWX), 2005 WL 927179, at *6 (C.D. Cal. Jan. 18, 2005)** (reducing the fee award because "[a]lthough defendant need not itemize the time his attorneys spent on each task, "at least counsel should identify the general subject matter of his time expenditures." *Hensley supra,* 461 U.S. at 437 (citing *Nadeau v. Helgemoe,* 581 F.2d, 275, 279 (1983)). Because the general subject matter of these charges is not identified, the court must reduce the requested ECJ fees by $1,219.50. Thus, the total amount of reasonable fees charged by ECJ is $23,362." The redacted billing entries that redacted the description of services performed was insufficient.)

**Democratic Party of Washington State v. Reed, 388 F.3d 1281, 1286 (9th Cir. 2004)** (In awarding fees for redacted entries, the court stated that if the prevailing party "were not furnishing enough information for a court to form a judgment on whether its fees were legitimate, then a court might be obligated to deny them.")

*Generally Accepted Commercial Standards*

Bank of America Legal Department Outside Counsel Procedures (2011): Bank of America will not pay for descriptions that lack specificity. Entries for telephone conversations, conferences, meetings, and court conferences must specifically describe the parties involved and the subject matter or purpose of the task. Charges for preparing or reviewing correspondence should identify the subject matter of the letter and the author (page 14).

AIG 2013 Litigation Management Guidelines: Overly generalized and vague billing entries will not be paid. (page 16).

The Hartford Billing Guidelines: The reasonableness, necessity and time charged for each task is assessed on the basis of the description provided by Counsel. It is the obligation of Counsel to support each billed task with sufficient detail. Vague and non-descriptive task entries cannot be honored (page 1).

Country Mutual Insurance Company – Guidelines for Attorneys Providing Legal Services: It is essential that each legal activity be identified in the billings. The test is whether an attorney or claim person not familiar with the billing attorney,

28



the case or the billing firm's practices can determine exactly what professional service was provided and assess the appropriateness of the related time charge.

<u>Wal-Mart Outside Counsel Guidelines:</u> Wal-Mart reserves the right to reduce or reject any invoice or invoice line item because of a failure to comply with these Guidelines; because an invoice line item is unclear or unreasonable or for any other valid and reasonable purpose.

<u>Zurich Litigation Management Guidelines for Claims Defense Counsel:</u> Descriptions of Services — Zurich will not pay for time that is not described in sufficient detail to allow a lawyer not familiar with the file to review a bill and determine what was done and how such activity reasonable(y) and efficiently moved the file toward a negotiated or litigated closure and whether the time billed for that activity appears reasonable.

**Non-Billable Disbursements**

The following authorities are applicable to my conclusion that certain expenses are objectionable in this matter:

*Legal Standards*

**<u>Silicon Knights, Inc. v. Epic Games, Inc.</u>, 917 F. Supp. 2d 503, 513 (E.D.N.C. 2012), <u>aff'd</u>, 551 F. App'x 646 (4th Cir. 2014)** (The court declines to award costs incurred to "purchase hard drives for document production" because "the hard drives are reusable. Such costs are properly considered overhead and are not recoverable.")

**<u>Williams v. N. Carolina Dep't of Env't & Natural Res.</u>, 166 N.C. App. 86, 94, 601 S.E.2d 231, 236 (2004)** ("Travel expenses of a party, including costs for mileage, meals, and hotels are not an assessable cost listed in N.C. Gen. Stat. § 7A–305 and are not an assessable costs 'as provided by law.'")

**<u>Cosentino v. Weeks</u>, 160 N.C. App. 511, 519, 586 S.E.2d 787, 791 (2003)** (The trial court denied defendants' motion for costs with respect to their "expert witness fees, deposition transcripts and court reporter fees, and deposition-related attorney travel expenses," since these costs are not specifically set forth as costs in the North Carolina General Statutes)

**<u>City of Charlotte v. McNeely</u>, 281 N.C. 684, 694, 190 S.E.2d 179, 187 (1972)** (The award of costs for an attorney's travel expenses [meals, mileage and hotel bills] is in error and was properly disallowed.)

*Generally Accepted Commercial Standards*

<u>Bank of America Legal Department Outside Counsel Procedures</u> (2011) - Bank of America will not reimburse law firms for administrative or internal costs. Examples include: photocopying, scanning, phone calls (i.e. the line charges), local travel, meals, facsimiles, ordinary postage, car services, library subscriptions, electronic research, invoice preparation and conflicts reviews. In rare situations where those costs become extraordinary, law firm must seek approval from a Department attorney before billing costs. Printing and Copying: Law firms cannot bill Bank of America for routine copying and printing. Every attempt should be made to file documents online on behalf of Bank of America to avoid large copying/printing jobs. In the event that large documents cannot be filed electronically and hard copies are required to file

29



a document Bank of America will reimburse actual copying costs for an outside copy/print service, but at no more than $0.06 per page. Law firms must indicate the actual number of copies on the invoice (page 17). There should be no profit to outside counsel on disbursements. Bank of America will only reimburse expenses at actual amounts incurred and in accordance with the guidelines specified herein with. Bank of America expects outside counsel to be conscientious shoppers on its behalf by obtaining the best rates for disbursements (page 18).

K-Mart Billing Guidelines – Disbursements for traditional or computerized research, outside research or investigative services, experts, extensive copying, computerization of documents, and the like will not be reimbursed unless approved by the in-house attorney in advance. The Company does not pay for secretarial or word processing services (normal, temporary or overtime), filing, office supplies or local telephone expenses. The use of express mail services should be used only in unusual circumstances and with the prior approval of the in-house attorney. If documents are sent by facsimile, they should not also be sent by mail unless the Company needs original documents. The Company will reimburse your law firm for the out-of-pocket cost of necessary photocopying up to 10 cents per page. Photocopying costs in excess of $100 for a single job should be authorized in advance by the in-house attorney. If research materials are photocopied because of their absence from your firm's own library and your firm anticipates using such materials for future matters, that cost should be absorbed by your firm (page 4).

Zurich in North America – Guidelines for Claims Defense Counsel –  Overhead: Insurer does not consider the following expenses reasonable or appropriate and will not reimburse counsel for them. The following sections are intended to be illustrative and not comprehensive (page 12). 2. Overhead – a) Case management or litigation software or systems; b) Continuing education for any personnel; c) Office overhead, including: rent, conference rooms, equipment rental, utilities, computer equipment, software, books, publications, seminars, office supplies, routine postage, refreshments during meetings, local telephone charges, fax usage charges, employee courier/messenger services, local or overtime meals and non-attorney or non-paralegal staff (e.g. library staff); d) Law office staff overtime charges; e) Cell phone charges; f) Computerized legal research charges for the use of Westlaw, Lexis or other computerized legal research services or products. Insurer will pay for the time spent researching at the attorney's/paralegal's agreed hourly rate (page 13).

**Block Billing**

The following authorities are applicable to my conclusion that block billing is objectionable in this matter:

*Legal Standards*

**Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S. Ct. 1933, 1941, 76 L. Ed. 2d 40 (1983)** ("Where settlement is not possible, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The applicant should exercise "billing judgment" with respect to hours worked, see *supra*, at 1939–1940, and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims.")

30



**Carpet Super Mart, Inc. v. Benchmark Int'l Co., No. 1:18CV398, 2020 WL 4505670, at \*16 (M.D.N.C. Aug. 5, 2020)** ("A more common issue is block billing which, like excessive redaction, can remove the details a court needs to accurately assess the reasonableness of a fee request. See, e.g., Raynor v. G4S Secure Sols. (USA) Inc., 327 F. Supp. 3d 925, 949 (W.D.N.C. 2018), aff'd, 805 F. App'x 170 (4th Cir. 2020); see also In re Olson, 884 F.2d 1415, 1428 (D.C. Cir. 1989); Project Vote/Voting for Am., Inc. v. Long, 887 F. Supp. 2d 704, 716–17 (E.D. Va. 2012); Uzzell v. Friday, 618 F. Supp. 1222, 1226 (M.D.N.C. 1985).")

**Ekren v. K & E Real Estate Investments, LLC, No. 12 CVS 508, 2014 WL 5823136, at \*6 (N.C. Super. Nov. 10, 2014)** (The Court reduced the amount of attorney's fee requested because the plaintiff's counsel had "aggregated all of his time entries for a given day without providing the hours expended for each separate task, i.e., 'block billing'" The Court estimated the hours reasonably expended for each separate task using its discretion.)

**Andrews v. Am.'s Living Centers, LLC, No. 1:10CV257, 2013 WL 1829657, at \*2 (W.D.N.C. May 1, 2013)** ("In some entries on the time records, it is impossible to separate time spent on other issues from time spent on the motion to dismiss. [Doc. 47–1 at 6]. In those instances, the Court is unable to consider any portion of the time at issue in view of the clear instructions from the Court to counsel and the failure of counsel to follow such instructions. Likewise, an entry which contains no description of the services rendered will also not be considered.")

**Johnson v. Weinstein & Riley, P.S., No. 5:09-CV-377-JG, 2011 WL 1261578, at \*4 (E.D.N.C. Mar. 30, 2011)** (The court applied a 20% reduction for several deficiencies in billing, including the fact that "a number of the entries contain block billing, that is, the entries group together many different tasks and record the total time for those tasks as one lump entry, rather than particularizing the specific amount of time spent on each individual task.")

**Dixon v. Astrue, No. 5:06-CV-77-JG, 2008 WL 360989, at \*4 (E.D.N.C. Feb. 8, 2008)** (The court held that the plaintiff had not met her burden of proof in establishing that "75.70 hours of attorney time and 60.70 hours of paralegal time are reasonable in this litigation. Time sheets accompanying both motions fail to itemize time entries by task, but instead lump multiple tasks together. This block billing precludes the court from determining that all of the amounts claimed by plaintiff are both compensable and reasonable.")

*Generally Accepted Commercial Standards*

Freescale Law Department Outside Counsel Guidelines**:** Fees must be invoices in one-tenth hour increments.  Block or multiple item billing is unacceptable…  Invoices should include a separate and specific time entry for each task performed. Billing entries lacking a description that adequately describes and justifies the time spent on a specific task will be denied. (p. 5)

Emory University-Outside Counsel Policy: Grouping multiple activities under a single time charge greater than one-tenth of an hour (block billing) is not acceptable, absent authorization from Emory.  (p. 5)

AIG 2013 Litigation Management Guidelines: Block billing (aggregating multiple tasks under a single time charge) is not allowed. (p 16 J)



<u>KMart Billing Guidelines:</u> Billing will be accepted and paid only with unblocked, line by line entries of tasks performed unless such tasks are intricately related and may be the subject of a grouping of two tasks. A Billing format where several tasks are grouped within a block for a specific date with a total figure for the tasks performed in that grouping will not be accepted or paid. Such bills will be returned to your law firm for re-formatting. Bills must permit our determination of how much time was spent on a specific task and, as indicated by the required billing format at the end of these guidelines, must reflect for each task the appropriate uniform task-based code adopted by the ABA.  (p 6)

**Vague or Inadequately Described Entries**

The following authorities are applicable to my conclusion that vague entries are objectionable in this matter:

*Legal Standards*

**Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S. Ct. 1933, 1941 n 12, 76 L. Ed. 2d 40 (1983)** (The court held that "[w]here settlement is not possible, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The applicant should exercise "billing judgment" with respect to hours worked, see supra, at 1939–1940, and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." The Court further explained, "[w]e recognize that there is no certain method of determining when claims are 'related' or 'unrelated.' Plaintiff's counsel, of course, is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures.")

**Johnson v. Weinstein & Riley, P.S., No. 5:09-CV-377-JG, 2011 WL 1261578, at \*5 (E.D.N.C. Mar. 30, 2011)** (The court finds that a reduction by 20 percent in the number of hours sought by each attorney is appropriate since some entries "are too vague for the court to assess their appropriateness.") (footnote and citations omitted)

**Printing Servs. of Greensboro, Inc. v. Am. Capital Grp., Inc., 180 N.C. App. 70, 82, 637 S.E.2d 230, 237 (2006), aff'd, 361 N.C. 347, 643 S.E.2d 586 (2007)** (Although the order included a statement of the hourly billing rates, it did not include "findings regarding the time and labor expended, the skill required to perform the services rendered, the customary fee for like work, and the experience and ability of the attorney." Without these findings, the appellate court is unable to determine the reasonableness of the trial court's award.) (citations omitted)

**Herring v. Thomasville Furniture Indus., Inc., No. 4:96CV00081, 1999 WL 1937352, at \*8 (M.D.N.C. Aug. 31, 1999)** (Rather than deleting specific hours, the Court reduced the total number of hours requested by 25% to account for the lack of specificity in the records. "The Court is troubled by the large blocks of time with very vague and general descriptions, including time described as 'miscellaneous.' Although this Court finds that the records contain sufficient information and adequate documentation to allow for a general evaluation of the claim…the lack of clear detail makes it more difficult for the Court to determine the reasonableness of the request.")

*Generally Accepted Commercial Standards*

32



<u>Wal-Mart Outside Counsel Guidelines:</u> Wal-Mart reserves the right to reduce or reject any invoice or invoice line item because of a failure to comply with these Guidelines; because an invoice line item is unclear or unreasonable or for any other valid and reasonable purpose.

<u>K-Mart Billing Guidelines:</u> The Company requires a full yet concise description of all professional services performed including: the purpose and name of person (or entity) to whom telephone calls are made; the subject matter and recipient's name (entity) of correspondence prepared and discovery propounded; the specific tasks performed; the specific identification of material reviewed. General descriptions such as the following are not acceptable, and payment will not be made (without further detail) for: arrangements; conference; correspondence sent to Kmart; discovery; general file work; letters; meeting; motion work; prepare correspondence/review correspondence; receipt of documents; research; review case and issues; telephone call; work on file; review medical records.

<u>Zurich Litigation Management Guidelines for Claims Defense Counsel:</u> Descriptions of Services — Zurich will not pay for time that is not described in sufficient detail to allow a lawyer not familiar with the file to review a bill and determine what was done and how such activity reasonable(y) and efficiently moved the file toward a negotiated or litigated closure and whether the time billed for that activity appears reasonable.

<u>NCR Corporation Legal Billing Guidelines:</u> Vague entries are unacceptable. Descriptions must be specific, or the time entries will be reduced or rejected.

**Clerical and/or Administrative Tasks**

The following authorities are applicable to my conclusion that charging for administrative and/or clerical tasks is objectionable in this matter:

*Legal Standards*

**Missouri v. Jenkins by Agyei, 491 U.S. 274, 288, 109 S. Ct. 2463, 2472, 105 L. Ed. 2d 229 (1989)** (The Court noted that "[o]f course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them. What the court in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (CA5 1974), said in regard to the work of attorneys is applicable by analogy to paralegals: 'It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available. Such non-legal work may command a lesser rate. Its dollar value is not enhanced just because a lawyer does it.'")

**Yates v. Colvin, No. 5:14-CV-472-BO, 2015 WL 1284241, at *2 (E.D.N.C. Mar. 18, 2015)** (The court reduced the time entries for time spent on "purely clerical tasks" such as scheduling phone conferences and forwarding documents. "Attorney hours should not be billed for tasks such as these, which could and should be completed by a non-attorney.")

**Silverdeer St. John Equity Partners I LLC v. Kopelman, No. 5:11-CV-00095-JG, 2012 WL 5879752, at *2 (E.D.N.C. Nov. 21, 2012)** (The court reduced the number of hours billed by 5% due to clerical tasks, such as "the collection and indexing of

33



documents or the filing of documents with the court, which were billed at hourly rates." Such tasks are considered "'purely clerical or secretarial' and have been found to be 'not billable at a paralegal's rate or, indeed, any rate at all since such tasks are included in office overhead.'") (citations omitted)

**Elliott v. Astrue, No. 2:09CV37, 2012 WL 3191027, at \*3 (W.D.N.C. Aug. 3, 2012)** (The paralegal's time spent filing documents was excluded because "the filing of a document is a 'purely clerical or secretarial' activity which is not billable at a paralegal's rate or, indeed, any rate at all since such tasks are included in office overhead.") (citation omitted)

**Kincheloe v. Leeds Grp., LLC, 173 N.C. App. 641, 619 S.E.2d 595 (2005)** (Attorneys' fees may be awarded for tasks that require special legal skill and ability. Counsel fees should not be awarded for duties that do not require special legal skill, "such as collecting assets of an estate.")

*Generally Accepted Commercial Standards*

K-Mart Billing Guidelines: Clerical functions such as opening a file, closing a file, filing, indexing, organizing, preparing form documents such as subpoenas, copying and the like should be performed by clerical staff, not attorneys. (p 2); K-Mart will not pay for clerical salaries.

Office Depot: Office Depot will not pay for: Fees and expenses for secretarial work, word processing, proofreading, overtime transportation and meals, collating, velo binding, copying, faxing, scheduling, making travel arrangements, charges to open or close a file, organization and managing clerical work.

Xerox Outside Counsel Guidelines: At the outset of each engagement, Outside Counsel and Xerox Counsel will jointly determine how the matter will be staffed. Xerox Counsel will evaluate the degree to which internal OCG resources may be used to meet requirements such as legal research, organization of files, depositions and witness interviews. No changes in staffing may be made without the prior approval of Xerox Counsel. (p 2)

Zurich Litigation Management Guidelines for Claims Defense Counsel: Administrative Expenses and Overhead - Clerical work performed by attorneys and/or paralegals. Also, Time spent reviewing or analyzing the law firm's conflict issues, opening or closing the file or other administrative activities. And, Fees and expenses for secretarial, word processing, proofreading, Bates Stamping, overtime transportation and meals, collating, velobinding, copying, faxing, scheduling, making travel arrangements, charges to open or close a file and organization and management of clerical work. Also, Secretarial and clerical work is not billable to insurer. As examples, and not as a complete list, secretarial and clerical work includes receipt and distribution of mail, new file set-up, maintenance of office and attorney calendars, transcribing, copying, posting, faxing, e-mailing, inserting documents into and retrieving documents from the file, maintaining order in the file, stamping documents, tabbing sub files and assembling materials.

NCR Corporation Legal Billing Guidelines: NCR will not pay charges for any Outside Counsel administrative personnel (including, but not limited to, library, marketing, IT and financial staff. Also, NCR does not pay for… costs for support staff (or work traditionally done by same).

34



<u>Temple University Outside Counsel Guidelines:</u> University Counsel must approve each attorney assigned to work on University matters. No more than two (2) attorneys should work on a particular matter without the prior approval of University Counsel. Unless prior approval has been given, the Office of University Counsel will not pay for more than one representative of outside counsel at meetings, court appearances, hearings, depositions, etc. (p 5, d-e)

**Conferencing and Coordination**

The following authorities are applicable to my conclusion that conferencing and coordination is objectionable in this matter:

*Legal Standards*

**Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S. Ct. 1933, 1939-40, 76 L. Ed. 2d 40 (1983)** (The Court ruled that the district court "should exclude from this initial fee calculation hours that were not 'reasonably expended'," and that "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.")

**In re Steel Network, Inc., No. 09-81230, 2011 WL 4002206, at \*7 (Bankr. M.D.N.C. June 27, 2011)** ("However, five different attorneys in the Charlotte office[5] worked on the BofA matters involving TSN which resulted in overlapping involvement on the part of the various attorneys such as the documents prepared by McGuireWoods being reviewed by several attorneys and numerous inter-office conferences and conferences with BofA involving two or more of the five attorneys. The applicants have failed to offer an explanation of why it was necessary for all of these attorneys to be involved with the work involving the TSN matters or why so many conferences involving multiple attorneys were necessary or reasonable. Based upon the extent of the overstaffing and excessive multiple-attorney conferences, the court has concluded that 17 hours of the pre-petition services should be disallowed, representing compensation of $5,049.00.")

**Daly v. Hill, 790 F.2d 1071, 1079–80 (4th Cir. 1986)** ("Street sought compensation for 107.4 hours for conferences with the plaintiff and her family. Street's commitment to work closely with his client is certainly laudable. Conferences with clients are an important part of any litigation and attorney time reasonably spent with clients in preparing a case should be part of the hours compensated in an attorney's fee award. The burden of proving entitlement to compensation, however, rests with the prevailing attorneys. *Hensley,* 461 U.S. at 437, 103 S.Ct. at 1941. In this case, Street's supporting affidavits are not detailed. They do not illuminate the way in which the many hours of client conferences may have aided Street's preparation of the case. Accordingly, we cannot find that the district court erred in finding that the requested hours were unreasonable, and that compensation for ten hours was proper under the circumstances.")

**In re Parker, No. 12-03128-8-SWH, 2015 WL 5095948, at \*5 (Bankr. E.D.N.C. Aug. 27, 2015)** ("With the *Johnson* factors in mind, the court next must consider the reasonableness of GCAP's fee application. The first factor, the time and labor required in the case, involves considering whether the work performed is legal work and whether the time spent was reasonable. *Steel Network,* 2011 WL 4002206, at \*6. This factor is particularly relevant to this case. Included in the



evaluation is the extent to which services were unnecessarily duplicative or ministerial. *Id.* At the hearing, counsel for GCAP represented that the firms it employed were all engaged in performing distinct services on varying issues. However, upon review of the fee applications, the court has discovered numerous instances of duplicative billing—both within and between the firms. This is evidenced by multiple attorneys working on a single project, reviewing each other's work, extensive inter- and intra-firm telephone conferences and e-mails, and even instances of double billing… While surely these services were performed in satisfaction of duties owed to their client, fees attributable to "overlawyering" are not properly billed to the debtor. *In re Davidson Metals. Inc.,* 152 B.R. 917, 921 (Bankr.N.D.Ohio 1993). Given the numerous instances of duplication, the court finds it reasonable to apply a reduction, which will be accounted for in the court's final calculation. *See Steel Network,* 2011 WL 4002206, at *7 (finding it unreasonable that five different attorneys in one office worked on the matters, which resulted in overlapping involvement and numerous inter-office conferences; applicants failed to show why using multiple attorneys was necessary or reasonable); *In re McCormick,* 417 B.R. 372, 375 (Bankr.M.D.N.C.2008) (should disallow fees for services involving unnecessary duplication); *In re Green Valley Beer,* 281 B.R. 253, 258 (Bankr.W.D.Penn.2002) (firm used six different attorneys, half of whom billed more than 50 hours of work, and also included work that could have been done by paralegals at a lower rate); *Citicorp Savings of Fla., a Fed. Savings and Loan Assoc. v. Oliver (In re Oliver),* 183 B.R. 87, 92(Bankr.W.D.Penn.1995) (unnecessary and unreasonable to employ firm whose services consisted almost entirely of conferences and correspondence with local counsel and reviewing local counsel's work).")

*Generally Accepted Commercial Standards*

Del Monte Outside Counsel Guidelines: Unless approved by us in advance, we will not reimburse for time spent by more than one attorney attending outside meetings, witness interviews, depositions, hearings and the like. We also ask you to keep to a minimum the number of attorneys participating in internal meetings and in telephone and office conferences with us.

Wells Fargo Billing Guidelines – Time spent discussing Wells Fargo matters within the Outside Counsel's firm should be billed appropriately. A person in a conference may bill time only for the time spent discussing the discrete work done by that person (including providing legal advice on matters within the participants' separate areas of expertise). Additionally, the billing entry must describe the subject matter discussed sufficiently to determine that it is an appropriate and cost effective communication. Notwithstanding the foregoing, the Law Department will disallow any time charges for internal conferences and communications, including emails and phone conferences, determined to be excessive in time, quantity, or the number of attorneys involved. (Page 1)

NCR Corporation – Outside Counsel will use its best efforts to minimize internal meetings and conferences for which NCR is billed and shall avoid meetings that could be handled in a more cost-efficient way. Outside Counsel should also minimize intra-office memoranda, which are disfavored. (Page 1)

General Electric - Lead outside counsel is responsible for closely monitoring the use and numbers of staff at meetings, depositions, court appearances, office conferences, and other events. (Page 4) GE will only pay for reasonable internal conferencing, and internal conferencing exceeding 10% of the total billings for the month will be questioned. (Page 7)

36



**Travel Time**

The following authorities are applicable to my conclusion that pure travel time is objectionable in this matter:

*Legal Standards*

**Aventis CropScience, N.V. v. Pioneer Hi-Bred Int'l, Inc.,** **No. 1:00CV463, 2010 WL 2306677, at \*6 (M.D.N.C. June 8, 2010)** (The Court finds that a reasonable rate for travel time is half the normal hourly billing rate and noted that, for entries in which "the court is otherwise unable to discern which portion of the hours billed represent travel time," the court applied the reduced rate to the entire entry.)

**Page v. Trustees of Sandhills Cmty. Coll.,** **No. 3:96CV00358, 1999 WL 1937475, at \*15 (M.D.N.C. Aug. 31, 1999)** (The Court awarded a reduced rate for travel time. "While traveling may have been necessary in this case, the time actually driving was not spent on legal work to benefit Plaintiff. While this time should be compensated, it should not be compensated at the full hourly rate." The Court concludes that time submitted in the second fee request for travel time will be separated out and compensated at 1/2 the normal hourly rate.)

**Harry v. Bladen Cty., N. C.,** **No. 87-72-CIV-7, 1989 WL 253428, at \*11 (E.D.N.C. Dec. 11, 1989)** (The court reduced hours billed by 20% to account for travel time when "over a quarter of [the attorney]'s claimed hours appear to be spent on travel alone. While the court recognizes that such travel time represents an opportunity cost to the attorneys because they could be engaged in other cases, absent a showing that work was actually done on the case during travel time, the court finds that it is not fully compensable.")

**McDowell v. Moore,** **635 F. Supp. 280, 283 (W.D.N.C. 1986)** (The court reduced fees to account for the fact that, because defendants' attorneys were from out of town, "[e]ach function involved [in the case] was made more time-consuming than otherwise necessary by a travel factor which in many instances cannot be determined from the face of the affidavit. Neither does the affidavit contain any information from which the Court may determine that it was necessary or reasonable to employ out-of-town counsel.")

*Generally Accepted Commercial Standards*

Bank of America Legal Department Outside Counsel Procedures (2011) –BoA will only compensate for time spent in transit only when travel time is devoted to actual billable work. Unless approved by a Department attorney in advance, time away from home or the office that is not spent performing legal services will not be compensated (page 17).

NCR Billing Guidelines (February 2011) - NCR will not pay for travel time other than that time actually spent working on a matter (e.g., if Outside Counsel drafts discovery responses while on a flight, the time may be billed, but travel time where no work is performed may not be billed) (page 5).

Veolia Energy North America Holdings Inc – Outside Billing Guidelines – Time charges during travel should be billed only to the extent that such time is actually used in performing legal work on our behalf (page 3).



The Hartford Billing Guidelines - Legal fees related to travel time will be paid at 50% of the total travel time except for that portion, if any, of reasonable and necessary legal work which is performed during travel and is properly documented. However, if any travel time is spent working on another matter, for another client, or on firm business, that time must be billed exclusively to the other matter or client or absorbed by the firm.

Wal-Mart – Outside Counsel Guidelines (US Firms) – Travel time may be billed to the Company at the full hourly rate only if the timekeeper in question actually worked on Company matters while traveling and a description of the work is provided. Otherwise, travel time shall be billed at a rate not exceeding 60% of Outside Counsel's regular rate, unless a different rate has been previously set by agreement (page 34).

**Overqualified Tasks**

The following authorities are applicable to my conclusion that overqualified entries are objectionable in this matter:

*Legal Standards*

**Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S. Ct. 1933, 1939-40, 76 L. Ed. 2d 40 (1983)** (The Court ruled that the district court "should exclude from this initial fee calculation hours that were not 'reasonably expended'," and that "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.")

**Missouri v. Jenkins by Agyei, 491 U.S. 274, 288, 109 S. Ct. 2463, 2472, 105 L. Ed. 2d 229 (1989)** (The Court noted that "[o]f course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them. What the court in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714, 717 (CA5 1974), said in regard to the work of attorneys is applicable by analogy to paralegals: 'It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available. Such non-legal work may command a lesser rate. Its dollar value is not enhanced just because a lawyer does it.'")

**In re Wysong & Miles Co., No. 04-10005C-11G, 2011 WL 3911110, at *11 (Bankr. M.D.N.C. Sept. 6, 2011)** ("There is no dispute that the attorneys each charged his own prevailing rate for the year in which services were rendered. However, this alone does not mean that the rates are reasonable. Instead, the court must consider the nature of the service rendered and determine what rate is commensurate with an appropriately skilled professional….[T]he court will reduce the rate on exhibit-related and corporate structure tasks to $210, a billable rate for an associate attorney of suitable experience and ability, and further reduce data-table exhibit task to $95, a billable rate for non-attorney support staff.")

**Rivers v. Ledford, 666 F. Supp. 2d 603, 607-08 (E.D.N.C. 2009)** ("It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available. Such non-legal work may command a lesser rate. Its dollar value is not enhanced just because a lawyer does it… An attorney, using good billing

38



judgment, would not keep a client long if he or she charged the client three times as much to do a task easily done by a trained paralegal.")

*Generally Accepted Commercial Standards*

<u>Kmart:</u> While the assigned attorney will perform those tasks that require his/her skill and ability, every attempt should be made to minimize expenses by relying on a junior attorney or legal assistant for less-demanding tasks…Clerical functions such as opening a file, closing a file, filing, indexing, organizing, preparing form documents such as subpoenas, copying and the like should be performed by clerical staff, not attorneys. Paraprofessional activities such as summarizing depositions or medical records (when such summaries are requested by the in-house attorney) should be performed by paralegals if available. (p. 2)

<u>Zurich in North America:</u> To achieve the best efficiency and value, the roles and responsibilities of staff members should be clearly defined and appropriate to each individual's qualifications, level of experience and billing rate. Defense counsel should delegate work to subordinates wherever possible to achieve efficiency and cost-effectiveness without compromising quality. (p. 3, sec. III)

<u>Medtronic:</u> Matters should be appropriately staffed…Senior lawyers, junior lawyers, paralegals and legal assistants should be assigned matters appropriate for their position. Lawyers should not perform, for example, paralegal work and charge Medtronic at lawyers rates for such work. Senior lawyers should not perform work such as detailed legal research, basic contract drafting, unless agreed to by Medtronic. (p. 6, sec. 6a)


**Excessive Legal Research**

The following authorities are applicable to my conclusion that excessive legal research is objectionable in this matter:

*Legal Standards*

**Singer v. Berryhill, No. 514CV00034RLVDCK, 2017 WL 2375699, at \*2 (W.D.N.C. May 31, 2017)** (The Court, in its discretion, reduced the award to Plaintiff for "broadly categorizing significant portions of billable time with the supplement 'research' without any further descriptors," making it difficult to determine if time was expended reasonably. Plaintiff's counsel reported 4.2 hours for "begin review of record," 2.6 hours for "continued review of record and research," 7.5 hours for "continued drafting memorandum, research.")

**Ekren v. K & E Real Estate Investments, LLC, No. 12 CVS 508, 2014 WL 5823136, at \*7 (N.C. Super. Nov. 10, 2014)** (Of a 7.50-hour time entry, the Court excludes 1.0 hours for research into the law concerning attorney fees 1.5 hours of the entry for 5.5 hours on 2/4/13 as excessive.)

**Jackson v. Penton, 206 N.C. App. 761, 699 S.E.2d 141 (2010)** (The bulk of the attorney's fees pertained to "research attempting to enforce an alimony escalation provision that the trial court found to be contrary to the public policy of this State." The provisions of Paragraph 11 required that any attorney's fees awarded be "reasonable." The court holds that "fees awarded to enforce a provision of the Separation Agreement that was unenforceable was not reasonable.

39



Reasonable fees would be for preparation of the motion seeking the tax returns, the discovery resulting in the production of the tax returns, and the review of the documents produced.")

*Generally Accepted Commercial Standards*

<u>Dupont Guidelines for Outside Counsel</u>: Any project, task or research taking more than four hours must be cleared with the DuPont attorney in advance.

<u>Wal-Mart Outside Counsel Guidelines</u>: Outside Counsel is expected to be familiar with the basic substantive law at issue in the matter for which the firm was retained, and the Company should not generally be charged for this type of research.

<u>NCR Corporation Billing Guidelines</u>: NCR will not pay for research or legal memoranda without prior approval from Lead Attorney. In addition, formal memoranda are generally discouraged, as they are frequently an inefficient use of time and resources, and the transmission of information contained in them can often be dealt with more effectively in other ways. Outside Counsel and Lead Attorney must confer before preparation of communications transmitting conclusions, advice or research details, and Outside Counsel must be prepared to convey such information orally or in summary emails.

<u>Del Monte Outside Counsel Billing Guidelines</u>: Del Monte retains outside counsel for their expertise in the areas of law involved in a project. Therefore, we do not expect basic research, seminars or other training to be part of the plan or billings. Any proposed material research memoranda should be itemized in the approved plan and budget. Copies of such memoranda should be provided to Del Monte.

**EXHIBIT 1**

**David H. Paige, Esq.** DPaige@Legalfeeadvisors.com/ 877.664.0020 [ext. 501]
<u>Legal Fee and Insurance Expert</u>    **Expert Assessor**

| Curriculum Vitae | |
|---|---|
| **Present Position** | March, 2013 to Present: Legal Fee Advisors™, New York, NY<br>**Founder, Managing Director**<br>Founder of Legal Fee Advisors™, highly experienced legal fee analysts dedicated to the provision of expert testimony and to making sure that clients only pay fair, ethical legal fees. Mr. Paige has been recognized as a testifying expert in new York, New Jersey, Pennsylvania and Ohio. Legal Fee Advisors™ offers the services of nationally and internationally recognized legal fee experts providing testimonial support in complex fee issues involving international and specialty areas, including IP litigation, products liability and commercial disputes. Legal Fee Advisors also employs a team of efficient, experienced legal fee auditors to make certain that firms are in compliance with customized billing guidelines. Legal Fee Advisors'™ also advises law firms regarding compliance issues. |
| **Licenses** | Mr. Paige is licensed to practice law in the State of NY. He has held insurance broker licenses in the following states: NY and NJ. He has been admitted *pro hac vice* in various other states. |
| **Affiliations** | ABA Section on Professional Responsibility; NY City Bar Association – Committee on Professional Responsibility; Association of Professional Responsibility Lawyers; National Association of Legal Fee Advisors; Business Excellence Institute |
| **Publications** | • Paige and Wilson, <u>Journal of Legal Billing</u>, Vol. 1, No.1, Editor and Contributor [2018]<br><br>• Weimer, Kallman and Whitman [editors], Insurance Agency Risk Management: A Comprehensive Guide to Avoiding E&O Claims Book Two (West, 2013)(Author of Chapter 18)<br>• Authored various articles on "Legal Fee Connection", a blog published daily on Linkedin.<br>• Quoted by: Forbes, CNN Money, Reuters, Corporate Secretary, Business Finance, Wall Street Journal, The Deal and Westlaw News regarding legal fee issues<br>• Authored the <u>E&O Quarterly,</u> and a monthly column in <u>Professional Insurance Agents</u> magazine distributed to Professional Insurance Agents members in NY, NJ, CT, NH;<br>• Weimer, Whitman and Hagglund, <u>Law of Commercial Insurance Agents and Brokers</u> (West, 2007)( Author of Chapter 7).<br>• Numerous articles [monthly] in the <u>Professional Insurance Agent</u>, regarding E&O issues;<br>• Monthly newsletters: the <u>E&O Report,</u> written for the Independent Insurance Agents of NY;<br>• Paige and Atwater, <u>Errors and Omissions Litigation Prevention Manual</u>, 1999;<br>• Lustig and Paige, <u>The Liability Prevention Primer: A Forms-Based Approach</u>, 1991 |
| **Quotations** | Mr. Paige has been quoted in the following publications:<br>~American Lawyer, "How a Big Law Fee Dispute Turned Into a Bitter, Cross-Country Litigation," January 13, 2017;<br>**http://m.americanlawyer.com/#/article/1202776824329/1/How%20a%20Big%20Law%20Fee%20Dispute%20Turned%20Into%20a%20Bitter,%20Cross-Country%20Litigation**<br><br>~NJ Law Journal, "Legal Departments Still Sheepish on Third-Party Bill Review", August 17, 2015; http://www.njlawjournal.com/id=1202734927778 |

1

| | |
|---|---|
| | ~Law 360, "4 tips to Avoid Client Discounts Amid Litigation Slowdown", May 4, 2015;<br>~Omaha World-Herald, "To benefit clients and attorneys, more firms trade the billable hour for flat fees.", December 20, 2014;<br>~Yahoo Business, "Six Tips for Reducing Legal Fees" – August 21, 2013; http://smallbusiness.yahoo.com/advisor/blogs/profit-minded/6-tips-for-reducing-outside-legal-bills-for-small-businesses-182013818.html<br>~Wall Street Journal, "Law Firms Face Fresh Backlash Over Fees" – October 22, 2012; http://online.wsj.com/article/SB10001424052970203400604578070611725856952.html<br>~Corporate Secretary, "Five Great Ways to Manage Outside Legal Costs" – July 11, 2011; http://www.businessinsider.com/five-great-ways-to-manage-outside-legal-costs-2011-7<br>~Corporate Secretary, "Ways to Lower Outside Counsel Costs" – May 16, 2011; http://www.corporatesecretary.com/articles/corporate-secretary-week/11898/ways-lower-outside-counsel-costs/<br>~Forbes, "'Grazing,' Photocopying and Other Tricks Inflate Legal Bills" – May 11, 2011; http://www.forbes.com/sites/danielfisher/2011/05/11/grazing-photocopying-and-other-tricks-inflate-legal-bills/<br>~Business Finance, "Are You Paying for Your Law Firm's Overhead?" – April 27, 2011; http://businessfinancemag.com/article/are-you-paying-your-law-firms-overhead-0427<br>~Westlaw News and Insight, "Madoff Trustee Seeks an Additional $45 Million in Fees" – April 19, 2011; http://newsandinsight.thomsonreuters.com/Legal/news/2011/04_-_april/madoff_trustee_seeks_an_additional_$45_million_in_fees/<br>~CNN Money, "Madoff Trustee Wants $43 Million More in Pay" – April 19, 2011; http://money.cnn.com/2011/04/19/news/companies/madoff_lawyer_fees/index.htm<br>~Various radio interviews, business radio [FL; WA; AZ][2014] |
| **Prior Positions** | March, 2009 to March, 2013: <u>Sterling Analytics Group</u>. Woodbury, NY<br>**Founder, Managing Director**<br>Responsible for creating legal fees advisory and consulting company. Built on 20 years as an attorney, including experience as a general counsel, as a partner in litigation firms, and as an active litigator to create and grow international consulting and expert legal fees practice. Advised Fortune 1000 companies [including Groupon, Adventist Health Systems, RBS, Regions Financial] regarding methodologies for achieving significant reduction in outside legal fees and costs, monitoring monthly spend, as well as acting as a testifying expert involving legal fee disputes.<br><br>March, 2008 to March, 2013: <u>Sterling & Sterling, Inc</u>. Woodbury, NY<br>**Managing Director, General Counsel: Insurance Brokerage and Risk Advisory**<br>Responsible for facilitating business development, compliance, and all legal aspects of $300 Million multi-state insurance brokerage operation. Continuing responsibility for policy interpretation, claims analysis, claims procedures, acquisition analysis, due diligence, contractual terms and conditions for acquisitions, insurance policy wording and placement. Creation and implementation of national insurance programs for affinity groups. Supervision of national litigation for company, compliance and payment of legal bills. Complex program specialist, creating European and South American customized placements. Specialist in construction risk, unusual and hard to place products, including London placements. Active participant in the Association of Corporate Counsel.<br><br>January, 2003 to March, 2008: Dewitt Stern Group, Inc. New York, NY<br>**Chief Operating Officer: Insurance Brokerage and Risk Advisory**<br>Responsible for the growth and development of a $400 Million independent insurance brokerage involving all aspects of acquisitions, operations, including contractual, regulatory, due diligence, adherence to legal responsibilities and ethics and business planning. Set protocols for legal billing and payment of legal bills. Interpretation and negotiation of policy forms, claims disputes. Specialist in construction risk, unusual and |

2

| | |
|---|---|
| | hard to place products, including London placements. Creation of internet product platforms, and opening/expansion of Los Angeles, Chicago, San Francisco and Ft. Lauderdale offices.<br><br>November,1999 – December, 2004:   Nicoletti, Hornig, Campise, Sweeney & Paige New York, NY<br>**Insurance and Commercial Litigator, Of Counsel**<br>Concentrations: Partner and member of executive committee. Retained by major insurers, private corporations on commercial and on legal fee disputes. Complex insurance coverage litigation and defense of insurance agents and brokers in professional liability litigation on a regional and national basis; Commercial Litigation, including insurance regulatory disputes and class actions, coverage analysis and litigation. Advised insurance agents and brokers on sale and acquisition of insurance businesses.<br>Professional Liability Loss Control: writing, lecturing and audits regarding methodologies for avoidance of E&O liability.<br><br>1987–November, 1999: Lustig & Brown, LLP New York, NY<br>**Founding Partner and Manager**, New York City Office<br>Managed and supervised the defense of hundreds of complex coverage litigations, legal fee disputes, commercial and professional liability disputes, including suits across the United States;<br>Successfully conducted trials and/or settlements of numerous litigations in New York State, Iowa, Texas and New Jersey, including federal class actions and complex arbitrations.<br>Litigation and Analysis of Complex Coverage Insurance Issues: examples: construction insurance; continuous trigger analysis, Personal Injury coverage, Personal lines, business interruption, highly protected risks, ocean/inland marine covers, London placements, excess lines, entertainment insurance, surety issues, construction insurance, environmental insurance, products liability insurance, D&O insurance, non-concurrency issues, general liability, life/disability insurance, "vanishing" premium issues, TPA Liability, advertising agency liability.<br><br>Representation of insurance agents and brokers in regulatory proceedings; Advised insurance agents and brokers on sale and acquisition of insurance businesses. |
| **Lecturing** | 1986–1987 Moot & Sprague Buffalo, NY<br>Litigation Associate<br><br>1985–1986 Saperston & Day Buffalo, NY<br>Litigation Associate<br><br>- CLO Forum, Legal Billing Issues and Solutions, Newport beach, CA, June, 2016<br>-Association of Corporate Counsel [TN] Lecture on Value Based Billing vs AFAs, July, 2015<br>-Appellate Judge's Education Institute, [ABA Judicial Division], Lecture on Legal Fees and Costs, November, 2014<br>-Corporate Counsel Conference: Lecture on Selection of External Counsel, October, 2014<br>-American Bar Association, Lecture on reasonable billing practices, August, 2014<br>-Chief Litigation Officer Conference, Lectured on best practices for legal billing, Palm Beach, FL<br>- CLO Summit, Las Vegas, NV: "Six Tips for Beginning the Process of Reducing Legal Bills" [2014]<br> - Corporate Counsel Exchange: "Reducing Legal Fees, while Improving Relationships", Amsterdam, NV [2013] |

3

| | |
|---|---|
| | -Danish Industrial Counsel Association: "Strategies for Managing and Controlling Billing Practices," Copenhagen, Denmark [2013]<br>-Association of Corporate Counsel: "Legal Billing Myths," [2013]<br>-Lecturing on behalf of the NALFA, the ALM regarding legal fee disputes, ethics and methodologies for controlling legal costs.<br>-CLM webinars regarding legal cost controls and ethics issues, November, 2012.<br>-Presented seminar on ethical issues in legal billing disputes at CLO Conference, Amelia Island, FL, January, 2012.<br>-Lectured on behalf of the Association of Corporate Counsel; speaker at the 2009 Annual Meeting.<br>-Previously lectured for many years for the Professional Insurance Agents of NY, NJ, CT and NH and the Insurance Broker's Association of New York on regulatory and liability issues;<br>-Prepared and conducted at least ten seminars per year since 1988 regarding E&O loss control on behalf of IIANY and Assurex International.<br>-Conducted private insurance agency seminars throughout New York State, Texas and North Carolina.<br>-Certified CE instructor by the New York State Insurance Department.<br>-Lecturing on Attorney Malpractice liability for the ABA.<br><br>ACORD Task Force: Participation with risk managers and IIAANY in drafting the 1997 revision to the ACORD standard certificate of insurance.<br><br>Thompson Reuters Westlaw Roundtable Group: Member of Advisory Board |
| **Expert Retentions** | Expert Retentions: multiple retentions as an expert concerning the propriety of legal fees; qualified as an expert on legal fees in federal, state courts;  attorney's breach of professional responsibility; retained as an expert in broker E&O litigations; retained as expert in insurance coverage actions nationally as a standard of care expert re broker, underwriting and adjuster conduct; qualified as an expert in insurance disputes |
| **Arbitrator** | Retained as arbitrator in major dispute re interpretation of insurance agreements. |
| **Expert Assessor** | Assessed Insurance Authority, UAE Government Excellence System, Abu Dhabi, UAE, October, 2016; Retirement Authority, October, 2017 |
| **Education** | 1985        Syracuse University College of Law Syracuse, NY J.D., *Magna Cum Laude* Editor, Syracuse Law Review<br><br>1979         Michigan State University E. Lansing, MI<br>M.A., Special Education<br><br>1977         Syracuse University Syracuse, NY<br>B.A., Special Education, *Cum Laude*. |
| **Personal** | Mr. Paige resides in New York, New York with his wife, Jeannette. |

4

EXHIBIT 2

**WOMBLE CARLYLE SANDRIDGE & RICE, LLP**
300 N. GREENE STREET
SUITE 1900
GREENSBORO, NORTH CAROLINA 27402
TELEPHONE (336) 574-8030
FACSIMILE (336) 574-4520

OTHER OFFICES:

ATLANTA, GA
BALTIMORE, MD
CHARLESTON, SC
CHARLOTTE, NC
COLUMBIA, SC
GREENVILLE, SC
RALEIGH, NC
RESEARCH TRIANGLE PARK, NC
SILICON VALLEY, CA
TYSONS CORNER, VA
WASHINGTON, D.C.
WILMINGTON, DE
WINSTON-SALEM, NC

July 19, 2012
03814
Bill Number 2244408
STATEMENT FOR SERVICES RENDERED

Israel Golasa
Beach Mart
P.O. Box 120
Kitty Hawk, NC  27949

| | |
|---|---:|
| FOR PROFESSIONAL SERVICES RENDERED THROUGH 06/30/2012 | $74,528.50 |
| DISBURSEMENTS THROUGH 06/30/2012 | $87.00 |
| **CURRENT TOTAL** | **$74,615.50** |

## MATTER SUMMARY

| Code | Matter Name | Fees | Disbursements | Matter Total |
|---|---|---:|---:|---:|
| 0005.1 | 005 General - Intellectual Property | $ 423.00 | $ 0.00 | $ 423.00 |
| 0007.7 | L&L Dispute (SUPER WINGS Trademark) | $ 74,105.50 | $ 87.00 | $ 74,192.50 |
| | Current Total: | $ 74,528.50 | $ 87.00 | $ 74,615.50 |

| **If paying by check or online banking bill payment,** please remit payment on receipt to the following address: | **If paying by wire,** please remit payment on receipt as follows: | |
|---|---|---|
| PO Box 601879<br>Charlotte, North Carolina 28260-1879<br><br>Please *do not* use the above address for trust funds or retainer payments. Please send all trust funds and retainer payments directly to One West Fourth Street, Winston-Salem, NC 27101. | Wells Fargo Bank, N.A.<br>1525 W.T. Harris Blvd.<br>Charlotte, NC 28288<br>ABA no. 1 2 1 0 0 0 2 4 8<br>Swift Code: W F B I U S 6 S | For Credit To:<br>Womble Carlyle Sandridge & Rice, LLP<br>One West Fourth Street<br>Winston-Salem, NC 27101<br>Account no. 2 0 8 7 3 1 1 0 4 0 4 0 8 |
| | PLEASE include our bill # and 10-digit client/matter# on EFT, or e-mail remittance advice to AccountsReceivable@wcsr.com. | |
| **Tax Identification Number 56-0308470** | | |

EXHIBIT A

## ITEMIZED SERVICES BILL FOR 03814.0005.1 - 005 General - Intellectual Property

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|



| | | Total for Services: | $ 423.00 |
|---|---|---|---|

### TIMEKEEPER SUMMARY FOR 03814.0005.1 - 005 General - Intellectual Property

| Attorney: | Hours: | Amount: | Rate: |
|---|---|---|---|
| Shaw, Stephen F. | 1.80 | $ 423.00 | $ 235.00 |
| Totals: | 1.80 | $ 423.00 | |

End of matter: 03814.0005.1 - 005 General - Intellectual Property

## ITEMIZED SERVICES BILL FOR 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| 06/01/2012 | Correspondence with expert witness transmitting key pleadings and confirming scope of proposed engagement; telephone conference with licensing and damages expert in California; discussion regarding scope of report, salient points, timeline and budget; advise Jack Hicks and Charles Burke regarding same; prepare supplemental discovery responses including documents produced from electronically-stored information | Shaw, Stephen F. | 2.80 | $ 658.00 |
| 06/04/2012 | Review revisions to protective order from opposing counsel and discuss with Stephen | Burke, Charles A. | 5.70 | $ 2,992.50 |



1,

1, 2, 11, 14, 15

Case 2:14-cv-00008-FL    Document 91-1    Filed 03/10/21    Page 70 of 184

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| | Shaw; ▮▮▮ telephone conference with Stephen Shaw regarding pending projects; ▮▮▮ work on preparation for depositions next week; work on various discovery disputes and provide direction to Stephen Shaw; prepare for phone call with trademark licensing expert and staff; telephone conference with licensing expert along with Stephen Shaw | | | |
| 06/04/2012 | Telephone conference with Bennett Krasner regarding deposition; prepare correspondence to Bennett Krasner following-up to same, in effort to resolve scheduling dispute for deposition; advise Charles Burke on additional discovery responses; prepare objections to amended notice of Rule 30(b)(6) depositions of Israel Golasa and Maeyan Golasa; telephone conference and email correspondence with opposing counsel regarding protective order and interpreter; prepare for and conduct conference call with Wes Anson, trademark licensing expert, and staff; ▮▮▮ gather and transmit deposition testimony and other evidence for consideration by Wes Anson; finish preparing supplemental discovery response to first set of requests, and response to second set of requests; draft correspondence to opposing counsel regarding same; finalize and transmit same enclosing additional document production; advise Charles Burke regarding update to protective order; receive instructions regarding collection of documents needed for deposition preparation with client; revise and update Consent Protective Order; prepare correspondence to opposing counsel detailing revisions to same; ▮▮▮ | Shaw, Stephen F. | 8.20 | $ 1,927.00 |
| | 1, 2, 4, 11, 12, 15 | | | |
| 06/05/2012 | Work on revised version of the protective order to address positions by opposing counsel; exchange correspondence with opposing counsel regarding disputes over Israel's deposition; telephone conference with Stephen Shaw regarding work with expert witnesses Provide details to Stephen Shaw regarding new sections of the Glassman expert report | Burke, Charles A. | 2.40 | $ 1,260.00 |
| | 1, 14 | | | |

Case 2:14-cv-00008-FL    Document 91-1    Filed 03/10/21    Page 71 of 184

| Date: | Description: | Attorney: | Hours: | Amount: |
|-------|-------------|-----------|--------|---------|
| 06/05/2012 | [redacted] correspondence with opposing counsel; review changes to final draft of Consent Protective Order; prepare and send additional evidence and documents for review by expert witness; review deposition testimony of Shaul Levy and Ariel Levy to determine L&L revenues and specific citations to failure to exercise quality control; complete retention letter for CONSOR expert consultant firm; communicate to Charles Burke regarding scheduling expert witness depositions in August; [redacted] work with Torie Sharpe to assemble exhibits for use in deposition preparation of Beach Mart witnesses | Shaw, Stephen F. | 4.70 | $ 1,104.50 |
| 06/05/2012 | Work on deposition preparation | Sharpe, Victoria A.* | 4.10 | $ 881.50 |
| 06/06/2012 | Consider status of matter and defenses to date; work on update to client and budget for expected legal fees going forward; provide same to partners | Hicks, Jack B. | 1.10 | $ 599.50 |
| 06/06/2012 | Prepare outline of draft Motion for Protective Order granting the use of a qualified interpreter at the deposition of Israel Levy; Provide update to expert witness regarding information necessary to complete damages estimate; prepare Motion for Protective Order; research to determine legal standard for enforcing interpreter request; review and revise Motion; advise Charles Burke regarding same and receive instructions regarding additional work needed on brief in support of Motion for Protective Order and regarding preparation of Declarations of Israel Golasa and Maeyan Golasa | Shaw, Stephen F. | 3.00 | $ 705.00 |
| 06/06/2012 | Work on deposition preparation | Sharpe, Victoria A.* | 3.10 | $ 666.50 |
| 06/07/2012 | Work on grounds for protective order motion; review letter from opposing counsel regarding opposition to use of an interpreter for Israel's deposition, and prepare draft response; update and send client status report and budget; work on preparations for depositions next week | Burke, Charles A. | 2.80 | $ 1,470.00 |

Annotation boxes (right margin): 1, 2, 4, 15; 9; 1, 4; 1, 11; 9; 1, 2, 4

Case 2:14-cv-00008-FL    Document 91-1    Filed 03/10/21    Page 72 of 184

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| 06/07/2012 | Prepare draft of memorandum in support of motion for protective order | Shaw, Stephen F. | 1.10 | $ 258.50 |
| 06/07/2012 | Finalize deposition preparation; communication with Stephen Shaw regarding deposition preparation | Sharpe, Victoria A.* | 2.80 | $ 602.00 |
| | | | | 1, 2 |
| 06/08/2012 | Revise and send letter to opposing counsel regarding Israel's deposition | Burke, Charles A. | 0.20 | $ 105.00 |
| 06/08/2012 | Review photographs and electronic files sent by Beach Mart; print copies for file and for use at deposition; ███████ provide additional materials to Dr. Glassman for his review; work with Torie Sharpe to prepare materials for depositions next week | Shaw, Stephen F. | 2.50 | $ 587.50 |
| | | | | 1, 4, 15 |
| | | | | 15 |
| 06/09/2012 | ███████ | Burke, Charles A. | 2.20 | $ 1,155.00 |
| 06/09/2012 | ███████ prepare additional material for Dr. Glassman regarding calculation of damages for cost of re-branding Super Wings stores; send same to Charles Burke for review; correspondence with opposing counsel to schedule deposition of Mr. Martinez | Shaw, Stephen F. | 1.90 | $ 446.50 |
| | | | | 1, 15 |
| | | | | 1, 2, 8 |
| 06/10/2012 | Travel to Outer Banks for depositions next week; work on final preparations for tomorrow's meeting; ███████ | Burke, Charles A. | 6.80 | $ 3,570.00 |
| 06/11/2012 | Meet with client representatives to work on preparation for depositions this week; provide input and direction to Stephen Shaw on various pending issues including negotiations over a protective order to govern confidential documents, Wings' offer to rescind amended notices of corporate deposition, and development of financial documents for expert witnesses; ███████ work on preparation for meetings with Mike Glassman tomorrow; exchange correspondence with opposing counsel regarding various issues relating to upcoming depositions | Burke, Charles A. | 7.20 | $ 3,780.00 |
| | | | | 1, 2, 11, 15 |
| 06/11/2012 | Deposition prep; work on financial data; work on motion for protective order, accompanying memorandum in support, and declarations and other exhibits necessary for filing; meeting | Shaw, Stephen F. | 16.70 | $ 3,924.50 |
| | | | | 1, 6, 8, 12 |

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| | with Wendy Ray regarding financial information; review and analysis of same; telephone conferences with expert witness regarding financial information; complete brief in support of motion for protective order; prepare declarations of Israel and Maeyan Golasa in order to obtain interpreter for Israel Golasa's deposition; gather materials and documents at office prior to departure that will be used to help witnesses prepare for deposition; telephone conference with opposing counsel regarding protective order; draft brief in support of motion; follow-up correspondence to opposing counsel; continue to work on brief in support of motion for protective order; travel to Nags Head NC for depositions and client meetings | | | |
| 06/11/2012 | Communication with Stephen Shaw regarding document production; work on document production | Sharpe, Victoria A.* | 1.00 | $ 215.00 <br> 1, 2 |
| 06/12/2012 | Work on sworn declarations from Israel and Manny in support of motion for a translator; meet with client representatives to continue work on preparation for depositions; work with Stephen Shaw to revise, finalize, and file motion for a protective order to require a translator for Israel's deposition | Burke, Charles A. | 7.50 | $ 3,937.50 <br> 1, 4, 14 |
| 06/12/2012 | Complete audit of financial statements and business records from 2006 too 2011; ███████ ███████ work with Wendy Ray to determine financial amounts and categories; work on category designations for 30(b)(6) depositions; correspondence to opposing counsel regarding same; ███████ ███████ continue deposition preparation with Maeyan Golasa and Yaniv Drezner; confer with expert witness regarding financial information available for analysis; complete Declarations for Israel Golasa and Maeyan Golasa and review same with clients; prepare and send correspondence to opposing counsel transmitting additional document production provided by client; review correspondence from opposing counsel and respond; coordinate various issues with expert witness; work on declarations; complete and file motion for protective order and accompanying documentation; assist in preparing witnesses for deposition; work on completing motion for protective order; work on financial summary | Shaw, Stephen F. | 14.00 | $ 3,290.00 <br> 1, 2, 4, 6, 15 |

Beach Mart
L&L Dispute (SUPER WINGS Trademark)

03814.0007.7/2244408

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| | for all Super Wings stores; conduct tour of Super Wings stores and competitors with Israel Golasa and Dr. Glassman | | | 1, 2 |
| 06/12/2012 | Communication with Stephen Shaw regarding deposition transcripts; work on document production | Sharpe, Victoria A.* | 0.80 | $ 172.00 |
| 06/13/2012 | Defend Manny Golasa's deposition; meeting with clients after the deposition; ▓▓▓▓▓▓ ▓▓▓▓▓ send list of outstanding projects and deadlines to Stephen Shaw; study financial record prepared by Wendy Ray and evaluate document production issues | Burke, Charles A. | 8.50 | $ 4,462.50 — 1, 11, 15 |
| 06/13/2012 | Further coordination with licensing expert; update records to reflect work done in Nags Head; review final draft report of marketing expert and provide additional information requested by Dr. Glassman; prepare Wendy Ray for upcoming deposition; confirm date for scheduling deposition of Michael Martinez; work with opposing counsel to complete Consent Protective Order and file joint motion regarding same; provide additional information to licensing expert regarding damages; return travel from Nags Head NC to Greensboro; review video transcript of Levy deposition while in the car in order to prepare redacted version for client; telephone conference with licensing expert regarding visit to Outer Banks | Shaw, Stephen F. | 8.80 | $ 2,068.00 — 1, 2, 4, 8 |
| 06/14/2012 | Defend today's deposition; meet with Wendy to prepare for her deposition tomorrow; follow up on various document production and other issues from today's deposition | Burke, Charles A. | 8.50 | $ 4,462.50 — 1, 2 |
| 06/14/2012 | Communications with Charles Burke regarding instructing witness not to answer questions concerning salary | Mason, Robert D. | 0.20 | $ 90.00 |
| 06/14/2012 | Discussion with Jack Hicks regarding insurance carrier; telephone conference with Mr. Greg Gross of Penn National; prepare email to Mr. Gross transmitting initial pleadings; provided documents to Charles Burke for use at depositions; review correspondence to opposing counsel regarding depositions; telephone conference with licensing and damages expert to discuss opinion and additional data needed by filing deadline; call Wendy Ray to obtain additional information; analyze data for expert witness | Shaw, Stephen F. | 6.70 | $ 1,574.50 — 1, 2, 11, 12, 14 |

Page 7

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| | opinion; consider and evaluate evidence to support brand valuation opinion; additional analysis for expert witness; advise Charles Burke regarding same; advise Jack Hicks of progress of Beach Mart depositions; provide additional material from document production to Dr. Glassman as requested; prepare revised deposition notice and correspondence for deposition of Mr. Martinez; receive instruction from Charles Burke on additional subpoenas for depositions; complete modified subpoenas for Michael Martinez with cover letter; coordinate with Judge Tennille regarding dates for settlement conference; send revised deposition notices to Bennett Krasner; work on expert reports; confer with Charles Burke regarding L&L's failure to provide documents produced pursuant to third-party subpoena | | | 1, 8 |
| 06/15/2012 | Defend Wendy's deposition; meeting with client after the deposition; return travel from depositions | Burke, Charles A. | 7.50 | $ 3,937.50 |
| 06/15/2012 | Revise information for expert to include additional comparisons between branded and non-branded stores, in order to demonstrate the value of the Super Wings brand; additional work on information for licensing expert; telephone conference with licensing expert to obtain status update on report and discuss information supporting various approaches to estimating damages; review Glassman final report; discuss damages calculations and supporting info with Charles; redraft proposed information for release to experts; compile detailed listing of Super Wings store locations, non-SuperWings store locations run by Beach Mart, and store locations of key competitors; discuss and transmit same with licensing expert | Shaw, Stephen F. | 4.70 | $ 1,104.50<br>1, 12, 14 |
| 06/18/2012 | Review financial analysis from Stephen and provide comments; review details on schedule and strategy and discuss with Stephen Shaw | Burke, Charles A. | 0.50 | 1, 14<br>$ 262.50 |
| 06/18/2012 | Prepare subpoenas for deposition of three L&L store managers; analyze information provided by Beach Mart for other stores; prepare additional calculations of information for comparative use in expert witness report; advise Charles Burke regarding same; review deposition testimony of Ariel Levy to determine L&L's store managers to be deposed; ██████████ | Shaw, Stephen F. | 4.00 | $ 940.00<br>1, 2, 4, 14, 15 |



| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| | ▓▓▓▓ emails to Charles Burke and Mike Glassman regarding same; ▓▓▓▓ ▓▓▓▓ coordinate dates for mediated settlement conference in Raleigh; telephone conference with Charles Burke regarding damages calculations; draft additional email regarding same; telephone conference with expert witness regarding same | | | |
| 06/19/2012 | Exchange messages with opposing counsel regarding scheduling of and attendance at mediated settlement conference | Burke, Charles A. | 0.20 | $ 105.00 |
| 06/19/2012 | Repeated correspondence with opposing counsel regarding scheduling of mediator and depositions of L&L employees | Shaw, Stephen F. | 0.30 | $ 70.50 |
| 06/20/2012 | Consider status and results from fact depositions of Beach Mart witnesses last week; discuss same with Charles Burke and evaluate strategies and possible case course corrections | Hicks, Jack B. | 0.70 | $ 381.50 |
| 06/20/2012 | Exchange correspondence with opposing counsel regarding negotiations over Israel's deposition and regarding the mediated settlement conference; provide status update to Wendy and Jack; telephone conference with Stephen Shaw regarding work on expert report; telephone conference with Jack Hicks and Stephen Shaw for status update on last week's depositions; ▓▓▓▓ provide direction to Stephen Shaw regarding the Facebook subpoena | Burke, Charles A. | 2.50 | $ 1,312.50 |
| 06/20/2012 | Prepare notice of withdrawal of motion for protective order for interpreter, per agreement with opposing counsel; advise Charles Burke regarding same; revise and finalize same; finalize schedule for mediator to attend settlement conference; advise Charles Burke on settlement conference and upcoming depositions of L&L employees; coordinate phone conference with licensing expert and client; review correspondence from opposing counsel regarding interpreter for deposition of Israel Golasa and consider withdrawal of our motion for protective order; work on responses to additional document production by L&L; continue to review same; telephone conference with expert witness regarding financial info and update for status of expert | Shaw, Stephen F. | 4.40 | $ 1,034.00 |

Page 9



| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| | report; ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ email to expert witness regarding same; telephone conference with Charles Burke and Jack Hicks to determine discovery strategy for remainder of discovery period; review additional document production by L&L; prepare additional documents for production to L&L; examine inconsistencies in L&L's trademark applications for WINGS; ▓▓▓▓▓▓ | | | |
| 06/20/2012 | Communication with Stephen Shaw regarding document production; prepare documents to be produced; update indexes with latest document production information | Sharpe, Victoria A.* | 1.80 | $ 387.00 |
| | | | | 1, 2 |
| 06/21/2012 | Work on various issues related to the Facebook subpoena | Burke, Charles A. | 1.00 | $ 525.00 |
| | | | | 2 |
| 06/21/2012 | Review financial calculations in expert report in order to determine most favorable damages valuation; ▓▓▓▓▓▓▓▓▓▓▓ research requirements for civil subpoena; check firm conflicts with respect to Facebook; additional work to prepare Facebook subpoena; additional work to determine whether we are able to proceed with a subpoena based on our current relationship with Facebook; prepare additional photographs of signs and store facades for supplemental document production; review and consider first draft of expert report on licensing agreement and valuation of brand; discuss status of expert report with Doug Bania; telephone conference with Wendy Ray regarding financial information; | Shaw, Stephen F. | 6.60 | $ 1,551.00 |
| | | | | 1, 2, 4, 10, 15 |
| 06/22/2012 | Exchange correspondence with opposing counsel regarding rejected request for extension of time for expert reports | Burke, Charles A. | 0.50 | $ 262.50 |
| 06/22/2012 | Compile and send additional documentation to expert witness regarding L&L's attempted termination; continue to review and consider initial draft of expert report on licensing and valuation; ▓▓▓▓▓▓▓▓▓▓▓ review revised draft of report of | Shaw, Stephen F. | 8.80 | $ 2,068.00 |
| | | | | 1, 2, 4, 12, 15 |

Page 10

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| | licensing and valuation expert; advise Charles Burke regarding same; ███████████ ████ coordinate with Facebook's counsel to proceed with subpoena for records; collect information to prepare for Facebook subpoena, including personal URLs for Ariel Levy, Albert Levy, Gabe Levy and Mollie Levy Bennhaim; compose letter to Facebook transmitting Subpoena and request for records related to the creation of the Facebook page at issue; correspondence with opposing counsel regarding depositions of store managers; obtain consent from L&L to schedule depositions for dates we requested; consider opposing counsel's request for extension of time with respect to expert disclosures scheduled for Monday June 25; advise Charles Burke regarding same; review previous correspondence to see if any demand for financial information has been made beyond the Requests for Production of Documents; advise Charles Burke on status of expert report and additional information to disclose; r████████ ████ discuss strategy to capitalize on L&L's anticipated failure to timely produce their expert report; ████████████ ████████████████ review document production provided by L&L and prepare and send correspondence to obtain subpoenaed documents from Jermaine Bryant; provide comments and additional instruction to Doug Bania regarding completion of expert report; ████████ ██████████ | | | 15 |
| 06/24/2012 | ████████████████ | Burke, Charles A. | 0.30 | $ 157.50 |
| 06/25/2012 | ████████████ review Dr. Glassman's bill and forward to Beach Mart; ████████████ review Wings' opposition to the motion to assert trademark abandonment; provide outline to Stephen Shaw of reply points on the trademark abandonment motion; conference with Randy Springer regarding analysis of trademark issues | Burke, Charles A. | 6.30 | $ 3,307.50 1, 4, 11, 15 |
| 06/25/2012 | Work with Charles Burke in connection with | Springer, Randel S. | 0.50 | $ 250.00 14 |

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| | issues surrounding standard character marks | | | |
| 06/25/2012 | Correspondence with opposing counsel regarding deposition scheduling and stipulation for interpreter; work with Torie Sharpe to prepare exhibits for upcoming deposition of Mr. Martinez; review correspondence from Jermaine Bryant regarding production of documents pursuant to subpoena, and L&L's representations regarding same; ▮▮▮▮ consult with expert on completion of final version of report for service today; double-check financial calculations in report based on range of data; ▮▮▮▮ review and consider L&L's Opposition to our Motion for Leave to File Amended Reply; finalize and serve expert reports on counsel for L&L; telephone conference with Doug Bania and staff at CONSOR to review additional work and changes necessary to complete final draft; final telephone conference to review expert report with CONSOR | Shaw, Stephen F. | 8.60 | $ 2,021.00 |
| | | | | 1, 2, 4, 12, 15 |
| 06/26/2012 | Review final version of Beach Mart expert reports; review documents produced by Beach Mart investigator; provide direction to Stephen Shaw on various outstanding matters; review letters from opposing counsel regarding various discovery disputes; conference with Stephen Shaw regarding discovery disputes, upcoming depositions, the reply in support of abandonment, and other strategic issues; letter to opposing counsel regarding Israel's deposition | Burke, Charles A. | 4.00 | $ 2,100.00 |
| | | | | 1, 11, 14 |
| 06/26/2012 | Additional legal research to prepare for reply brief in support of motion to amend; continue to review and consider issues raised in L&L's opposition to our motion to amend reply; receive instructions from Charles Burke on key points to raise in reply brief for same; review and consider correspondence from opposing counsel regarding discovery disputes and production of documents; discuss reply with Charles Burke; review and consider additional subpoenas of non-parties for the production of documents; ▮▮▮▮ work on strategy to respond to opposition brief to our Motion to | Shaw, Stephen F. | 6.40 | $ 1,504.00 |
| | | | | 1, 10, 11, 14, 15 |

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| | Amend Reply; send correspondence and additional documents to opposing counsel as supplemental document production; continue to review and consider arguments raised in opposition brief to motion to amend; | | | 1, 9 |
| 06/26/2012 | Work on deposition preparation; communication with Stephen Shaw regarding deposition preparation | Sharpe, Victoria A.* | 2.20 | $ 473.00 |
| 06/27/2012 | Work on chart of various licensees compared to locations of WINGS stores in order to demonstrate scope of naked licensing; work on response to L&L's opposition to motion to amend reply; prepare chart of all naked licensing in relation to L&L-owned stores | Shaw, Stephen F. | 3.40 | $ 799.00    1, 12 |
| 06/28/2012 | Telephone conferences with parties subpoenaed by L&L Wings; begin work on preparations for deposition of investigator next week | Burke, Charles A. | 1.00 | $ 525.00    1, 2 |
| 06/28/2012 | Complete demonstrative exhibit for reply brief outlining location of all naked licensees in relation to corporate-owned Wings stores; additional legal research to refute futility standard invoked by L&L in opposition to motion to amend reply | Shaw, Stephen F. | 2.10 | $ 493.50    1, 12 |
| 06/29/2012 | Review draft letter to opposing counsel and provide input to Stephen Shaw; further review of brief filed by Wings; exchange messages with opposing counsel regarding outstanding matters | Burke, Charles A. | 1.70 | $ 892.50    1 |
| 06/29/2012 | Communications with Stephen Shaw regarding strategy for obtaining reply brief in discovery dispute despite local rule prohibition of reply briefs | Mason, Robert D. | 0.30 | $ 135.00 |
| 06/29/2012 | Prepare letter responding to L&L's correspondence regarding to production of financial information and advertising material already subpoenaed from third parties; telephone conference with Greg Gross at Penn National; ██████████ review and consider opposition to motion for protective order; advise Charles Burke regarding same and receive instructions for preparing response; consult with DJ Mason regarding best approach to oppose L&L's request for more time; respond to Don Eglinton's additional discovery requests | Shaw, Stephen F. | 2.30 | $ 540.50    1, 2, 11, 14, 15 |

Case 2:14-cv-00008-FL   Document 91-1   Filed 03/10/21   Page 81 of 184

Beach Mart
L&L Dispute (SUPER WINGS Trademark)

03814.0007.7/2244408

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| | | **Total for Services:** | | **$ 74,105.50** |

\* If an asterisk appears above, it designates a Legal Assistant or other non-lawyer professional.

## DISBURSEMENTS AND OTHER CHARGES FOR 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)

| Date: | Description: | | Amount: |
|---|---|---|---|
| | Photocopies | 13 | $ 87.00 |
| | | **Total Disbursements:** | **$ 87.00** |

## TIMEKEEPER SUMMARY FOR 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)

| Attorney: | Hours: | Amount: | Rate: |
|---|---|---|---|
| Hicks, Jack B. | 1.80 | $ 981.00 | $ 545.00 |
| Burke, Charles A. | 77.30 | $ 40,582.50 | $ 525.00 |
| Springer, Randel S. | 0.50 | $ 250.00 | $ 500.00 |
| Mason, Robert D. | 0.50 | $ 225.00 | $ 450.00 |
| Shaw, Stephen F. | 122.00 | $ 28,670.00 | $ 235.00 |
| Sharpe, Victoria A.* | 15.80 | $ 3,397.00 | $ 215.00 |
| **Totals:** | 217.90 | $ 74,105.50 | |

\* If an asterisk appears above, it designates a Legal Assistant or other non-lawyer professional.

End of matter: 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)

## Use of Legal Support Service Providers

In an effort to continue delivering cost effective services, WCSR uses legal support service providers located both inside and outside the U.S. to assist with help desk and technology issues, word processing, time entry, photocopying and other administrative tasks. In order for these service providers to complete these tasks, we must share certain client information. WCSR has made reasonable efforts to ensure that these services are performed in a manner that is consistent with our firm's obligations under the relevant Rules of Professional Conduct with regard to maintaining client confidentiality and supervision of non-lawyer assistants, and the firm bears responsibility for the resulting work product. As part of the engagement with the firm, you agree and consent to the use of the services of these providers in the manner stated above.

## Policy Regarding Business Meals and Entertainment Disbursements

Any disbursement appearing on our statements as Business Meals and Entertainment is stated at cost. The Revenue Reconciliation Act of 1993 reduced the deductibility of these expenses to you from 80% to 50%. We maintain the supporting documentation for these costs and will make the documentation available to you upon request.

## Payment of Vendor Invoices

Any disbursement denoted by a ** had not been paid at the time this Womble Carlyle invoice was issued. The vendor will be paid when payment is received on this Womble Carlyle invoice.

## WOMBLE CARLYLE SANDRIDGE & RICE, LLP

300 N. GREENE STREET
SUITE 1900
GREENSBORO, NORTH CAROLINA 27402
TELEPHONE (336) 574-8030
FACSIMILE (336) 574-4520

OTHER OFFICES:

ATLANTA, GA
BALTIMORE, MD
CHARLESTON, SC
CHARLOTTE, NC
COLUMBIA, SC
GREENVILLE, SC
RALEIGH, NC
RESEARCH TRIANGLE PARK, NC
SILICON VALLEY, CA
TYSONS CORNER, VA
WASHINGTON, D.C.
WILMINGTON, DE
WINSTON-SALEM, NC

August 15, 2012
03814
Bill Number 2249973
STATEMENT FOR SERVICES RENDERED

Israel Golasa
Beach Mart
P.O. Box 120
Kitty Hawk, NC  27949

| | |
|---|---|
| FOR PROFESSIONAL SERVICES RENDERED THROUGH 07/31/2012 | $70,444.50 |
| DISBURSEMENTS THROUGH 07/31/2012 | $9,637.75 |
| **CURRENT TOTAL** | **$80,082.25** |

| If paying by check or online banking bill payment, please remit payment on receipt to the following address: | If paying by wire, please remit payment on receipt as follows: | |
|---|---|---|
| PO Box 601879<br>Charlotte, North Carolina 28260-1879<br><br>Please *do not* use the above address for trust funds or retainer payments. Please send all trust funds and retainer payments directly to One West Fourth Street, Winston-Salem, NC 27101. | Wells Fargo Bank, N.A.<br>1525 W.T. Harris Blvd.<br>Charlotte, NC 28288<br>ABA no. 1 2 1 0 0 0 2 4 8<br>Swift Code: W F B I U S 6 S | For Credit To:<br>Womble Carlyle Sandridge & Rice, LLP<br>One West Fourth Street<br>Winston-Salem, NC 27101<br>Account no. 2 0 8 7 3 1 1 0 4 0 4 0 8 |
| | PLEASE include our bill # and 10-digit client/matter# on EFT, or e-mail remittance advice to AccountsReceivable@wcsr.com. | |
| **Tax Identification Number 56-0308470** | | |

**IF PAYING BY CHECK, PLEASE RETURN THIS PAGE WITH PAYMENT**

## WOMBLE CARLYLE SANDRIDGE & RICE, LLP

300 N. GREENE STREET
SUITE 1900
GREENSBORO, NORTH CAROLINA 27402
TELEPHONE (336) 574-8030
FACSIMILE (336) 574-4520

OTHER OFFICES:

ATLANTA, GA
BALTIMORE, MD
CHARLESTON, SC
CHARLOTTE, NC
COLUMBIA, SC
GREENVILLE, SC
RALEIGH, NC
RESEARCH TRIANGLE PARK, NC
SILICON VALLEY, CA
TYSONS CORNER, VA
WASHINGTON, D.C.
WILMINGTON, DE
WINSTON-SALEM, NC

August 15, 2012
03814
Bill Number 2249973
STATEMENT FOR SERVICES RENDERED

Israel Golasa
Beach Mart
P.O. Box 120
Kitty Hawk, NC  27949

| | |
|---|---|
| FOR PROFESSIONAL SERVICES RENDERED THROUGH 07/31/2012 | $70,444.50 |
| DISBURSEMENTS THROUGH 07/31/2012 | $9,637.75 |
| **CURRENT TOTAL** | **$80,082.25** |

### MATTER SUMMARY

| Code | Matter Name | Fees | Disbursements | Matter Total |
|---|---|---|---|---|
| 0007.7 | L&L Dispute (SUPER WINGS Trademark) | $ 70,444.50 | $ 9,637.75 | $ 80,082.25 |
| | Current Total: | $ 70,444.50 | $ 9,637.75 | $ 80,082.25 |

| **If paying by check or online banking bill payment**, please remit payment on receipt to the following address: | **If paying by wire**, please remit payment on receipt as follows: |
|---|---|
| PO Box 601879<br>Charlotte, North Carolina 28260-1879<br><br>Please *do not* use the above address for trust funds or retainer payments. Please send all trust funds and retainer payments directly to One West Fourth Street, Winston-Salem, NC 27101. | Wells Fargo Bank, N.A.<br>1525 W.T. Harris Blvd.<br>Charlotte, NC 28288<br>ABA no. 1 2 1 0 0 0 2 4 8<br>Swift Code: W F B I U S 6 S    For Credit To:<br>Womble Carlyle Sandridge & Rice, LLP<br>One West Fourth Street<br>Winston-Salem, NC 27101<br>Account no. 2 0 8 7 3 1 1 0 4 0 4 0 8<br><br>PLEASE include our bill # and 10-digit client/matter# on EFT, or e-mail remittance advice to AccountsReceivable@wcsr.com. |

### Tax Identification Number 56-0308470

**ITEMIZED SERVICES BILL FOR 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)**

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| 07/02/2012 | Work with Stephen Shaw on preparations for deposition; review and refine potential exhibits for deposition; review court orders; exchange messages with opposing counsel regarding Israel's deposition; meet with Stephen Shaw to review status and strategy on various outstanding projects | Burke, Charles A. | 2.70 | $ 1,417.50 |
| | | | | 1, 2, 14 |
| 07/02/2012 | Review additional document production received from investigator Michael Martinez; work on preparing deposition materials with Torie Sharpe; communicate instructions to Torie Sharpe regarding preparation of deposition exhibits; telephone conference with Don Eglinton to discuss resolution of ongoing discovery disputes; prepare letter summarizing position and demanding L&L financial information; advise Charles Burke regarding same; finalize material for deposition exhibits from documents produced by Michael Martinez earlier today; strategy conference with Charles Burke to discuss Reply brief and response to L&L's additional relief requested in protective order; review and consider order from court on protective order; review correspondence and voice mails from opposing counsel on various topics | Shaw, Stephen F. | 3.70 | $ 869.50 |
| | | | | 1, 2, 11, 14 |
| | | | | 9 |
| 07/02/2012 | Work on deposition preparation | Sharpe, Victoria A.* | 3.30 | $ 709.50 |
| 07/03/2012 | Work on Reply brief for Motion to Amend; research theory of damages for breach of contract in order to support motion to compel financial records of L&L; conference with Charles Burke regarding same; telephone conference with Gail Baev of Travelers Insurance regarding Beach Mart's notification of litigation; prepare email to Gail Baev enclosing pleadings; respond to Don Eglinton's requests for document production; work with Kim Brandt to schedule depositions in Wilmington; correspondence to Joe Schouten regarding same; | Shaw, Stephen F. | 3.50 | $ 822.50 |
| | | | | 1, 2, 4, 10, 14 |
| | | | | 1, 2 |
| 07/03/2012 | Communication with Stephen Shaw regarding deposition transcripts; work on document production | Sharpe, Victoria A.* | 2.70 | $ 580.50 |
| 07/03/2012 | Telephone conference with Stephen Shaw regarding depositions in Wilmington; make arrangements for court reporter/videographer for same | Brandt, Kimberly W.* | 0.50 | $ 37.50 |
| | | | | 7 |

1, 2, 11

| Date: | Description: | Attorney: | Hours: | Amount: |
|-------|-------------|-----------|--------|---------|
| 07/05/2012 | Work throughout the day on preparation for tomorrow's deposition; provide input to Stephen Shaw regarding additional materials needed for the deposition | Burke, Charles A. | 4.50 | $ 2,362.50 |
| 07/05/2012 | Prepare deposition notices for L&L employees Avi, Bondarchuck and Carter; send same to opposing counsel and court reporter | Brandt, Kimberly W.* | 1.00 | $ 75.00 |
| 07/06/2012 | Review additional documents provided by Stephen Shaw and work on final preparations for deposition; take deposition of L&L Wing's private investigator; prepare notes regarding key testimony from today's deposition and points to follow up on | Burke, Charles A. | 6.50 | $ 3,412.50 |
| 07/06/2012 | Work on research and preparation of reply brief supporting motion to file amended reply; assist Charles Burke with preparation for deposition; analyze additional document production from L&L as compared to documents produced by Michael Martinez; assist Charles Burke with preparation for deposition of Michael Martinez; research and provide various documents for use at deposition; discuss issues with Charles Burke related to same | Shaw, Stephen F. | 6.20 | $ 1,457.00 |
| 07/07/2012 | Return travel from deposition (review transcripts of prior depositions while traveling) | Burke, Charles A. | 5.80 | $ 3,045.00 |
| 07/09/2012 | Work on upcoming scheduling; provide details to Wendy regarding potential dates for deposition, preparation and mediation; work on details of depositions next week | Burke, Charles A. | 0.80 | $ 420.00 |
| 07/09/2012 | Complete draft of Reply Brief supporting Motion to Amend Reply; review and consider documents produced by Three Dog Ink Media pursuant to L&L's subpoena; additional research to support argument of naked licensing in Reply Brief | Shaw, Stephen F. | 5.50 | $ 1,292.50 |
| 07/09/2012 | Receive and organize documents | Sharpe, Victoria A.* | 1.80 | $ 387.00 |
| 07/10/2012 | Study defendant's opposition to the motion to amend to assert abandonment; review draft reply brief on abandonment from Stephen Shaw and work on revisions to the brief | Burke, Charles A. | 2.80 | $ 1,470.00 |
| 07/10/2012 | Additional work on Reply Brief; finalize reply brief in support of motion to amend reply, incorporating visual map of all of L&L naked licensing; proofread and edit same; send latest version of reply brief to Charles Burke for review; advise Charles Burke regarding | Shaw, Stephen F. | 5.10 | $ 1,198.50 |

Annotations (handwritten boxes): 7 ; 1, ; 1, 2, 10, 12, 14 ; 1, 2, 4 ; 1, 10 ; 4 ; 1 ; 1, 4, 11

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| | several ongoing discovery issues; revise brief as needed per feedback from Charles Burke; provide instructions to Jennifer Glosson regarding preparation of supporting exhibit; | | | |
| 07/11/2012 | Work on revisions to reply brief in support of abandonment defense; review expert disclosures from Wings and follow up with Stephen Shaw; message to opposing counsel regarding depositions; conferences with Stephen Shaw regarding issues involved in completing the reply brief | Burke, Charles A. | 2.00 | $ 1,050.00 |
| | | | | 1, 14 |
| 07/11/2012 | Additional revisions to Reply Brief per Charles Burke; modify demonstrative graphic showing extent of naked licensing; conference with Charles Burke to discuss importance of lack of incontestable status of WINGS mark; further revisions to Reply Brief; additional legal research and revisions of Reply Brief to prepare for filing tomorrow; discussions with Charles Burke regarding same; assemble additional exhibits from deposition testimony of Shaul Levy to support brief | Shaw, Stephen F. | 5.80 | $ 1,363.00 |
| | | | | 1, 4, 10, 14 |
| 07/12/2012 | Assist Stephen Shaw with finalizing reply brief in support of abandonment defense for filing today; conference with Stephen Shaw regarding exhibits needed for depositions next week; work on outline for next week's depositions; exchange correspondence with opposing counsel on outstanding matters | Burke, Charles A. | 3.30 | $ 1,732.50 |
| | | | | 1, 14 |
| 07/12/2012 | Prepare Notice of Deposition for Albert Levy along with transmittal letter; provide instructions to Jennifer Glosson regarding same; work throughout the day to finalize Reply Brief for Motion to Amend Reply; additional legal research to support argument added by Charles Burke; revise and proofread final version of brief; finalize supporting exhibits for filing; strategy conference with Charles Burke to discuss additional discovery needed prior to mediation; file brief and supporting exhibits with court; correspondence with opposing counsel regarding discovery issues | Shaw, Stephen F. | 6.60 | $ 1,551.00 |
| | | | | 1, 4, 10, 11, 12, 14 |
| 07/13/2012 | Correspondence to counsel for L&L regarding various discovery matters, including deficiencies in their document production and privilege log; provide supplemental production to opposing counsel; provide instructions to Jennifer Glosson regarding same; | Shaw, Stephen F. | 6.00 | $ 1,410.00 |
| | | | | 1, 4, 11, 15 |



| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| | ▮▮▮▮▮▮ review, assemble and prepare financial documents for production; draft letter to opposing counsel detailing supplemental document production; finalize letter to opposing counsel regarding deposition for Albert Levy | | | |
| 07/16/2012 | Work on preparation for depositions this week; review recently produced discovery materials; review correspondence with opposing counsel | Burke, Charles A. | 3.20 | $ 1,680.00 |
| | | | | 1, 2 |
| 07/16/2012 | ▮▮▮▮▮▮▮▮ review new documents produced by Beach Mart; work with Torie Sharpe to prepare exhibits for upcoming depositions; summarize and send caselaw on licenses and consent agreements to Charles Burke to assist in preparation for upcoming depositions of L&L store managers | Shaw, Stephen F. | 1.90 | $ 446.50 |
| | | | | 1, 12, 15 |
| | | | | 1, 9 |
| 07/16/2012 | Work on deposition preparation; communication with Stephen Shaw regarding deposition preparation | Sharpe, Victoria A.* | 4.00 | $ 860.00 |
| | | | | 1, 8 |
| 07/17/2012 | Travel to Wilmington for depositions starting tomorrow; continue work on preparation for this week's depositions | Burke, Charles A. | 6.50 | $ 3,412.50 |
| | | | | 1 |
| 07/17/2012 | Consider strategy for obtaining discovery relevant to damages and communication with Stephen Shaw regarding same | Mason, Robert D. | 0.60 | $ 270.00 |
| 07/17/2012 | Review deposition transcripts from Maeyan Golasa, Yaniv Drezner, and Wendy Ray; review and consider correspondence from opposing counsel on discovery matters and prepare response to same; work with DJ Mason to determine most effective theory of recovery for monetary damages, in order to support Motion to Compel Production of L&L's financial information; continue to review supplemental document production from Wendy Ray; review and consider extensive Requests for Admissions and supporting exhibits served by L&L and determine strategy to respond | Shaw, Stephen F. | 4.70 | $ 1,104.50 |
| | | | | 1, |
| | | | | 9 |
| 07/17/2012 | Work on deposition preparation; | Sharpe, Victoria A.* | 0.80 | $ 172.00 |
| 07/18/2012 | Take depositions of two Wings store managers; work on ideas for final sets of written discovery; meet with Stephen Shaw to work on discovery planning and strategy, as well as responses to opposing counsel on outstanding issues; final preparations for | Burke, Charles A. | 6.70 | $ 3,517.50 |
| | | | | 1, 2, 14 |

Case 2:14-cv-00008-FL    Document 91-1    Filed 03/10/21    Page 89 of 184

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| | tomorrow's deposition; review new written discovery served by L&L Wings | | | |
| 07/18/2012 | Travel to/from Wilmington NC for depositions of L&L employees; review L&L's requests for admissions, including exhibits of phone books dating back to 2005, and outline objections and responses to each request; prepare and send correspondence to opposing counsel transmitting additional document production and responding to L&L's request for extension of time to file rebuttal expert reports; prepare documents for production; work on remaining documents to produce | Shaw, Stephen F. | 9.30 | $ 2,185.50 |
| | | | | 1, 2, 8, 12 |
| | | | | 1, 2 |
| 07/19/2012 | Take deposition of final Wings store manager; visit Wings stores for information to assist Mike Glassman; follow up on various issues from today's deposition | Burke, Charles A. | 4.20 | $ 2,205.00 |
| 07/19/2012 | Work with Wendy Ray to obtain financial information; review advertising documents sent by Wendy Ray; prepare additional documents for production; prepare and send correspondence to opposing counsel transmitting additional document production; prepare responses to L&L's requests for admission; telephone conference regarding communications with opposing counsel; prepare and send correspondence to opposing counsel regarding scope of discovery requests and motion to compel production of L&L's financial information; draft Requests for Admissions to serve on L&L prior to tomorrow's deadline | Shaw, Stephen F. | 3.80 | $ 893.00 |
| | | | | 1, 2 |
| 07/20/2012 | Return travel from depositions; engage in negotiations with opposing counsel over disputed production of financial details; conference with Stephen Shaw regarding assistance with ongoing negotiations; review discovery served by Wings; work on planning for upcoming depositions | Burke, Charles A. | 6.50 | $ 3,412.50 |
| | | | | 1, 2, 8, 14 |
| 07/20/2012 | Communications with Stephen Shaw regarding requests for admissions and strategy for same | Mason, Robert D. | 0.20 | $ 90.00 |
| 07/20/2012 | Review and consider multiple emails from opposing counsel regarding discovery matters, including disputes over production of financial information and extension of time for rebuttal reports; communications with Charles Burke regarding appropriate response to same; begin to prepare draft of responsive correspondence; finalize Requests for | Shaw, Stephen F. | 4.80 | $ 1,128.00 |
| | | | | 1, 2, 4 |

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| | Admissions to be served on L&L later today, and send same to Charles Burke for review; summarize notes of additional matters to discuss with Wendy Ray; draft reply to opposing counsel on ongoing discovery disputes; work to complete Requests for Admissions; continue to prepare and provide supplemental document production to opposing counsel; prepare and send correspondence to opposing counsel regarding several aspects of ongoing discovery dispute; review notice of deposition for Wendy Ray, Weston Anson, and Myron Glassman; consider scheduling issues for same and advise Charles Burke and experts on dates of potential availability | | | |
| 07/23/2012 | Review requests for admission from Wings and provide input to Stephen Shaw regarding suggested responses; work on developing grounds for potential summary judgment motion; begin analysis of issues in preparation for upcoming mediated settlement conference; review communications with opposing counsel regarding outstanding issues; conference with Stephen Shaw regarding various strategic issues, scheduling matters, and ongoing projects; exchange correspondence with opposing counsel regarding outstanding discovery matters; review notices of deposition from opposing counsel and work on scheduling; send status update to client | Burke, Charles A. | 3.20 | $ 1,680.00 |
| | | | 1, 14 | |
| 07/23/2012 | Coordinate personal service on Joe Schouten; revise and finalize Requests for Admissions; review outstanding discovery items and other tasks with Charles Burke; identify strategy to approach mediated settlement conference and potential summary judgment motion; ██████████████████████ complete Second Set of Interrogatories and transmittal correspondence for discovery to be served tomorrow; review in detail the Motion to Compel and the Motion for Extension of Scheduling Order filed by L&L this evening; consider best strategy to counter L&L's motions and to obtain discovery needed by Beach Mart | Shaw, Stephen F. | 7.80 | $ 1,833.00 |
| | | | 1, 4, 15 | |
| 07/23/2012 | Communication with Stephen Shaw regarding deposition transcripts | Sharpe, Victoria A.* | 0.30 | $ 64.50 |

Case 2:14-cv-00008-FL   Document 91-1   Filed 03/10/21   Page 91 of 184

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| 07/24/2012 | Review Wings' set of document requests served today; review Beach Mart's final sets of written discovery; study Wings' motion to compel and scheduling motion; outline key points in opposition to Wings motions; telephone conference with Stephen Shaw regarding comments on opposition to motions; review transcript of Manny's deposition | Burke, Charles A. | 4.20 | $ 2,205.00 |
| | | | | 1, 14 |
| 07/24/2012 | Continue detailed review of L&L's Motion to Amend Scheduling Order and Motion to Compel Financial Information | Shaw, Stephen F. | 4.70 | $ 1,104.50 |
| 07/24/2012 | Communication with Stephen Shaw regarding depositions | Sharpe, Victoria A.* | 0.20 | $ 43.00 |
| 07/25/2012 | Complete detailed review of two motions filed by L&L; begin outline of draft response for both motions; ███████████████████████ work on revised Notice of Deposition for Albert Levy; work on obtaining video recordings of depositions of Maeyan Golasa and Shaul Levy; read deposition transcript of Wendy Ray; begin to read deposition transcript of Maeyan Golasa | Shaw, Stephen F. | 6.90 | $ 1,621.50 |
| | | | | 1, 12, 15 |
| | | | | 4 |
| 07/25/2012 | Clip confidential portion of deposition video and recreate a new video for client | Nolan, Jon N.* | 1.60 | $ 272.00 |
| 07/25/2012 | Locate Miami court reporter; prepare amended notice of deposition for Albert Levy; send same to opposing counsel and court reporter | Brandt, Kimberly W.* | 0.60 | $ 45.00 |
| | | | | 7 |
| 07/26/2012 | Review subpoenas and deposition notices from Wings and follow up with Stephen Shaw on how to handle; review transcript of Wendy's deposition | Burke, Charles A. | 1.80 | $ 945.00 |
| | | | | 1, 11 |
| 07/26/2012 | Complete review of deposition transcript of Maeyan Golasa; work on preparing briefs in opposition to L&L's recent motions; arrange depositions of expert witnesses; review additional subpoenas served by L&L and discuss coverage with Charles Burke; begin to review deposition transcript of Yaniv Drezner | Shaw, Stephen F. | 5.90 | $ 1,386.50 |
| | | | | 1, 4, 14 |
| 07/27/2012 | Review motion to strike filed by Wings and begin outline of opposition; provide input to Stephen Shaw on recent documents served by Wings; review transcript of Yaniv | Burke, Charles A. | 3.20 | $ 1,680.00 |
| | | | | 1, 11 |

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| | deposition | | | |
| 07/27/2012 | Continue to work on Opposition Briefs for L&L's Motion to Compel and Motion to Amend Scheduling Order; review and consider newly-filed Motion to Strike expert reports; advise Charles Burke regarding response to same; | Shaw, Stephen F. | 5.70 | $ 1,339.50 |
| | | | | 1, 11 |
| | | | | 1 |
| 07/30/2012 | Consider insurer position and options for Beach Mart; coordinate next steps with Stephen Shaw | Hicks, Jack B. | 0.40 | $ 218.00 |
| 07/30/2012 | Conference with Stephen Shaw regarding outstanding matters and projects; work on initial draft of response in opposition to Wings' motion to strike; work on exhibits to be used at deposition of Albert Levy next week; follow up on expert billing questions; review communications with opposing counsel regarding various disputes and scheduling matters | Burke, Charles A. | 2.80 | $ 1,470.00 |
| | | | | 1, 14 |
| 07/30/2012 | Work throughout the day to research and draft responses to L&L's motions; advise Charles Burke regarding status of same; confirm scheduling of remaining depositions in California and Virginia; analyze response to Motion to Stirke and identify legal research needed for Charles Burke | Shaw, Stephen F. | 7.90 | $ 1,856.50 |
| | | | | 1, 4, 10 |
| | | | | 9 |
| 07/30/2012 | Work on deposition preparation | Sharpe, Victoria A.* | 3.30 | $ 709.50 |
| 07/31/2012 | Review subpoenas to experts and provide instruction to Stephen Shaw regarding how to handle expert depositions and document production; review correspondence with opposing counsel on discovery disputes; review deposition documents compiled by Torie Sharpe and begin work on preparation for deposition next week | Burke, Charles A. | 2.30 | $ 1,207.50 |
| | | | | 1, 11 |
| 07/31/2012 | Communications with Stephen Shaw regarding strategy for responding to motion to strike expert reports | Mason, Robert D. | 0.70 | $ 315.00 |
| 07/31/2012 | Continue to work on draft of opposition brief for motion to compel; legal research on applicable standard for production of electronic information in a certain format; analyze appropriate response to motion to strike expert reports and consider same with DJ Mason; draft insert for opposition brief for motion to strike; legal research on motion to amend scheduling order; review and consider correspondence from opposing counsel on | Shaw, Stephen F. | 8.60 | $ 2,021.00 |
| | | | | 1, 10 |

Page 9

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| | L&L's discovery deficiencies and draft response | | | 1, 2 |
| 07/31/2012 | Work on deposition preparation; research previous deposition transcripts for references | Sharpe, Victoria A.* | 1.80 | $ 387.00 |
| | | **Total for Services:** | | $ 70,444.50 |

\* If an asterisk appears above, it designates a Legal Assistant or other non-lawyer professional.

**DISBURSEMENTS AND OTHER CHARGES FOR 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)**

| Date: | Description: | Amount: |
|---|---|---|
| May 1, 2012 | Business Meal<br>Burke, Charles 05/01/2012 Burke, Charles Attend depositions of L&L Wings representatives Dinner | $ 25.00 |
| May 1, 2012 | Travel Expense (Mileage)<br>Burke, Charles 05/01/2012-05/04/2012 Burke, Charles Attend depositions of L&L Wings representatives | $ 25.75 |
| May 1, 2012 | Travel Expense (Parking)<br>Burke, Charles 05/01/2012 Burke, Charles Attend depositions of L&L Wings representatives | $ 24.00 |
| May 1, 2012 | Lodging<br>Burke, Charles 05/01/2012-05/03/2012 Burke, Charles Attend depositions of L&L Wings representatives | $ 1,487.31 |
| May 1, 2012 | Taxi<br>Burke, Charles 05/01/2012-05/04/2012 Burke, Charles Attend depositions of L&L Wings representatives | $ 70.00 |
| May 2, 2012 | Business Meal<br>Burke, Charles 05/02/2012 Burke, Charles Attend depositions of L&L Wings representatives Lunch | $ 17.00 |
| May 2, 2012 | Business Meal<br>Burke, Charles 05/02/2012 Burke, Charles Attend depositions of L&L Wings representatives dinner | $ 25.00 |
| May 3, 2012 | Business Meal<br>Burke, Charles 05/03/2012 Burke, Charles Attend depositions of L&L Wings representatives dinner | $ 23.00 |
| May 4, 2012 | Tips<br>Burke, Charles 05/04/2012 Burke, Charles Attend depositions of L&L Wings representatives miscellaneous | $ 18.00 |
| Jun 10, 2012 | Business Meal<br>Burke, Charles 06/10/2012 Burke, Charles Client meetings and depositions in the Outer Banks Dinner | $ 25.00 |
| Jun 10, 2012 | Travel Expense (Mileage)<br>Burke, Charles 06/10/2012 Burke, Charles Client meetings and depositions in the Outer | $ 278.72 |

**DISBURSEMENTS AND OTHER CHARGES FOR 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)**

Banks

| Date | Description | Amount |
|---|---|---|
| Jun 11, 2012 | Lodging<br>Shaw, Stephen 06/11/2012-06/12/2012 Shaw, Stephen Travel to Nags Head for depositions | $ 422.42 |
| Jun 11, 2012 | Business Meal<br>Burke, Charles 06/11/2012 Burke, Charles Client meetings and depositions in the Outer Banks Breakfast | $ 12.00 |
| Jun 11, 2012 | Business Meal<br>Burke, Charles 06/11/2012 Burke, Charles Client meetings and depositions in the Outer Banks   Charles Burke and Stephen Shaw  Discuss upcoming depositionsJK's Restaurant | $ 103.00 |
| Jun 12, 2012 | Business Meal<br>Burke, Charles 06/12/2012 Burke, Charles Client meetings and depositions in the Outer Banks Breakfast | $ 12.00 |
| Jun 12, 2012 | Business Meal<br>Burke, Charles 06/12/2012 Burke, Charles Client meetings and depositions in the Outer Banks   Charles Burke and Stephen Shaw  Discuss upcoming depositionsOutback Steakhouse | $ 54.00 |
| Jun 12, 2012 | Business Meal<br>Burke, Charles 06/12/2012 Burke, Charles Client meetings and depositions in the Outer Banks Breakfast | $ 12.00 |
| Jun 13, 2012 | Travel Expense (Mileage)<br>Shaw, Stephen 06/13/2012 Shaw, Stephen Travel to Nags Head for depositions | $ 301.37 |
| Jun 13, 2012 | Business Meal<br>Burke, Charles 06/13/2012 Burke, Charles Client meetings and depositions in the Outer Banks Dinner | $ 24.00 |
| Jun 14, 2012 | Business Meal<br>Burke, Charles 06/14/2012 Burke, Charles Client meetings and depositions in the Outer Banks Breakfast | $ 8.50 |
| Jun 14, 2012 | Business Meal<br>Burke, Charles 06/14/2012 Burke, Charles Client meetings and depositions in the Outer Banks Dinner | $ 22.00 |
| Jun 15, 2012 | Business Meal<br>Burke, Charles 06/15/2012 Burke, Charles Client meetings and depositions in the Outer Banks Breakfast | $ 15.23 |
| Jun 15, 2012 | Business Meal<br>Burke, Charles 06/15/2012 Burke, Charles Client meetings and depositions in the Outer Banks Kill Devil Grill | $ 30.00 |
| Jun 15, 2012 | Business Meal<br>Burke, Charles 06/15/2012 Burke, Charles Client meetings and depositions in the Outer Banks Dinner | $ 25.00 |
| Jun 16, 2012 | Lodging<br>Burke, Charles 06/16/2012 Burke, Charles Client meetings and depositions in the Outer Banks | $ 1,228.12 |

## DISBURSEMENTS AND OTHER CHARGES FOR 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)

| | | | |
|---|---|---|---|
| Jun 19, 2012 | Deposition Transcript<br>Video Visions, Inc. - Deposition videos of Golasa, Drezner, Ray (6/13-15/12) | | $ 315.00 |
| Jul 2, 2012 | Express Delivery Charge<br>Federal Express Corporation; 798578560557; Hilton Longboat Key Beachfront, Charles Burke, Guest, LONGBOAT KEY, FL | | $ 51.80 |
| Jul 3, 2012 | Color Copies | 13 | $ 14.25 |
| Jul 3, 2012 | Express Delivery Charge<br>Federal Express Corporation; 798583357977; Hilton Longboat Key Beachfront, Charles Burke, Guest, LONGBOAT KEY, FL | | $ 14.73 |
| Jul 5, 2012 | Business Meal<br>Burke, Charles 07/05/2012 Burke, Charles Take deposition of Michael Martinez, Wings investigator Dinner | | $ 25.00 |
| Jul 5, 2012 | Travel Expense (Mileage)<br>Burke, Charles 07/05/2012-07/07/2012 Burke, Charles Take deposition of Michael Martinez, Wings investigator | | $ 87.91 |
| Jul 6, 2012 | Business Meal<br>Burke, Charles 07/06/2012 Burke, Charles Take deposition of Michael Martinez, Wings investigator Breakfast | | $ 21.00 |
| Jul 6, 2012 | Business Meal<br>Burke, Charles 07/06/2012 Burke, Charles Take deposition of Michael Martinez, Wings investigator Lunch | | $ 20.00 |
| Jul 6, 2012 | Business Meal<br>Burke, Charles 07/06/2012 Burke, Charles Take deposition of Michael Martinez, Wings investigator Dinner | | $ 25.00 |
| Jul 7, 2012 | Business Meal<br>Burke, Charles 07/07/2012 Burke, Charles Take deposition of Michael Martinez, Wings investigator Breakfast | | $ 7.50 |
| Jul 7, 2012 | Travel Expense (Parking)<br>Burke, Charles 07/07/2012 Burke, Charles Take deposition of Michael Martinez, Wings investigator | | $ 25.00 |
| Jul 7, 2012 | Lodging<br>Burke, Charles 07/07/2012 Burke, Charles Take deposition of Michael Martinez, Wings investigator | | $ 586.94 |
| Jul 7, 2012 | Car Rental<br>Burke, Charles 07/07/2012 Burke, Charles Take deposition of Michael Martinez, Wings investigator | | $ 211.02 |
| Jul 10, 2012 | Transcript<br>Florida Video Communications - Videotape of Martinez deposition | | $ 482.50 |
| Jul 13, 2012 | Transportation<br>American Express Travel - Charles Burke, 7/3/12 - Tampa, FL | 2A | $ 455.10 |
| Jul 13, 2012 | Transportation<br>American Express Travel - Charles Burke, 7/3/12 - Tampa, FL | 2A | $ 179.00 |

Page 12

## DISBURSEMENTS AND OTHER CHARGES FOR 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)

| | | |
|---|---|---|
| Jul 16, 2012 | Travel Expense (Mileage)<br>Shaw, Stephen 07/16/2012 Shaw, Stephen Travel to and from Wilmington for depositions | $ 225.66 |
| Jul 20, 2012 | Transcript<br>S. Graham & Associates - Deposition transcripts of Golasa, Drezner, and Ray | $ 1,051.40 |
| Jul 24, 2012 | Travel Expense (Mileage)<br>Rardon, Christina 07/24/2012 Rardon, Christina Roundtrip travel to Ward & Smith to drop off documents | $ 14.87 |
| Jul 24, 2012 | Transcript<br>Clark Reporting Service, Inc. - Deposition of Michael Martinex deposition taken 7/6/12 | $ 1,471.40 |
| Jul 26, 2012 | Color Copies | 13    $ 1.00 |
| Jul 26, 2012 | Compact Disc | $ 60.00 |
| Jul 27, 2012 | Color Copies | $ 0.25 |
| | Photocopies | $ 3.00 |
| | **Total Disbursements:** | **$ 9,637.75** |

## TIMEKEEPER SUMMARY FOR 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)

| Attorney: | Hours: | Amount: | Rate: |
|---|---|---|---|
| Hicks, Jack B. | 0.40 | $ 218.00 | $ 545.00 |
| Burke, Charles A. | 73.00 | $ 38,325.00 | $ 525.00 |
| Mason, Robert D. | 1.50 | $ 675.00 | $ 450.00 |
| Shaw, Stephen F. | 114.40 | $ 26,884.00 | $ 235.00 |
| Nolan, Jon N.* | 1.60 | $ 272.00 | $ 170.00 |
| Sharpe, Victoria A.* | 18.20 | $ 3,913.00 | $ 215.00 |
| Brandt, Kimberly W.* | 2.10 | $ 157.50 | $ 75.00 |
| **Totals:** | **211.20** | **$ 70,444.50** | |

\*   If an asterisk appears above, it designates a Legal Assistant or other non-lawyer professional.

End of matter: 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)

**Use of Legal Support Service Providers**

Case 2:14-cv-00008-FL   Document 91-1   Filed 03/10/21   Page 97 of 184

In an effort to continue delivering cost effective services, WCSR uses legal support service providers located both inside and outside the U.S. to assist with help desk and technology issues, word processing, time entry, photocopying and other administrative tasks. In order for these service providers to complete these tasks, we must share certain client information. WCSR has made reasonable efforts to ensure that these services are performed in a manner that is consistent with our firm's obligations under the relevant Rules of Professional Conduct with regard to maintaining client confidentiality and supervision of non-lawyer assistants, and the firm bears responsibility for the resulting work product. As part of the engagement with the firm, you agree and consent to the use of the services of these providers in the manner stated above.

Case 2:14-cv-00008-FL    Document 91-1    Filed 03/10/21    Page 98 of 184

## Policy Regarding Business Meals and Entertainment Disbursements

Any disbursement appearing on our statements as Business Meals and Entertainment is stated at cost. The Revenue Reconciliation Act of 1993 reduced the deductibility of these expenses to you from 80% to 50%. We maintain the supporting documentation for these costs and will make the documentation available to you upon request.

## Payment of Vendor Invoices

Any disbursement denoted by a ** had not been paid at the time this Womble Carlyle invoice was issued. The vendor will be paid when payment is received on this Womble Carlyle invoice.

**WOMBLE CARLYLE SANDRIDGE & RICE, LLP**
300 N. GREENE STREET
SUITE 1900
GREENSBORO, NORTH CAROLINA 27402
TELEPHONE (336) 574-8030
FACSIMILE (336) 574-4520

OTHER OFFICES:

ATLANTA, GA
BALTIMORE, MD
CHARLESTON, SC
CHARLOTTE, NC
COLUMBIA, SC
GREENVILLE, SC
RALEIGH, NC
RESEARCH TRIANGLE PARK, NC
SILICON VALLEY, CA
TYSONS CORNER, VA
WASHINGTON, D.C.
WILMINGTON, DE
WINSTON-SALEM, NC

September 12, 2012
03814
Bill Number 2255601
STATEMENT FOR SERVICES RENDERED

Israel Golasa
Beach Mart
P.O. Box 120
Kitty Hawk, NC  27949

| | |
|---|---|
| FOR PROFESSIONAL SERVICES RENDERED THROUGH 08/31/2012 | $101,315.50 |
| DISBURSEMENTS THROUGH 08/31/2012 | $8,654.72 |
| **CURRENT TOTAL** | **$109,970.22** |

| **If paying by check or online banking bill payment,** please remit payment on receipt to the following address: | **If paying by wire,** please remit payment on receipt as follows: | |
|---|---|---|
| PO Box 601879<br>Charlotte, North Carolina 28260-1879<br><br>**Please do not use the above address for trust funds or retainer payments.** Please send all trust funds and retainer payments directly to One West Fourth Street, Winston-Salem, NC 27101. | Wells Fargo Bank, N.A.<br>1525 W.T. Harris Blvd.<br>Charlotte, NC 28288<br>ABA no. 1 2 1 0 0 0 2 4 8<br>Swift Code: W F B I U S 6 S | For Credit To:<br>Womble Carlyle Sandridge & Rice, LLP<br>One West Fourth Street<br>Winston-Salem, NC 27101<br>Account no. 2 0 8 7 3 1 1 0 4 0 4 0 8 |
| | PLEASE include our bill # and 10-digit client/matter# on EFT, or e-mail remittance advice to AccountsReceivable@wcsr.com. | |
| **Tax Identification Number 56-0308470** | | |

**IF PAYING BY CHECK, PLEASE RETURN THIS PAGE WITH PAYMENT**

**WOMBLE CARLYLE SANDRIDGE & RICE, LLP**
300 N. GREENE STREET
SUITE 1900
GREENSBORO, NORTH CAROLINA 27402
TELEPHONE (336) 574-8030
FACSIMILE (336) 574-4520

OTHER OFFICES:

ATLANTA, GA
BALTIMORE, MD
CHARLESTON, SC
CHARLOTTE, NC
COLUMBIA, SC
GREENVILLE, SC
RALEIGH, NC
RESEARCH TRIANGLE PARK, NC
SILICON VALLEY, CA
TYSONS CORNER, VA
WASHINGTON, D.C.
WILMINGTON, DE
WINSTON-SALEM, NC

September 12, 2012
03814
Bill Number 2255601
STATEMENT FOR SERVICES RENDERED

Israel Golasa
Beach Mart
P.O. Box 120
Kitty Hawk, NC  27949

| | | |
|---|---|---|
| FOR PROFESSIONAL SERVICES RENDERED THROUGH 08/31/2012 | | $101,315.50 |
| DISBURSEMENTS THROUGH 08/31/2012 | | $8,654.72 |
| **CURRENT TOTAL** | | **$109,970.22** |

## MATTER SUMMARY

| Code | Matter Name | Fees | Disbursements | Matter Total |
|---|---|---|---|---|
| 0005.1 | 005 General - Intellectual Property | $ 415.50 | $ 0.00 | $ 415.50 |
| 0007.7 | L&L Dispute (SUPER WINGS Trademark) | $ 100,900.00 | $ 8,654.72 | $ 109,554.72 |
| | Current Total: | $ 101,315.50 | $ 8,654.72 | $ 109,970.22 |

| **If paying by check or online banking bill payment,** please remit payment on receipt to the following address: | **If paying by wire,** please remit payment on receipt as follows: | |
|---|---|---|
| PO Box 601879 Charlotte, North Carolina 28260-1879 | | For Credit To: |
| | Wells Fargo Bank, N.A. 1525 W.T. Harris Blvd. Charlotte, NC 28288 ABA no. 1 2 1 0 0 0 2 4 8 Swift Code: W F B I U S 6 S | Womble Carlyle Sandridge & Rice, LLP One West Fourth Street Winston-Salem, NC 27101 Account no. 2 0 8 7 3 1 1 0 4 0 4 0 8 |
| **Please do not use the above address for trust funds or retainer payments.** Please send all trust funds and retainer payments directly to One West Fourth Street, Winston-Salem, NC 27101. | **PLEASE include our bill # and 10-digit client/matter# on EFT, or e-mail remittance advice to AccountsReceivable@wcsr.com.** | |
| **Tax Identification Number 56-0308470** | | |

## ITEMIZED SERVICES BILL FOR 03814.0005.1 - 005 General - Intellectual Property

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
|  | | | | |

| | | | Total for Services: | $ 415.50 |
|---|---|---|---|---|

\*  If an asterisk appears above, it designates a Legal Assistant or other non-lawyer professional.

## TIMEKEEPER SUMMARY FOR 03814.0005.1 - 005 General - Intellectual Property

| Attorney: | Hours: | Amount: | Rate: |
|---|---|---|---|
| Hicks, Jack B. | 0.70 | $ 381.50 | $ 545.00 |
| Webb, Kristin S.* | 0.20 | $ 34.00 | $ 170.00 |
| **Totals:** | 0.90 | $ 415.50 | |

\*  If an asterisk appears above, it designates a Legal Assistant or other non-lawyer professional.

End of matter: 03814.0005.1 - 005 General - Intellectual Property

## ITEMIZED SERVICES BILL FOR 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| 08/01/2012 | Review transcript of deposition of Wings' investigator; conference with Stephen Shaw regarding recent incidents at Beach Mart stores and status of pending projects; work on preparation for Albert Levy deposition; review transcripts of depositions of Shaul and Ariel Levy in preparation for the Albert Levy deposition; outline points and documents to cover with Israel; work on outline of points for settlement conference; review briefs on pending motions in anticipation of response due next week | Burke, Charles A. | 5.80 | $ 3,045.00 |
| | | | | 1, 2, 14 |
| 08/01/2012 | Status review conference with Charles Burke regarding all outstanding items of discovery and pending motions; work on scheduling of | Shaw, Stephen F. | 6.60 | $ 1,551.00 |
| | | | | 1, 2, 4, 10, 14, 15 |



Case 2:14-cv-00008-FL    Document 91-1    Filed 03/10/21    Page 102 of 184

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| | same; continue to work on opposition brief for Motion to Compel with supporting exhibits; ████████ research and correspondence regarding same; revise and edit final draft of opposition brief | | | 1,4 |
| 08/01/2012 | Work on deposition preparation; recieve and process deposition transcripts | Sharpe, Victoria A.* | 1.70 | $ 365.50 |
| 08/02/2012 | Continue work on examination outline for the Albert Levy deposition; provide direction to Stephen Shaw regarding various pending matters under negotiation with opposing counsel; review materials for Sunny Day Guide deposition compiled by Jake Wharton and Torie Sharpe; work on preparation for Sunny Day Guide deposition | Burke, Charles A. | 2.60 | $ 1,365.00 |
| | | | | 1, 2, 11 |
| 08/02/2012 | Finalize opposition brief for motion to compel; review and send same to Charles Burke; prepare exhibits for Charles Burke for use at deposition of Laura Catoe; review various recent correspondence with opposing counsel; analyze information to be obtained from Albert Levy; ████████ review documents received from Mike Glassman on this issue; work on drafting objections and responses to L&L's Requests for Admissions | Shaw, Stephen F. | 6.10 | $ 1,433.50 |
| | | | | 1, 12, 15 |
| | | | | 1, 2, 14 |
| 08/02/2012 | Conferences with Charles Burke regarding deposition preparation; prepare documents for deposition preparation | Sharpe, Victoria A.* | 3.10 | $ 666.50 |
| 08/03/2012 | Continue to draft opposition brief for L&L's Motion to Amend Scheduling Order; respond to correspondence from opposing counsel; receive and examine documents produced by Sunny Day Guide pursuant to subpoena and advise Charles Burke regarding same; prepare exhibits for use by Charles Burke at upcoming deposition; organize files to prepare for close of discovery period; finish drafting objections and responses to L&L's Request for Admissions; | Shaw, Stephen F. | 4.40 | $ 1,034.00 |
| | | | | 1, 2, 12 |
| 08/04/2012 | Complete review of documents produced by Sunny Day Guide to prepare for upcoming deposition | Shaw, Stephen F. | 1.60 | $ 376.00 |
| 08/06/2012 | Travel to Miami for the deposition of Albert Levy (work on final deposition preparations | Burke, Charles A. | 5.80 | $ 3,045.00 |
| | | | | 1, 2 |

Case 2:14-cv-00008-FL    Document 91-1    Filed 03/10/21    Page 103 of 184

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| | while traveling); work with Stephen Shaw on negotiations with opposing counsel regarding settlement conference details | | | |
| 08/06/2012 | Work on opposition brief for L&L's motion to amend; telephone conference with Laura Catoe regarding scheduling of deposition; correspondence with opposing counsel regarding inspection of merchandise and settlement conference; update and revise opposition brief for motion to amend scheduling order | Shaw, Stephen F. | 4.40 | $ 1,034.00 |
| | | | | 1, 4 |
| 08/07/2012 | Take the deposition of Albert Levy; work on follow up from today's deposition; outline key points from the Levy deposition; outline additional documents and issues to cover with Israel Golasa | Burke, Charles A. | 6.40 | $ 3,360.00 |
| | | | | 1, 2 |
| 08/07/2012 | Communications with Kim Brandt regarding potential RTP law firms for mediation and provide recommendations for same | Mason, Robert D. | 0.30 | $ 135.00 |
| 08/07/2012 | Complete draft of opposition brief for motion to amend scheduling order; revise and edit same for Charles Burke's review; consider and respond to analysis of available defenses prepared by Charles Burke; identify research topics necessary to support motion for summary judgment; work on coordination of settlement conference to include correspondence with mediator and opposing counsel | Shaw, Stephen F. | 5.10 | $ 1,198.50 |
| | | | | 1, 4 |
| | | | | 2 |
| 08/08/2012 | Travel from Miami to the Outer Banks for depositions and meetings with Beach Mart (work on deposition and mediation preparation while traveling) | Burke, Charles A. | 7.80 | $ 4,095.00 |
| | | | | 1, 11, 12 |
| 08/08/2012 | Receive instructions from Charles Burke regarding additional work to finalize opposition briefs fro each Motion; consider same and revise briefs as necessary; prepare exhibits and declaration of Wendy Ray; | Shaw, Stephen F. | 6.50 | $ 1,527.50 |
| | | | | 1, 2 |
| 08/09/2012 | Prepare for meetings; meet with Laura Catoe to prepare for her deposition; meet with Israel to prepare for his deposition | Burke, Charles A. | 5.20 | $ 2,730.00 |
| 08/09/2012 | Finalize opposition brief to motions and supporting exhibits per feedback received from Charles Burke, in order to bar L&L from filing a late expert report, and to protect Beach Mart's QuickBooks files from discovery; revise and proofread same; electronically file documents with court in advance of deadline | Shaw, Stephen F. | 9.30 | $ 2,185.50 |
| | | | | 1, 4 |

Case 2:14-cv-00008-FL    Document 91-1    Filed 03/10/21    Page 104 of 184

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| 08/10/2012 | Attend Laura Catoe deposition; meet with Israel Golasa to prepare for deposition; visit Super Wings stores and compile information on additional facts for expert witnesses; work on outstanding discovery issues | Burke, Charles A. | 7.80 | $ 4,095.00 [1, 2] |
| 08/10/2012 | Review documents produced by expert witnesses in advance of deposition; prepare objections and response to expert witness subpoena; initial legal research to prepare for summary judgment if case does not settle, including statute of limitations that may bar several of L&L's claims | Shaw, Stephen F. | 2.90 | $ 681.50 [1] |
| 08/12/2012 | Travel to Raleigh for deposition and mediated settlement conference; work on final arrangements and planning for Israel's deposition | Burke, Charles A. | 3.50 | $ 1,837.50 [1, 4, 8] |
| 08/12/2012 | Prepare mediation brief for Wednesday's conference; provide update to Charles Burke on status of several outstanding discovery matters | Shaw, Stephen F. | 2.30 | $ 540.50 [1] |
| 08/13/2012 | ████████████████████████ | Hicks, Jack B. | 0.50 | $ 272.50 [15] |
| 08/13/2012 | Meeting with client representatives before today's deposition; defend Israel Golasa's deposition; work on various follow up issues from today's deposition | Burke, Charles A. | 13.00 | $ 6,825.00 [1, 6] |
| 08/13/2012 | Communications with Stephen Shaw regarding ECF notification from Court and response to same | Mason, Robert D. | 0.30 | $ 135.00 |
| 08/13/2012 | Prepare and finalize Objections and Responses to Expert Subpoenas; prepare and produce documents responsive to same; finalize presentation for mediation conference and coordinate meeting with mediator in advance of conference; provide information to Charles Burke on various matters throughout deposition of Israel Golasa; file documents with Eastern District per clerk instructions; receive and review additional document production from Charles Burke | Shaw, Stephen F. | 7.10 | $ 1,668.50 [1, 4] |
| 08/14/2012 | Work on preparation for phone call with settlement mediator; telephone conference with settlement mediator along with Stephen Shaw; follow up on various issues discussed with the mediator; prepare outline of potential | Burke, Charles A. | 4.30 | $ 2,257.50 [1, 2] |

Case 2:14-cv-00008-FL   Document 91-1   Filed 03/10/21   Page 105 of 184

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| | settlement terms, including outline of terms of potential license agreement; outline key points from yesterday's deposition and discuss potential need for protective order with Stephen Shaw; review objections to expert subpoenas along with our expert document productions | | | |
| 08/14/2012 | Conduct preliminary attorney conference with mediator; prepare and send correspondence to opposing counsel regarding Wendy Ray's second deposition; review Wendy's deposition and financial docs to prepare for deposition on Friday; discuss settlement talks and deposition outcomes with Charles Burke; review deposition transcript of Martinez; coordinate with expert witness about upcoming deposition; review financial document production with Wendy Ray and prepare to gather 2012 information for production; legal research for Motion to Strike; preliminary research into issues for potential summary judgment motion | Shaw, Stephen F. | 4.80 | $ 1,128.00 |
| | | | | 1, 10 |
| 08/15/2012 | Meeting with client before settlement conference; attend settlement conference; return travel from conference; calls to Stephen Shaw and DJ Mason regarding various strategic issues and next steps in the litigation | Burke, Charles A. | 8.80 | $ 4,620.00 |
| | | | | 1, 8, 14 |
| 08/15/2012 | Legal research on standard for recovery of defendant's profits for willful infringement (.4); prepare printed materials for settlement conference (.3); morning session of settlement conference (2.8); afternoon session of settlement conference, including work on responses to Requests for Admissions and work on audit of supplemental financial information received from Wendy Ray (2.5); review remaining discovery tasks and strategy for upcoming depositions and receive instructions regarding preparation of summary judgment brief from Charles Burke (.3); travel to RTP for settlement conference (1.2); return travel to Greensboro (delayed due to traffic in RTP) (1.4) | Shaw, Stephen F. | 8.90 | $ 2,091.50 |
| | | | 4 | |
| | | | 8 | |
| 08/16/2012 | Provide status update to Jack Hicks regarding recent depositions and the settlement conference along with strategic plans going forward; review outstanding discovery requests | Burke, Charles A. | 1.20 | $ 630.00 |
| | | | | 1 |
| 08/16/2012 | Legal research to prepare for summary judgment motion and opposition to potential | Shaw, Stephen F. | 4.60 | $ 1,081.00 |
| | | | | 1, 4, 10, 12 |

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| | motion from L&L; prepare and send notice of deposition for Meir Levy; complete responses to L&L's requests for admission; updated budget to reflect increased activity from L&L; continue to audit 2011 financial numbers from Wendy Ray to prepare for supplemental production; search and obtain various examples of similar Wings logos and prepare for exhibit; | | | |
| 08/17/2012 | Work on list of grounds for potential summary judgment motion for Beach Mart and opposition to likely summary judgment motion from Wings | Burke, Charles A. | 0.50 | $ 262.50 |
| 08/17/2012 | Consider email concerning grounds for Beach Mart summary judgment motion and scheduling meeting to discuss same | Mason, Robert D. | 0.30 | $ 135.00 |
| 08/19/2012 | Finalize responses to L&L requests for admissions and send to Charles Burke for review | Shaw, Stephen F. | 0.60 | $ 141.00 |
| 08/20/2012 | Review draft response to requests for admission and provide revisions to Stephen Shaw; conference with DJ Mason regarding summary judgment and trial strategy; work with Torie Sharpe on identification of documents needed for depositions this week and next week; prepare outline of topics for expert deposition this week; review details from local counsel regarding commencement of discovery; update budget figures; provide direction to Stephen Shaw regarding how to handle the scheduling of the deposition of Shaul Levy's brother; conference with DJ Mason regarding new contract interpretation under the 2005 agreement; review final form of responses to requests for admission; prepare revised summary of defenses based upon new contract interpretation argument; prepare outline of key contact terms based upon new contract interpretation | Burke, Charles A. | 6.80 | $ 3,570.00 |
| 08/20/2012 | Communications regarding grounds for motion for summary judgment and assistance with preparation of same; consider proposed grounds for summary judgment and discussions regarding same; consider potential theories and arguments at trial; communication regarding potential deposition in New York and handling same; begin review of relevant contracts in preparation for summary judgment briefing; discussions regarding new contract interpretation | Mason, Robert D. | 2.60 | $ 1,170.00 |

Annotations:
- 08/17/2012 (Burke/Mason rows): 1, 2, 4
- 08/20/2012 (Burke row): 1, 4, 11, 14
- 08/20/2012 (Mason row): 1, 2

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| | argument | | | |
| 08/20/2012 | Revise and complete responses to L&L's Requests for Admissions, and serve same on opposing counsel; assist Charles Burke in preparation for deposition of Wes Anson, compiling potential exhibits and other documents for review session; work on outline for summary judgment motion to dismiss L&L's claims against Beach Mart | Shaw, Stephen F. | 3.40 | $ 799.00 |
| | | | | 1, 4, 12 |
| | | | | 1, 2 |
| 08/20/2012 | Review communication from Charles Burke and Stephen Shaw regarding deposition preparation; compile and prepare documents for deposition preparation | Sharpe, Victoria A.* | 2.20 | $ 473.00 |
| 08/20/2012 | Communication with D.J. Mason regarding database; update database | Sharpe, Victoria A.* | 0.20 | 4<br>$ 43.00 |
| 08/21/2012 | Travel to California for the deposition of Wes Anson (work on preparations for Anson's deposition while traveling); provide input to Stephen Shaw on Wings' pending motion to strike citations to expert reports; work on strategy for motion to compel Wings' financials and provide direction to Stephen Shaw | Burke, Charles A. | 8.70 | $ 4,567.50 |
| | | | | 1, 2, 11 |
| 08/21/2012 | Consider pleadings and documentary support of potential summary judgment positions; communication with Stephen Shaw regarding background facts | Mason, Robert D. | 3.30 | $ 1,485.00 |
| | | | | 1 |
| 08/21/2012 | Conference with Charles Burke to plan for summary judgment motion, motion to compel, and opposition brief to motion to strike; review alternative defenses based on contract interpretation, to be used in opposition to L&L's summary judgment motion; telephone conference with DJ Mason to prepare arguments for summary judgment motion and opposition to L&L's summary judgment motion | Shaw, Stephen F. | 1.60 | $ 376.00 |
| | | | | 1, 14 |
| 08/22/2012 | Work on revised budget and send to Jack Hicks; meeting with Wes Anson to prepare for his deposition tomorrow; follow up on various issues discussed with Wes Anson; work on pending discovery disputes with L&L Wings | Burke, Charles A. | 8.50 | $ 4,462.50 |
| | | | | 1, 2, 4 |
| 08/22/2012 | Communications with Charles Burke regarding rules and practice for expert witness payments by deposing party | Mason, Robert D. | 0.20 | $ 90.00 |
| 08/22/2012 | Work on Opposition brief to L&L's Motion to Strike expert reports as exhibits to our Motion to Amend Reply; prepare response to L&L's fourth request for production of documents | Shaw, Stephen F. | 4.10 | $ 963.50 |
| | | | | 1, 4, 14 |

Case 2:14-cv-00008-FL    Document 91-1    Filed 03/10/21    Page 108 of 184

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| | and coordinate document production with Wendy Ray; discuss expert deposition preparation with Charles Burke and assist Wes Anson in preparing for his deposition; review phone bills prior to production; review deposition transcript of Albert Levy, Shaul's son | | | |
| 08/23/2012 | Consider and comment on strategies for summary judgment motions and next steps | Hicks, Jack B. | 0.60 | $ 327.00 |
| 08/23/2012 | Defend the Wes Anson deposition; work on negotiations with opposing counsel regarding dispute over the Meir Levy deposition; work on new contract interpretation strategies and discuss with Jack Hicks and Stephen Shaw; review written discovery responses served by L&L and follow up with Stephen Shaw regarding deficiencies; exchange messages with Stephen Shaw with instructions on various outstanding projects and court filings | Burke, Charles A. | 10.70 | $ 5,617.50 [1, 6, 11, 14] |
| 08/23/2012 | Communications regarding upcoming deposition in New York; consider possible summary judgment argument; communication with Stephan Shaw regarding background on oral agreement to use trademark | Mason, Robert D. | 0.90 | $ 405.00 [1] |
| 08/23/2012 | Work on Motion to Compel Production of L&L's Financial Information; preparation for deposition of Meir Levy with DJ Mason; receive instructions from Charles Burke regarding additional Motion to Compel deposition of Meir Levy as a result of L&L's disagreement on rescheduling same; begin drafting of same in advance of pending deadline; prepare Opposition Brief to L&L's Motion to Strike | Shaw, Stephen F. | 6.70 | $ 1,574.50 [1, 11] |
| 08/24/2012 | Review drafts of briefs to be filed with the court today on discovery motions and provide revisions to Stephen Shaw; return travel from the Anson deposition (work on planning remaining discovery and pending motions while traveling); review details on pending motions after arrival in North Carolina | Burke, Charles A. | 9.70 | $ 5,092.50 [1, 2] |
| 08/24/2012 | Communications regarding L & L's discovery responses on damages and consider responses | Mason, Robert D. | 0.20 | $ 90.00 [2] |
| 08/24/2012 | Finalize Brief and Motion to Compel Production of L&L's Financial Information, and prepare supporting exhibits; prepare and file motions, briefs and supporting exhibits for Motion to Compel, Motion for Extension of | Shaw, Stephen F. | 11.70 | $ 2,749.50 [1, 4, 6, 12] |

Case 2:14-cv-00008-FL    Document 91-1    Filed 03/10/21    Page 109 of 184

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| | Time to Conduct Deposition of Meir Levy, Opposition Brief to L&L's Motion to Strike; finalize and send supplemental document production and discovery responses to opposing counsel; prepare and send correspondence to opposing counsel regarding the confidentiality designation for the report of Wes Anson; draft brief supporting motion for limited extension of discovery period; review merits of same with Charles Burke; prepare supporting exhibits for same; proofread and revise in preparation for filing; continue to work on Opposition Brief to L&L's Motion to Strike References to Expert Reports | | | 2 |
| 08/26/2012 | Communications regarding status of deposition in New York | Mason, Robert D. | 0.20 | $ 90.00 |
| 08/27/2012 | Review final briefs filed last Friday on motions to compel Wings' financials, motion to permit the Meir deposition, and motion to strike expert report citations; conference with Stephen Shaw regarding strategy on various outstanding motions, projects, and document production issues; review the most recent responses to document requests; review excerpts from Israel's deposition and consider options for motion for protective order; work with DJ Mason and Stephen Shaw regarding various discovery and summary judgment strategy decisions; review new documents from Beach Mart and evaluate discovery and strategic implications | Burke, Charles A. | 2.50 | $ 1,312.50<br>1, 14 |
| 08/27/2012 | Communications regarding potential deposition in New York; communications regarding deadline for motion for summary judgment and proposed topics; communications regarding potential motion to compel and for sanctions; communications regarding Stand invoices and production of same; review and consider production of Super Wings products; consider questions certified by court reporter and communications with Charles Burke regarding same; communications regarding instructing witness not to answer questions not involving a privilege | Mason, Robert D. | 2.30 | $ 1,035.00<br>1, 2 |
| 08/27/2012 | Work on outline of summary judgment motion; meet with DJ Mason to discuss strategy of brief and preparation of different sections; strategy conference with Charles Burke regarding preparation of summary judgment motion and various discovery matters that | Shaw, Stephen F. | 2.80 | $ 658.00<br>1, 14 |

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| | remain open; complete review of Albert Levy deposition in order to prepare for summary judgment brief | | | 1 |
| 08/27/2012 | Communication with Stephen Shaw regarding document production; work on preparing documents for production | Sharpe, Victoria A.* | 3.60 | $ 774.00 |
| 08/28/2012 | Work on summary judgment arguments and strategy | Burke, Charles A. | 1.50 | 2 $ 787.50 |
| 08/28/2012 | Continue to work on final document production; discuss same with Torie Sharpe | Shaw, Stephen F. | 0.20 | 2, 14 $ 47.00 |
| 08/28/2012 | Work on document production | Sharpe, Victoria A.* | 4.40 | 2 $ 946.00 |
| 08/29/2012 | Consider trial strategies and recent evidence of use of Wings by Beach Mart with L&L's apparent permission; consider summary judgment strategy and discuss with DJ Mason | Hicks, Jack B. | 1.40 | 1, 14 $ 763.00 |
| 08/29/2012 | Continue work on summary judgment strategy | Burke, Charles A. | 1.20 | $ 630.00 |
| 08/29/2012 | ███████████████████████ | Shaw, Stephen F. | 0.90 | 15 $ 211.50 |
| 08/30/2012 | Work on various discovery matters; begin to draft brief in support of motion for summary judgment; download and review supplemental document production by L&L | Shaw, Stephen F. | 1.50 | 1, 2, 4 $ 352.50 |
| 08/30/2012 | Work on document production | Sharpe, Victoria A.* | 1.80 | 2 $ 387.00 |
| 08/31/2012 | ████████████ exchange messages with Jack Hicks regarding strategy and budgeting; finalize revised budget; ██████████ | Burke, Charles A. | 0.50 | 1, 4, 15 $ 262.50 |
| 08/31/2012 | Consider potential theory and arguments for trial and review potential exhibits for trial | Mason, Robert D. | 1.50 | $ 675.00 |
| 08/31/2012 | Telephone conference with Charles Burke regarding supplemental document production issues and review of additional items; communication with client regarding production of additional documents; provide instructions to Kim Brandt regarding same; prepare outline of summary judgment motion and begin drafting facts section; preliminary research on various legal issues to support summary judgment motion | Shaw, Stephen F. | 2.40 | 1, 11, 14 $ 564.00 |

|  | **Total for Services:** | $ 100,900.00 |
|---|---|---|

Case 2:14-cv-00008-FL    Document 91-1    Filed 03/10/21    Page 111 of 184

\* If an asterisk appears above, it designates a Legal Assistant or other non-lawyer professional.

**DISBURSEMENTS AND OTHER CHARGES FOR 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)**

| Date: | Description: | Amount: |
|---|---|---|
| Apr 30, 2012 | Service of Process<br>Atlantic Legal Services - Service of documents on Ward & Smith in Wilmington | $ 110.00 |
| Aug 3, 2012 | Deposition Transcript<br>Aurelia Ruffin & Associates Inc. - Deposition transcripts/videotaping of Laham, Carter & Bonderchuk - July 18 & 19 | $ 1,897.50 |
| Aug 6, 2012 | Business Meal<br>Burke, Charles 08/06/2012 Burke, Charles Miami, FL for Albert Levy deposition 08/06-08/08/12 dinner | $ 25.00 |
| Aug 6, 2012 | Travel Expense (Mileage)<br>Burke, Charles 08/06/2012-08/08/2012 Burke, Charles Miami, FL for Albert Levy deposition 08/06-08/08/12 | $ 108.00 |
| Aug 7, 2012 | Business Meal<br>Burke, Charles 08/07/2012 Burke, Charles Miami, FL for Albert Levy deposition 08/06-08/08/12 b'fast | $ 12.00 |
| Aug 7, 2012 | Business Meal<br>Burke, Charles 08/07/2012 Burke, Charles Miami, FL for Albert Levy deposition 08/06-08/08/12 lunch | $ 17.00 |
| Aug 7, 2012 | Business Meal<br>Burke, Charles 08/07/2012 Burke, Charles Miami, FL for Albert Levy deposition 08/06-08/08/12 dinner | $ 23.50 |
| Aug 8, 2012 | Tips<br>Burke, Charles 08/08/2012 Burke, Charles Miami, FL for Albert Levy deposition 08/06-08/08/12 misc | $ 12.00 |
| Aug 8, 2012 | Business Meal<br>Burke, Charles 08/08/2012 Burke, Charles Miami, FL for Albert Levy deposition 08/06-08/08/12 b'fast | $ 9.75 |
| Aug 8, 2012 | Travel Expense (Parking)<br>Burke, Charles 08/08/2012 Burke, Charles Miami, FL for Albert Levy deposition 08/06-08/08/12 | $ 24.00 |
| Aug 8, 2012 | Lodging<br>Burke, Charles 08/08/2012 Burke, Charles Miami, FL for Albert Levy deposition 08/06-08/08/12 | $ 677.94 |
| Aug 8, 2012 | Car Rental<br>Burke, Charles 08/08/2012 Burke, Charles Miami, FL for Albert Levy deposition 08/06-08/08/12 | $ 149.41 |
| Aug 8, 2012 | Business Meal<br>Burke, Charles 08/08/2012 Burke, Charles Outer Banks - Nags Head,NC deposition of Laura Catoe and client meetings 08/08-08/11/12 lunch | $ 17.50 |
| Aug 8, 2012 | Business Meal | $ 25.00 |

## DISBURSEMENTS AND OTHER CHARGES FOR 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)

Burke, Charles 08/08/2012 Burke, Charles Outer Banks - Nags Head,NC deposition of Laura Catoe and client meetings 08/08-08/11/12 dinner

| Date | Description | Amount |
|---|---|---|
| Aug 8, 2012 | Travel Expense (Mileage)<br>Burke, Charles 08/08/2012-08/11/2012 Burke, Charles Outer Banks - Nags Head,NC deposition of Laura Catoe and client meetings 08/08-08/11/12 | $ 242.42 |
| Aug 8, 2012 | Lodging<br>Burke, Charles 08/08/2012 Burke, Charles Outer Banks - Nags Head,NC deposition of Laura Catoe and client meetings 08/08-08/11/12 | $ 921.94 |
| Aug 8, 2012 | Express Delivery Charge<br>Federal Express Corporation; 793882010271; Oasis Suites Hotel, Charles  Burke, Guest, NAGS HEAD, NC | $ 19.20 |
| Aug 9, 2012 | Business Meal<br>Burke, Charles 08/09/2012 Burke, Charles Outer Banks - Nags Head,NC deposition of Laura Catoe and client meetings 08/08-08/11/12 b'fast | $ 8.00 |
| Aug 9, 2012 | Business Meal<br>Burke, Charles 08/09/2012 Burke, Charles Outer Banks - Nags Head,NC deposition of Laura Catoe and client meetings 08/08-08/11/12 lunch | $ 12.75 |
| Aug 9, 2012 | Business Meal<br>Burke, Charles 08/09/2012 Burke, Charles Outer Banks - Nags Head,NC deposition of Laura Catoe and client meetings 08/08-08/11/12 dinner | $ 25.00 |
| Aug 9, 2012 | Deposition Transcript<br>Legal Video Services, Inc. - Videotaping service for Albert Levy deposition taken 8/7/12 | $ 799.50 |
| Aug 10, 2012 | Business Meal<br>Burke, Charles 08/10/2012 Burke, Charles Outer Banks - Nags Head,NC deposition of Laura Catoe and client meetings 08/08-08/11/12 b'fast | $ 14.50 |
| Aug 10, 2012 | Business Meal<br>Burke, Charles 08/10/2012 Burke, Charles Outer Banks - Nags Head,NC deposition of Laura Catoe and client meetings 08/08-08/11/12 dinner | $ 25.00 |
| Aug 11, 2012 | Business Meal<br>Burke, Charles 08/11/2012 Burke, Charles Outer Banks - Nags Head,NC deposition of Laura Catoe and client meetings 08/08-08/11/12 b'fast | $ 14.50 |
| Aug 12, 2012 | Business Meal<br>Burke, Charles 08/12/2012 Burke, Charles Raleigh, NC  depositon of Israel Golasa and settlement conference 08/12-08/15/12 dinner | $ 23.00 |
| Aug 13, 2012 | Transportation<br>American Express Travel - Charles Burke, 8/6/12 flight to Miami, FL | $ 325.00 |
| Aug 13, 2012 | Transportation<br>American Express Travel - Charles Burke, 8/21/12 flight to Los Angeles, CA | $ 758.11 |
| Aug 13, 2012 | Business Meal<br>Burke, Charles 08/13/2012 Burke, Charles Raleigh, NC  depositon of Israel Golasa and settlement conference 08/12-08/15/12 Marriott | $ 1.59 |
| Aug 13, 2012 | Business Meal<br>Burke, Charles 08/13/2012 Burke, Charles Raleigh, NC  depositon of Israel Golasa and | $ 12.00 |

13

Case 2:14-cv-00008-FL   Document 91-1   Filed 03/10/21   Page 113 of 184

## DISBURSEMENTS AND OTHER CHARGES FOR 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)

| | | |
|---|---|---:|
| | settlement conference 08/12-08/15/12 b'fast | |
| Aug 13, 2012 | Business Meal<br>Burke, Charles 08/13/2012 Burke, Charles Raleigh, NC  depositon of Israel Golasa and settlement conference 08/12-08/15/12 dinner | $ 25.00 |
| Aug 14, 2012 | Business Meal<br>Burke, Charles 08/14/2012 Burke, Charles Raleigh, NC  depositon of Israel Golasa and settlement conference 08/12-08/15/12 b'fast | $ 14.00 |
| Aug 14, 2012 | Business Meal<br>Burke, Charles 08/14/2012 Burke, Charles Raleigh, NC  depositon of Israel Golasa and settlement conference 08/12-08/15/12 dinner | $ 25.00 |
| Aug 14, 2012 | Deposition Transcript<br>Video Visions, Inc. - Videotaping service for Israel Golasa deposition taken 8/13/12 | $ 220.00 |
| Aug 14, 2012 | Express Delivery Charge  ⎡13⎤ →*$ 8.62<br>Federal Express Corporation; 798732503212; Ward & Smith, Joe Schouten, RALEIGH, NC | |
| Aug 15, 2012 | Travel Expense (Mileage)<br>Shaw, Stephen 08/15/2012 Shaw, Stephen Travel to and from Durham, NC for mediated settlement conference | $ 66.93 |
| Aug 15, 2012 | Business Meal<br>Burke, Charles 08/15/2012 Burke, Charles Raleigh, NC  depositon of Israel Golasa and settlement conference 08/12-08/15/12 b'fast | $ 11.50 |
| Aug 15, 2012 | Business Meal<br>Burke, Charles 08/15/2012 Burke, Charles Raleigh, NC  depositon of Israel Golasa and settlement conference 08/12-08/15/12 dinner | $ 17.75 |
| Aug 15, 2012 | Tips<br>Burke, Charles 08/15/2012 Burke, Charles Raleigh, NC  depositon of Israel Golasa and settlement conference 08/12-08/15/12 misc | $ 7.00 |
| Aug 15, 2012 | Lodging<br>Burke, Charles 08/15/2012 Burke, Charles Raleigh, NC  depositon of Israel Golasa and settlement conference 08/12-08/15/12 | $ 572.91 |
| Aug 21, 2012 | Transcript<br>Kress Court Reporting, Inc. - Invoice #1057471 - Deposition transcript - Albert Levy 8/7/12 | $ 934.00 |
| | Photocopies | $ 440.90 |
| | **Total Disbursements:** | **$ 8,654.72** |

## TIMEKEEPER SUMMARY FOR 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)

| Attorney: | Hours: | Amount: | Rate: |
|---|---:|---:|---:|
| Hicks, Jack B. | 2.50 | $ 1,362.50 | $ 545.00 |
| Burke, Charles A. | 122.80 | $ 64,470.00 | $ 525.00 |

## TIMEKEEPER SUMMARY FOR 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)

| | | | | |
|---|---|---|---|---|
| Mason, Robert D. | | 12.10 | $ 5,445.00 | $ 450.00 |
| Shaw, Stephen F. | | 110.50 | $ 25,967.50 | $ 235.00 |
| Sharpe, Victoria A.* | | 17.00 | $ 3,655.00 | $ 215.00 |
| | **Totals:** | 264.90 | $ 100,900.00 | |

\*   If an asterisk appears above, it designates a Legal Assistant or other non-lawyer professional.

End of matter: 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)

### Use of Legal Support Service Providers

In an effort to continue delivering cost effective services, WCSR uses legal support service providers located both inside and outside the U.S. to assist with help desk and technology issues, word processing, time entry, photocopying and other administrative tasks. In order for these service providers to complete these tasks, we must share certain client information. WCSR has made reasonable efforts to ensure that these services are performed in a manner that is consistent with our firm's obligations under the relevant Rules of Professional Conduct with regard to maintaining client confidentiality and supervision of non-lawyer assistants, and the firm bears responsibility for the resulting work product. As part of the engagement with the firm, you agree and consent to the use of the services of these providers in the manner stated above.

Case 2:14-cv-00008-FL     Document 91-1     Filed 03/10/21     Page 115 of 184

## Policy Regarding Business Meals and Entertainment Disbursements

Any disbursement appearing on our statements as Business Meals and Entertainment is stated at cost. The Revenue Reconciliation Act of 1993 reduced the deductibility of these expenses to you from 80% to 50%. We maintain the supporting documentation for these costs and will make the documentation available to you upon request.

## Payment of Vendor Invoices

Any disbursement denoted by a ** had not been paid at the time this Womble Carlyle invoice was issued. The vendor will be paid when payment is received on this Womble Carlyle invoice.

**WOMBLE CARLYLE SANDRIDGE & RICE, LLP**
300 N. GREENE STREET
SUITE 1900
GREENSBORO, NORTH CAROLINA 27402
TELEPHONE (336) 574-8030
FACSIMILE (336) 574-4520

OTHER OFFICES:
_____

ATLANTA, GA
BALTIMORE, MD
CHARLESTON, SC
CHARLOTTE, NC
COLUMBIA, SC
GREENVILLE, SC
RALEIGH, NC
RESEARCH TRIANGLE PARK, NC
SILICON VALLEY, CA
TYSONS CORNER, VA
WASHINGTON, D.C.
WILMINGTON, DE
WINSTON-SALEM, NC

October 16, 2012
03814
Bill Number 2265963
STATEMENT FOR SERVICES RENDERED

Israel Golasa
Beach Mart
P.O. Box 120
Kitty Hawk, NC  27949

| | |
|---|---:|
| FOR PROFESSIONAL SERVICES RENDERED THROUGH 09/30/2012 | $38,962.00 |
| DISBURSEMENTS THROUGH 09/30/2012 | $2,759.19 |
| **CURRENT TOTAL** | **$41,721.19** |

| **If paying by check or online banking bill payment**, please remit payment on receipt to the following address: | **If paying by wire**, please remit payment on receipt as follows: | |
|---|---|---|
| PO Box 601879<br>Charlotte, North Carolina 28260-1879<br><br>**Please *do not* use the above address for trust funds or retainer payments.** Please send all trust funds and retainer payments directly to One West Fourth Street, Winston-Salem, NC 27101. | Wells Fargo Bank, N.A.<br>1525 W.T. Harris Blvd.<br>Charlotte, NC 28288<br>ABA no. 1 2 1 0 0 0 2 4 8<br>Swift Code: W F B I U S 6 S | For Credit To:<br>Womble Carlyle Sandridge & Rice, LLP<br>One West Fourth Street<br>Winston-Salem, NC 27101<br>Account no. 2 0 8 7 3 1 1 0 4 0 4 0 8 |
| | PLEASE include our bill # and 10-digit client/matter# on EFT, or e-mail remittance advice to AccountsReceivable@wcsr.com. | |
| **Tax Identification Number 56-0308470** | | |

**IF PAYING BY CHECK, PLEASE RETURN THIS PAGE WITH PAYMENT**

**WOMBLE CARLYLE SANDRIDGE & RICE, LLP**

300 N. GREENE STREET
SUITE 1900
GREENSBORO, NORTH CAROLINA 27402
TELEPHONE (336) 574-8030
FACSIMILE (336) 574-4520

OTHER OFFICES:

ATLANTA, GA
BALTIMORE, MD
CHARLESTON, SC
CHARLOTTE, NC
COLUMBIA, SC
GREENVILLE, SC
RALEIGH, NC
RESEARCH TRIANGLE PARK, NC
SILICON VALLEY, CA
TYSONS CORNER, VA
WASHINGTON, D.C.
WILMINGTON, DE
WINSTON-SALEM, NC

October 16, 2012
03814
Bill Number 2265963
STATEMENT FOR SERVICES RENDERED

Israel Golasa
Beach Mart
P.O. Box 120
Kitty Hawk, NC 27949

| | |
|---|---|
| FOR PROFESSIONAL SERVICES RENDERED THROUGH 09/30/2012 | $38,962.00 |
| DISBURSEMENTS THROUGH 09/30/2012 | $2,759.19 |
| **CURRENT TOTAL** | **$41,721.19** |

## MATTER SUMMARY

| Code | Matter Name | Fees | Disbursements | Matter Total |
|---|---|---|---|---|
| 0007.7 | L&L Dispute (SUPER WINGS Trademark) | $ 38,962.00 | $ 2,759.19 | $ 41,721.19 |
| | Current Total: | $ 38,962.00 | $ 2,759.19 | $ 41,721.19 |

| **If paying by check or online banking bill payment,** please remit payment on receipt to the following address: | **If paying by wire,** please remit payment on receipt as follows: | |
|---|---|---|
| PO Box 601879<br>Charlotte, North Carolina 28260-1879<br><br>Please *do not* use the above address for trust funds or retainer payments. Please send all trust funds and retainer payments directly to One West Fourth Street, Winston-Salem, NC 27101. | Wells Fargo Bank, N.A.<br>1525 W.T. Harris Blvd.<br>Charlotte, NC 28288<br>ABA no. 1 2 1 0 0 0 2 4 8<br>Swift Code: W F B I U S 6 S | For Credit To:<br>Womble Carlyle Sandridge & Rice, LLP<br>One West Fourth Street<br>Winston-Salem, NC 27101<br>Account no. 2 0 8 7 3 1 1 0 4 0 4 0 8 |
| | PLEASE include our bill # and 10-digit client/matter# on EFT, or e-mail remittance advice to AccountsReceivable@wcsr.com. | |
| **Tax Identification Number 56-0308470** | | |

## ITEMIZED SERVICES BILL FOR 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| 09/03/2012 | Work on document production; prepare correspondence to opposing counsel | Shaw, Stephen F. | 0.80 | $ 188.00 [1, 2] |
| 09/04/2012 | Conference with Stephen Shaw regarding summary judgment strategy and document production; work on upcoming summary judgment motion; review opposition brief from L&L on motion to complete remaining depositions | Burke, Charles A. | 2.50 | $ 1,312.50 [1, 2, 14] |
| 09/04/2012 | Prepare documents for productions; prepare letter to opposing counsel regarding same; continue to work on draft of summary judgment motion; read and consider Opposition filed to our Motion for Extension of Discovery Period | Shaw, Stephen F. | 3.80 | $ 893.00 [1, 2] |
| 09/05/2012 | ▅▅▅▅▅▅▅▅ telephone conferences with Stephen regarding pending projects and strategic decisions; evaluate issues underlying possible contact with newly uncovered witness and discuss with DJ Mason | Burke, Charles A. | 0.80 | $ 420.00 [1, 14, 15] |
| 09/05/2012 | Draft section of summary judgment motion on dishonored draft claim | Shaw, Stephen F. | 0.80 | $ 188.00 |
| 09/05/2012 | Review status of potential witness with Charles and evaluate ethical issues | Shaw, Stephen F. | 0.40 | $ 94.00 |
| 09/06/2012 | Work on research and analysis for summary judgment motion, including conferences with DJ Mason and Stephen Shaw regarding various strategy issues | Burke, Charles A. | 1.00 | $ 525.00 [1, 14] |
| 09/06/2012 | Consider L & L's discovery responses relating to damages; communications with Stephen Shaw regarding L & L's clarification, if any, of damages theories; work on arguments for summary judgment on damages; | Mason, Robert D. | 4.60 | $ 2,070.00 [1] |
| 09/06/2012 | Research on negotiable instruments; research basis for L&L damages claim; advise DJ Mason regarding same in order to prepare section of summary judgment brief | Shaw, Stephen F. | 2.30 | $ 540.50 [1] |
| 09/07/2012 | Review several court filings from Wings on pending motions; review demand letter from opposing counsel regarding supplemental document production demand; provide input to Stephen Shaw regarding new discovery issues raised by L&L | Burke, Charles A. | 1.40 | $ 735.00 [1, 11] |

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| 09/07/2012 | Review recently filed Motions by L&L; consider whether and how best to respond and confer with Charles Burke; conference with opposing counsel regarding document production and scheduling adjustment to summary judgment motions due at the end of the month; | Shaw, Stephen F. | 1.00 | $ 235.00  [1, 14] |
| 09/07/2012 | Draft additional fact sections of summary judgment brief; research material breach of contract issues | Shaw, Stephen F. | 1.60 | $ 376.00  [1] |
| 09/10/2012 | Provide direction regarding strategy for seeking consent to extend deadlines for summary judgment motions | Burke, Charles A. | 0.30 | $ 157.50  [2] |
| 09/10/2012 | Communications with Stephen Shaw regarding strategy for motion to extend discovery deadlines | Mason, Robert D. | 0.30 | $ 135.00 |
| 09/10/2012 | Work on opposition to L&L's Third Motion to Strike | Shaw, Stephen F. | 2.70 | $ 634.50  [2] |
| 09/10/2012 | Conference with opposing counsel regarding motion for extension of time to file dispositive motions; confer with Charles Burke; prepare motion regarding same | Shaw, Stephen F. | 1.30 | $ 305.50  [1, 2, 14] |
| 09/11/2012 | Finalize document production; review and consider opposition brief to motion to compel filed yesterday by L&L; ███████████ | Shaw, Stephen F. | 0.80 | $ 188.00  [1, 15] |
| 09/11/2012 | Continue to research and draft motion to extend the deadline for filing dispositive motions | Shaw, Stephen F. | 2.40 | $ 564.00 |
| 09/12/2012 | Review summary of law on claim to recover Beach Mart profits; evaluate grounds for a motion for summary judgment on defendant's profits claim and discuss with DJ Mason; review status of various pending discovery disputes; outline grounds for motion relating to Wings' effort to continue Israel's deposition | Burke, Charles A. | 1.80 | $ 945.00  [1, 14] |
| 09/12/2012 | Review and serve additional document production on L&L | Shaw, Stephen F. | 1.10 | $ 258.50  [1, 4] |
| 09/13/2012 | Complete Motion and supporting Brief for extension of deadline for summary judgment motions; review same with Charles Burke; revisions thereto; send same to opposing counsel for comments prior to filing; outline Motion for Extension of Time related to Opposition Brief to L&L's First Motion to Strike | Shaw, Stephen F. | 1.40 | $ 329.00  [1, 14] |

Page 3

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| | and discuss same with Charles Burke | | | |
| 09/14/2012 | Conference with Stephen Shaw regarding strategy on extension motion; revise outline of points in opposition to motion to compel continuation of Israel's deposition; work on summary judgment issues | Burke, Charles A. | 2.20 | $ 1,155.00 |
| | | | | 1, 2, 14 |
| 09/14/2012 | Conference with opposing counsel regarding motion for extension of time; advise Charles Burke regarding same; revise motion and supporting memorandum to reflect that L&L reneged on agreement to not oppose; revise motion in attempt to resolve dispute with opposing counsel | Shaw, Stephen F. | 1.60 | 1, 11 $ 376.00 |
| 09/17/2012 | Research and draft section of summary judgment brief on willfulness requirement to award of Beach Mart's profits | Shaw, Stephen F. | 2.60 | 1 $ 611.00 |
| 09/17/2012 | Research and draft section of summary judgment brief on dishonored draft for $500,000; revise and edit brief, adding table of contents and index of exhibits; review and consider correspondence from opposing counsel regarding questioning of Israel Golasa's citizenship and marital status; research potential opposition and advise Charles regarding same | Shaw, Stephen F. | 2.10 | $ 493.50 1, 12 |
| 09/17/2012 | Review email communication regarding depositions | Sharpe, Victoria A.* | 0.20 | 2 $ 43.00 |
| 09/18/2012 | Exchange messages with opposing counsel regarding dispute over Israel's deposition and follow up with Stephen Shaw; outline grounds for opposition to motion to compel Israel's deposition | Burke, Charles A. | 0.80 | 1 $ 420.00 |
| 09/18/2012 | Discuss summary judgment motion and consider various supporting arguments on limitations of L&L's damages with DJ Mason | Shaw, Stephen F. | 0.30 | 14 $ 70.50 |
| 09/19/2012 | Review letter from opposing counsel on dispute over Israel's deposition; telephone conference with court reporter regarding preparation of a transcript of Israel's deposition; review letter from opposing counsel on request for updated financials and provide guidance to Stephen Shaw | Burke, Charles A. | 0.60 | 1 $ 315.00 |
| 09/19/2012 | Review email communication from Charles Burke regarding deposition testimony; | Sharpe, Victoria A.* | 0.10 | $ 21.50 |
| 09/20/2012 | Work on summary judgment motion | Burke, Charles A. | 1.80 | $ 945.00 |
| | | | | 2 |

Page 4

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| 09/20/2012 | Review scope of summary judgment brief with DJ Mason; continue to draft same | Shaw, Stephen F. | 0.20 | $ 47.00 |
| 09/21/2012 | Work on motion for summary judgment | Shaw, Stephen F. | 1.30 | [2] $ 305.50 |
| 09/22/2012 | Work on summary judgment brief | Shaw, Stephen F. | 1.70 | [2] $ 399.50 |
| 09/23/2012 | Complete initial draft of summary judgment brief and send to Charles Burke | Shaw, Stephen F. | 3.10 | $ 728.50 |
| 09/24/2012 | Conference with Stephen Shaw regarding strategy on various pending matters; review revised draft of summary judgment brief and provide comments | Burke, Charles A. | 1.00 | [1, 14] $ 525.00 |
| 09/24/2012 | Continue to draft and revise initial version of motion for summary judgment; meet with Charles to discuss same; review comments and instructions from Charles Burke on completing summary judgment motion; ▮▮▮▮▮▮▮▮ continue to revise and complete summary judgment motion | Shaw, Stephen F. | 3.70 | [1, 14, 15] $ 869.50 |
| 09/25/2012 | Work on revised portions of summary judgment brief and send to Stephen Shaw; review motion to compel filed by Wings and work on outline of motion for protective order | Burke, Charles A. | 2.40 | [1] $ 1,260.00 |
| 09/25/2012 | Continue to revise and edit draft of brief in support of summary judgment motion; additional legal research on various issues | Shaw, Stephen F. | 2.50 | [1] $ 587.50 |
| 09/25/2012 | Discuss need for motion for extension of page limit with DJ Mason and Charles Burke; recieve instructions from Charles Burke regarding additional material for fact section of brief; continue to draft fact section of brief with citations to supporting facts | Shaw, Stephen F. | 3.30 | [1, 14] $ 775.50 |
| 09/26/2012 | Work throughout the day with Stephen Shaw to revise the summary judgment brief and compile evidence and argument in support of motion for summary judgment; review briefs on pending motions to compel; conference with DJ Mason regarding strategy for summary judgment motion as to claim for Beach Mart's profits | Burke, Charles A. | 4.80 | [1, 14] $ 2,520.00 |
| 09/26/2012 | Work on summary judgment arguments for exclusion of damages from case | Mason, Robert D. | 5.30 | [2] $ 2,385.00 |
| 09/26/2012 | Correspondence with opposing counsel regarding 2012 financial information; work on transcript of Israel Golasa's deposition; draft additional fact section for brief with citation to | Shaw, Stephen F. | 8.80 | [1, 2, 14] $ 2,068.00 |

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| | record; discuss same with Charles Burke; continue to revise and improve brief in support of motion for summary judgment | | | |
| 09/27/2012 | Review draft summary judgment brief and provide revisions to Stephen Shaw | Burke, Charles A. | 1.80 | $ 945.00 |
| 09/27/2012 | Work throughout the day to finish revisions and additions to motion for summary judgment; prepare declaration for Israel Golasa and Yaniv Dresner | Shaw, Stephen F. | 10.70 | 1, 6 $ 2,514.50 |
| 09/28/2012 | Review draft summary judgment brief and declarations and work on revisions; review revised version of summary judgment documents and provide input to Stephen Shaw; review summary judgment motion filed by Wings | Burke, Charles A. | 4.80 | 1, $ 2,520.00 |
| 09/28/2012 | Finalize motion for summary judgment, memorandum in support, declarations and supporting exhibits; review same with Charles Burke and file same with Court in advance of deadline for dispositive motions | Shaw, Stephen F. | 3.40 | 1, 4 $ 799.00 |
| 09/28/2012 | Work throughout the day to: complete declarations; to revise and complete final draft of brief supporting summary judgment; prepare motion for summary judgment; collect and prepare all exhibits and incorporate citations to same in brief | Shaw, Stephen F. | 8.80 | 1, 12 $ 2,068.00 |
| 09/29/2012 | Study Wings' summary judgment motion and work on development and outline of all legal and factual arguments for the opposition brief | Burke, Charles A. | 4.00 | $ 2,100.00 |
| | | **Total for Services:** | | $ 38,962.00 |

\* If an asterisk appears above, it designates a Legal Assistant or other non-lawyer professional.

## DISBURSEMENTS AND OTHER CHARGES FOR 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)

| Date: | Description: | Amount: |
|---|---|---|
| Jul 17, 2012 | Business Meal Burke, Charles 07/17/2012 Wilmington, NC - deposition of Wings store managers - dinner | $ 25.00 |
| Jul 17, 2012 | Travel Expense (Mileage) Burke, Charles 07/17/2012-07/19/2012 Wilmington, NC - deposition of Wings store managers | $ 261.74 |
| Jul 17, 2012 | Lodging Burke, Charles 07/17/2012 Wilmington, NC - deposition of Wings store managers | $ 224.87 |

**DISBURSEMENTS AND OTHER CHARGES FOR 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)**

| | | |
|---|---|---|
| Jul 18, 2012 | Business Meal<br>Burke, Charles 07/18/2012  Wilmington, NC - deposition of Wings store managers - bkfst | $ 10.00 |
| Jul 18, 2012 | Business Meal<br>Burke, Charles 07/18/2012  Wilmington, NC - deposition of Wings store managers<br>Charles Burke/Stephen Shaw  - strategy lunch - panera | $ 25.00 |
| Jul 18, 2012 | Business Meal<br>Burke, Charles 07/18/2012  Wilmington, NC - deposition of Wings store managers - dinner | $ 22.00 |
| Jul 19, 2012 | Business Meal<br>Burke, Charles 07/19/2012  Wilmington, NC - deposition of Wings store managers - bkfst | $ 7.00 |
| Jul 19, 2012 | Business Meal<br>Burke, Charles 07/19/2012  Wilmington, NC - deposition of Wings store managers - lunch | $ 14.00 |
| Jul 19, 2012 | Business Meal<br>Burke, Charles 07/19/2012  Wilmington, NC - deposition of Wings store managers - dinner | $ 21.00 |
| Aug 13, 2012 | Business Meal<br>Cafe Meridian - lunch for Beach Mart deposition | $ 71.70 |
| Aug 21, 2012 | Business Meal<br>Burke, Charles 08/21/2012 San Diego, CA - meetings and expert deposition of Wes Anson  - Dinner | $ 25.00 |
| Aug 22, 2012 | Business Meal<br>Burke, Charles 08/22/2012  San Diego, CA - meetings and expert deposition of Wes Anson -  bkfst | $ 14.00 |
| Aug 22, 2012 | Business Meal<br>Burke, Charles 08/22/2012  San Diego, CA - meetings and expert deposition of Wes Anson -  dinner | $ 25.00 |
| Aug 22, 2012 | Miscellaneous<br>Burke, Charles 08/22/2012 San Diego, CA - meetings and expert deposition of Wes Anson  - Hotel conference room for meetings with expert - Hotel Parisi | $ 307.23 |
| Aug 23, 2012 | Business Meal<br>Burke, Charles 08/23/2012  San Diego, CA - meetings and expert deposition of Wes Anson -  bkfst | $ 14.00 |
| Aug 23, 2012 | Business Meal<br>Burke, Charles 08/23/2012  San Diego, CA - meetings and expert deposition of Wes Anson  - Harry's Bar | $ 42.00 |
| Aug 23, 2012 | Business Meal<br>Burke, Charles 08/23/2012  San Diego, CA - meetings and expert deposition of Wes Anson -  dinner | $ 25.00 |
| Aug 23, 2012 | Travel Expense (Parking)<br>Burke, Charles 08/23/2012-08/24/2012  San Diego, CA - meetings and expert | $ 77.00 |

Case 2:14-cv-00008-FL    Document 91-1    Filed 03/10/21    Page 124 of 184

## DISBURSEMENTS AND OTHER CHARGES FOR 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)

| | | | |
|---|---|---|---|
| | | deposition of Wes Anson | |
| Aug 23, 2012 | Lodging | Burke, Charles 08/23/2012-08/24/2012  San Diego, CA - meetings and expert deposition of Wes Anson | $ 944.81 |
| Aug 23, 2012 | Hotel Parking | Burke, Charles 08/23/2012-08/24/2012  San Diego, CA - meetings and expert deposition of Wes Anson | $ 73.00 |
| Aug 24, 2012 | Tips | Burke, Charles 08/24/2012  San Diego, CA - meetings and expert deposition of Wes Anson  - other | $ 10.00 |
| Aug 24, 2012 | Business Meal | Burke, Charles 08/24/2012  San Diego, CA - meetings and expert deposition of Wes Anson -  bkfst | $ 9.50 |
| Aug 24, 2012 | Business Meal | Burke, Charles 08/24/2012  San Diego, CA - meetings and expert deposition of Wes Anson -  lunch | $ 17.50 |
| Aug 24, 2012 | Travel Expense (Mileage) | Burke, Charles 08/24/2012  San Diego, CA - meetings and expert deposition of Wes Anson | $ 94.35 |
| Aug 24, 2012 | Car Rental | Burke, Charles 08/24/2012  San Diego, CA - meetings and expert deposition of Wes Anson | $ 363.54 |
| Sep 11, 2012 | Express Delivery Charge | Federal Express Corporation; 798930567570; Ward & Smith, Joseph Schouten, RALEIGH, NC | 13   $ 15.29 |
| Sep 12, 2012 | Express Delivery Charge | Federal Express Corporation; 798948420504; WARD & SMITH, Joseph Schouten, RALEIGH, NC | 13   $ 7.86 |
| Sep 24, 2012 | Computer Research - Lexis | LEXIS LEGAL SERVICES - SEARCHES | 13   $ 11.60 |
| | Photocopies | | $ 0.20 |

**Total Disbursements:**    $ 2,759.19

## TIMEKEEPER SUMMARY FOR 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)

| Attorney: | Hours: | Amount: | Rate: |
|---|---|---|---|
| Burke, Charles A. | 32.00 | $ 16,800.00 | $ 525.00 |
| Mason, Robert D. | 10.20 | $ 4,590.00 | $ 450.00 |
| Shaw, Stephen F. | 74.50 | $ 17,507.50 | $ 235.00 |
| Sharpe, Victoria A.* | 0.30 | $ 64.50 | $ 215.00 |

Case 2:14-cv-00008-FL     Document 91-1     Filed 03/10/21     Page 125 of 184

**TIMEKEEPER SUMMARY FOR 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)**

| | **Totals:** | 117.00 | $ 38,962.00 |
|---|---|---|---|

\*   If an asterisk appears above, it designates a Legal Assistant or other non-lawyer professional.

End of matter: 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)

## Use of Legal Support Service Providers

In an effort to continue delivering cost effective services, WCSR uses legal support service providers located both inside and outside the U.S. to assist with help desk and technology issues, word processing, time entry, photocopying and other administrative tasks. In order for these service providers to complete these tasks, we must share certain client information. WCSR has made reasonable efforts to ensure that these services are performed in a manner that is consistent with our firm's obligations under the relevant Rules of Professional Conduct with regard to maintaining client confidentiality and supervision of non-lawyer assistants, and the firm bears responsibility for the resulting work product. As part of the engagement with the firm, you agree and consent to the use of the services of these providers in the manner stated above.

### Policy Regarding Business Meals and Entertainment Disbursements

Any disbursement appearing on our statements as Business Meals and Entertainment is stated at cost. The Revenue Reconciliation Act of 1993 reduced the deductibility of these expenses to you from 80% to 50%. We maintain the supporting documentation for these costs and will make the documentation available to you upon request.

### Payment of Vendor Invoices

Any disbursement denoted by a ** had not been paid at the time this Womble Carlyle invoice was issued. The vendor will be paid when payment is received on this Womble Carlyle invoice.

### WOMBLE CARLYLE SANDRIDGE & RICE, LLP

300 N. GREENE STREET
SUITE 1900
GREENSBORO, NORTH CAROLINA 27402
TELEPHONE (336) 574-8030
FACSIMILE (336) 574-4520

OTHER OFFICES:

ATLANTA, GA
BALTIMORE, MD
CHARLESTON, SC
CHARLOTTE, NC
COLUMBIA, SC
GREENVILLE, SC
RALEIGH, NC
RESEARCH TRIANGLE PARK, NC
SILICON VALLEY, CA
TYSONS CORNER, VA
WASHINGTON, D.C.
WILMINGTON, DE
WINSTON-SALEM, NC

November 16, 2012
03814
Bill Number 2273068
STATEMENT FOR SERVICES RENDERED

Israel Golasa
Beach Mart
P.O. Box 120
Kitty Hawk, NC  27949

| | |
|---|---|
| FOR PROFESSIONAL SERVICES RENDERED THROUGH 10/31/2012 | $95,857.50 |
| DISBURSEMENTS THROUGH 10/31/2012 | $114.48 |
| **CURRENT TOTAL** | **$95,971.98** |

| If paying by check or online banking bill payment, please remit payment on receipt to the following address: | If paying by wire, please remit payment on receipt as follows: | |
|---|---|---|
| PO Box 601879<br>Charlotte, North Carolina 28260-1879<br><br>**Please _do not_ use the above address for trust funds or retainer payments.** Please send all trust funds and retainer payments directly to One West Fourth Street, Winston-Salem, NC 27101. | Wells Fargo Bank, N.A.<br>1525 W.T. Harris Blvd.<br>Charlotte, NC 28288<br>ABA no. 1 2 1 0 0 0 2 4 8<br>Swift Code: W F B I U S 6 S | For Credit To:<br>Womble Carlyle Sandridge & Rice, LLP<br>One West Fourth Street<br>Winston-Salem, NC 27101<br>Account no. 2 0 8 7 3 1 1 0 4 0 4 0 8 |
| | PLEASE include our bill # and 10-digit client/matter# on EFT, or e-mail remittance advice to AccountsReceivable@wcsr.com. | |
| **Tax Identification Number 56-0308470** | | |

**IF PAYING BY CHECK, PLEASE RETURN THIS PAGE WITH PAYMENT**

**WOMBLE CARLYLE SANDRIDGE & RICE, LLP**
300 N. GREENE STREET
SUITE 1900
GREENSBORO, NORTH CAROLINA 27402
TELEPHONE (336) 574-8030
FACSIMILE (336) 574-4520

OTHER OFFICES:

ATLANTA, GA
BALTIMORE, MD
CHARLESTON, SC
CHARLOTTE, NC
COLUMBIA, SC
GREENVILLE, SC
RALEIGH, NC
RESEARCH TRIANGLE PARK, NC
SILICON VALLEY, CA
TYSONS CORNER, VA
WASHINGTON, D.C.
WILMINGTON, DE
WINSTON-SALEM, NC

November 16, 2012
03814
Bill Number 2273068
STATEMENT FOR SERVICES RENDERED

Israel Golasa
Beach Mart
P.O. Box 120
Kitty Hawk, NC  27949

| | |
|---|---:|
| FOR PROFESSIONAL SERVICES RENDERED THROUGH 10/31/2012 | $95,857.50 |
| DISBURSEMENTS THROUGH 10/31/2012 | $114.48 |
| **CURRENT TOTAL** | **$95,971.98** |

### MATTER SUMMARY

| Code | Matter Name | Fees | Disbursements | Matter Total |
|---|---|---:|---:|---:|
| 0007.7 | L&L Dispute (SUPER WINGS Trademark) | $ 95,857.50 | $ 114.48 | $ 95,971.98 |
| | Current Total: | $ 95,857.50 | $ 114.48 | $ 95,971.98 |

| **If paying by check or online banking bill payment,** please remit payment on receipt to the following address: | **If paying by wire,** please remit payment on receipt as follows: | |
|---|---|---|
| PO Box 601879<br>Charlotte, North Carolina 28260-1879<br><br>Please *do not* use the above address for trust funds or retainer payments. Please send all trust funds and retainer payments directly to One West Fourth Street, Winston-Salem, NC 27101. | Wells Fargo Bank, N.A.<br>1525 W.T. Harris Blvd.<br>Charlotte, NC 28288<br>ABA no. 1 2 1 0 0 0 2 4 8<br>Swift Code: W F B I U S 6 S | For Credit To:<br>Womble Carlyle Sandridge & Rice, LLP<br>One West Fourth Street<br>Winston-Salem, NC 27101<br>Account no. 2 0 8 7 3 1 1 0 4 0 4 0 8 |
| | PLEASE include our bill # and 10-digit client/matter# on EFT, or e-mail remittance advice to AccountsReceivable@wcsr.com. | |

**Tax Identification Number 56-0308470**

**ITEMIZED SERVICES BILL FOR 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)**

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| 10/01/2012 | Work on summary judgment opposition strategy and discuss with Stephen Shaw and Jake Wharton | Burke, Charles A. | 0.50 | 1, 14 $ 272.50 |
| 10/01/2012 | Work with Stephen Shaw on strategy for responding to L&L Wings' arguments in connection with motion for summary judgment | Otey, Tiffani D. | 0.50 | $ 137.50 |
| 10/01/2012 | Review L&L's filings for summary judgment and provide instructions to Jennifer Glosson for file; research and draft motion for extension of time; discuss framework for opposition to L&L's summary judgment motion with Charles Burke and review outline of same | Shaw, Stephen F. | 3.70 | 1, 10, 14 $ 925.00 |
| 10/01/2012 | Prepare opposition brief to L&L's second motion to strike; prepare motion for extension of time for filing previous opposition brief; ████████████ research and discuss with Tiffany Otey the common law trademark rights that Beach Mart may have established in Wings or Super Wings; | Shaw, Stephen F. | 5.30 | 1, 10, 15 $ 1,325.00 |
| 10/02/2012 | Work on opposition to L&L's motion for summary judgment; draft preliminary section of reply brief anticipating defenses that will be asserted by L&L | Shaw, Stephen F. | 2.60 | 1 $ 650.00 |
| 10/02/2012 | Legal research to determine basis to refuse as irrelevant and harassing L&L's request to compel further discovery and deposition regarding Israel Golasa's immigration status and marital history; review motion to compel and outline response | Shaw, Stephen F. | 4.30 | 1, 10 $ 1,075.00 |
| 10/03/2012 | Legal research on standard for motion to terminate deposition due to abusive and harassing questioning | Shaw, Stephen F. | 2.60 | $ 650.00 |
| 10/03/2012 | Draft motion for protective order and opposition to motion to compel | Shaw, Stephen F. | 5.40 | $ 1,350.00 |
| 10/04/2012 | Review and consider in detail arguments presented in L&L's motion for summary judgment; work on outline of opposition to L&L's motion for summary judgment; research various issues of contract law related to absence of any breach by Beach Mart | Shaw, Stephen F. | 4.60 | 1, 10 $ 1,150.00 |
| 10/04/2012 | Complete draft of joint memorandum of law supporting our motion for protective order and terminating L&L's deposition of Israel Golasa, and opposing L&L's motion to compel further | Shaw, Stephen F. | 2.30 | $ 575.00 |

Page 2

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| | deposition of Mr. Golasa | | | |
| 10/05/2012 | Conference with Stephen Shaw regarding strategy on summary judgment opposition and motion for protective order; review draft brief in support of motion for protective order and in opposition to motion to compel, and begin work on revisions; review court order on discovery motions; review deposition testimony to support the protective order motion | Burke, Charles A. | 3.20 | 1, 14 $ 1,744.00 |
| 10/05/2012 | Meeting with Stephen Shaw regarding strategies for opposition to L&L's motion for summary judgment | Wharton, Jacob S. | 0.60 | 14 $ 240.00 |
| 10/05/2012 | Conference with Jake Wharton to discuss section of opposition brief on trademark rights established by Beach; discuss various key contract issues to raise in opposition brief with Charles Burke | Shaw, Stephen F. | 1.10 | 14 $ 275.00 |
| 10/05/2012 | Continue to study L&L's motion for summary judgment; legal research on various issues of contract law related to rights of termination, substantial performance, interpretation of a contract term as a duty rather than a condition precedent; summarize points of law and potential responses to several arguments raised by L&L | Shaw, Stephen F. | 4.30 | 1, 10 $ 1,075.00 |
| 10/06/2012 | Review and consider order of the court granting extension of time for various discovery matters | Shaw, Stephen F. | 0.30 | $ 75.00 |
| 10/07/2012 | Continue study of transcript of Israel's deposition to develop evidence to cite in briefing on pending discovery motions | Burke, Charles A. | 3.80 | $ 2,071.00 |
| 10/07/2012 | Work on opposition brief for L&L's motion for summary judgment; review L&L's claims to determine best approach for production of 2012 financial information | Shaw, Stephen F. | 2.10 | $ 525.00 |
| 10/08/2012 | Work on drafting sections of brief in support of motion for a protective order regarding Israel's deposition | Burke, Charles A. | 2.00 | $ 1,090.00 |
| 10/08/2012 | Communications regarding Beach Mart summary judgment brief | Mason, Robert D. | 0.20 | 2 $ 95.00 |
| 10/08/2012 | Work on motion for protective order; review video deposition of Israel Golasa and extract segments in support of motion; update facts section of memorandum to reflect need for earlier protective order and to incorporate | Shaw, Stephen F. | 3.30 | $ 825.00 / 1, 2 |

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| | additional facts from Charles Burke | | | |
| 10/08/2012 | Work on argument for brief opposing summary judgment motion filed by L&L | Shaw, Stephen F. | 1.90 | [2] $ 475.00 |
| 10/09/2012 | Work throughout the day on revisions to brief in support of motion for a protective order and in opposition to motion to compel | Burke, Charles A. | 4.80 | [2] $ 2,616.00 |
| 10/09/2012 | Communications with Charles Burke regarding taking deposition; communications regarding filing video depositions under seal | Mason, Robert D. | 0.30 | $ 142.50 |
| 10/09/2012 | Discuss alternative theories of termination rights and material breach with DJ Mason; further work to incorporate same in opposition to L&L's motion for summary judgment; finalize brief in opposition to motion to compel | Shaw, Stephen F. | 4.50 | [1, 14] $ 1,125.00 |
| 10/10/2012 | Work on revisions to two briefs due to be filed tomorrow; review draft motion from opposing counsel to modify deadlines; exchange messages with opposing counsel regarding depositions and proposed motion; work on summary judgment opposition brief | Burke, Charles A. | 3.80 | [1, 2] $ 2,071.00 |
| 10/10/2012 | Continue to research, revise and complete brief in support of Motion for Protective Order; further work on Opposition Brief to L&L's Motion to Compel Additional Deposition of Israel Golasa; continue to review deposition testimony of Israel Golasa to support same; research and prepare argument for Opposition brief responding to L&L's Motion for Summary Judgment; correspondence with opposing counsel regarding production of additional financial information | Shaw, Stephen F. | 7.10 | [1, 10] $ 1,775.00 |
| 10/11/2012 | Work throughout the day on drafts of the brief in opposition to L&L's motion for summary judgment; work with Stephen Shaw to finalize motion for protective order and opposition to motion to compel | Burke, Charles A. | 6.80 | [1, 2] $ 3,706.00 |
| 10/11/2012 | Communications with Charles Burke regarding handling deposition in New York | Mason, Robert D. | 0.20 | $ 95.00 |
| 10/11/2012 | Finalize Memorandum of Law in Support of Motion for Protective Order for Israel Golasa with supporting exhibits; complete Opposition Brief for L&L's Motion to Compel further deposition questioning of Israel Golasa; discuss filing of same with Charles Burke; file same with Court and submit copies of DVDs to court and opposing counsel; discuss status of the case and deposition with Wes Anson and | Shaw, Stephen F. | 6.60 | [1, 4, 14] $ 1,650.00 |

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| | provide update | | | |
| 10/11/2012 | Compile documents for review in preparation for today's filings | Brandt, Kimberly W.* | 1.00 | 7 $ 75.00 |
| 10/12/2012 | Work on summary judgment opposition and discuss strategy with Stephen Shaw | Burke, Charles A. | 2.00 | 1, 2, 14 $ 1,090.00 |
| 10/12/2012 | Communications with Stephen Shaw regarding draft of response to L & L's motion for summary judgment | Mason, Robert D. | 0.20 | $ 95.00 |
| 10/12/2012 | Work on brief in opposition to L&L's Motion for Summary Judgment | Shaw, Stephen F. | 1.70 | 2 $ 425.00 |
| 10/15/2012 | Provide input to Stephen Shaw regarding strategy on summary judgment motion; conference with DJ Mason regarding deposition strategy | Burke, Charles A. | 0.50 | 1, 14 $ 272.50 |
| 10/15/2012 | Begin review of 30(b)(6) depositions of L & L for summary judgment briefing and upcoming depositions; communications regarding exhibits for upcoming deposition | Mason, Robert D. | 3.10 | 1, 2 $ 1,472.50 |
| 10/15/2012 | Continue to work on opposition brief; discuss same with Charles Burke; review instructions from Charles Burke for additional argument to raise in Opposition | Shaw, Stephen F. | 4.30 | 1, 2, 11, 14 $ 1,075.00 |
| 10/16/2012 | Communications with Stephen Shaw regarding strategy for response to motion for summary judgment; continue review of 30(b)(6) deposition | Mason, Robert D. | 1.30 | 1 $ 617.50 |
| 10/16/2012 | Legal research regarding establishment of common law trademark rights and ability to co-exist with similar mark owner in different geographic locations | Wharton, Jacob S. | 0.30 | $ 120.00 |
| 10/16/2012 | Continue to draft brief in opposition to L&L's motion for summary judgment | Shaw, Stephen F. | 6.90 | $ 1,725.00 |
| 10/16/2012 | Conference with D.J. Mason regarding deposition material; compile and prepare materials for D.J. Mason's review | Sharpe, Victoria A.* | 0.70 | 1, 14 $ 161.00 |
| 10/17/2012 | Work throughout the day on opposition to Wings' summary judgment motion; conferences with DJ Mason and Stephen Shaw regarding various strategy issues underlying the summary judgment motion | Burke, Charles A. | 6.80 | 1, 14 $ 3,706.00 |
| 10/17/2012 | Continue to draft and revise arguments for opposition brief; legal research on various issues related to same; work with Charles Burke on necessary exhibits to include | Shaw, Stephen F. | 6.80 | 1, 2, 10 $ 1,700.00 |

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| 10/17/2012 | Conference with Stephen Shaw regarding data export; research data export | Sharpe, Victoria A.* | 0.60 | [1, 4, 14] $ 138.00 |
| 10/18/2012 | Work throughout the day on drafting summary judgment opposition brief; provide input to Stephen Shaw regarding terms of negotiations with opposing counsel; prepare drafts of client declarations | Burke, Charles A. | 7.50 | [1] $ 4,087.50 |
| 10/18/2012 | Communication with Stephen Shaw regarding assistance with arguments in opposition to L & L's summary judgment brief; consider current draft of response to motion for summary judgment brief and offer suggestions on arguments; research for additional arguments for response | Mason, Robert D. | 3.60 | [1, 10] $ 1,710.00 |
| 10/18/2012 | Work on summary judgment brief | Wharton, Jacob S. | 2.50 | [2] $ 1,000.00 |
| 10/18/2012 | ▇▇▇▇▇▇▇▇▇▇ communications with opposing counsel to coordinate upcoming depositions pursuant to recent court order; advise Charles Burke regarding same; communications with Mike Glassman to coordinate deposition | Shaw, Stephen F. | 0.80 | [1, 15] $ 200.00 |
| 10/18/2012 | Work throughout the day to complete opposition brief | Shaw, Stephen F. | 9.10 | [2] $ 2,275.00 |
| 10/19/2012 | Work throughout the day on brief in opposition to Wings motion for summary judgment; work on drafts of affidavits to support opposition | Burke, Charles A. | 8.50 | [1, 2] $ 4,632.50 |
| 10/19/2012 | Work on arguments that Beach Mart's affirmative defenses bar summary judgment for L & L | Mason, Robert D. | 4.30 | [2] $ 2,042.50 |
| 10/19/2012 | Continue work on summary judgment brief | Wharton, Jacob S. | 0.30 | [2] $ 120.00 |
| 10/19/2012 | Continue to revise opposition brief and review edits with Charles Burke | Shaw, Stephen F. | 2.10 | $ 525.00 |
| 10/19/2012 | Legal research to support additional points raised in opposition brief | Shaw, Stephen F. | 3.90 | [10] $ 975.00 |
| 10/20/2012 | Study deposition testimony to support summary judgment opposition; prepare written summary of key portions of the Martinez deposition | Burke, Charles A. | 5.70 | [1] $ 3,106.50 |
| 10/20/2012 | Communications with Charles Burke regarding evidence supporting unclean hands and bad faith; work on arguments in opposition to motion for summary judgment | Mason, Robert D. | 3.50 | [1, 2] $ 1,662.50 |
| 10/20/2012 | Review and revise final draft of opposition | Shaw, Stephen F. | 3.40 | [1, 12] $ 850.00 |

Case 2:14-cv-00008-FL   Document 91-1   Filed 03/10/21   Page 134 of 184

| Date: | Description: | Attorney: | Hours: | Amount: |
|-------|-------------|-----------|--------|---------|
| | brief; complete citations to fact record; finalize declarations for Israel and Yaniv | | | |
| 10/21/2012 | Work on revisions to the brief in opposition to summary judgment | Burke, Charles A. | 4.00 | $ 2,180.00 |
| 10/21/2012 | Work on sections of response to L & L's motion for summary judgment on waiver, estoppel, and unclean hands | Mason, Robert D. | 6.40 | $ 3,040.00 |
| 10/21/2012 | Complete citations to fact record and final work on brief; send same to Charles Burke for review; work to finalize Drezner's declarations and supporting exhibits; prepare index of exhibits and prepare for filing | Shaw, Stephen F. | 2.70 | **1, 12** $ 675.00 |
| 10/21/2012 | Review and revise final draft of opposition brief; work on additional citations to fact record; finalize declarations for Israel and Yaniv | Shaw, Stephen F. | 1.30 | **1, 12** $ 325.00 |
| 10/22/2012 | Work throughout the day and evening to complete the brief, declarations, and evidence in opposition to Wings' motion for summary judgment; initial review of Wings' brief in opposition to Beach Mart's motion for summary judgment | Burke, Charles A. | 15.40 | **1, 2, 6** $ 8,393.00 |
| 10/22/2012 | Revise and complete opposition brief, supporting exhibits and declarations; file same with court | Shaw, Stephen F. | 14.30 | **1, 4, 6** $ 3,575.00 |
| 10/22/2012 | Conference with Stephen Shaw regarding preparation of exhibits; work on exhibits to brief; draft index of exhibits to attach to brief | Sharpe, Victoria A.* | 4.10 | **1, 14** $ 943.00 |
| 10/23/2012 | Study opposition to motion for summary judgment filed by Wings; work on outline of arguments for reply brief in support of Beach Mart's summary judgment motion; review final brief filed yesterday in opposition to Wings' motion | Burke, Charles A. | 2.80 | **1** $ 1,526.00 |
| 10/23/2012 | Review filed version of summary judgment brief for trial preparation | Mason, Robert D. | 0.50 | $ 237.50 |
| 10/23/2012 | Brief review of L&L's opposition brief to our motion for summary judgment; begin to strategize framework of reply brief | Shaw, Stephen F. | 0.70 | $ 175.00 |
| 10/24/2012 | Work on reply in support of Beach Mart's motion for summary judgment | Burke, Charles A. | 1.60 | **2** $ 872.00 |
| 10/24/2012 | Work on Reply Brief and various outstanding discovery matters | Shaw, Stephen F. | 1.10 | **2** $ 275.00 |
| 10/25/2012 | Conduct detailed review of L&L's Opposition | Shaw, Stephen F. | 2.20 | $ 550.00 |

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| | Brief and prepare notes to assist with Reply Brief | | | |
| 10/26/2012 | Work on issues relating to the summary judgment reply brief and discuss strategy and arguments with Stephen Shaw; review draft motion from opposing counsel and provide updates | Burke, Charles A. | 3.20 | 1, 14 $ 1,744.00 |
| 10/26/2012 | Discuss strategy for Reply Brief with Charles Burke and outline arguments to raise in Reply Brief | Shaw, Stephen F. | 1.10 | 1, 14 $ 275.00 |
| 10/28/2012 | Continue to work on Reply Brief for Summary Judgment | Shaw, Stephen F. | 1.40 | 2 $ 350.00 |
| 10/29/2012 | Study Wings' opposition to motion to discontinue Israel's deposition | Burke, Charles A. | 0.50 | $ 272.50 |
| 10/29/2012 | Additional work on Reply Brief; work with Wendy Ray on production of financial information in electronic format; discuss extension of deadline with opposing counsel; prepare motion for six-day extension of deadline and confer with opposing counsel; file motion for extension of time; continue to work on producible format of financial information | Shaw, Stephen F. | 2.90 | 1, 2, 4 $ 725.00 |
| 10/29/2012 | Review and consider arguments presented by L&L in opposition to Motion for Protective Order terminating deposition of Israel Golasa | Shaw, Stephen F. | 0.40 | $ 100.00 |
| 10/29/2012 | Prepare notice of deposition for Meir Levy; send same to opposing counsel | Brandt, Kimberly W.* | 0.50 | 7 $ 37.50 |
| 10/30/2012 | Communications regarding L & L's opposition brief and preparation of portion of reply brief; consider L & L's opposition brief | Mason, Robert D. | 0.60 | 1, 2 $ 285.00 |
| 10/30/2012 | Research various issues to support arguments in Reply Brief; continue to draft reply brief for Charles Burke's review; provide instructions to DJ Mason regarding assistance with Reply Brief | Shaw, Stephen F. | 4.90 | 1, 10, 11 $ 1,225.00 |
| 10/30/2012 | Continue to work with Wendy Ray to produce financial information ordered by the court; review electronic files provided by Wendy Ray to prepare for production; discuss issue of electronic information with Don Eglinton to determine precise format required | Shaw, Stephen F. | 1.20 | 1 $ 300.00 |
| 10/31/2012 | Work on arguments against L & L's damages claims for reply brief | Mason, Robert D. | 2.50 | 2 $ 1,187.50 |
| 10/31/2012 | Continue to draft Reply Brief | Shaw, Stephen F. | 1.70 | $ 425.00 |

Beach Mart
L&L Dispute (SUPER WINGS Trademark)

03814.0007.7/2273068

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| 10/31/2012 | Additional research on aspects of naked licensing raised in L&L's opposition brief; discuss section of reply brief on issue of damage claims with DJ Mason | Shaw, Stephen F. | 2.10  1, 2, 14 | $ 525.00 |

|  |  | **Total for Services:** | $ 95,857.50 |
|---|---|---|---|

\*   If an asterisk appears above, it designates a Legal Assistant or other non-lawyer professional.

### DISBURSEMENTS AND OTHER CHARGES FOR 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)

| Date: | Description: | Amount: |
|---|---|---|
| Oct 11, 2012 | Express Delivery Charge<br>Federal Express Corporation; 799173614727; c/o Julie Richards, Clerk -- E, Judge James C.  Fox, RALEIGH, NC  13 | $ 12.80 |
| Oct 11, 2012 | Express Delivery Charge<br>Federal Express Corporation; 799174055267; Ward and Smith, PA, Donald J.  Eglinton, NEW BERN, NC | $ 12.80 |
| Oct 16, 2012 | Computer Research - Lexis<br>LEXIS LEGAL SERVICES - SEARCHES  13 | $ 15.25 |
| Oct 22, 2012 | Business Meal<br>Burke, Charles 10/22/2012  Winston-Salem, NC - Working dinner while completing summary judgment brief   - Charles Burke; Jake Wharton; Kim Brandt -   - Burke Street Pizza  13 | $ 37.06 |
| Oct 22, 2012 | Business Meal<br>Burke, Charles 10/22/2012  Winston-Salem, NC - Working dinner while completing summary judgment brief -  Starbucks | $ 5.17 |
| Oct 22, 2012 | Computer Research - Lexis<br>LEXIS LEGAL SERVICES - SEARCHES  13 | $ 30.51 |
| Oct 22, 2012 | Computer Research - Lexis<br>LEXIS LEGAL SERVICES - SINGLE DOCUMENT RETRIEVAL | $ 0.89 |

|  | **Total Disbursements:** | $ 114.48 |
|---|---|---|

### TIMEKEEPER SUMMARY FOR 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)

| Attorney: | Hours: | Amount: | Rate: |
|---|---|---|---|
| Burke, Charles A. | 83.40 | $ 45,453.00 | $ 545.00 |
| Mason, Robert D. | 26.70 | $ 12,682.50 | $ 475.00 |
| Wharton, Jacob S. | 3.70 | $ 1,480.00 | $ 400.00 |
| Otey, Tiffani D. | 0.50 | $ 137.50 | $ 275.00 |
| Shaw, Stephen F. | 139.00 | $ 34,750.00 | $ 250.00 |

**TIMEKEEPER SUMMARY FOR 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)**

| | | | |
|---|---|---|---|
| Sharpe, Victoria A.* | 5.40 | $ 1,242.00 | $ 230.00 |
| Brandt, Kimberly W.* | 1.50 | $ 112.50 | $ 75.00 |
| **Totals:** | 260.20 | $ 95,857.50 | |

\*    If an asterisk appears above, it designates a Legal Assistant or other non-lawyer professional.

End of matter: 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)

### Use of Legal Support Service Providers

In an effort to continue delivering cost effective services, WCSR uses legal support service providers located both inside and outside the U.S. to assist with help desk and technology issues, word processing, time entry, photocopying and other administrative tasks. In order for these service providers to complete these tasks, we must share certain client information. WCSR has made reasonable efforts to ensure that these services are performed in a manner that is consistent with our firm's obligations under the relevant Rules of Professional Conduct with regard to maintaining client confidentiality and supervision of non-lawyer assistants, and the firm bears responsibility for the resulting work product. As part of the engagement with the firm, you agree and consent to the use of the services of these providers in the manner stated above.

Case 2:14-cv-00008-FL    Document 91-1    Filed 03/10/21    Page 138 of 184

### Policy Regarding Business Meals and Entertainment Disbursements

Any disbursement appearing on our statements as Business Meals and Entertainment is stated at cost. The Revenue Reconciliation Act of 1993 reduced the deductibility of these expenses to you from 80% to 50%. We maintain the supporting documentation for these costs and will make the documentation available to you upon request.

### Payment of Vendor Invoices

Any disbursement denoted by a ** had not been paid at the time this Womble Carlyle invoice was issued. The vendor will be paid when payment is received on this Womble Carlyle invoice.

**WOMBLE CARLYLE SANDRIDGE & RICE, LLP**
300 N. GREENE STREET
SUITE 1900
GREENSBORO, NORTH CAROLINA 27402
TELEPHONE (336) 574-8030
FACSIMILE (336) 574-4520

OTHER OFFICES:
_____

ATLANTA, GA
BALTIMORE, MD
CHARLESTON, SC
CHARLOTTE, NC
COLUMBIA, SC
GREENVILLE, SC
RALEIGH, NC
RESEARCH TRIANGLE PARK, NC
SILICON VALLEY, CA
TYSONS CORNER, VA
WASHINGTON, D.C.
WILMINGTON, DE
WINSTON-SALEM, NC

December 12, 2012
03814
Bill Number 2276777
STATEMENT FOR SERVICES RENDERED

Israel Golasa
Beach Mart
P.O. Box 120
Kitty Hawk, NC  27949

| | |
|---|---:|
| FOR PROFESSIONAL SERVICES RENDERED THROUGH 11/30/2012 | $45,245.00 |
| DISBURSEMENTS THROUGH 11/30/2012 | $5,281.60 |
| **CURRENT TOTAL** | **$50,526.60** |

| **If paying by check or online banking bill payment,** please remit payment on receipt to the following address: | **If paying by wire,** please remit payment on receipt as follows: | |
|---|---|---|
| PO Box 601879<br>Charlotte, North Carolina 28260-1879<br><br>**Please *do not* use the above address for trust funds or retainer payments.** Please send all trust funds and retainer payments directly to One West Fourth Street, Winston-Salem, NC 27101. | Wells Fargo Bank, N.A.<br>1525 W.T. Harris Blvd.<br>Charlotte, NC 28288<br>ABA no. 1 2 1 0 0 0 2 4 8<br>Swift Code: W F B I U S 6 S | For Credit To:<br>Womble Carlyle Sandridge & Rice, LLP<br>One West Fourth Street<br>Winston-Salem, NC 27101<br>Account no. 2 0 8 7 3 1 1 0 4 0 4 0 8 |
| | PLEASE Include our bill # and 10-digit client/matter# on EFT, or e-mail remittance advice to AccountsReceivable@wcsr.com. | |
| **Tax Identification Number 56-0308470** | | |

**IF PAYING BY CHECK, PLEASE RETURN THIS PAGE WITH PAYMENT**

## WOMBLE CARLYLE SANDRIDGE & RICE, LLP
300 N. GREENE STREET
SUITE 1900
GREENSBORO, NORTH CAROLINA 27402
TELEPHONE (336) 574-8030
FACSIMILE (336) 574-4520

OTHER OFFICES:

ATLANTA, GA
BALTIMORE, MD
CHARLESTON, SC
CHARLOTTE, NC
COLUMBIA, SC
GREENVILLE, SC
RALEIGH, NC
RESEARCH TRIANGLE PARK, NC
SILICON VALLEY, CA
TYSONS CORNER, VA
WASHINGTON, D.C.
WILMINGTON, DE
WINSTON-SALEM, NC

December 12, 2012
03814
Bill Number 2276777
STATEMENT FOR SERVICES RENDERED

Israel Golasa
Beach Mart
P.O. Box 120
Kitty Hawk, NC  27949

| | |
|---|---:|
| FOR PROFESSIONAL SERVICES RENDERED THROUGH 11/30/2012 | $45,245.00 |
| DISBURSEMENTS THROUGH 11/30/2012 | $5,281.60 |
| **CURRENT TOTAL** | **$50,526.60** |

## MATTER SUMMARY

| Code | Matter Name | Fees | Disbursements | Matter Total |
|---|---|---:|---:|---:|
| 0007.7 | L&L Dispute (SUPER WINGS Trademark) | $ 45,245.00 | $ 5,281.60 | $ 50,526.60 |
| | Current Total: | $ 45,245.00 | $ 5,281.60 | $ 50,526.60 |

| **If paying by check or online banking bill payment,** please remit payment on receipt to the following address: | **If paying by wire**, please remit payment on receipt as follows: | |
|---|---|---|
| PO Box 601879<br>Charlotte, North Carolina 28260-1879<br><br>**Please do not use the above address for trust funds or retainer payments.** Please send all trust funds and retainer payments directly to One West Fourth Street, Winston-Salem, NC 27101. | Wells Fargo Bank, N.A.<br>1525 W.T. Harris Blvd.<br>Charlotte, NC 28288<br>ABA no. 1 2 1 0 0 0 2 4 8<br>Swift Code: W F B I U S 6 S | For Credit To:<br>Womble Carlyle Sandridge & Rice, LLP<br>One West Fourth Street<br>Winston-Salem, NC 27101<br>Account no. 2 0 8 7 3 1 1 0 4 0 4 0 8 |
| | PLEASE include our bill # and 10-digit client/matter# on EFT, or e-mail remittance advice to AccountsReceivable@wcsr.com. | |
| **Tax Identification Number 56-0308470** | | |

Case 2:14-cv-00008-FL   Document 91-1   Filed 03/10/21   Page 141 of 184

**ITEMIZED SERVICES BILL FOR 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)**

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| 11/01/2012 | Review draft writeup of portions of reply brief from Stephen and work with Stephen on revisions; study Wings' summary judgment opposition brief | Burke, Charles A. | 3.80 | [1] $ 2,071.00 |
| 11/01/2012 | Work on arguments against L&L's damages claims for reply brief | Mason, Robert D. | 1.10 | [2] $ 522.50 |
| 11/01/2012 | Continue to draft reply brief in support of summary judgment motion | Shaw, Stephen F. | 3.70 | $ 925.00 |
| 11/01/2012 | Research licensee estoppel; review status of reply brief with Charles Burke; ███████ | Shaw, Stephen F. | 1.40 | [1, 15] $ 350.00 |
| 11/01/2012 | Revise and edit reply brief | Shaw, Stephen F. | 1.10 | $ 275.00 |
| 11/02/2012 | Work on arguments that L&L has sustain no breach of contract damages | Mason, Robert D. | 1.20 | [2] $ 570.00 |
| 11/02/2012 | Continue to work on Reply Brief in support of our Motion for Summary Judgment | Shaw, Stephen F. | 3.20 | [2] $ 800.00 |
| 11/04/2012 | Finalize draft of arguments for reply brief concerning L&L's claim of damages and communications regarding same | Mason, Robert D. | 3.80 | [1, 2] $ 1,805.00 |
| 11/05/2012 | Work with revised draft of summary judgment reply brief | Burke, Charles A. | 2.20 | [2] $ 1,199.00 |
| 11/05/2012 | Communications regarding status of summary judgment reply brief | Mason, Robert D. | 0.20 | [2] $ 95.00 |
| 11/05/2012 | Continue to revise and complete draft of Reply Brief; integrate argument from DJ Mason into same regarding equitable defenses | Shaw, Stephen F. | 4.30 | $ 1,075.00 |
| 11/05/2012 | Work with Wendy Ray on production of financial information; review and prepare financial information for production; mark with appropriate confidentiality designation | Shaw, Stephen F. | 2.80 | [1, 12] $ 700.00 |
| 11/06/2012 | Review correspondence with opposing counsel regarding dispute over production of financials; work on revisions to summary judgment reply; conferences with Stephen Shaw regarding various outstanding projects; review additional research from Stephen Shaw on summary judgment legal issues; begin preparation for deposition next week; review prior summary judgment briefs | Burke, Charles A. | 6.00 | [1, 2, 14] $ 3,270.00 |
| 11/06/2012 | Review and respond to communications from opposing counsel regarding financial information; continue to edit and revise Reply | Shaw, Stephen F. | 5.50 | [1] $ 1,375.00 |

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| | Brief | | | |
| 11/06/2012 | Conference with Charles Burke regarding deposition preparation; compile documents | Sharpe, Victoria A.* | 0.60 | 1, 14 $ 138.00 |
| 11/07/2012 | Work on reply brief in support of summary judgment | Burke, Charles A. | 4.50 | 2 $ 2,452.50 |
| 11/07/2012 | Work on preparation of briefing binder as requested by Judge Fox; review Reply Brief and provide feedback to Charles Burke; discuss additional argument necessary to refute L&L's claims; continue to edit and revise brief to comply with page limit; prepare additional exhibits necessary to support Reply Brief | Shaw, Stephen F. | 6.20 | $ 1,550.00 1, 2, 12 |
| 11/07/2012 | Prepare summary judgment notebooks to send to Judge Fox; draft correspondence regarding same | Brandt, Kimberly W.* | 1.10 | 7 $ 82.50 |
| 11/08/2012 | Work on revisions to reply brief for filing today; review reply brief filed by Wings in support of its summary judgment motion; follow up on various issues raised in the summary judgment reply briefs | Burke, Charles A. | 3.80 | 1, 2 $ 2,071.00 |
| 11/08/2012 | Consider L & L's reply in support of motion for summary judgment; consider Beach Mart's reply in support of motion for summary judgment | Mason, Robert D. | 0.80 | 1 $ 380.00 |
| 11/08/2012 | Finalize and file Reply Brief supporting exhibits with the Court | Shaw, Stephen F. | 6.40 | 1, 4 $ 1,600.00 |
| 11/08/2012 | Coordinate sending summary judgment notebooks to Judge Fox | Brandt, Kimberly W.* | 0.40 | 7 $ 30.00 |
| 11/09/2012 | Review and consider arguments presented by L&L in their Reply Brief; correspondence to opposing counsel attempting to resolve discovery dispute related to financial information | Shaw, Stephen F. | 1.20 | $ 300.00 1, |
| 11/12/2012 | Identify documents needed for this week's deposition and discuss with Torie Sharpe; message to Mark Glassman regarding his deposition; provide update on deposition scheduling; review previous deposition testimony in preparation for the Meir Levy deposition | Burke, Charles A. | 2.70 | $ 1,471.50 1, 2, 14 |
| 11/12/2012 | Update deposition records and provide same to DJ Mason; further review of financial production; prepare exhibits for upcoming deposition; file status update | Shaw, Stephen F. | 0.90 | 1, 2, 4, 12 $ 225.00 |

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| 11/13/2012 | Exchange messages with opposing counsel regarding trial date and pretrial submissions; Work on remaining deposition preparations; Work with Stephen Shaw regarding planning for pretrial submissions | Burke, Charles A. | 1.80 | $ 981.00 [1, 2] |
| 11/13/2012 | Communications with Stephen Shaw regarding eTrans of depositions | Mason, Robert D. | 0.20 | $ 95.00 |
| 11/13/2012 | Work on pre-trial submissions; correspondence with opposing counsel regarding deadline for same | Shaw, Stephen F. | 0.90 | $ 225.00 [1, 2] |
| 11/14/2012 | Travel to New York for the Meir Levy deposition; work on final deposition preparations; plan for pretrial submissions and discuss with Stephen Shaw; exchange messages with opposing counsel regarding negotiations over pretrial submissions | Burke, Charles A. | 5.40 | [1, 2, 8] $ 2,943.00 |
| 11/14/2012 | Communications with Stephen Shaw regarding pretrial filings and strategy for dealing with negotiations over joint motion for pretrial conference | Mason, Robert D. | 0.50 | $ 237.50 |
| 11/14/2012 | Prepare pre-trial filings; work with Charles Burke to get final exhibits prepared for Meir Levy deposition; provide instructions to Torie Sharpe regarding list of trial exhibits; discuss details of pre-trial filing requirements with DJ Mason; work on list of exhibits and witnesses and supplemental disclosures; prepare response to L&L's motion for extension of time, requesting clarification of trial date and all pre-trial deadlines | Shaw, Stephen F. | 4.30 | $ 1,075.00 [1, 11, 12, 14] |
| 11/15/2012 | Take Meir Levy deposition; follow up on issues from the Levy deposition; review motion to extend deadlines filed by Wings; work on revisions to extension motion filed by Wings; work on deposition scheduling; consider issues relating to upcoming trial exhibit list | Burke, Charles A. | 6.80 | $ 3,706.00 [1, 2, 4] |
| 11/15/2012 | Complete response to L&L's motion regarding pre-trial deadlines and file same with the court | Shaw, Stephen F. | 3.70 | [1, 4] $ 925.00 |
| 11/16/2012 | Return travel from deposition; work on deposition scheduling | Burke, Charles A. | 4.50 | [1, 4, 8] $ 2,452.50 |
| 11/16/2012 | Communications with Charles Burke regarding defending Mark Glassman's deposition; communications regarding L & L's claims of legal opinions in Mark Glassman's expert report; review expert reports and L & L's arguments against it | Mason, Robert D. | 1.40 | $ 665.00 [1] |

Case 2:14-cv-00008-FL    Document 91-1    Filed 03/10/21    Page 144 of 184

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| 11/16/2012 | Work with DJ Mason to prepare for deposition of Mark Glassman; review Order issued from Court regarding upcoming depositions | Shaw, Stephen F. | 1.30 | [1, 2] $ 325.00 |
| 11/19/2012 | Review Wings' supplemental interrogatory responses; begin work on trial planning | Burke, Charles A. | 0.80 | [1, 2] $ 436.00 |
| 11/19/2012 | Communications regarding L & L's supplemental disclosures relating to damages claims; consider supplemental disclosures and communications regarding timeliness of disclosures; consider potential supplemental summary judgment briefing and communications regarding same | Mason, Robert D. | 0.80 | $ 380.00 |
| 11/19/2012 | Work on various pre-trial matters | Shaw, Stephen F. | 1.20 | [2] $ 300.00 |
| 11/20/2012 | Review court's order on motion to amend deadlines; provide instruction to Kim Brandt regarding docketing of same; begin to prepare witness and exhibit lists | Shaw, Stephen F. | 0.40 | $ 100.00 [1, 11, 12] |
| 11/26/2012 | Prepare pre-trial submissions to comply with court's order | Shaw, Stephen F. | 0.40 | $ 100.00 |
| 11/27/2012 | Continue to prepare pre-trial submissions for service in advance of court-ordered deadline | Shaw, Stephen F. | 0.40 | $ 100.00 |
| 11/28/2012 | Review and consider correspondence and additional document production from opposing counsel, including contracts and employment agreements circa 1990-1995 | Shaw, Stephen F. | 1.10 | $ 275.00 |
| 11/29/2012 | Continue to expand scope and detail of Exhibit List and Witness List for pre-trial filing | Shaw, Stephen F. | 4.20 | $ 1,050.00 |
| 11/29/2012 | Communication with Stephen Shaw regarding exhibit list; review documents and revise exhibit list | Sharpe, Victoria A.* | 1.50 | [1] $ 345.00 |
| 11/30/2012 | Revise draft exhibit list and witness list; conference with Stephen Shaw regarding various outstanding projects; prepare for Professor Glassman's deposition; review supplemental document production and discuss with Stephen Shaw; review court order and plan for motion to continue the trial date | Burke, Charles A. | 3.80 | $ 2,071.00 [1, 2, 14] |
| 11/30/2012 | Review exhibit list and witness list with Charles Burke; revise and complete same; file and serve same with court and opposing counsel; review witness list and exhibit lists filed by L&L Wings and identify potential objections | Shaw, Stephen F. | 4.50 | [1, 4] $ 1,125.00 |

Case 2:14-cv-00008-FL   Document 91-1   Filed 03/10/21   Page 145 of 184

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| | | **Total for Services:** | | **$ 45,245.00** |

\*    If an asterisk appears above, it designates a Legal Assistant or other non-lawyer professional.

### DISBURSEMENTS AND OTHER CHARGES FOR 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)

| Date: | Description: | Amount: |
|---|---|---|
| Sep 26, 2012 | Transcript<br>S. Graham & Associates - Israel Golaza deposition (Original) | $ 527.50 |
| Oct 2, 2012 | Transcript<br>S. Graham & Associates - Laura Catoe deposition | $ 167.50 |
| Oct 10, 2012 | Deposition Transcript<br>CaseWorks, Inc. - Israel Golasa deposition - translation | $ 2,407.97 |
| Oct 23, 2012 | Transcript<br>Todd Olivas & Associates - deposition transcripts of Wes Anson | $ 932.75 |
| Nov 9, 2012 | Express Delivery Charge<br>Federal Express Corporation; 794041200156; United States Courthouse, Ms. Susan Edwards, WILMINGTON, NC | 13   → $ 23.24 |
| Nov 26, 2012 | Service of Process<br>Tropical Surveillance and Investigations - Subpoena service on Michael Martinez/Advantage Unlimited | $ 150.00 |
| Nov 27, 2012 | Transportation<br>American Express Travel - Charles Burke, 11/14/12 - New York, NY | 2A   → $ 396.60 |
| Nov 27, 2012 | Deposition Transcript<br>Barkley Court Reporters, Inc. - Meir Levy deposition transcript taken 11/15/12 | $ 676.04 |
| | **Total Disbursements:** | **$ 5,281.60** |

### TIMEKEEPER SUMMARY FOR 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)

| Attorney: | Hours: | Amount: | Rate: |
|---|---|---|---|
| Burke, Charles A. | 46.10 | $ 25,124.50 | $ 545.00 |
| Mason, Robert D. | 10.00 | $ 4,750.00 | $ 475.00 |
| Shaw, Stephen F. | 59.10 | $ 14,775.00 | $ 250.00 |
| Sharpe, Victoria A.\* | 2.10 | $ 483.00 | $ 230.00 |
| Brandt, Kimberly W.\* | 1.50 | $ 112.50 | $ 75.00 |
| **Totals:** | **118.80** | **$ 45,245.00** | |

\*    If an asterisk appears above, it designates a Legal Assistant or other non-lawyer professional.

## Use of Legal Support Service Providers

In an effort to continue delivering cost effective services, WCSR uses legal support service providers located both inside and outside the U.S. to assist with help desk and technology issues, word processing, time entry, photocopying and other administrative tasks. In order for these service providers to complete these tasks, we must share certain client information. WCSR has made reasonable efforts to ensure that these services are performed in a manner that is consistent with our firm's obligations under the relevant Rules of Professional Conduct with regard to maintaining client confidentiality and supervision of non-lawyer assistants, and the firm bears responsibility for the resulting work product. As part of the engagement with the firm, you agree and consent to the use of the services of these providers in the manner stated above.

Case 2:14-cv-00008-FL    Document 91-1    Filed 03/10/21    Page 147 of 184

## Policy Regarding Business Meals and Entertainment Disbursements

Any disbursement appearing on our statements as Business Meals and Entertainment is stated at cost. The Revenue Reconciliation Act of 1993 reduced the deductibility of these expenses to you from 80% to 50%. We maintain the supporting documentation for these costs and will make the documentation available to you upon request.

## Payment of Vendor Invoices

Any disbursement denoted by a ** had not been paid at the time this Womble Carlyle invoice was issued. The vendor will be paid when payment is received on this Womble Carlyle invoice.

**WOMBLE CARLYLE SANDRIDGE & RICE, LLP**
300 N. GREENE STREET
SUITE 1900
GREENSBORO, NORTH CAROLINA 27402
TELEPHONE (336) 574-8030
FACSIMILE (336) 574-4520

OTHER OFFICES:

ATLANTA, GA
BALTIMORE, MD
CHARLESTON, SC
CHARLOTTE, NC
COLUMBIA, SC
GREENVILLE, SC
RALEIGH, NC
RESEARCH TRIANGLE PARK, NC
SILICON VALLEY, CA
TYSONS CORNER, VA
WASHINGTON, D.C.
WILMINGTON, DE
WINSTON-SALEM, NC

January 17, 2013
03814
Bill Number 2286680
STATEMENT FOR SERVICES RENDERED

Israel Golasa
Beach Mart
P.O. Box 120
Kitty Hawk, NC  27949

| | |
|---|---|
| FOR PROFESSIONAL SERVICES RENDERED THROUGH 12/31/2012 | $24,136.50 |
| DISBURSEMENTS THROUGH 12/31/2012 | $1,891.74 |
| **CURRENT TOTAL** | **$26,028.24** |

| **If paying by check or online banking bill payment**, please remit payment on receipt to the following address: | **If paying by wire**, please remit payment on receipt as follows: | |
|---|---|---|
| PO Box 601879<br>Charlotte, North Carolina 28260-1879<br><br>**Please *do not* use the above address for trust funds or retainer payments.** Please send all trust funds and retainer payments directly to One West Fourth Street, Winston-Salem, NC 27101. | Wells Fargo Bank, N.A.<br>1525 W.T. Harris Blvd.<br>Charlotte, NC 28288<br>ABA no. 1 2 1 0 0 0 2 4 8<br>Swift Code: W F B I U S 6 S | For Credit To:<br>Womble Carlyle Sandridge & Rice, LLP<br>One West Fourth Street<br>Winston-Salem, NC 27101<br>Account no. 2 0 8 7 3 1 1 0 4 0 4 0 8 |
| | PLEASE Include our bill # and 10-digit client/matter# on EFT, or e-mail remittance advice to AccountsReceivable@wcsr.com. | |
| **Tax Identification Number 56-0308470** | | |

**IF PAYING BY CHECK, PLEASE RETURN THIS PAGE WITH PAYMENT**

## WOMBLE CARLYLE SANDRIDGE & RICE, LLP

300 N. GREENE STREET
SUITE 1900
GREENSBORO, NORTH CAROLINA 27402
TELEPHONE (336) 574-8030
FACSIMILE (336) 574-4520

OTHER OFFICES:

ATLANTA, GA
BALTIMORE, MD
CHARLESTON, SC
CHARLOTTE, NC
COLUMBIA, SC
GREENVILLE, SC
RALEIGH, NC
RESEARCH TRIANGLE PARK, NC
SILICON VALLEY, CA
TYSONS CORNER, VA
WASHINGTON, D.C.
WILMINGTON, DE
WINSTON-SALEM, NC

January 17, 2013
03814
Bill Number 2286680
STATEMENT FOR SERVICES RENDERED

Israel Golasa
Beach Mart
P.O. Box 120
Kitty Hawk, NC  27949

| | |
|---|---:|
| FOR PROFESSIONAL SERVICES RENDERED THROUGH 12/31/2012 | $24,136.50 |
| DISBURSEMENTS THROUGH 12/31/2012 | $1,891.74 |
| **CURRENT TOTAL** | **$26,028.24** |

### MATTER SUMMARY

| Code | Matter Name | Fees | Disbursements | Matter Total |
|---|---|---:|---:|---:|
| 0007.7 | L&L Dispute (SUPER WINGS Trademark) | $ 24,136.50 | $ 1,891.74 | $ 26,028.24 |
| | Current Total: | $ 24,136.50 | $ 1,891.74 | $ 26,028.24 |

| **If paying by check or online banking bill payment,** please remit payment on receipt to the following address: | **If paying by wire,** please remit payment on receipt as follows: | |
|---|---|---|
| PO Box 601879<br>Charlotte, North Carolina 28260-1879<br><br>**Please *do not* use the above address for trust funds or retainer payments.** Please send all trust funds and retainer payments directly to One West Fourth Street, Winston-Salem, NC 27101. | Wells Fargo Bank, N.A.<br>1525 W.T. Harris Blvd.<br>Charlotte, NC 28288<br>ABA no. 1 2 1 0 0 0 2 4 8<br>Swift Code: W F B I U S 6 S | For Credit To:<br>Womble Carlyle Sandridge & Rice, LLP<br>One West Fourth Street<br>Winston-Salem, NC 27101<br>Account no. 2 0 8 7 3 1 1 0 4 0 4 0 8 |
| | **PLEASE include our bill # and 10-digit client/matter# on EFT, or e-mail remittance advice to AccountsReceivable@wcsr.com.** | |
| **Tax Identification Number 56-0308470** | | |

## ITEMIZED SERVICES BILL FOR 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| 12/03/2012 | Review documents compiled by Stephen Shaw regarding the Glassman deposition; work on preparation for meeting tomorrow with Mike Glassman; travel to Raleigh for meeting with and deposition of Mike Glassman; provide direction to Stephen Shaw regarding pending matters ▓▓▓▓▓▓▓ ▓▓▓▓ work on preparation of a brief in support of a motion to continue the trial date | Burke, Charles A. | 5.80 | $ 3,161.00 <br> 1, 2, 8, 11, 15 |
| 12/03/2012 | Prepare documents for Dr. Glassman's deposition preparation; work on Motion for Trial Continuance to seek a more favorable trial date from the Court; communications with opposing counsel regarding same | Shaw, Stephen F. | 2.10 | 1, 2, 12 <br> $ 525.00 |
| 12/03/2012 | Work on review of deposition exhibits; communication with expert; compile and prepare documents for expert's review | Sharpe, Victoria A.* | 3.20 | 1, 2 <br> $ 736.00 |
| 12/04/2012 | Review correspondence with opposing counsel; give Stephen Shaw directions regarding pending matters and filings; meet with Mike Glassman to prepare for his deposition; review final motion for continuance and supporting brief filed today; telephone conference with Les Alexander regarding his analysis of financial issues; review details of negotiations on the mediation and give instructions to Jake Wharton | Burke, Charles A. | 6.40 | $ 3,488.00 <br> 1, 11 |
| 12/04/2012 | Review correspondence from opposing counsel and prepare same to include as exhibit to motion for continuance; minor revisions to motion for continuance; finalize and file same with the court to obtain more favorable trial date | Shaw, Stephen F. | 1.10 | 1, 4 <br> $ 275.00 |
| 12/05/2012 | Defend the Glassman deposition; return travel from the Glassman deposition | Burke, Charles A. | 9.80 | 1, 8 <br> $ 5,341.00 |
| 12/05/2012 | Update file with recent correspondence; review progress on trial preparation projects and provide instruction to Torie Sharpe regarding same | Shaw, Stephen F. | 0.30 | 1, 4 <br> $ 75.00 |
| 12/06/2012 | Compile notes from the Glassman deposition and organize materials from the deposition for future reference | Burke, Charles A. | 1.80 | 4 <br> $ 981.00 |
| 12/06/2012 | Update case file to prepare for work on trial preparation issues; provide additional instructions to Torie Sharpe regarding same; begin to work on objections and responses to | Shaw, Stephen F. | 1.20 | 1, 2, 4, 11 <br> $ 300.00 |

Page 2

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| | L&L's exhibit list | | | |
| 12/07/2012 | Work on trial preparation and amendments to exhibit lists; initial review of deposition transcript of Meir Levy | Shaw, Stephen F. | 1.10 | 1, 2 $ 275.00 |
| 12/10/2012 | Review correspondence from opposing counsel and evaluate responses | Burke, Charles A. | 0.20 | 2 $ 109.00 |
| 12/11/2012 | Review Wings' response to the motion for a trial continuance; evaluate possible brief reply in support of continuance motion; review and approve bill from Mike Glassman | Burke, Charles A. | 1.00 | 1, 4 $ 545.00 |
| 12/13/2012 | Review order from the court continuing the trial date to May 2013; evaluate grounds for request for reconsideration of the order on a continuance and follow up with Stephen Shaw; review letter from opposing counsel and follow up with Stephen on next steps | Burke, Charles A. | 0.80 | 1, 2 $ 436.00 |
| 12/13/2012 | Communications regarding current trial date and efforts to move trial date to earlier date; | Mason, Robert D. | 0.10 | 2 $ 47.50 |
| 12/13/2012 | Read and consider order from Court granting our Motion for Continuance; review and study deposition transcript of Meir Levy to prepare for potential trial examination; review and discuss with Charles Burke correspondence from opposing counsel regarding production of additional documents by expert witness; communications to expert witnesses regarding new trial date and production of additional documents requested by L&L; instructions to staff regarding new trial date | Shaw, Stephen F. | 2.90 | 1, 11, 14 $ 725.00 |
| 12/17/2012 | ▓▓▓▓▓▓▓▓▓▓ discuss same and appropriate response with Charles Burke; additional communications with Wendy Ray regarding same; begin to work on responses and objections to L&L's pre-trial disclosures | Shaw, Stephen F. | 1.20 | 1, 14, 15 $ 300.00 |
| 12/18/2012 | Work on scheduling and exchange correspondence with opposing counsel regarding deposition of Wendy | Burke, Charles A. | 0.20 | 4 $ 109.00 |
| 12/18/2012 | Communications with Stephen Shaw regarding objections to proposed witnesses and exhibits | Mason, Robert D. | 0.40 | $ 190.00 |
| 12/18/2012 | Prepare objections and responses to L&L's pre-trial disclosures | Shaw, Stephen F. | 3.10 | $ 775.00 |

Case 2:14-cv-00008-FL   Document 91-1   Filed 03/10/21   Page 152 of 184

Beach Mart
L&L Dispute (SUPER WINGS Trademark)

03814.0007.7/2286680

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| 12/19/2012 | Continue to prepare objections and responses to L&L's initial pre-trial disclosures; ▉▉▉▉ | Shaw, Stephen F. | 3.40 | 1, 15  $ 850.00 |
| 12/20/2012 | ▉▉▉▉ discuss objections to pre-trial witness and exhibit lists with Charles Burke and revise and finalize same; prepare supplemental exhibit list to reflect additional evidence and objectionable material | Shaw, Stephen F. | 3.70 | 1, 12, 14, 15  $ 925.00 |
| 12/21/2012 | Finalize and file Amended and Supplemental Exhibit List; finalize and file Objections to L&L Witness and Exhibit List | Shaw, Stephen F. | 3.20 | 1, 4  $ 800.00 |
| 12/26/2012 | Review L&L's Objections to our Exhibit List and consider same; make note of objections to dispute later and those for which a motion in limine may materialize; provide feedback to Charles Burke regarding objections | Shaw, Stephen F. | 0.70 | 1  $ 175.00 |
| 12/27/2012 | Review and work on objections to witness and exhibit lists and other outstanding issues; review portions of the Glassman deposition | Burke, Charles A. | 3.40 | 1  $ 1,853.00 |
| 12/27/2012 | Consider Court's order on motion to continue trial and propose trial date; consider objections to witnesses and exhibits filed by the parties | Mason, Robert D. | 0.40 | $ 190.00 |
| 12/27/2012 | Work on follow-up to L&L's objections to our witness list and exhibit list; review and study deposition transcript of expert witness Wes Anson in order to prepare for financial testimony at trial | Shaw, Stephen F. | 1.70 | 1  $ 425.00 |
| 12/31/2012 | Study deposition transcript of Laura Catoe and take notes to prepare for subsequent trial examination; continued review of deposition transcript for Meir Levy | Shaw, Stephen F. | 2.10 | 1  $ 525.00 |

|  |  | Total for Services: | $ 24,136.50 |

\* If an asterisk appears above, it designates a Legal Assistant or other non-lawyer professional.

### DISBURSEMENTS AND OTHER CHARGES FOR 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)

| Date: | Description: | Amount: |
|---|---|---|
| Nov 14, 2012 | Business Meal<br>Burke, Charles 11/14/2012 Burke, Charles New York, NY - the Levy deposition dinner | $ 25.00 |

## DISBURSEMENTS AND OTHER CHARGES FOR 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)

| Date | Description | Amount |
|---|---|---|
| Nov 14, 2012 | Business Meal<br>Burke, Charles 11/14/2012 Burke, Charles New York, NY - the Levy deposition Residence Inn Marriott | $ 2.89 |
| Nov 14, 2012 | Travel Expense (Mileage)<br>Burke, Charles 11/14/2012-11/16/2012 Burke, Charles New York, NY - the Levy deposition | $ 26.08 |
| Nov 14, 2012 | Lodging<br>Burke, Charles 11/14/2012 Burke, Charles New York, NY - the Levy deposition | 2A $ 1,037.46 |
| Nov 14, 2012 | Taxi<br>Burke, Charles 11/14/2012-11/16/2012 Burke, Charles New York, NY - the Levy deposition | $ 90.00 |
| Nov 15, 2012 | Business Meal<br>Burke, Charles 11/15/2012 Burke, Charles New York, NY - the Levy deposition lunch | $ 14.25 |
| Nov 15, 2012 | Business Meal<br>Burke, Charles 11/15/2012 Burke, Charles New York, NY - the Levy deposition dinner | $ 25.00 |
| Nov 15, 2012 | Miscellaneous<br>Burke, Charles 11/15/2012 Burke, Charles New York, NY - the Levy deposition tipstips | $ 15.00 |
| Dec 3, 2012 | Business Meal<br>Burke, Charles 12/03/2012 Raleigh, NC - for Mike Glassman deposition - dinner | $ 20.00 |
| Dec 3, 2012 | Travel Expense (Mileage)<br>Burke, Charles 12/03/2012-12/05/2012 Raleigh, NC - for Mike Glassman deposition | $ 95.57 |
| Dec 4, 2012 | Business Meal<br>Burke, Charles 12/04/2012 Raleigh, NC - for Mike Glassman deposition bkfst | $ 12.00 |
| Dec 4, 2012 | Business Meal<br>Burke, Charles 12/04/2012 Raleigh, NC - for Mike Glassman deposition lunch | $ 11.25 |
| Dec 4, 2012 | Business Meal<br>Burke, Charles 12/04/2012 Raleigh, NC - for Mike Glassman deposition dinnder | $ 25.00 |
| Dec 5, 2012 | Business Meal<br>Burke, Charles 12/05/2012 Raleigh, NC - for Mike Glassman deposition bkfst | $ 12.00 |
| Dec 5, 2012 | Business Meal<br>Burke, Charles 12/05/2012 Raleigh, NC - for Mike Glassman deposition lunch | $ 7.00 |
| Dec 5, 2012 | Business Meal<br>Burke, Charles 12/05/2012 Raleigh, NC - for Mike Glassman deposition dinner | $ 23.50 |
| Dec 5, 2012 | Lodging<br>Burke, Charles 12/05/2012 Raleigh, NC - for Mike Glassman deposition | $ 449.74 |
| | **Total Disbursements:** | **$ 1,891.74** |

## TIMEKEEPER SUMMARY FOR 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)

| Attorney: | Hours: | Amount: | Rate: |
|---|---|---|---|

**TIMEKEEPER SUMMARY FOR 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)**

| | | | |
|---|---|---|---|
| Burke, Charles A. | 29.40 | $ 16,023.00 | $ 545.00 |
| Mason, Robert D. | 0.90 | $ 427.50 | $ 475.00 |
| Shaw, Stephen F. | 27.80 | $ 6,950.00 | $ 250.00 |
| Sharpe, Victoria A.* | 3.20 | $ 736.00 | $ 230.00 |
| **Totals:** | 61.30 | $ 24,136.50 | |

\*   If an asterisk appears above, it designates a Legal Assistant or other non-lawyer professional.

End of matter: 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)

## Use of Legal Support Service Providers

In an effort to continue delivering cost effective services, WCSR uses legal support service providers located both inside and outside the U.S. to assist with help desk and technology issues, word processing, time entry, photocopying and other administrative tasks. In order for these service providers to complete these tasks, we must share certain client information. WCSR has made reasonable efforts to ensure that these services are performed in a manner that is consistent with our firm's obligations under the relevant Rules of Professional Conduct with regard to maintaining client confidentiality and supervision of non-lawyer assistants, and the firm bears responsibility for the resulting work product. As part of the engagement with the firm, you agree and consent to the use of the services of these providers in the manner stated above.

Case 2:14-cv-00008-FL    Document 91-1    Filed 03/10/21    Page 155 of 184

## Policy Regarding Business Meals and Entertainment Disbursements

Any disbursement appearing on our statements as Business Meals and Entertainment is stated at cost. The Revenue Reconciliation Act of 1993 reduced the deductibility of these expenses to you from 80% to 50%. We maintain the supporting documentation for these costs and will make the documentation available to you upon request.

## Payment of Vendor Invoices

Any disbursement denoted by a ** had not been paid at the time this Womble Carlyle invoice was issued. The vendor will be paid when payment is received on this Womble Carlyle invoice.

**WOMBLE CARLYLE SANDRIDGE & RICE, LLP**
300 N. GREENE STREET
SUITE 1900
GREENSBORO, NORTH CAROLINA 27402
TELEPHONE (336) 574-8030
FACSIMILE (336) 574-4520

OTHER OFFICES:

ATLANTA, GA
BALTIMORE, MD
CHARLESTON, SC
CHARLOTTE, NC
COLUMBIA, SC
GREENVILLE, SC
RALEIGH, NC
RESEARCH TRIANGLE PARK, NC
SILICON VALLEY, CA
TYSONS CORNER, VA
WASHINGTON, D.C.
WILMINGTON, DE
WINSTON-SALEM, NC

February 20, 2013
03814
Bill Number 2291899
STATEMENT FOR SERVICES RENDERED

Israel Golasa
Beach Mart
P.O. Box 120
Kitty Hawk, NC  27949

| | |
|---|---:|
| FOR PROFESSIONAL SERVICES RENDERED THROUGH 01/31/2013 | $32,104.50 |
| DISBURSEMENTS THROUGH 01/31/2013 | $569.85 |
| **CURRENT TOTAL** | **$32,674.35** |

| **If paying by check or online banking bill payment,** please remit payment on receipt to the following address: | **If paying by wire**, please remit payment on receipt as follows: | |
|---|---|---|
| PO Box 601879 <br> Charlotte, North Carolina 28260-1879 <br><br> **Please *do not* use the above address for trust funds or retainer payments.** Please send all trust funds and retainer payments directly to One West Fourth Street, Winston-Salem, NC 27101. | Wells Fargo Bank, N.A. <br> 1525 W.T. Harris Blvd. <br> Charlotte, NC 28288 <br> ABA no. 1 2 1 0 0 0 2 4 8 <br> Swift Code: W F B I U S 6 S | For Credit To: <br> Womble Carlyle Sandridge & Rice, LLP <br> One West Fourth Street <br> Winston-Salem, NC 27101 <br> Account no. 2 0 8 7 3 1 1 0 4 0 4 0 8 |
| | PLEASE include our bill # and 10-digit client/matter# on EFT, or e-mail remittance advice to AccountsReceivable@wcsr.com. | |

**Tax Identification Number 56-0308470**

**IF PAYING BY CHECK, PLEASE RETURN THIS PAGE WITH PAYMENT**

**WOMBLE CARLYLE SANDRIDGE & RICE, LLP**
300 N. GREENE STREET
SUITE 1900
GREENSBORO, NORTH CAROLINA 27402
TELEPHONE (336) 574-8030
FACSIMILE (336) 574-4520

OTHER OFFICES:

ATLANTA, GA
BALTIMORE, MD
CHARLESTON, SC
CHARLOTTE, NC
COLUMBIA, SC
GREENVILLE, SC
RALEIGH, NC
RESEARCH TRIANGLE PARK, NC
SILICON VALLEY, CA
TYSONS CORNER, VA
WASHINGTON, D.C.
WILMINGTON, DE
WINSTON-SALEM, NC

February 20, 2013
03814
Bill Number 2291899
STATEMENT FOR SERVICES RENDERED

Israel Golasa
Beach Mart
P.O. Box 120
Kitty Hawk, NC  27949

| | |
|---|---|
| FOR PROFESSIONAL SERVICES RENDERED THROUGH 01/31/2013 | $32,104.50 |
| DISBURSEMENTS THROUGH 01/31/2013 | $569.85 |
| **CURRENT TOTAL** | **$32,674.35** |

## MATTER SUMMARY

| Code | Matter Name | Fees | Disbursements | Matter Total |
|---|---|---|---|---|
| 0007.7 | L&L Dispute (SUPER WINGS Trademark) | $ 32,104.50 | $ 569.85 | $ 32,674.35 |
| | Current Total: | $ 32,104.50 | $ 569.85 | $ 32,674.35 |

| If paying by check or online banking bill payment, please remit payment on receipt to the following address: | If paying by wire, please remit payment on receipt as follows: | |
|---|---|---|
| PO Box 601879<br>Charlotte, North Carolina 28260-1879<br><br>**Please *do not* use the above address for trust funds or retainer payments.** Please send all trust funds and retainer payments directly to One West Fourth Street, Winston-Salem, NC 27101. | Wells Fargo Bank, N.A.<br>1525 W.T. Harris Blvd.<br>Charlotte, NC 28288<br>ABA no. 1 2 1 0 0 0 2 4 8<br>Swift Code: W F B I U S 6 S | For Credit To:<br>Womble Carlyle Sandridge & Rice, LLP<br>One West Fourth Street<br>Winston-Salem, NC 27101<br>Account no. 2 0 8 7 3 1 1 0 4 0 4 0 8 |
| | PLEASE include our bill # and 10-digit client/matter# on EFT, or e-mail remittance advice to AccountsReceivable@wcsr.com. | |
| **Tax Identification Number 56-0308470** | | |

**ITEMIZED SERVICES BILL FOR 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)**

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| 01/02/2013 | Review portions of the Glassman deposition and arrange for sending to the witness | Burke, Charles A. | 0.80 | [1, 4] $ 436.00 |
| 01/07/2013 | Receive instructions from Charles Burke regarding preparation of motion for trial setting in April | Shaw, Stephen F. | 0.40 | [11] $ 100.00 |
| 01/08/2013 | Communications with Stephen Shaw regarding motion to reschedule trial date | Mason, Robert D. | 0.20 | [4] $ 95.00 |
| 01/08/2013 | Work on outline of motion to set special trial date in April, due to recent settlement of previously scheduled matter | Shaw, Stephen F. | 1.20 | $ 300.00 |
| 01/09/2013 | Revise and complete motion; begin to prepare outline of supporting brief in order to obtain trial date in April | Shaw, Stephen F. | 1.10 | [1] $ 275.00 |
| 01/10/2013 | Work on memorandum of law in support of motion to set trial date in April | Shaw, Stephen F. | 1.10 | [2] $ 275.00 |
| 01/11/2013 | Continue to work on supporting memorandum; discuss same with DJ Mason | Shaw, Stephen F. | 0.90 | [1, 2, 14] $ 225.00 |
| 01/14/2013 | Work on finalizing motion to set trial in April; review prior continuance motion, briefs, and order on continuance | Burke, Charles A. | 2.20 | [1, 2] $ 1,199.00 |
| 01/14/2013 | Communications with Stephen Shaw regarding motion to continue trial in other matter and filing motion for Beach Mart trial to assume other trial date; consider draft motion to change trial date; work on redline reflecting proposed revisions; communications regarding proposed revisions | Mason, Robert D. | 0.80 | [1, 2] $ 380.00 |
| 01/14/2013 | Revise and complete motion to reschedule trial date and supporting memorandum of law; communications with Charles Burke regarding filing of same and coordination with other litigation | Shaw, Stephen F. | 4.60 | [1] $ 1,150.00 |
| 01/14/2013 | Receive and index Mike Glassman deposition exhibits; prepare errata sheet | Sharpe, Victoria A.* | 1.20 | [1, 4] $ 276.00 |
| 01/15/2013 | Work on revisions to and finalization of motion for trial scheduling; review email from insurance counsel; conferences with DJ Mason and Stephen Shaw regarding various outstanding matters; ▮▮▮▮▮ | Burke, Charles A. | 2.50 | $ 1,362.50 [1, 2, 14, 15] |
| 01/15/2013 | Assist Charles Burke with trial strategy and planning | Mason, Robert D. | 1.00 | [2] $ 475.00 |

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| 01/15/2013 | Work on trial strategy and preparation | Shaw, Stephen F. | 3.20 | [2] $ 800.00 |
| 01/16/2013 | Review and discuss trial strategy issues with Charles Burke, Stephen Shaw and DJ Mason | Hicks, Jack B. | 1.00 | [14] $ 545.00 |
| 01/16/2013 | Work on revisions to trial outline and development of trial strategy | Burke, Charles A. | 4.50 | $ 2,452.50 |
| 01/16/2013 | Assist Charles Burke with trial strategy and planning | Mason, Robert D. | 1.20 | [2] $ 570.00 |
| 01/16/2013 | Work on trial strategy and planning | Shaw, Stephen F. | 1.20 | [2] $ 300.00 |
| 01/17/2013 | Additional discussion with DJ Mason and Charles Burke regarding trial strategy | Hicks, Jack B. | 0.50 | [14] $ 272.50 |
| 01/17/2013 | Work on trial strategy issues and development of trial outline | Burke, Charles A. | 2.00 | $ 1,090.00 |
| 01/17/2013 | Assist with development of trial strategy | Mason, Robert D. | 2.10 | [2] $ 997.50 |
| 01/17/2013 | Research potential ethics violations by opposing counsel; discuss impact of same with Charles Burke and consider appropriate strategy to pursue if necessary | Shaw, Stephen F. | 0.70 | [1, 14] $ 175.00 |
| 01/22/2013 | Conference with DJ Mason regarding strategy for trial setting; review brief from Wings opposing April trial date; review changes to Glassman's testimony; work on development of a trial outline with witness order and topics to be covered by each witness, along with key evidence on important points | Burke, Charles A. | 6.40 | [1, 14] $ 3,488.00 |
| 01/22/2013 | Communications with Charles Burke regarding status of motion to reschedule trial setting; consider available court calendars regarding Beach Mart's current priority for trial setting and communications concerning contacting trial court administrator; consider L&L's opposition to motion to reset trial date; communications with Torie Sharpe regarding containing hotels for quote on conference space and rooms for trial | Mason, Robert D. | 0.50 | [1, 4] $ 237.50 |
| 01/22/2013 | Conference with Charles Burke | Mason, Robert D. | 0.30 | [2, 14] $ 142.50 |
| 01/22/2013 | Telephone conference with DJ Mason to review trial scheduling and status of trial file preparations; telephone conference with clerk regarding trial calendar and number of other cases scheduled for the May 13, 2013 trial term; communication with Charles Burke and DJ Mason regarding trial date; review and consider response filed by L&L and discuss impact of same with DJ Mason; continue to work on various trial preparation and planning | Shaw, Stephen F. | 2.20 | $ 550.00 [1, 2, 12, 14] |

Page 3

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| | issues | | | |
| 01/22/2013 | Receive Mike Glassman's errata sheet; prepare and send to Stephen Shaw and Charles Burke | Sharpe, Victoria A.* | 0.30 | $ 69.00 |
| 01/23/2013 | Telephone conference with client representatives; review discovery responses and the transcript of Albert Levy's deposition to address various issues raised by Beach Mart; provide status update to Beach Mart regarding Albert Levy as a possible trial witness; revise trial outline; conference with DJ Mason | Burke, Charles A. | 5.80 | 1, 2, 14 $ 3,161.00 |
| 01/23/2013 | Conference with Charles Burke | Mason, Robert D. | 0.30 | 2, 14 $ 142.50 |
| 01/23/2013 | Provide update to Charles Burke regarding various matters; make note of new email address and provide instructions to staff regarding same; discuss content of various depositions with Charles Burke and assess effect of protective order on same; ▮▮▮ | Shaw, Stephen F. | 0.60 | $ 150.00 1, 4, 14, 15 |
| 01/23/2013 | Conferences regarding trial arrangements; research trial arrangements | Sharpe, Victoria A.* | 0.70 | 2, 4 $ 161.00 |
| 01/23/2013 | Conference with Charles Burke regarding deposition of Albert Levy; compile and send Albery Levy deposition transcript and pleadings to Charles Burke for further review | Sharpe, Victoria A.* | 0.40 | 1, 14 $ 92.00 |
| 01/24/2013 | Consider status of claims and Beach Mart's rights pertaining to defense of counterclaim | Hicks, Jack B. | 0.50 | $ 272.50 |
| 01/24/2013 | Work on trial strategy; review details on reservations for trial facilities and provide instructions to Torie Sharpe regarding the reservations needed; ▮▮▮ | Burke, Charles A. | 3.40 | 1, 2, 4, 15 $ 1,853.00 |
| 01/24/2013 | Communications with Torie Sharpe regarding trial preparations; communications with Charles Burke regarding anticipated trial team and timing of witnesses; email instructions for reservations for trial team; consider email from Wilmington Hilton regarding potential reservations | Mason, Robert D. | 0.50 | 1, 4 $ 237.50 |
| 01/24/2013 | Continue work on trial strategy; communications with Penn National counsel David Harris; communications with Stephen Shaw regarding materials available for review by Harris | Mason, Robert D. | 2.10 | 1, 2 $ 997.50 |

| Date: | Description: | Attorney: | Hours: | | Amount: |
|---|---|---|---|---|---|
| 01/24/2013 | Work with DJ on planning various pre-trial matters and preparations; provide information to Charles Burke regarding depositions and discovery; begin to work on establishing trial file for use in preparation | Shaw, Stephen F. | 2.10 | 1 | $ 525.00 |
| 01/24/2013 | Work on trial strategy | Shaw, Stephen F. | 0.80 | 2 | $ 200.00 |
| 01/24/2013 | Work on trial arrangements | Sharpe, Victoria A.* | 0.60 | 4 | $ 138.00 |
| 01/25/2013 | Review notice of Wendy's deposition and work on the arrangements necessary; work on trial outline | Burke, Charles A. | 2.00 | 1, 2, 4 | $ 1,090.00 |
| 01/25/2013 | Provide instructions to staff regarding collection of docket entries | Shaw, Stephen F. | 0.30 | 11 | $ 75.00 |
| 01/28/2013 | Work on trial outline | Burke, Charles A. | 0.50 | 2 | $ 272.50 |
| 01/28/2013 | Work on trial strategy | Mason, Robert D. | 0.50 | 2 | $ 237.50 |
| 01/28/2013 | Communications with Torie Sharpe regarding contract for hotels and conference rooms for trial; consider proposed Hilton contract and communications with Charles Burke regarding contract; communications with Hilton regarding questions about contract | Mason, Robert D. | 0.40 | 4 | $ 190.00 |
| 01/28/2013 | Prepare trial file of filings, correspondence, documents and exhibits for later use in trial preparation | Shaw, Stephen F. | 1.80 | 12 | $ 450.00 |
| 01/28/2013 | Work on trial arrangements | Sharpe, Victoria A.* | 0.80 | 4 | $ 184.00 |
| 01/29/2013 | Communications and negotiations with Wilmington Hilton regarding contract for room block and conference rooms for trial | Mason, Robert D. | 0.40 | 4 | $ 190.00 |
| 01/29/2013 | Communications with David Harris regarding his request for discovery materials; communications with Charles Burke and Stephen Shaw regarding available discovery materials to provide Penn National's counsel; email with Stephen Shaw regarding depositions ready for production to David Harris | Mason, Robert D. | 0.60 | 1 | $ 285.00 |
| 01/29/2013 | Continue to prepare electronic file of correspondence, discovery responses, and document production for trial | Shaw, Stephen F. | 3.20 | 12 | $ 800.00 |
| 01/29/2013 | Assist with requests for discovery information from counsel retained by Penn National; work on trial strategy | Shaw, Stephen F. | 1.20 | 1, 2 | $ 300.00 |
| 01/30/2013 | Consider protective order and implications on providing materials to Penn National's | Mason, Robert D. | 0.60 | 1 | $ 285.00 |

| Date: | Description: | Attorney: | Hours: | Amount: |
|---|---|---|---|---|
| | counsel; communications with Charles Burke regarding restrictions of protective order; communications with Stephen Shaw regarding identifying non-confidential material to provide to Penn National's counsel | | | |
| 01/30/2013 | Continue to work on preparing trial file of relevant documents and correspondence; provide instructions to staff detailing requirements for electronic file and method for compiling entire docket for case | Shaw, Stephen F. | 2.30 | 1, 11, 12 $ 575.00 |
| 01/30/2013 | Gather and provide documents to counsel for insurer Penn National | Shaw, Stephen F. | 0.40 | 12 $ 100.00 |
| 01/31/2013 | Communications with Stephen Shaw regarding confirmation of non-confidential depositions to be provided to David Harris and identification of confidential depositions; communications with David Harris regarding e-transcripts of depositions | Mason, Robert D. | 0.40 | 1 $ 190.00 |
| 01/31/2013 | Consider revised contract from Hilton for guest rooms and conference room space for trial; communications with Brigid Driskill of Hilton regarding clarification of points in contract; execute and email contract to Hilton | Mason, Robert D. | 0.50 | 4 $ 237.50 |
| 01/31/2013 | Work on trial planning and strategy | Shaw, Stephen F. | 1.90 | 2 $ 475.00 |
| | | **Total for Services:** | | **$ 32,104.50** |

\* If an asterisk appears above, it designates a Legal Assistant or other non-lawyer professional.

### DISBURSEMENTS AND OTHER CHARGES FOR 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)

| Date: | Description: | Amount: |
|---|---|---|
| Dec 21, 2012 | Deposition Transcript Chaplin & Associates - Myron Glassman deposition taken 12/5/12 | $ 569.85 |
| | **Total Disbursements:** | **$ 569.85** |

### TIMEKEEPER SUMMARY FOR 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)

| Attorney: | Hours: | Amount: | Rate: |
|---|---|---|---|
| Hicks, Jack B. | 2.00 | $ 1,090.00 | $ 545.00 |
| Burke, Charles A. | 30.10 | $ 16,404.50 | $ 545.00 |
| Mason, Robert D. | 12.40 | $ 5,890.00 | $ 475.00 |
| Shaw, Stephen F. | 31.20 | $ 7,800.00 | $ 250.00 |

**TIMEKEEPER SUMMARY FOR 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)**

| | | | |
|---|---|---|---|
| Sharpe, Victoria A.* | 4.00 | $ 920.00 | $ 230.00 |
| **Totals:** | 79.70 | $ 32,104.50 | |

\*    If an asterisk appears above, it designates a Legal Assistant or other non-lawyer professional.

End of matter: 03814.0007.7 - L&L Dispute (SUPER WINGS Trademark)

## Use of Legal Support Service Providers

In an effort to continue delivering cost effective services, WCSR uses legal support service providers located both inside and outside the U.S. to assist with help desk and technology issues, word processing, time entry, photocopying and other administrative tasks. In order for these service providers to complete these tasks, we must share certain client information. WCSR has made reasonable efforts to ensure that these services are performed in a manner that is consistent with our firm's obligations under the relevant Rules of Professional Conduct with regard to maintaining client confidentiality and supervision of non-lawyer assistants, and the firm bears responsibility for the resulting work product. As part of the engagement with the firm, you agree and consent to the use of the services of these providers in the manner stated above.

**EXHIBIT 3**

| | | Total Number of Objectionable Entries | Total Number of Hours | Total Amount of Objection | Total Hours Block Billed | Total Amount of Block Billed | Percentage Block Billed | Total Fees or Total Expenses | Objection Percentage (of Total Fees or Total Expenses) |
|---|---|---|---|---|---|---|---|---|---|
| **Objection** | **Tag #** | | | | | | | | |
| **Objection Totals for Womble Carlyle Sandridge & Rice, LLP** | | | | | | | | | |
| **Step 1** | | | | | | | | | |
| Inappropriate Timekeepers | 7 | 7 | 5.1 | $382.50 | N/A | N/A | N/A | $481,755.50 | 0.08% |
| Fully Redacted Entries | 15 | 4 | 3.9 | $1,796.50 | N/A | N/A | N/A | $481,755.50 | 0.37% |
| Redacted Entries [Partial] | 15 | 37 | 171.8 | $53,381.00 | 171.0 | $53,181.00 | 99.63% | $481,755.50 | 11.08% |
| Non-Billable Disbursements | 13 | 20 | N/A | $365.99 | N/A | N/A | N/A | $28,996.33 | 1.26% |
| **Step 3** | | | | | | | | | |
| Block Billing | 1 | 242 | 903.2 | $339,245.50 | N/A | N/A | N/A | $426,195.50 | 79.60% |
| Vague | 2 | 136 | 429.4 | $177,323.00 | 338.9 | $142,608.50 | 80.42% | $426,195.50 | 41.61% |
| Vague Expenses | 2A | 4 | N/A | $2,068.16 | N/A | N/A | N/A | $28,630.34 | 7.22% |
| Clerical/Administrative Tasks | 4 | 63 | 210.1 | $64,888.00 | 200.1 | $61,654.50 | 95.02% | $426,195.50 | 15.22% |
| Long Day | 6 | 7 Days | 92.5 | $33,599.00 | 92.5 | $33,599.00 | 100.00% | $426,195.50 | 7.88% |
| Long Day Overage [Hours over 10] | | | 22.5 | $8,099.00 | N/A | N/A | N/A | $426,195.50 | 1.90% |
| Travel | 8 | 14 | 96.7 | $40,315.50 | 94.1 | 39704.50 | 98.48% | $426,195.50 | 9.46% |
| Pattern | 9 | 7 | 20.8 | $4,472.00 | 6.2 | $1,333.00 | 29.81% | $426,195.50 | 1.05% |
| Legal Research | 10 | 18 | 96.7 | $24,182.50 | 92.8 | $23,207.50 | 95.97% | $426,195.50 | 5.67% |
| Legal Research [Hours over 3] | | | 42.7 | $10,412.50 | N/A | N/A | N/A | $426,195.50 | 2.44% |
| Instruction/Coordination | 11 | 29 | 120.0 | $43,433.00 | 119.3 | $43,258.00 | 99.60% | $426,195.50 | 10.19% |
| Overqualified | 12 | 29 | 131.2 | $31,342.00 | 125.8 | $29,992.00 | 95.69% | $426,195.50 | 7.35% |
| Internal Conferences | 14 | 79 | 254.1 | $101,354.00 | 249.3 | $99,494.00 | 98.16% | $426,195.50 | 23.78% |
| Internal Conferences and Coordination | 11, 14 | 98 | 321.7 | $126,065.50 | 316.2 | $124,030.50 | 98.39% | $426,195.50 | 29.58% |

| File Name | Invoice No. | Page # | Date | Tag # | Blocked? | Callout # | Timekeeper | Time | Rate | Obj. Total | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Exhibit 2 - Analyzed Bills | 2244408 | 2 | | 1, 2, 11, 14, 15 | Y | 2 | Charles A. Burke | 5.7 | $525.00 | $2,992.50 | |
| Exhibit 2 - Analyzed Bills | 2244408 | 3 | | 1, 2, 4, 11, 12, 15 | Y | 1 | Stephen F. Shaw | 8.2 | $235.00 | $1,927.00 | |
| Exhibit 2 - Analyzed Bills | 2244408 | 4 | | 1, 2, 4, 15 | Y | 1 | Stephen F. Shaw | 4.7 | $235.00 | $1,104.50 | |
| Exhibit 2 - Analyzed Bills | 2244408 | 5 | 6/8/2012 | 1, 4, 15 | Y | 2 | Stephen F. Shaw | 2.5 | $235.00 | $587.50 | Review photographs and electronic files sent by Beach Mart; print copies for file and for use at deposition;'" provide additional materials to Dr. Glassman for his review; work with Torte Sharpe to prepare materials for depositions next week |
| Exhibit 2 - Analyzed Bills | 2244408 | 5 | 6/9/2012 | 15 | | 3 | Charles A. Burke | 2.2 | $525.00 | $1,155.00 | REDACTED |
| Exhibit 2 - Analyzed Bills | 2244408 | 5 | | 1, 15 | Y | 4 | Stephen F. Shaw | 1.9 | $235.00 | $446.50 | |
| Exhibit 2 - Analyzed Bills | 2244408 | 5 | | 1, 2, 11, 15 | Y | 6 | Charles A. Burke | 7.2 | $525.00 | $3,780.00 | |
| Exhibit 2 - Analyzed Bills | 2244408 | 6 | 6/12/2012 | 1, 2, 4, 6, 15 | Y | 3 | Stephen F. Shaw | 14 | $235.00 | $3,290.00 | |
| Exhibit 2 - Analyzed Bills | 2244408 | 7 | | 1, 11, 15 | Y | 2 | Charles A. Burke | 8.5 | $525.00 | $4,462.50 | |
| Exhibit 2 - Analyzed Bills | 2244408 | 8 | | 1, 2, 4, 14, 15 | Y | 4 | Stephen F. Shaw | 4 | $235.00 | $940.00 | |
| Exhibit 2 - Analyzed Bills | 2244408 | 9 | 6/20/2012 | 1, 11, 14, 15 | Y | 4 | Charles A. Burke | 2.5 | $525.00 | $1,312.50 | Exchange correspondence with opposing counsel regarding negotiations over Israel's deposition and regarding the mediated settlement conference; provide status update to Wendy and Jack; telephone conference with Stephen Shaw regarding work on expert report; telephone conference with Jack Hicks and Stephen Shaw for on last week's depositions; "" provide direction to Stephen Shaw regarding the Facebook subpoena |
| Exhibit 2 - Analyzed Bills | 2244408 | 9 | | 1, 2, 4, 12, 15 | Y | 5 | Stephen F. Shaw | 4.4 | $235.00 | $1,034.00 | |
| Exhibit 2 - Analyzed Bills | 2244408 | 10 | | 1, 2, 4, 10, 15 | Y | 3 | Stephen F. Shaw | 6.6 | $235.00 | $1,551.00 | |
| Exhibit 2 - Analyzed Bills | 2244408 | 10 | | 1, 2, 4, 12, 15 | Y | 4 | Stephen F. Shaw | 8.8 | $235.00 | $2,068.00 | |
| Exhibit 2 - Analyzed Bills | 2244408 | 11 | 6/24/2012 | 15 | | 1 | Charles A. Burke | 0.3 | $525.00 | $157.50 | REDACTED |
| Exhibit 2 - Analyzed Bills | 2244408 | 11 | | 1, 4, 11, 15 | Y | 2 | Charles A. Burke | 6.3 | $525.00 | $3,307.50 | |
| Exhibit 2 - Analyzed Bills | 2244408 | 12 | | 1, 2, 4, 12, 15 | Y | 1 | Stephen F. Shaw | 8.6 | $235.00 | $2,021.00 | |
| Exhibit 2 - Analyzed Bills | 2244408 | 12 | | 1, 10, 11, 14, 15 | Y | 3 | Stephen F. Shaw | 6.4 | $235.00 | $1,504.00 | |
| Exhibit 2 - Analyzed Bills | 2244408 | 13 | | 1, 2, 11, 14, 15 | Y | 6 | Stephen F. Shaw | 2.3 | $235.00 | $540.50 | |
| Exhibit 2 - Analyzed Bills | 2244408 | 14 | | 13 | | 1 | N/A | N/A | N/A | $87.00 | Photocopies |
| Exhibit 2 - Analyzed Bills | 2249973 | 18 | 7/3/2012 | 7 | | 6 | Kimberly W. Brandt | 0.5 | $75.00 | $37.50 | Telephone conference with Stephen Shaw regarding depositions in Wilmington; make arrangements for court reporter/videographer for same |
| Exhibit 2 - Analyzed Bills | 2249973 | 19 | | 7 | | 2 | Kimberly W. Brandt | 1 | $75.00 | $75.00 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 20 | | 1, 4, 11, 15 | Y | 5 | Stephen F. Shaw | 6 | $235.00 | $1,410.00 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 21 | | 1, 12, 15 | Y | 2 | Stephen F. Shaw | 1.9 | $235.00 | $446.50 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 23 | 7/23/2012 | 1, 4, 15 | Y | 2 | Stephen F. Shaw | 7.8 | $235.00 | $1,833.00 | Coordinate personal service on Joe Schouten; revise and finalize Requests brAdmissions; review oubtanding discovery items and other tasks with Charles Burke; ídentiff strategy to approach mediated settlement conference and potential summary judgment motion; REDACTED; complete Second Set of Intenogatories and transmith correspondence for discovery to be served tomorrow; review in detail the Motion to Compel and the Motion for Extension of Scheduling Order filed by L&L this evening; consider best stategy to counter L&L's motions and to obtain discovery needed by Beach Mart |

| File Name | Invoice No. | Page # | Date | Tag # | Blocked? | Callout # | Timekeeper | Time | Rate | Obj. Total | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Exhibit 2 - Analyzed Bills | 2249973 | 24 | | 1, 12, 15 | Y | 2 | Stephen F. Shaw | 6.9 | $235.00 | $1,621.50 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 24 | | 7 | | 4 | Kimberly W. Brandt | 0.6 | $75.00 | $45.00 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 28 | 7/3/2012 | 13 | | 1 | N/A | N/A | N/A | $14.25 | Color Copies |
| Exhibit 2 - Analyzed Bills | 2249973 | 29 | 7/26/2012 | 13 | | 1 | N/A | N/A | N/A | $1.00 | Color Copies |
| Exhibit 2 - Analyzed Bills | 2249973 | 29 | 7/26/2012 | 13 | | 1 | N/A | N/A | N/A | $60.00 | Compact Disc |
| Exhibit 2 - Analyzed Bills | 2249973 | 29 | 7/27/2012 | 13 | | 1 | N/A | N/A | N/A | $0.25 | Color Copies |
| Exhibit 2 - Analyzed Bills | 2249973 | 29 | 7/27/2012 | 13 | | 1 | N/A | N/A | N/A | $3.00 | Photocopies |
| Exhibit 2 - Analyzed Bills | 2255601 | 34 | 8/1/2012 | 1, 2, 4, 10, 14, 15 | Y | 2 | Stephen F. Shaw | 6.6 | $235.00 | $1,551.00 | Status review conference with Charles Burke regarding all outstanding items of discovery and pending motions; work on scheduling of same; continue to work on opposition brief for Motion to Compel with supporting exhibits; "" research and correspondence regarding same; revise and edit final draft of opposition brief |
| Exhibit 2 - Analyzed Bills | 2255601 | 35 | | 1, 12, 15 | Y | 3 | Stephen F. Shaw | 6.1 | $235.00 | $1,433.50 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 37 | 8/13/2012 | 15 | | 5 | Jack B. Hicks | 0.5 | $545.00 | $272.50 | REDACTED |
| Exhibit 2 - Analyzed Bills | 2255601 | 43 | 8/29/2012 | 15 | | 6 | Stephen F. Shaw | 0.9 | $235.00 | $211.50 | REDACTED |
| Exhibit 2 - Analyzed Bills | 2255601 | 43 | | 1, 4, 15 | Y | 9 | Charles A. Burke | 0.5 | $525.00 | $262.50 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 45 | 8/8/2012 | 13 | | 1 | N/A | N/A | N/A | $19.20 | Express Delivery Charge - Federal Express Corporation; 793882010271; Oasis Suites Hotel, Charles Burke, Guest, NAGS HEAD, NC |
| Exhibit 2 - Analyzed Bills | 2255601 | 46 | 8/14/2012 | 13 | | 1 | N/A | N/A | N/A | $8.62 | Express Delivery Charge - Federal Express Corporation; 798732503212;Ward & Smith, Joe Schouten, RALEIGH, NC |
| Exhibit 2 - Analyzed Bills | 2265963 | 51 | | 1, 14, 15 | Y | 4 | Charles A. Burke | 0.8 | $525.00 | $420.00 | |
| Exhibit 2 - Analyzed Bills | 2265963 | 52 | | 1, 15 | Y | 6 | Stephen F. Shaw | 0.8 | $235.00 | $188.00 | |
| Exhibit 2 - Analyzed Bills | 2265963 | 54 | | 1, 14, 15 | Y | 4 | Stephen F. Shaw | 3.7 | $235.00 | $869.50 | |
| Exhibit 2 - Analyzed Bills | 2265963 | 57 | 9/11/2012 | 13 | | 1 | N/A | N/A | N/A | $15.29 | Express Delivery Charge - Federal Express Corporation; 798930567570; Ward & Smith, Joseph Schouten, RALEIGH, NC |
| Exhibit 2 - Analyzed Bills | 2265963 | 57 | 9/12/2012 | 13 | | 2 | N/A | N/A | N/A | $7.86 | Express Delivery Charge - Federal Express Corporation; 798948420504; WARD & SMITH, Joseph Schouten, RALEIGH, NC |
| Exhibit 2 - Analyzed Bills | 2265963 | 57 | 9/24/2012 | 13 | | 3 | N/A | N/A | N/A | $11.60 | Computer Research - Lexis LEXIS LEGAL SERVICES - SEARCHES |
| Exhibit 2 - Analyzed Bills | 2265963 | 57 | | 13 | | 4 | N/A | N/A | N/A | $0.20 | Photocopies |
| Exhibit 2 - Analyzed Bills | 2273068 | 62 | | 1, 10, 15 | Y | 3 | Stephen F. Shaw | 5.3 | $250.00 | $1,325.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 65 | | 7 | | 1 | Kimberly W. Brandt | 1 | $75.00 | $75.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 66 | | 1, 15 | y | 5 | Stephen F. Shaw | 0.8 | $250.00 | $200.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 68 | | 7 | | 5 | Kimberly W. Brandt | 0.5 | $75.00 | $37.50 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 69 | 10/11/2012 | 13 | | 2 | N/A | N/A | N/A | $12.80 | Express Delivery Charge Federal Express Corporation; 799173614727; c/o Julie Richards, Clerk - E, Judge James C. Fox, RALEIGH, NC |
| Exhibit 2 - Analyzed Bills | 2273068 | 69 | 10/11/2012 | 13 | | 2 | N/A | N/A | N/A | $12.80 | Express Delivery Charge Federal Express Corporation; 799174055267;Ward and Smith, PA, Donald J. Eglinton, NEIA/ BERN, NC |
| Exhibit 2 - Analyzed Bills | 2273068 | 69 | 10/16/2012 | 13 | | 3 | N/A | N/A | N/A | $15.25 | Computer Research - Lexis LEXIS LEGAL SERVICES - SEARCHES |

| File Name | Invoice No. | Page # | Date | Tag # | Blocked? | Callout # | Timekeeper | Time | Rate | Obj. Total | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Exhibit 2 - Analyzed Bills | 2273068 | 69 | 10/22/2012 | 13 | | 3 | N/A | N/A | N/A | $37.06 | Business Meal - Burke, Charles 10/22/2012 Winston Salem, NC - Working dinner while completing summary judgment brief - Charles Burke; Jake Wharton; Kim Brandt - - Burke Street Pizza |
| Exhibit 2 - Analyzed Bills | 2273068 | 69 | 10/22/2012 | 13 | | 4 | N/A | N/A | N/A | $5.17 | Business Meal - Burke, Charles 10/22/2012 Winston Salem, NC - Working dinner while completing summary judgment brief - Starbucks |
| Exhibit 2 - Analyzed Bills | 2273068 | 69 | 10/22/2012 | 13 | | 5 | N/A | N/A | N/A | $30.51 | Computer Research - Lexis LEXIS LEGAL SERVICES SEARCHES |
| Exhibit 2 - Analyzed Bills | 2273068 | 69 | 10/22/2012 | 13 | | 5 | N/A | N/A | N/A | $0.89 | Computer Research - Lexis LEXIS LEGAL SERVICES - SINGLE DOCUMENT RETRIEVAL |
| Exhibit 2 - Analyzed Bills | 2276777 | 74 | | 1, 15 | Y | 3 | Stephen F. Shaw | 1.4 | $250.00 | $350.00 | |
| Exhibit 2 - Analyzed Bills | 2276777 | 75 | | 7 | | 4 | Kimberly W. Brandt | 1.1 | $75.00 | $82.50 | |
| Exhibit 2 - Analyzed Bills | 2276777 | 75 | 11/8/2012 | 7 | | 8 | Kimberly W. Brandt | 0.4 | $75.00 | $30.00 | Coordinate sending summary judgment notebooks to Judge Fox |
| Exhibit 2 - Analyzed Bills | 2276777 | 78 | 11/9/2012 | 13 | | 1 | N/A | N/A | N/A | $23.24 | Express Delivery Charge - Federal Express Corporation; 794041200156; United States Courthouse, Ms Susan Edwards, WILMINGTON, NC |
| Exhibit 2 - Analyzed Bills | 2286680 | 83 | 12/3/2012 | 1, 2, 8, 11, 15 | Y | 1 | Charles A. Burke | 5.8 | $545.00 | $3,161.00 | Review documents compiled by Stephen Shaw regarding the Glassman deposition; work on preparation for meeting tomorrow with Mike Glassman; travel to Raleigh for meeting with and deposition of Mike Glassman; provide direction to Stephen Shaw regarding pending matters "" work on preparation of a brief in support of a motion to continue the trial date |
| Exhibit 2 - Analyzed Bills | 2286680 | 84 | | 1, 14, 15 | Y | 7 | Stephen F. Shaw | 1.2 | $250.00 | $300.00 | |
| Exhibit 2 - Analyzed Bills | 2286680 | 85 | | 1, 15 | Y | 1 | Stephen F. Shaw | 3.4 | $250.00 | $850.00 | |
| Exhibit 2 - Analyzed Bills | 2286680 | 85 | | 1, 12, 14, 15 | Y | 2 | Stephen F. Shaw | 3.7 | $250.00 | $925.00 | |
| Exhibit 2 - Analyzed Bills | 2291899 | 91 | | 1, 2, 14, 15 | Y | 10 | Charles A. Burke | 2.5 | $545.00 | $1,362.50 | |
| Exhibit 2 - Analyzed Bills | 2291899 | 93 | | 1, 4, 14, 15 | Y | 3 | Stephen F. Shaw | 0.6 | $250.00 | $150.00 | |
| Exhibit 2 - Analyzed Bills | 2291899 | 93 | | 1, 2, 4, 15 | Y | 6 | Charles A. Burke | 3.4 | $545.00 | $1,853.00 | |

| File Name | Invoice No. | Page # | Date | Tag # | Blocked? | Callout # | Timekeeper | Time | Rate | Obj. Total | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Exhibit 2 - Analyzed Bills | 2244408 | 2 | 6/1/2012 | 1 | Y | 1 | Stephen F. Shaw | 2.8 | $235.00 | $658.00 | Correspondence with expert witness transmitting key pleadings and confirming scope of proposed engagement; telephone conference with licensing and damages expert in California; discussion regarding scope of report, salient points, timeline and budget; advise Jack Hicks and Charles Burke regarding same; prepare supplemental discovery responses including documents produced from electronically-stored information |
| Exhibit 2 - Analyzed Bills | 2244408 | 3 | | 1, 14 | Y | 2 | Charles A. Burke | 2.4 | $525.00 | $1,260.00 | |
| Exhibit 2 - Analyzed Bills | 2244408 | 4 | | 9 | | 2 | Victoria A. Sharpe | 4.1 | $215.00 | $881.50 | |
| Exhibit 2 - Analyzed Bills | 2244408 | 4 | 6/6/2012 | 1, 4 | Y | 3 | Jack B. Hicks | 1.1 | $545.00 | $599.50 | Consider status of matter and defenses to date; work on update to client and budget for expected legal fees going forward; provide same to partners |
| Exhibit 2 - Analyzed Bills | 2244408 | 4 | | 1, 11 | Y | 4 | Stephen F. Shaw | 3 | $235.00 | $705.00 | |
| Exhibit 2 - Analyzed Bills | 2244408 | 4 | | 9 | | 5 | Victoria A. Sharpe | 3.1 | $215.00 | $666.50 | |
| Exhibit 2 - Analyzed Bills | 2244408 | 4 | 6/7/2012 | 1, 2, 4 | Y | 6 | Charles A. Burke | 2.8 | $525.00 | $1,470.00 | Work on grounds for protective order motion; review letter from opposing counsel regarding opposition to use of an interpreter for Israel's deposition, and prepare draft response; update and send client status report and budget; work on preparations for depositions next week |
| Exhibit 2 - Analyzed Bills | 2244408 | 5 | | 1, 2 | Y | 1 | Victoria A. Sharpe | 2.8 | $215.00 | $602.00 | |
| Exhibit 2 - Analyzed Bills | 2244408 | 5 | 6/10/2012 | 1, 2, 8 | Y | 5 | Charles A. Burke | 6.8 | $525.00 | $3,570.00 | Travel to Outer Banks for depositions next week; work on final preparations for tomorrow's meeting; "" |
| Exhibit 2 - Analyzed Bills | 2244408 | 5 | 6/11/2012 | 1, 6, 8, 12 | Y | 7 | Stephen F. Shaw | 16.7 | $235.00 | $3,924.50 | |
| Exhibit 2 - Analyzed Bills | 2244408 | 6 | | 1, 2 | Y | 1 | Victoria A. Sharpe | 1 | $215.00 | $215.00 | |
| Exhibit 2 - Analyzed Bills | 2244408 | 6 | | 1, 4, 14 | Y | 2 | Charles A. Burke | 7.5 | $525.00 | $3,937.50 | |
| Exhibit 2 - Analyzed Bills | 2244408 | 7 | | 1, 2 | Y | 1 | Victoria A. Sharpe | 0.8 | $215.00 | $172.00 | |
| Exhibit 2 - Analyzed Bills | 2244408 | 7 | | 1, 2, 4, 8 | Y | 3 | Stephen F. Shaw | 8.8 | $235.00 | $2,068.00 | |
| Exhibit 2 - Analyzed Bills | 2244408 | 7 | | 1, 2 | Y | 4 | Charles A. Burke | 8.5 | $525.00 | $4,462.50 | |
| Exhibit 2 - Analyzed Bills | 2244408 | 7 | | 1, 2, 11, 12, 14 | Y | 5 | Stephen F. Shaw | 6.7 | $235.00 | $1,574.50 | |
| Exhibit 2 - Analyzed Bills | 2244408 | 8 | | 1, 8 | Y | 1 | Charles A. Burke | 7.5 | $525.00 | $3,937.50 | |
| Exhibit 2 - Analyzed Bills | 2244408 | 8 | | 1, 12, 14 | Y | 2 | Stephen F. Shaw | 4.7 | $235.00 | $1,104.50 | |
| Exhibit 2 - Analyzed Bills | 2244408 | 8 | | 1, 14 | Y | 3 | Charles A. Burke | 0.5 | $525.00 | $262.50 | |
| Exhibit 2 - Analyzed Bills | 2244408 | 9 | | 4 | | 1 | Charles A. Burke | 0.2 | $525.00 | $105.00 | |
| Exhibit 2 - Analyzed Bills | 2244408 | 9 | | 4 | | 2 | Stephen F. Shaw | 0.3 | $235.00 | $70.50 | |
| Exhibit 2 - Analyzed Bills | 2244408 | 9 | | 1, 14 | Y | 3 | Jack B. Hicks | 0.7 | $545.00 | $381.50 | |
| Exhibit 2 - Analyzed Bills | 2244408 | 10 | | 1, 2 | Y | 1 | Victoria A. Sharpe | 1.8 | $215.00 | $387.00 | |
| Exhibit 2 - Analyzed Bills | 2244408 | 10 | | 2 | | 2 | Charles A. Burke | 1 | $525.00 | $525.00 | |
| Exhibit 2 - Analyzed Bills | 2244408 | 11 | | 14 | | 3 | Randel S. Springer | 0.5 | $250.00 | $125.00 | |
| Exhibit 2 - Analyzed Bills | 2244408 | 12 | | 1, 11, 14 | Y | 2 | Charles A. Burke | 4 | $525.00 | $2,100.00 | |
| Exhibit 2 - Analyzed Bills | 2244408 | 13 | | 1, 9 | Y | 1 | Victoria A. Sharpe | 2.2 | $215.00 | $473.00 | |

| File Name | Invoice No. | Page # | Date | Tag # | Blocked? | Callout # | Timekeeper | Time | Rate | Obj. Total | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Exhibit 2 - Analyzed Bills | 2244408 | 13 | | 1, 12 | Y | 2 | Stephen F. Shaw | 3.4 | $235.00 | $799.00 | |
| Exhibit 2 - Analyzed Bills | 2244408 | 13 | | 1, 2 | Y | 3 | Charles A. Burke | 1 | $525.00 | $525.00 | |
| Exhibit 2 - Analyzed Bills | 2244408 | 13 | | 1, 12 | Y | 4 | Stephen F. Shaw | 2.1 | $235.00 | $493.50 | |
| Exhibit 2 - Analyzed Bills | 2244408 | 13 | | 1 | Y | 5 | Charles A. Burke | 1.7 | $525.00 | $892.50 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 18 | | 1, 2, 14 | Y | 1 | Charles A. Burke | 2.7 | $525.00 | $1,417.50 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 18 | | 1, 2, 11, 14 | Y | 2 | Stephen F. Shaw | 3.7 | $235.00 | $869.50 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 18 | | 9 | | 3 | Victoria A. Sharpe | 3.3 | $215.00 | $709.50 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 18 | | 1, 2, 4, 10, 14 | Y | 4 | Stephen F. Shaw | 3.5 | $235.00 | $822.50 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 18 | | 1, 2 | Y | 5 | Victoria A. Sharpe | 2.7 | $215.00 | $580.50 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 19 | | 1, 2, 11 | Y | 1 | Charles A. Burke | 4.5 | $525.00 | $2,362.50 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 19 | 7/6/2012 | 1 | Y | 3 | Charles A. Burke | 6.5 | $525.00 | $3,412.50 | Review additional documents provided by Stephen Shaw and work on final preparations for deposition; take deposition of L&L Wing's private investigator; prepare notes regarding key testimony from today's deposition and points to follow up on |
| Exhibit 2 - Analyzed Bills | 2249973 | 19 | | 1, 2, 10, 12, 14 | Y | 4 | Stephen F. Shaw | 6.2 | $235.00 | $1,457.00 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 19 | | 1, 2, 4 | Y | 5 | Charles A. Burke | 0.8 | $525.00 | $420.00 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 19 | | 1, 10 | Y | 6 | Stephen F. Shaw | 5.5 | $235.00 | $1,292.50 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 19 | | 4 | | 7 | Victoria A. Sharpe | 1.8 | $215.00 | $387.00 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 19 | | 1 | Y | 8 | Charles A. Burke | 2.8 | $525.00 | $1,470.00 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 19 | | 1, 4, 11 | Y | 9 | Stephen F. Shaw | 5.1 | $235.00 | $1,198.50 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 20 | | 1, 14 | Y | 1 | Charles A. Burke | 2 | $525.00 | $1,050.00 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 20 | | 1, 4, 10, 14 | Y | 2 | Stephen F. Shaw | 5.8 | $235.00 | $1,363.00 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 20 | | 1, 14 | Y | 3 | Charles A. Burke | 3.3 | $525.00 | $1,732.50 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 20 | 7/12/2012 | 1, 4, 10, 11, 12, 14 | Y | 4 | Stephen F. Shaw | 6.6 | $235.00 | $1,551.00 | Prepare Notice of Deposition for Albert Levy along with transmittal letter; provide instructions to Jennifer Glosson regarding same; work throughout the day to finalize Reply Brief for Motion to Amend Reply; additional legal research to support argument added by Charles Burke; revise and proofread final version of brief; finalize supporting exhibit for filing; strategy conference with Charles Burke to discuss additional discovery needed prior to mediation; file brief and supporting exhibits with court; correspondence with opposing counsel regarding discovery issues |
| Exhibit 2 - Analyzed Bills | 2249973 | 21 | | 1, 2 | Y | 1 | Charles A. Burke | 3.2 | $525.00 | $1,680.00 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 21 | | 1, 9 | Y | 3 | Victoria A. Sharpe | 4 | $215.00 | $860.00 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 21 | | 1, 8 | Y | 4 | Charles A. Burke | 6.5 | $525.00 | $3,412.50 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 21 | | 1 | Y | 5 | Robert D. Mason | 0.6 | $450.00 | $270.00 | |

| File Name | Invoice No. | Page # | Date | Tag # | Blocked? | Callout # | Timekeeper | Time | Rate | Obj. Total | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Exhibit 2 - Analyzed Bills | 2249973 | 21 | 7/17/2012 | 1 | Y | 6 | Stephen F. Shaw | 4.7 | $235.00 | $1,104.50 | Review deposition transcript from Maeyan Golasa, Yaniv Drezner, and Wendy Ray; review and consider correspondence from opposing counsel on discovery matters and prepare response to same; work with DJ Mason to determine most effective theory of recovery for monetary damages, in order to support Motion to Compel Production of L&L's financial information; continue to review supplemental document production from Wendy Ray; review and consider extensive Request for Admissions and supporting exhibits served by L&L and determine strategy to respond |
| Exhibit 2 - Analyzed Bills | 2249973 | 21 | | 9 | | 7 | Victoria A. Sharpe | 0.8 | $215.00 | $172.00 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 21 | | 1, 2, 14 | Y | 8 | Charles A. Burke | 6.7 | $525.00 | $3,517.50 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 22 | | 1, 2, 8, 12 | Y | 1 | Stephen F. Shaw | 9.3 | $235.00 | $2,185.50 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 22 | | 1, 2 | Y | 2 | Charles A. Burke | 4.2 | $525.00 | $2,205.00 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 22 | | 1, 2 | Y | 3 | Stephen F. Shaw | 3.8 | $235.00 | $893.00 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 22 | | 1, 2, 8, 14 | Y | 4 | Charles A. Burke | 6.5 | $525.00 | $3,412.50 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 22 | | 1, 2, 4 | Y | 5 | Stephen F. Shaw | 4.8 | $235.00 | $1,128.00 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 23 | | 1, 14 | Y | 1 | Charles A. Burke | 3.2 | $525.00 | $1,680.00 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 24 | | 1, 14 | Y | 1 | Charles A. Burke | 4.2 | $525.00 | $2,205.00 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 24 | | 4 | | 3 | Jon N. Nolan | 1.6 | $170.00 | $272.00 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 24 | | 1, 11 | Y | 5 | Charles A. Burke | 1.8 | $525.00 | $945.00 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 24 | | 1, 4, 14 | Y | 6 | Stephen F. Shaw | 5.9 | $235.00 | $1,386.50 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 24 | | 1, 11 | Y | 7 | Charles A. Burke | 3.2 | $525.00 | $1,680.00 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 25 | | 1, 11 | Y | 1 | Stephen F. Shaw | 5.7 | $235.00 | $1,339.50 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 25 | | 1 | Y | 2 | Jack B. Hicks | 0.4 | $545.00 | $218.00 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 25 | | 1, 14 | Y | 3 | Charles A. Burke | 2.8 | $525.00 | $1,470.00 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 25 | | 1, 4, 10 | Y | 4 | Stephen F. Shaw | 7.9 | $235.00 | $1,856.50 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 25 | | 9 | | 5 | Victoria A. Sharpe | 3.3 | $215.00 | $709.50 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 25 | | 1, 11 | Y | 6 | Charles A. Burke | 2.3 | $525.00 | $1,207.50 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 25 | 7/31/2012 | 1, 10 | Y | 7 | Stephen F. Shaw | 8.6 | $235.00 | $2,021.00 | Continue to work on draft of opposition brief for motion to compel; legal research on applicable standard for production of electronic information in a certain format; analyze appropriate response to motion to strike expert reports and consider same with DJ Mason; draft insert for opposition brief for motion to strike; legal research on motion to amend scheduling order; review and consider correspondence from opposing counsel on L&L's discovery deficiencies and draft response |
| Exhibit 2 - Analyzed Bills | 2249973 | 26 | | 1, 2 | Y | 1 | Victoria A. Sharpe | 1.8 | $215.00 | $387.00 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 28 | 7/13/2012 | 2A | | 2 | N/A | N/A | N/A | $455.10 | Transportation American Express Travel - Charles Burke, 7/3/12 - Tampa, FL |

| File Name | Invoice No. | Page # | Date | Tag # | Blocked? | Callout # | Timekeeper | Time | Rate | Obj. Total | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Exhibit 2 - Analyzed Bills | 2249973 | 28 | 7/13/2012 | 2A | | 3 | N/A | N/A | N/A | $179.00 | Transportation American Express Travel - Charles Burke, 7/3/12 - Tampa, FL |
| Exhibit 2 - Analyzed Bills | 2255601 | 34 | | 1, 2, 14 | Y | 1 | Charles A. Burke | 5.8 | $525.00 | $3,045.00 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 35 | | 1, 4 | Y | 1 | Victoria A. Sharpe | 1.7 | $215.00 | $365.50 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 35 | | 1, 2, 11 | Y | 2 | Charles A. Burke | 2.6 | $525.00 | $1,365.00 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 35 | | 1, 2, 14 | Y | 4 | Victoria A. Sharpe | 3.1 | $215.00 | $666.50 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 35 | | 1, 2, 12 | Y | 5 | Stephen F. Shaw | 4.4 | $235.00 | $1,034.00 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 35 | | 1, 2 | Y | 6 | Charles A. Burke | 5.8 | $525.00 | $3,045.00 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 36 | | 1, 4 | Y | 1 | Stephen F. Shaw | 4.4 | $235.00 | $1,034.00 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 36 | | 1, 2 | Y | 2 | Charles A. Burke | 6.4 | $525.00 | $3,360.00 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 36 | | 1, 4 | Y | 3 | Stephen F. Shaw | 5.1 | $235.00 | $1,198.50 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 36 | | 2 | | 4 | Charles A. Burke | 7.8 | $525.00 | $4,095.00 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 36 | | 1, 11, 12 | Y | 5 | Stephen F. Shaw | 6.5 | $235.00 | $1,527.50 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 36 | | 1, 2 | Y | 6 | Charles A. Burke | 5.2 | $525.00 | $2,730.00 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 36 | | 1, 4 | Y | 7 | Stephen F. Shaw | 9.3 | $235.00 | $2,185.50 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 37 | | 1, 2 | Y | 1 | Charles A. Burke | 7.8 | $525.00 | $4,095.00 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 37 | | 1 | Y | 2 | Stephen F. Shaw | 2.9 | $235.00 | $681.50 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 37 | | 1, 4, 8 | Y | 3 | Charles A. Burke | 3.5 | $525.00 | $1,837.50 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 37 | | 1 | Y | 4 | Stephen F. Shaw | 2.3 | $235.00 | $540.50 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 37 | 8/13/2012 | 1, 6 | Y | 6 | Charles A. Burke | 13 | $525.00 | $6,825.00 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 37 | 8/13/2012 | 1, 4 | Y | 7 | Stephen F. Shaw | 7.1 | $235.00 | $1,668.50 | Prepare and finalize Objections and Responses to Expert Subpoenas; prepare produce documents responsive to same; finalize presentation for mediation conference and coordinate meeting with mediator ín advance of conference; provide information Charles Burke on various matters throughout deposition of Israel Golasa; file documents with Eastern District per clerk instructions; receive and review additional document production from Charles Burke |
| Exhibit 2 - Analyzed Bills | 2255601 | 37 | | 1, 2 | Y | 8 | Charles A. Burke | 4.3 | $525.00 | $2,257.50 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 38 | | 1, 10 | Y | 1 | Stephen F. Shaw | 4.8 | $235.00 | $1,128.00 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 38 | | 1, 8, 14 | Y | 2 | Charles A. Burke | 8.8 | $525.00 | $4,620.00 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 38 | | 4 | | 3 | Stephen F. Shaw | 0.3 | $235.00 | $70.50 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 38 | 8/15/2012 | 8 | | 4 | Stephen F. Shaw | 1.2 | $235.00 | $282.00 | travel to RTP for settlement conference |
| Exhibit 2 - Analyzed Bills | 2255601 | 38 | 8/15/2012 | 8 | | 5 | Stephen F. Shaw | 1.4 | $235.00 | $329.00 | return travel to Greensboro (delayed due to traffic in RTP) |
| Exhibit 2 - Analyzed Bills | 2255601 | 38 | | 1 | Y | 6 | Charles A. Burke | 1.2 | $525.00 | $630.00 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 38 | | 1, 4, 10, 12 | Y | 7 | Stephen F. Shaw | 4.6 | $235.00 | $1,081.00 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 39 | | 1, 2, 4 | Y | 1 | Robert D. Mason | 0.3 | $450.00 | $135.00 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 39 | | 1, 4, 11, 14 | Y | 2 | Charles A. Burke | 6.8 | $525.00 | $3,570.00 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 39 | | 1, 2 | Y | 3 | Robert D. Mason | 2.6 | $450.00 | $1,170.00 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 40 | | 1, 4, 12 | Y | 1 | Stephen F. Shaw | 3.4 | $235.00 | $799.00 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 40 | | 1, 2 | Y | 2 | Victoria A. Sharpe | 2.2 | $215.00 | $473.00 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 40 | | 4 | | 3 | Victoria A. Sharpe | 0.2 | $215.00 | $43.00 | |

| File Name | Invoice No. | Page # | Date | Tag # | Blocked? | Callout # | Timekeeper | Time | Rate | Obj. Total | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Exhibit 2 - Analyzed Bills | 2255601 | 40 | | 1, 2, 11 | Y | 3 | Charles A. Burke | 8.7 | $525.00 | $4,567.50 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 40 | | 1 | Y | 4 | Robert D. Mason | 3.3 | $450.00 | $1,485.00 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 40 | | 1, 14 | Y | 5 | Stephen F. Shaw | 1.6 | $235.00 | $376.00 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 40 | 8/22/2012 | 1, 2, 4 | Y | 6 | Charles A. Burke | 8.5 | $525.00 | $4,462.50 | Work on revised budget and send to Jack Burke, Charles A. Hicks; meeting with Wes Anson to prepare for his deposition tomorrow; follow up on various issues discussed with Wes Anson; work on pending discovery disputes with L&L Wings |
| Exhibit 2 - Analyzed Bills | 2255601 | 40 | | 1, 4, 14 | Y | 7 | Stephen F. Shaw | 4.1 | $235.00 | $963.50 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 41 | 8/23/2012 | 1, 6, 11, 14 | Y | 1 | Charles A. Burke | 10.7 | $525.00 | $5,617.50 | Defend the Wes Anson deposition; work on negotiations with opposing counsel regarding dispute over the Meir Levy deposition; work on new contract interpretation strategies and discuss with Jack Hicks and Stephen Shaw; review written discovery responses served by L&L and follow up with Stephen Shaw regarding deficiencies; exchange messages with Stephen Shaw with instructions on various outstanding projects and court filings |
| Exhibit 2 - Analyzed Bills | 2255601 | 41 | | 1 | Y | 2 | Robert D. Mason | 0.9 | $450.00 | $405.00 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 41 | | 1, 11 | Y | 3 | Stephen F. Shaw | 6.7 | $235.00 | $1,574.50 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 41 | | 1, 2 | Y | 4 | Charles A. Burke | 9.7 | $525.00 | $5,092.50 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 41 | | 2 | | 5 | Robert D. Mason | 0.2 | $450.00 | $90.00 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 41 | 8/24/2012 | 1, 4, 6, 12 | Y | 6 | Stephen F. Shaw | 11.7 | $235.00 | $2,749.50 | Finalize Brief and Motion to Compel Shaw, Stephen F. Production of L&L's Financial information, and prepare supporting exhibits; prepare and file motions, briefs and supporting exhibits for Motion to Compel, Motion fur Extension of Time to Conduct Deposition of Meir Levy, Opposition Brief to L&L's Motion to Strike; finalize and send supplemental document production and discovery responses to opposing counsel; prepare and send correspondence to opposing counsel regarding the confidentiality designation for the report of Wes Anson; draft brief supporting motion for limited extension of discovery period; review merits of same with Charles Burke; prepare supporting exhibits for same; proofread and revise in preparation for filing; continue to work on Opposition Brief to L&L's Motion to Strike References to Expert Reports |
| Exhibit 2 - Analyzed Bills | 2255601 | 42 | | 2 | | 1 | Robert D. Mason | 0.2 | $450.00 | $90.00 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 42 | | 1, 14 | Y | 2 | Charles A. Burke | 2.5 | $525.00 | $1,312.50 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 42 | | 1, 2 | Y | 3 | Robert D. Mason | 2.3 | $450.00 | $1,035.00 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 42 | | 1, 14 | Y | 4 | Stephen F. Shaw | 2.8 | $235.00 | $658.00 | |

| File Name | Invoice No. | Page # | Date | Tag # | Blocked? | Callout # | Timekeeper | Time | Rate | Obj. Total | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Exhibit 2 - Analyzed Bills | 2255601 | 43 | | 1 | Y | 1 | Victoria A. Sharpe | 3.6 | $215.00 | $774.00 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 43 | | 2 | | 2 | Charles A. Burke | 1.5 | $525.00 | $787.50 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 43 | | 2, 14 | | 3 | Stephen F. Shaw | 0.2 | $235.00 | $47.00 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 43 | | 2 | | 4 | Victoria A. Sharpe | 4.4 | $215.00 | $946.00 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 43 | | 1, 14 | Y | 5 | Jack B. Hicks | 1.4 | $545.00 | $763.00 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 43 | 8/30/2012 | 1, 2, 4 | Y | 7 | Stephen F. Shaw | 1.5 | $235.00 | $352.50 | Work on various discovery matters; begin to draft brief in support of motion for summary judgment; download and review supplemental document production by L&L |
| Exhibit 2 - Analyzed Bills | 2255601 | 43 | | 2 | | 8 | Victoria A. Sharpe | 1.8 | $215.00 | $387.00 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 43 | | 1, 11, 14 | Y | 10 | Stephen F. Shaw | 2.4 | $235.00 | $564.00 | |
| Exhibit 2 - Analyzed Bills | 2265963 | 51 | | 1, 2 | Y | 1 | Stephen F. Shaw | 0.8 | $235.00 | $188.00 | |
| Exhibit 2 - Analyzed Bills | 2265963 | 51 | | 1, 2, 14 | Y | 2 | Charles A. Burke | 2.5 | $525.00 | $1,312.50 | |
| Exhibit 2 - Analyzed Bills | 2265963 | 51 | | 1, 2 | Y | 3 | Stephen F. Shaw | 3.8 | $235.00 | $893.00 | |
| Exhibit 2 - Analyzed Bills | 2265963 | 51 | | 1, 14 | Y | 5 | Charles A. Burke | 1 | $525.00 | $525.00 | |
| Exhibit 2 - Analyzed Bills | 2265963 | 51 | | 1 | Y | 6 | Robert D. Mason | 4.6 | $450.00 | $2,070.00 | |
| Exhibit 2 - Analyzed Bills | 2265963 | 51 | | 1 | Y | 7 | Stephen F. Shaw | 2.3 | $235.00 | $540.50 | |
| Exhibit 2 - Analyzed Bills | 2265963 | 52 | | 1, 14 | Y | 1 | Stephen F. Shaw | 1 | $235.00 | $235.00 | |
| Exhibit 2 - Analyzed Bills | 2265963 | 52 | | 1 | Y | 2 | Stephen F. Shaw | 1.6 | $235.00 | $376.00 | |
| Exhibit 2 - Analyzed Bills | 2265963 | 52 | | 2 | | 3 | Charles A. Burke | 0.3 | $525.00 | $157.50 | |
| Exhibit 2 - Analyzed Bills | 2265963 | 52 | | 2 | | 4 | Stephen F. Shaw | 2.7 | $235.00 | $634.50 | |
| Exhibit 2 - Analyzed Bills | 2265963 | 52 | | 1, 2, 14 | Y | 5 | Stephen F. Shaw | 1.3 | $235.00 | $305.50 | |
| Exhibit 2 - Analyzed Bills | 2265963 | 52 | | 1, 14 | Y | 7 | Charles A. Burke | 1.8 | $525.00 | $945.00 | |
| Exhibit 2 - Analyzed Bills | 2265963 | 52 | | 1, 4 | Y | 8 | Stephen F. Shaw | 1.1 | $235.00 | $258.50 | |
| Exhibit 2 - Analyzed Bills | 2265963 | 52 | | 1, 14 | Y | 9 | Stephen F. Shaw | 1.4 | $235.00 | $329.00 | |
| Exhibit 2 - Analyzed Bills | 2265963 | 53 | | 1, 2, 14 | Y | 1 | Charles A. Burke | 2.2 | $525.00 | $1,155.00 | |
| Exhibit 2 - Analyzed Bills | 2265963 | 53 | | 1, 11 | Y | 2 | Stephen F. Shaw | 1.6 | $235.00 | $376.00 | |
| Exhibit 2 - Analyzed Bills | 2265963 | 53 | | 1 | Y | 3 | Stephen F. Shaw | 2.6 | $235.00 | $611.00 | |
| Exhibit 2 - Analyzed Bills | 2265963 | 53 | | 1, 12 | Y | 4 | Stephen F. Shaw | 2.1 | $235.00 | $493.50 | |
| Exhibit 2 - Analyzed Bills | 2265963 | 53 | | 2 | | 5 | Victoria A. Sharpe | 0.2 | $215.00 | $43.00 | |
| Exhibit 2 - Analyzed Bills | 2265963 | 53 | | 1 | Y | 6 | Charles A. Burke | 0.8 | $525.00 | $420.00 | |
| Exhibit 2 - Analyzed Bills | 2265963 | 53 | | 14 | | 7 | Stephen F. Shaw | 0.3 | $235.00 | $70.50 | |
| Exhibit 2 - Analyzed Bills | 2265963 | 53 | | 1 | Y | 8 | Charles A. Burke | 0.6 | $525.00 | $315.00 | |
| Exhibit 2 - Analyzed Bills | 2265963 | 53 | | 2 | | 9 | Charles A. Burke | 1.8 | $525.00 | $945.00 | |
| Exhibit 2 - Analyzed Bills | 2265963 | 54 | | 2 | | 1 | Stephen F. Shaw | 1.3 | $235.00 | $305.50 | |
| Exhibit 2 - Analyzed Bills | 2265963 | 54 | | 2 | | 2 | Stephen F. Shaw | 1.7 | $235.00 | $399.50 | |
| Exhibit 2 - Analyzed Bills | 2265963 | 54 | | 1, 14 | Y | 3 | Charles A. Burke | 1 | $525.00 | $525.00 | |
| Exhibit 2 - Analyzed Bills | 2265963 | 54 | | 1 | Y | 5 | Charles A. Burke | 2.4 | $525.00 | $1,260.00 | |
| Exhibit 2 - Analyzed Bills | 2265963 | 54 | | 1 | Y | 6 | Stephen F. Shaw | 2.5 | $235.00 | $587.50 | |
| Exhibit 2 - Analyzed Bills | 2265963 | 54 | | 1, 14 | Y | 7 | Stephen F. Shaw | 3.3 | $235.00 | $775.50 | |
| Exhibit 2 - Analyzed Bills | 2265963 | 54 | | 1, 14 | Y | 8 | Charles A. Burke | 4.8 | $525.00 | $2,520.00 | |
| Exhibit 2 - Analyzed Bills | 2265963 | 54 | | 2 | | 9 | Robert D. Mason | 5.3 | $450.00 | $2,385.00 | |
| Exhibit 2 - Analyzed Bills | 2265963 | 54 | | 1, 2, 14 | Y | 10 | Stephen F. Shaw | 8.8 | $235.00 | $2,068.00 | |

| File Name | Invoice No. | Page # | Date | Tag # | Blocked? | Callout # | Timekeeper | Time | Rate | Obj. Total | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Exhibit 2 - Analyzed Bills | 2265963 | 55 | 9/27/2012 | 1, 6 | Y | 1 | Stephen F. Shaw | 10.7 | $235.00 | $2,514.50 | Work throughout the day to finish revisions and additions to motion for summary judgment prepare declaration for Israel Golasa and Yaniv Dresner |
| Exhibit 2 - Analyzed Bills | 2265963 | 55 | 9/28/2012 | 1 | Y | 2 | Charles A. Burke | 4.8 | $525.00 | $2,520.00 | Review draft summary judgment brief and declarations and work on revisions; review revised version of summary judgment documents and provide input to Stephen Shaw; review summary judgment motion filed by Wings |
| Exhibit 2 - Analyzed Bills | 2265963 | 55 | | 1, 4 | Y | 3 | Stephen F. Shaw | 3.4 | $235.00 | $799.00 | |
| Exhibit 2 - Analyzed Bills | 2265963 | 55 | 9/28/2012 | 1, 12 | Y | 4 | Stephen F. Shaw | 8.8 | $235.00 | $2,068.00 | Work throughout the day to: complete declarations; to revise and complete final draft of brief supporting summary judgment; prepare motion fur summary judgment collect and prepare all exhibits and incorporate citations to same in brief |
| Exhibit 2 - Analyzed Bills | 2273068 | 62 | | 1, 14 | Y | 1 | Charles A. Burke | 0.5 | $545.00 | $272.50 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 62 | | 1, 10, 14 | Y | 2 | Stephen F. Shaw | 3.7 | $250.00 | $925.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 62 | | 1 | Y | 4 | Stephen F. Shaw | 2.6 | $250.00 | $650.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 62 | | 1, 10 | Y | 5 | Stephen F. Shaw | 4.3 | $250.00 | $1,075.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 62 | | 1, 10 | Y | 6 | Stephen F. Shaw | 4.6 | $250.00 | $1,150.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 63 | | 1, 14 | Y | 1 | Charles A. Burke | 3.2 | $545.00 | $1,744.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 63 | | 14 | | 2 | Jacob S. Wharton | 0.6 | $400.00 | $240.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 63 | | 14 | | 3 | Stephen F. Shaw | 1.1 | $250.00 | $275.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 63 | | 1, 10 | Y | 4 | Stephen F. Shaw | 4.3 | $250.00 | $1,075.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 63 | | 2 | | 5 | Robert D. Mason | 0.2 | $475.00 | $95.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 63 | | 1, 2 | Y | 6 | Stephen F. Shaw | 3.3 | $250.00 | $825.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 64 | | 2 | | 1 | Stephen F. Shaw | 1.9 | $250.00 | $475.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 64 | | 2 | | 2 | Charles A. Burke | 4.8 | $545.00 | $2,616.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 64 | | 1, 14 | Y | 2 | Stephen F. Shaw | 4.5 | $250.00 | $1,125.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 64 | | 1, 2 | Y | 3 | Charles A. Burke | 3.8 | $545.00 | $2,071.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 64 | | 1, 10 | Y | 4 | Stephen F. Shaw | 7.1 | $250.00 | $1,775.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 64 | | 1, 2 | Y | 5 | Charles A. Burke | 6.8 | $545.00 | $3,706.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 64 | 10/11/2012 | 1, 4, 14 | Y | 6 | Stephen F. Shaw | 6.6 | $250.00 | $1,650.00 | Finalize Memorandum of Law in Support of Motion for Protective Order for Israel Golasa with supporting exhibits; complete Opposition Brief for L&L's Motion to Compel further deposition questioning of Israel Golasa; discuss filing of same with Charles Burke; file same with Court and submit copies of DVDs to court and opposing counsel; discuss status of the case and deposition with Wes Anson and provide update |
| Exhibit 2 - Analyzed Bills | 2273068 | 65 | | 1, 2, 14 | Y | 2 | Charles A. Burke | 2 | $545.00 | $1,090.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 65 | | 2 | | 3 | Stephen F. Shaw | 1.7 | $250.00 | $425.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 65 | | 1, 14 | Y | 4 | Charles A. Burke | 0.5 | $545.00 | $272.50 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 65 | | 1, 2 | Y | 5 | Robert D. Mason | 3.1 | $475.00 | $1,472.50 | |

| File Name | Invoice No. | Page # | Date | Tag # | Blocked? | Callout # | Timekeeper | Time | Rate | Obj. Total | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Exhibit 2 - Analyzed Bills | 2273068 | 65 | | 1, 2, 11, 14 | Y | 6 | Stephen F. Shaw | 4.3 | $250.00 | $1,075.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 65 | | 1 | Y | 7 | Robert D. Mason | 1.3 | $475.00 | $617.50 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 65 | | 1, 14 | Y | 8 | Victoria A. Sharpe | 0.7 | $230.00 | $161.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 65 | | 1, 14 | Y | 9 | Charles A. Burke | 6.8 | $545.00 | $3,706.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 65 | | 1, 2, 10 | Y | 10 | Stephen F. Shaw | 6.8 | $250.00 | $1,700.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 66 | | 1, 4, 14 | Y | 1 | Victoria A. Sharpe | 0.6 | $230.00 | $138.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 66 | | 1 | Y | 2 | Charles A. Burke | 7.5 | $545.00 | $4,087.50 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 66 | | 1, 10 | Y | 3 | Robert D. Mason | 3.6 | $475.00 | $1,710.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 66 | | 2 | | 4 | Jacob S. Wharton | 2.5 | $400.00 | $1,000.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 66 | | 2 | | 6 | Stephen F. Shaw | 9.1 | $250.00 | $2,275.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 66 | | 1, 2 | Y | 7 | Charles A. Burke | 8.5 | $545.00 | $4,632.50 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 66 | | 2 | | 8 | Robert D. Mason | 4.3 | $475.00 | $2,042.50 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 66 | | 2 | | 9 | Jacob S. Wharton | 0.3 | $400.00 | $120.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 66 | | 10 | | 10 | Stephen F. Shaw | 3.9 | $250.00 | $975.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 66 | | 1 | Y | 11 | Charles A. Burke | 5.7 | $545.00 | $3,106.50 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 66 | | 1, 2 | Y | 12 | Robert D. Mason | 3.5 | $475.00 | $1,662.50 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 66 | 10/20/2012 | 1, 12 | Y | 13 | Stephen F. Shaw | 3.4 | $250.00 | $850.00 | Review and revise final draft of opposition brief, complete citations to fact record; finalize declarations for Israel and Yaniv |
| Exhibit 2 - Analyzed Bills | 2273068 | 67 | 10/21/2012 | 1, 12 | Y | 1 | Stephen F. Shaw | 2.7 | $250.00 | $675.00 | Complete citations to fact record and final work on brief send same to Charles Burke for review; work to finalize Drezner's declarations and supporting exhibits; prepare index of exhibit and prepare for filing |
| Exhibit 2 - Analyzed Bills | 2273068 | 67 | | 1, 12 | Y | 2 | Stephen F. Shaw | 1.3 | $250.00 | $325.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 67 | 10/22/2012 | 1, 2, 6 | Y | 3 | Charles A. Burke | 15.4 | $545.00 | $8,393.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 67 | 10/22/2012 | 1, 4, 6 | Y | 4 | Stephen F. Shaw | 14.3 | $250.00 | $3,575.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 67 | | 1, 14 | Y | 5 | Victoria A. Sharpe | 4.1 | $230.00 | $943.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 67 | | 1 | Y | 6 | Charles A. Burke | 2.8 | $545.00 | $1,526.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 67 | | 2 | | 7 | Charles A. Burke | 1.6 | $545.00 | $872.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 67 | | 2 | | 8 | Stephen F. Shaw | 1.1 | $250.00 | $275.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 68 | | 1, 14 | Y | 1 | Charles A. Burke | 3.2 | $545.00 | $1,744.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 68 | | 1, 14 | Y | 2 | Stephen F. Shaw | 1.1 | $250.00 | $275.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 68 | | 2 | | 3 | Stephen F. Shaw | 1.4 | $250.00 | $350.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 68 | | 1, 2, 4 | Y | 4 | Stephen F. Shaw | 2.9 | $250.00 | $725.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 68 | | 1, 2 | Y | 6 | Robert D. Mason | 0.6 | $475.00 | $285.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 68 | | 1, 10, 11 | Y | 7 | Stephen F. Shaw | 4.9 | $250.00 | $1,225.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 68 | | 1 | Y | 8 | Stephen F. Shaw | 1.2 | $250.00 | $300.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 68 | | 2 | | 9 | Robert D. Mason | 2.5 | $475.00 | $1,187.50 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 69 | | 1, 2, 14 | Y | 1 | Stephen F. Shaw | 2.1 | $250.00 | $525.00 | |
| Exhibit 2 - Analyzed Bills | 2276777 | 74 | | 1 | Y | 1 | Charles A. Burke | 3.8 | $545.00 | $2,071.00 | |
| Exhibit 2 - Analyzed Bills | 2276777 | 74 | | 2 | | 2 | Robert D. Mason | 1.1 | $475.00 | $522.50 | |
| Exhibit 2 - Analyzed Bills | 2276777 | 74 | | 2 | | 4 | Robert D. Mason | 1.2 | $475.00 | $570.00 | |
| Exhibit 2 - Analyzed Bills | 2276777 | 74 | | 2 | | 5 | Stephen F. Shaw | 3.2 | $250.00 | $800.00 | |
| Exhibit 2 - Analyzed Bills | 2276777 | 74 | | 1, 2 | y | 6 | Robert D. Mason | 3.8 | $475.00 | $1,805.00 | |
| Exhibit 2 - Analyzed Bills | 2276777 | 74 | | 2 | | 7 | Charles A. Burke | 2.2 | $545.00 | $1,199.00 | |

| File Name | Invoice No. | Page # | Date | Tag # | Blocked? | Callout # | Timekeeper | Time | Rate | Obj. Total | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Exhibit 2 - Analyzed Bills | 2276777 | 74 | | 2 | | 8 | Robert D. Mason | 0.2 | $475.00 | $95.00 | |
| Exhibit 2 - Analyzed Bills | 2276777 | 74 | | 1, 12 | y | 9 | Stephen F. Shaw | 2.8 | $250.00 | $700.00 | |
| Exhibit 2 - Analyzed Bills | 2276777 | 74 | | 1, 2, 14 | Y | 10 | Charles A. Burke | 6 | $545.00 | $3,270.00 | |
| Exhibit 2 - Analyzed Bills | 2276777 | 74 | | 1 | Y | 11 | Stephen F. Shaw | 5.5 | $250.00 | $1,375.00 | |
| Exhibit 2 - Analyzed Bills | 2276777 | 75 | | 1, 14 | Y | 1 | Victoria A. Sharpe | 0.6 | $230.00 | $138.00 | |
| Exhibit 2 - Analyzed Bills | 2276777 | 75 | | 2 | | 2 | Charles A. Burke | 4.5 | $545.00 | $2,452.50 | |
| Exhibit 2 - Analyzed Bills | 2276777 | 75 | | 1, 2, 12 | Y | 3 | Stephen F. Shaw | 6.2 | $250.00 | $1,550.00 | |
| Exhibit 2 - Analyzed Bills | 2276777 | 75 | | 1, 2 | Y | 5 | Charles A. Burke | 3.8 | $545.00 | $2,071.00 | |
| Exhibit 2 - Analyzed Bills | 2276777 | 75 | | 1 | Y | 6 | Robert D. Mason | 0.8 | $475.00 | $380.00 | |
| Exhibit 2 - Analyzed Bills | 2276777 | 75 | | 1, 4 | Y | 7 | Stephen F. Shaw | 6.4 | $250.00 | $1,600.00 | |
| Exhibit 2 - Analyzed Bills | 2276777 | 75 | | 1 | Y | 9 | Stephen F. Shaw | 1.2 | $250.00 | $300.00 | |
| Exhibit 2 - Analyzed Bills | 2276777 | 75 | | 1, 2, 14 | Y | 10 | Charles A. Burke | 2.7 | $545.00 | $1,471.50 | |
| Exhibit 2 - Analyzed Bills | 2276777 | 75 | 11/12/2012 | 1, 2, 4, 12 | Y | 11 | Stephen F. Shaw | 0.9 | $250.00 | $225.00 | Update deposition records and provide same to DJ Mason; further review of financial production; prepare exhibits for upcoming deposition; file status update |
| Exhibit 2 - Analyzed Bills | 2276777 | 76 | | 1, 2 | Y | 1 | Charles A. Burke | 1.8 | $545.00 | $981.00 | |
| Exhibit 2 - Analyzed Bills | 2276777 | 76 | | 1, 2 | Y | 2 | Stephen F. Shaw | 0.9 | $250.00 | $225.00 | |
| Exhibit 2 - Analyzed Bills | 2276777 | 76 | 11/14/2012 | 1, 2, 8 | Y | 3 | Charles A. Burke | 5.4 | $545.00 | $2,943.00 | Travel to New York for the Meir Levy deposition; work on final deposition preparations; plan for pretrial submissions and discuss with Stephen Shaw; exchange messages with opposing counsel regarding negotiations over pretrial submissions |
| Exhibit 2 - Analyzed Bills | 2276777 | 76 | | 1, 11, 12, 14 | Y | 4 | Stephen F. Shaw | 4.3 | $250.00 | $1,075.00 | |
| Exhibit 2 - Analyzed Bills | 2276777 | 76 | | 1, 2, 4 | Y | 5 | Charles A. Burke | 6.8 | $545.00 | $3,706.00 | |
| Exhibit 2 - Analyzed Bills | 2276777 | 76 | | 1, 4 | Y | 6 | Stephen F. Shaw | 3.7 | $250.00 | $925.00 | |
| Exhibit 2 - Analyzed Bills | 2276777 | 76 | 11/16/2012 | 1, 4, 8 | Y | 7 | Charles A. Burke | 4.5 | $545.00 | $2,452.50 | Return travel from deposition; work on deposition scheduling |
| Exhibit 2 - Analyzed Bills | 2276777 | 76 | | 1 | Y | 8 | Robert D. Mason | 1.4 | $475.00 | $665.00 | |
| Exhibit 2 - Analyzed Bills | 2276777 | 77 | | 1, 2 | Y | 1 | Stephen F. Shaw | 1.3 | $250.00 | $325.00 | |
| Exhibit 2 - Analyzed Bills | 2276777 | 77 | | 1, 2 | Y | 2 | Charles A. Burke | 0.8 | $545.00 | $436.00 | |
| Exhibit 2 - Analyzed Bills | 2276777 | 77 | | 2 | | 3 | Stephen F. Shaw | 1.2 | $250.00 | $300.00 | |
| Exhibit 2 - Analyzed Bills | 2276777 | 77 | | 1, 11, 12 | Y | 4 | Stephen F. Shaw | 0.4 | $250.00 | $100.00 | |
| Exhibit 2 - Analyzed Bills | 2276777 | 77 | | 1 | Y | 5 | Victoria A. Sharpe | 1.5 | $230.00 | $345.00 | |
| Exhibit 2 - Analyzed Bills | 2276777 | 77 | | 1, 2, 14 | Y | 6 | Charles A. Burke | 3.8 | $545.00 | $2,071.00 | |
| Exhibit 2 - Analyzed Bills | 2276777 | 77 | | 1, 4 | Y | 7 | Stephen F. Shaw | 4.5 | $250.00 | $1,125.00 | |
| Exhibit 2 - Analyzed Bills | 2276777 | 78 | 11/27/2012 | 2A | | 2 | N/A | N/A | N/A | $396.60 | Transportation - American Express Travel - Charles Burke, 11/14/12 - New York, NY |
| Exhibit 2 - Analyzed Bills | 2286680 | 83 | | 1, 2, 12 | Y | 2 | Stephen F. Shaw | 2.1 | $250.00 | $525.00 | |
| Exhibit 2 - Analyzed Bills | 2286680 | 83 | | 1, 2 | Y | 3 | Victoria A. Sharpe | 3.2 | $230.00 | $736.00 | |
| Exhibit 2 - Analyzed Bills | 2286680 | 83 | | 1, 11 | Y | 4 | Charles A. Burke | 6.4 | $545.00 | $3,488.00 | |
| Exhibit 2 - Analyzed Bills | 2286680 | 83 | | 1, 4 | Y | 5 | Stephen F. Shaw | 1.1 | $250.00 | $275.00 | |
| Exhibit 2 - Analyzed Bills | 2286680 | 83 | | 1, 8 | Y | 6 | Charles A. Burke | 9.8 | $545.00 | $5,341.00 | |
| Exhibit 2 - Analyzed Bills | 2286680 | 83 | | 1, 4 | Y | 7 | Stephen F. Shaw | 0.3 | $250.00 | $75.00 | |
| Exhibit 2 - Analyzed Bills | 2286680 | 83 | | 4 | | 8 | Charles A. Burke | 1.8 | $545.00 | $981.00 | |
| Exhibit 2 - Analyzed Bills | 2286680 | 83 | | 1, 2, 4, 11 | Y | 9 | Stephen F. Shaw | 1.2 | $250.00 | $300.00 | |

| File Name | Invoice No. | Page # | Date | Tag # | Blocked? | Callout # | Timekeeper | Time | Rate | Obj. Total | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Exhibit 2 - Analyzed Bills | 2286680 | 84 | | 1, 2 | Y | 1 | Stephen F. Shaw | 1.1 | $250.00 | $275.00 | |
| Exhibit 2 - Analyzed Bills | 2286680 | 84 | | 2 | | 2 | Charles A. Burke | 0.2 | $545.00 | $109.00 | |
| Exhibit 2 - Analyzed Bills | 2286680 | 84 | | 1, 4 | Y | 3 | Charles A. Burke | 1 | $545.00 | $545.00 | |
| Exhibit 2 - Analyzed Bills | 2286680 | 84 | | 1, 2 | Y | 4 | Charles A. Burke | 0.8 | $545.00 | $436.00 | |
| Exhibit 2 - Analyzed Bills | 2286680 | 84 | | 2 | | 5 | Robert D. Mason | 0.1 | $475.00 | $47.50 | |
| Exhibit 2 - Analyzed Bills | 2286680 | 84 | | 1, 11, 14 | Y | 6 | Stephen F. Shaw | 2.9 | $250.00 | $725.00 | |
| Exhibit 2 - Analyzed Bills | 2286680 | 84 | | 4 | | 8 | Charles A. Burke | 0.2 | $545.00 | $109.00 | |
| Exhibit 2 - Analyzed Bills | 2286680 | 85 | 12/21/2012 | 1, 4 | Y | 3 | Stephen F. Shaw | 3.2 | $250.00 | $800.00 | Finalize and file Amended and Supplemental Exhibit List; finalize and file Objections to L&L Witness and Exhibit List |
| Exhibit 2 - Analyzed Bills | 2286680 | 85 | | 1 | Y | 4 | Stephen F. Shaw | 0.7 | $250.00 | $175.00 | |
| Exhibit 2 - Analyzed Bills | 2286680 | 85 | | 1 | Y | 5 | Charles A. Burke | 3.4 | $545.00 | $1,853.00 | |
| Exhibit 2 - Analyzed Bills | 2286680 | 85 | | 1 | Y | 6 | Stephen F. Shaw | 1.7 | $250.00 | $425.00 | |
| Exhibit 2 - Analyzed Bills | 2286680 | 85 | | 1 | Y | 7 | Stephen F. Shaw | 2.1 | $250.00 | $525.00 | |
| Exhibit 2 - Analyzed Bills | 2286680 | 86 | 11/14/2012 | 2A | | 1 | N/A | N/A | N/A | $1,037.46 | Lodging - Burke, Charles 11/14/2012 Burke, Charles New York, NY - the Levy deposition |
| Exhibit 2 - Analyzed Bills | 2291899 | 91 | | 1, 4 | Y | 1 | Charles A. Burke | 0.8 | $545.00 | $436.00 | |
| Exhibit 2 - Analyzed Bills | 2291899 | 91 | 1/7/2013 | 11 | | 2 | Stephen F. Shaw | 0.4 | $250.00 | $100.00 | Receive instructions from Charles Burke regarding preparation of motion for trial setting in April |
| Exhibit 2 - Analyzed Bills | 2291899 | 91 | | 4 | | 3 | Robert D. Mason | 0.2 | $475.00 | $95.00 | |
| Exhibit 2 - Analyzed Bills | 2291899 | 91 | | 1 | Y | 4 | Stephen F. Shaw | 1.1 | $250.00 | $275.00 | |
| Exhibit 2 - Analyzed Bills | 2291899 | 91 | | 2 | | 5 | Stephen F. Shaw | 1.1 | $250.00 | $275.00 | |
| Exhibit 2 - Analyzed Bills | 2291899 | 91 | | 1, 2, 14 | Y | 6 | Stephen F. Shaw | 0.9 | $250.00 | $225.00 | |
| Exhibit 2 - Analyzed Bills | 2291899 | 91 | | 1, 2 | Y | 7 | Charles A. Burke | 2.2 | $545.00 | $1,199.00 | |
| Exhibit 2 - Analyzed Bills | 2291899 | 91 | | 1, 2 | Y | 8 | Robert D. Mason | 0.8 | $475.00 | $380.00 | |
| Exhibit 2 - Analyzed Bills | 2291899 | 91 | | 1 | Y | 9 | Stephen F. Shaw | 4.6 | $250.00 | $1,150.00 | |
| Exhibit 2 - Analyzed Bills | 2291899 | 91 | | 1, 4 | Y | 10 | Victoria A. Sharpe | 1.2 | $230.00 | $276.00 | |
| Exhibit 2 - Analyzed Bills | 2291899 | 91 | | 2 | | 11 | Robert D. Mason | 1 | $475.00 | $475.00 | |
| Exhibit 2 - Analyzed Bills | 2291899 | 92 | | 2 | | 1 | Stephen F. Shaw | 3.2 | $250.00 | $800.00 | |
| Exhibit 2 - Analyzed Bills | 2291899 | 92 | | 14 | | 2 | Jack B. Hicks | 1 | $545.00 | $545.00 | |
| Exhibit 2 - Analyzed Bills | 2291899 | 92 | | 2 | | 3 | Robert D. Mason | 1.2 | $475.00 | $570.00 | |
| Exhibit 2 - Analyzed Bills | 2291899 | 92 | | 2 | | 4 | Stephen F. Shaw | 1.2 | $250.00 | $300.00 | |
| Exhibit 2 - Analyzed Bills | 2291899 | 92 | | 14 | | 5 | Jack B. Hicks | 0.5 | $545.00 | $272.50 | |
| Exhibit 2 - Analyzed Bills | 2291899 | 92 | | 2 | | 6 | Robert D. Mason | 2.1 | $475.00 | $997.50 | |
| Exhibit 2 - Analyzed Bills | 2291899 | 92 | | 1, 14 | Y | 7 | Stephen F. Shaw | 0.7 | $250.00 | $175.00 | |
| Exhibit 2 - Analyzed Bills | 2291899 | 92 | | 1, 14 | Y | 8 | Charles A. Burke | 6.4 | $545.00 | $3,488.00 | |
| Exhibit 2 - Analyzed Bills | 2291899 | 92 | | 1, 4 | Y | 9 | Robert D. Mason | 0.5 | $475.00 | $237.50 | |
| Exhibit 2 - Analyzed Bills | 2291899 | 92 | 1/22/2013 | 2, 14 | | 10 | Robert D. Mason | 0.3 | $475.00 | $142.50 | Conference with Charles Burke |
| Exhibit 2 - Analyzed Bills | 2291899 | 92 | | 1, 2, 12, 14 | Y | 11 | Stephen F. Shaw | 2.2 | $250.00 | $550.00 | |
| Exhibit 2 - Analyzed Bills | 2291899 | 93 | | 1, 2, 14 | Y | 1 | Charles A. Burke | 5.8 | $545.00 | $3,161.00 | |
| Exhibit 2 - Analyzed Bills | 2291899 | 93 | 1/23/2013 | 2, 14 | | 2 | Robert D. Mason | 0.3 | $475.00 | $142.50 | Conference with Charles Burke |
| Exhibit 2 - Analyzed Bills | 2291899 | 93 | | 2, 4 | | 4 | Victoria A. Sharpe | 0.7 | $230.00 | $161.00 | |
| Exhibit 2 - Analyzed Bills | 2291899 | 93 | | 1, 14 | Y | 5 | Victoria A. Sharpe | 0.4 | $230.00 | $92.00 | |

| File Name | Invoice No. | Page # | Date | Tag # | Blocked? | Callout # | Timekeeper | Time | Rate | Obj. Total | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Exhibit 2 - Analyzed Bills | 2291899 | 93 | 1/24/2013 | 1, 4 | Y | 7 | Robert D. Mason | 0.5 | $475.00 | $237.50 | Communications with Torie Sharpe regarding trial preparations; communications with Charles Burke regarding anticipated trial team and timing of witnesses; email instructions for reservations for trial team; consider email from Wilmington Hilton regarding potential reservations |
| Exhibit 2 - Analyzed Bills | 2291899 | 93 | | 1, 2 | Y | 8 | Robert D. Mason | 2.1 | $475.00 | $997.50 | |
| Exhibit 2 - Analyzed Bills | 2291899 | 94 | | 1 | Y | 1 | Stephen F. Shaw | 2.1 | $250.00 | $525.00 | |
| Exhibit 2 - Analyzed Bills | 2291899 | 94 | | 2 | | 2 | Stephen F. Shaw | 0.8 | $250.00 | $200.00 | |
| Exhibit 2 - Analyzed Bills | 2291899 | 94 | | 4 | | 3 | Victoria A. Sharpe | 0.6 | $230.00 | $138.00 | |
| Exhibit 2 - Analyzed Bills | 2291899 | 94 | | 1, 2, 4 | Y | 4 | Charles A. Burke | 2 | $545.00 | $1,090.00 | |
| Exhibit 2 - Analyzed Bills | 2291899 | 94 | 1/25/2013 | 11 | | 5 | Stephen F. Shaw | 0.3 | $250.00 | $75.00 | Provide instructions to staff regarding collection of docket entries |
| Exhibit 2 - Analyzed Bills | 2291899 | 94 | | 2 | | 6 | Charles A. Burke | 0.5 | $545.00 | $272.50 | |
| Exhibit 2 - Analyzed Bills | 2291899 | 94 | | 2 | | 7 | Robert D. Mason | 0.5 | $475.00 | $237.50 | |
| Exhibit 2 - Analyzed Bills | 2291899 | 94 | 1/28/2013 | 4 | | 8 | Robert D. Mason | 0.4 | $475.00 | $190.00 | Communications with Torie Sharpe regarding contract for hotels and conference rooms for trial; consider proposed Hilton contract and communications with Charles Burke regarding contract; communications with Hilton regarding questions about contract |
| Exhibit 2 - Analyzed Bills | 2291899 | 94 | | 12 | | 9 | Stephen F. Shaw | 1.8 | $250.00 | $450.00 | |
| Exhibit 2 - Analyzed Bills | 2291899 | 94 | | 4 | | 10 | Victoria A. Sharpe | 0.8 | $230.00 | $184.00 | |
| Exhibit 2 - Analyzed Bills | 2291899 | 94 | 1/29/2013 | 4 | | 10 | Robert D. Mason | 0.4 | $475.00 | $190.00 | Communications and negotiations with Wilmington Hilton regarding contact for room block and conference rooms for trial |
| Exhibit 2 - Analyzed Bills | 2291899 | 94 | | 1 | Y | 11 | Robert D. Mason | 0.6 | $475.00 | $285.00 | |
| Exhibit 2 - Analyzed Bills | 2291899 | 94 | | 12 | | 12 | Stephen F. Shaw | 3.2 | $250.00 | $800.00 | |
| Exhibit 2 - Analyzed Bills | 2291899 | 94 | | 1, 2 | Y | 13 | Stephen F. Shaw | 1.2 | $250.00 | $300.00 | |
| Exhibit 2 - Analyzed Bills | 2291899 | 94 | | 1 | Y | 14 | Robert D. Mason | 0.6 | $475.00 | $285.00 | |
| Exhibit 2 - Analyzed Bills | 2291899 | 95 | | 1, 11, 12 | Y | 1 | Stephen F. Shaw | 2.3 | $250.00 | $575.00 | |
| Exhibit 2 - Analyzed Bills | 2291899 | 95 | | 12 | | 2 | Stephen F. Shaw | 0.4 | $250.00 | $100.00 | |
| Exhibit 2 - Analyzed Bills | 2291899 | 95 | | 1 | Y | 3 | Robert D. Mason | 0.4 | $475.00 | $190.00 | |
| Exhibit 2 - Analyzed Bills | 2291899 | 95 | 1/31/2013 | 4 | | 4 | Robert D. Mason | 0.5 | $475.00 | $237.50 | Consider revised contract from Hilton for guest rooms and conference room space for trial; communications with Brigid Driskill of Hilton regarding clarification of points in contract; execute and email contract to Hilton |
| Exhibit 2 - Analyzed Bills | 2291899 | 95 | | 2 | | 5 | Stephen F. Shaw | 1.9 | $250.00 | $475.00 | |

| File Name | Invoice No. | Page # | Date | Tag # | Blocked? | Callout # | Timekeeper | Time | OVERAGE [TIME] | Rate | Obj. Total | OVERAGE [OBJ. TOTAL | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Exhibit 2 - Analyzed Bills | 2244408 | 5 | 6/11/2012 | 1, 6, 8, 12 | Y | 7 | Stephen F. Shaw | 16.7 | 6.7 | $235.00 | $3,924.50 | $1,574.50 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 37 | 8/13/2012 | 1, 6 | Y | 6 | Charles A. Burke | 13 | 3 | $525.00 | $6,825.00 | $1,575.00 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 41 | 8/23/2012 | 1, 6, 11, 14 | Y | 1 | Charles A. Burke | 10.7 | 0.7 | $525.00 | $5,617.50 | $367.50 | Defend the Wes Anson deposition; work on negotiations with opposing counsel regarding dispute over the Meir Levy deposition; work on new contract interpretation strategies and discuss with Jack Hicks and Stephen Shaw; review written discovery responses served by L&L and follow up with Stephen Shaw regarding deficiencies; exchange messages with Stephen Shaw with instructions on various outstanding projects and court filings |
| Exhibit 2 - Analyzed Bills | 2255601 | 41 | 8/24/2012 | 1, 4, 6, 12 | Y | 6 | Stephen F. Shaw | 11.7 | 1.7 | $235.00 | $2,749.50 | $399.50 | Finalize Brief and Motion to Compel Shaw, Stephen F. Production of L&L's Financial information, and prepare supporting exhibits; prepare and file motions, briefs and supporting exhibits for Motion to Compel, Motion fur Extension of Time to Conduct Deposition of Meir Levy, Opposition Brief to L&L's Motion to Strike; finalize and send supplemental document production and discovery responses to opposing counsel; prepare and send correspondence to opposing counsel regarding the confidentiality designation for the report of Wes Anson; draft brief supporting motion for limited extension of discovery period; review merits of same with Charles Burke; prepare supporting exhibits for same; proofread and revise in preparation for filing; continue to work on Opposition Brief to L&L's Motion to Strike References to Expert Reports |
| Exhibit 2 - Analyzed Bills | 2265963 | 55 | 9/27/2012 | 1, 6 | Y | 1 | Stephen F. Shaw | 10.7 | 0.7 | $235.00 | $2,514.50 | $164.50 | Work throughout the day to finish revisions and additions to motion for summary judgment prepare declaration for Israel Golasa and Yaniv Dresner |
| Exhibit 2 - Analyzed Bills | 2273068 | 67 | 10/22/2012 | 1, 2, 6 | Y | 3 | Charles A. Burke | 15.4 | 5.4 | $545.00 | $8,393.00 | $2,943.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 67 | 10/22/2012 | 1, 4, 6 | Y | 4 | Stephen F. Shaw | 14.3 | 4.3 | $250.00 | $3,575.00 | $1,075.00 | |
| | | | | | | | **TOTALS** | **92.50** | **22.5** | **7** | **$33,599.00** | **$8,099.00** | |

| File Name | Invoice No. | Page # | Date | Tag # | Blocked? | Callout # | Timekeeper | Time | OVERAGE [TIME] | Rate | Obj. Total | OVERAGE [OBJ. TOTAL] | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Exhibit 2 - Analyzed Bills | 2249973 | 18 | | 1, 2, 4, 10, 14 | Y | 4 | Stephen F. Shaw | 3.5 | 0.5 | $235.00 | $822.50 | $117.50 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 19 | | 1, 2, 10, 12, 14 | Y | 4 | Stephen F. Shaw | 6.2 | 3.2 | $235.00 | $1,457.00 | $752.00 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 19 | | 1, 10 | Y | 6 | Stephen F. Shaw | 5.5 | 2.5 | $235.00 | $1,292.50 | $587.50 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 20 | | 1, 4, 10, 14 | Y | 2 | Stephen F. Shaw | 5.8 | 2.8 | $235.00 | $1,363.00 | $658.00 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 20 | 7/12/2012 | 1, 4, 10, 11, 12, 14 | Y | 4 | Stephen F. Shaw | 6.6 | 3.6 | $235.00 | $1,551.00 | $846.00 | Prepare Notice of Deposition for Albert Levy along with transmittal letter; provide instructions to Jennifer Glosson regarding same; work throughout the day to finalize Reply Brief for Motion to Amend Reply; additional legal research to support argument added by Charles Burke; revise and proofread final version of brief; finalize supporting exhibit for filing; strategy conference with Charles Burke to discuss additional discovery needed prior to mediation; file brief and supporting exhibits with court; correspondence with opposing counsel regarding discovery issues |
| Exhibit 2 - Analyzed Bills | 2249973 | 25 | | 1, 4, 10 | Y | 4 | Stephen F. Shaw | 7.9 | 4.9 | $235.00 | $1,856.50 | $1,151.50 | |
| Exhibit 2 - Analyzed Bills | 2249973 | 25 | 7/31/2012 | 1, 10 | Y | 7 | Stephen F. Shaw | 8.6 | 5.6 | $235.00 | $2,021.00 | $1,316.00 | Continue to work on draft of opposition brief for motion to compel; legal research on applicable standard for production of electronic information in a certain format; analyze appropriate response to motion to strike expert reports and consider same with DJ Mason; draft insert for opposition brief for motion to strike; legal research on motion to amend scheduling order; review and consider correspondence from opposing counsel on L&L's discovery deficiencies and draft response |
| Exhibit 2 - Analyzed Bills | 2255601 | 38 | | 1, 10 | Y | 1 | Stephen F. Shaw | 4.8 | 1.8 | $235.00 | $1,128.00 | $423.00 | |
| Exhibit 2 - Analyzed Bills | 2255601 | 38 | | 1, 4, 10, 12 | Y | 7 | Stephen F. Shaw | 4.6 | 1.6 | $235.00 | $1,081.00 | $376.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 62 | | 1, 10, 14 | Y | 2 | Stephen F. Shaw | 3.7 | 0.7 | $250.00 | $925.00 | $175.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 62 | | 1, 10 | Y | 5 | Stephen F. Shaw | 4.3 | 1.3 | $250.00 | $1,075.00 | $325.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 62 | | 1, 10 | Y | 6 | Stephen F. Shaw | 4.6 | 1.6 | $250.00 | $1,150.00 | $400.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 63 | | 1, 10 | Y | 4 | Stephen F. Shaw | 4.3 | 1.3 | $250.00 | $1,075.00 | $325.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 64 | | 1, 10 | Y | 4 | Stephen F. Shaw | 7.1 | 4.1 | $250.00 | $1,775.00 | $1,025.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 65 | | 1, 2, 10 | Y | 10 | Stephen F. Shaw | 6.8 | 3.8 | $250.00 | $1,700.00 | $950.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 66 | | 1, 10 | Y | 3 | Robert D. Mason | 3.6 | 0.6 | $475.00 | $1,710.00 | $285.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 66 | | 10 | | 10 | Stephen F. Shaw | 3.9 | 0.9 | $250.00 | $975.00 | $225.00 | |
| Exhibit 2 - Analyzed Bills | 2273068 | 68 | | 1, 10, 11 | Y | 7 | Stephen F. Shaw | 4.9 | 1.9 | $250.00 | $1,225.00 | $475.00 | |
| | | | | | | | **TOTALS** | **96.7** | **42.7** | | **18** | **$24,182.50** | **$10,412.50** |

**EXHIBIT 4**

## Tagging Guide

**Definitions:**
a. **"Description errors"** are: block billing; vague; pattern.
b. **"Substantive errors"** are: large increments of time; clerical; excessive staffing; long day charged; overqualified; travel time; legal research; training; intra-office meetings; non-billable overhead disbursements and travel expenses.
c. A **"timekeeper narrative"** is: the entire narrative from a timekeeper:
    1. Example: "Review materials in connection with increasing authorized shares and issuance of stock to X and Y; respond to emails from Z; circulate stock ledger, stock certificates and filed Certificate of Amendment."
d. A **"task"** is: a discrete segment within a timekeeper narrative separated by a semi-colon.
    1. In the following example there are **three tasks** separated by the semi-colons: "Review materials in connection with increasing authorized shares and issuance of stock to X and Y; respond to emails from Z; circulate stock ledger, stock certificates and filed Certificate of Amendment."

**Items to be Tagged in Invoices:**

**Description Errors:**

1. **Block Billing:**
    a. **Rule:** All time entries should be single-task coded, e.g. each discreet task performed should have a corresponding time entry.

2. **Insufficient, Vague, and/or Inadequately Described Work:**
    a. **Rule:** Task description is likely to be "vague" if it is 3 words or less. Communication should have the subject matter and with whom the communication is with.

3. **RESERVED**

**Substantive Errors:**

4. **Clerical and/or Admin Work or Timekeeper:**
    a. **Rule:** Tag if clearly non-professional work that does not require legal knowledge.

5. **RESERVED**

6. **Long Days:**
    a. **Rule:** A "long day" is defined as more than **10 hours** billed in a day

7. **Inappropriate Timekeeper:**
    a. **Rule:** Someone who is not an attorney or paralegal may not bill time. If a timekeeper is not an attorney or paralegal, all of their time should be tagged.

8. **Travel time without substantive work being performed:**
    a. **Rule:** Tag time entries that are purely for travel only. Purely for travel means that there is no substantive work being completed (i.e. "travel to XX").

9. **Pattern Entry:**
   a. **Rule:** A "pattern" charge is when the exact same words appear repeatedly within a timekeeper's time entries as if cut and pasted into the bill. Appearance of a phrase **three or more times** in the **same invoice**, by the **same timekeeper** is a pattern.

10. **Legal Research over 3 Hours:**
    a. **Rule:** Tag time spent on legal research that exceeds 3 hours.

11. **Coordination/Training/Supervision:**
    a. **Rule:** The client should not be charged for coordination of tasks, training or "getting-up-to speed" time incurred as a result of staff inexperience, timekeepers rotating through a matter, or changes in staff that are made for the convenience of the firm.

12. **Overqualified**
    a. **Rule:** Tag any tasks an attorney is overqualified to perform.

13. **Non-billable Overhead Disbursements**

14. **Internal Conferences**

15. **Redacted Entries**

2

## <u>Certificate of Service</u>

I hereby certify that a copy of the foregoing document was served upon all counsel of Record as reflected on ECF and by agreement of the parties as an attachment to an electronic correspondence as follows:

Stephen F. Shaw
Jonathan T. Sink
Womble Bond Dickinson (US), LLP
300 N. Greene St., Suite 1900
Greensboro, NC 27401
stephen.shaw@wbd-us.com
jon.sink@wbd-us.com
Fax: 336-574-4521
Attorneys for Beach Mart, Inc.

Charles A. Burke
Womble Bond Dickinson (US) LLP
555 Fayetteville St., Suite 1100
Raleigh, NC 27601
charles.burke@wbd-us.com
Attorney for Beach Mart, Inc.

**This the 16th day of November, 2020.**

**/s/Devlin K. Horton**