# UNITED STATES DISTRICT COURT
## EATERN DISTRICT OF NORTH CAROLINA

PENNSYLVANIA MUTUAL CASUALTY
INSURANCE COMPANY,

*Plaintiff,*

vs.

BEACH MART, INC., AND L&L WINGS, INC.,

*Defendant.*

Civil Action No: 4:14-cv-00019

## SUPPLEMENTAL EXPERT REPORT OF DAVID PAIGE, ESQ.

_____
DAVID PAIGE

Dated: March 1, 2021

EXHIBIT

**D**

## INTRODUCTION

1. I have been retained by Plaintiff, Penn National Mutual Casualty Insurance Company, ("Plaintiff" or "Penn National"), to serve as an expert witness in this matter. If Plaintiff calls me as a witness at trial, I may testify to some or all of both the opinions below and the opinions expressed in my first report, dated November 16, 2020. (the "November Report"). I reserve the right to supplement or amend this report and the November Report based upon the receipt of additional information.

2. I previously summarized my prior experience and opinions in the November Report, as well as the exhibits to the November Report. Such opinions and information will not be repeated here, but, instead, are incorporated by reference.

3. The November Report contained opinions and observations based upon my review of the case materials supplied to me, as well as my background and knowledge of commercial customs, practices and standards in the insurance industry for the provision of defense on commercial liability insurance policies.

4. I have been provided with the Expert Report of R. Bryan Tilden, dated February 1, 2021. (the "Tilden Report"). It is my understanding that Mr. Tilden was retained as an expert concerning insurance customs and practices. I have been asked to provide my responses to the Tilden Report as a Supplemental Report to the November Report.

## The Tilden Report

1. This Supplemental Report is prepared in accordance with widely accepted standards and practices of the insurance industry and is based on my

2

professional opinion, education, training, and experience. I incorporate by reference all of the opinions set forth in the November Report.

2. After review of the Tilden Report, it is my opinion that Mr. Tilden's report has multiple problems. He is inconsistent in his approach, seeks to encroach upon the exclusive role of both the Court and fact finders (if a jury is impaneled), and otherwise appears to assume disputed facts without any reference to proof. I will address each of these problems below.

<u>The Tilden Report improperly advocates legal opinions and conclusions</u>

3. While Mr. Tilden affirmatively promises at the outset of the report that "nothing in this report should be construed as a legal opinion," (Tilden Report page 3), it is my observation and opinion that the Tilden Report repeatedly usurps the Court's function because Mr. Tilden does, in fact, give legal opinions.

4. For example, Mr. Tilden substitutes his judgment for that of the Court in deciding one of the ultimate questions before the Court: Whether a breach of contract occurred here? Mr. Tilden, improperly interpreting the insurance contract, concludes that Beach Mart's claim was "indisputably" covered, (Tilden Report page 13), and that Penn National "breached its insurance contract." (Tilden Report page 16). Mr. Tilden later concludes that the counterclaim allegations "***clearly*** triggered coverage under the advertising injury section of the Policy." (Tilden Report page 19)(emphasis in the original).

5. Mr. Tilden's judgement regarding the legal question of breach of contract is not the role of an insurance expert. He seems to be unaware that it is not proper for him to replace his judgment for the Court's discretion in deciding ultimate questions of law and fact, such as whether a claim is covered under an insurance contract.

3

6. At another point in the Tilden Report, Mr. Tilden appears to lecture the Court as to the law: "the law in <u>every single American jurisdiction</u> either implies a duty of good faith and fair dealing…or gives other statutory or regulatory guidelines…" (Tilden Report page 18)(emphasis supplied).

    a. It is my opinion that Mr. Tilden, as a non-attorney, and as an insurance expert, has neither the role here or the qualifications to instruct the Court as to "the law" or the implications of the law. For this reason, his opinion should be disregarded.

    <u>The Tilden Report assumes disputed facts as true, rather than describing his expert opinions based upon agreed facts.</u>

7. Mr. Tilden, without reference any to proof, makes factual statements that appear to be no more than his personal speculation.

8. For example, he implies that Penn National's coverage position was somehow a purposeful ploy to use improper "leverage" against Beach Mart. (Tilden Report page 10). There is no proof of such Penn National's intent as speculated by Mr. Tilden, and I am unaware that any such motive has been proven in this case.

9. Mr. Tilden further speculates that Penn National had a nefarious intention to cause injury to Beach Mart without any proof. For example, he suggests that Penn National had an "intent to injure" Beach Mart. (Tilden Report page 17), and that Penn National "purposefully misconstrued" the underlying counterclaim allegations against Beach Mart. (Tilden Report page 18)

10. Mr. Tilden's inflammatory statements of fact regarding Penn National's "intent" are not supported by any referenced testimony or documentary proof – he simply concludes that he somehow knows Penn National's intent. Substituting his judgement for the ultimate finder of fact.

4

11. As a result, given that all of Mr. Tilden's unsupported factual conclusions regarding intent are without foundation in the facts of the case, such factual conclusions should be disregarded.

12. Further, Mr. Tilden then seems to have somehow made additional factual determinations: that the Penn National claims handlers were not properly "educated," trained" or "informed," and that they "lacked any meaningful prior experience or training." (Tilden Report page 20)

13. Aside from the fact that Mr. Tilden does not appear to have gained any knowledge regarding such training or education from any proof in this case, Mr. Tilden seems unaware that it is not his function as a testifying expert to reach unsupported factual conclusions regarding the training or education of claims handlers.

Conclusion

Mr. Tilden's opinions improperly assume facts not supported by proof. He further intrudes upon the Court's exclusive functions. As a result, it is my conclusion that the Tilden Report should be disregarded.

This report will be supplemented and/or amended as necessary.

_____
DAVID PAIGE
Dated: March 1, 2021

5