IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:14-CV-8-FL

PENNSYLVANIA NATIONAL            )
MUTUAL CASUALTY INSURANCE        )
COMPANY,                         )
                                 )          O R D E R
        Plaintiff and Counter Defendant,    )
                                 )
    v.                           )
                                 )
BEACH MART, INC.,                )
                                 )
        Defendant and Counter Claimant.    )

This matter is before the court on Defendant's motion to strike an expert report. [DE-89].

Plaintiff responded in opposition, [DE-91], and Defendant filed a reply, [DE-94]. For the reasons

set forth below, the motion to strike is allowed.

## I. BACKGROUND

A scheduling order was entered in this case on February 26, 2020 requiring expert

disclosures and reports to be served by Plaintiff no later than July 31, 2020 and by Defendant no

later than August 30, 2020. [DE-70] at 2. Disclosures and reports by any rebuttal experts were

due no later than September 30, 2020. *Id.* Plaintiff did not serve any expert reports by July 31,

2020, and it did not request an extension of that deadline. Def.'s Mem. [DE-90] at 1–2.

On September 3, 2020, the parties stipulated to an extension of the expert report deadlines

without a motion to modify the scheduling order, as the new expert deadlines would not affect the

discovery or dispositive motions deadlines. [DE-90-1 through -90-3]. The parties agreed that

expert disclosures and reports would be due from Defendants no later than October 15, 2020, and

rebuttal reports would be due no later than November 14, 2020. *Id.* The stipulation did not address Plaintiff's lapsed deadline by which to serve expert disclosures and reports. *Id.*

On November 16, 2020, Plaintiff served an expert report of David Paige. [DE-90-4].[1] There was a misunderstanding between counsel as to the purpose of Mr. Paige's report. Plaintiff's counsel believed the report was a rebuttal report in the sense that it responded to Defendant's counterclaims. [DE-90-5] at 2. Defendant's counsel believed the report was a rebuttal report in the sense that it was a placeholder, or anticipated response, to Defendant's forthcoming expert disclosures. Pl.'s Mem. [DE-90] at 3.

On December 21, 2020, the parties made a joint motion to modify the scheduling order. [DE-83]. The court allowed the motion and ordered that Defendant's expert disclosures and reports were due no later than January 31, 2021 and rebuttal expert reports were due no later than February 14, 2021. [DE-85].

On January 29, 2021, counsel exchanged emails in which they realized their disagreement about the purpose of Mr. Paige's report. [DE-90-7, -90-8]. Plaintiff's counsel repeated his assertion that Mr. Paige's report is a rebuttal report "in the sense that his opinions rebut Beach Mart's affirmative claims" and confirmed that Mr. Paige was "offered as an expert on the counterclaims." [DE-90-7] at 2–3. Defendant's counsel stated that he had believed Mr. Paige was a rebuttal expert "to respond to the expert witness Beach Mart puts forward." *Id.* at 2.

Also on January 29, 2021, Defendant timely served its expert disclosures. Pl.'s Resp. [DE-91] at 16. On February 15, 2021,[2] Plaintiff served another expert report of Mr. Paige, which was

---

[1] The report was served within the agreed-upon deadline for rebuttal experts, for November 16 was the first Monday after November 14, which was a Saturday. Pl.'s Resp. [DE-91] at 7 n.2.

[2] Again, the disclosure was within the rebuttal deadline because February 15 was the first Monday after February 14, which was a Sunday.

2

identical to the report first served on November 16, 2020. Pl.'s Mem. [DE-91] at 16–17; Def.'s Reply [DE-94] at 2–3.

Also on February 15, 2021, Defendant filed the instant motion to strike the November 16, 2020 report. [DE-89]. Defendant contends that report was not timely because it was served after the deadline for Plaintiff's expert reports, and it cannot be a rebuttal report because when it was served, Defendant had not yet served its expert reports. Def.'s Mem. [DE-90]. Plaintiff responded, contending that the report should not be excluded even if it was untimely and also contending that the timeliness of the November 16, 2020 report is moot because the February 15, 2021 report, which is identical, was served without objection. Pl.'s Resp. [DE-91]. In reply, Defendant agreed that striking the November 16, 2020 report in favor of the identical February 15, 2021 report was warranted, but Defendant asks the court to clarify that the report is a rebuttal to Defendant's expert report and not a rebuttal to Defendant's counterclaims. Def.'s Reply [DE-94].

## II. DISCUSSION

## A.   A rebuttal expert report responds to the opposing party's expert reports, not the opposing party's claims.

In correspondence with Defendant's counsel, Plaintiff's counsel indicated in several instances that he understands a rebuttal expert to mean an expert who responds to the opposing party's claims. *See* [DE-90-5] at 2 ("Mr. Paige is a rebuttal expert responding only to Beach Mart's counterclaims on which Beach Mart has the burden of proof."); [DE-90-7] at 2 ("He is a rebuttal expert in the sense that his opinions rebut Beach Mart's affirmative claims."); [DE-90-7] at 3 ("Mr. Paige is only being offered as an expert on the counterclaims, i.e. claims on which Beach Mart has the burden of proof."); [DE-90-8] at 2 ("I view Mr. Paige as a rebuttal expert as he is opining on claims on which Beach Mart has the burden of proof."). Defendant's counsel, on the other hand, understands a rebuttal expert to mean an expert who responds to the opposing party's expert

3

reports. *See* [DE-90-7] at 2 ("You assured us when we negotiated the extension to the case management order that Mr. Paige was a rebuttal expert, as he was disclosed, to respond to the expert witness Beach Mart puts forward, and we have relied on this."); Def.'s Mem. [DE-90] at 8 ("Beach Mart has no objection to Plaintiff serving proper, timely expert disclosures which rebut the opinions disclosed in Beach Mart's report"). The misunderstanding between the parties as to the nature of a rebuttal expert appears to be the central issue here, for if a rebuttal expert is one who responds to the opposing party's claims, as Plaintiff's counsel understands, then a rebuttal expert report logically may be served before the opposing party serves its expert reports; however, if a rebuttal expert is one who responds to the opposing party's experts, as Defendant's counsel understands, then a rebuttal expert report logically cannot be served prior to the opposing party's expert reports, as there would be nothing yet to respond to.

Defendant asks the court to clarify that a rebuttal expert responds to the opposing party's expert reports and not its claims, Def.'s Reply [DE-94] at 4, and the court affirms Defendant's understanding of the nature of a rebuttal expert. *See Preston v. Grimes*, No. 7:19-CV-00243, 2021 WL 1320721, at *5 (W.D. Va. Apr. 8, 2021) (analyzing whether three experts are rebuttal experts or case-in-chief experts and considering whether they "seem[] to genuinely rebut [the defendant's] experts' opinions" or whether they "do not directly contradict," "address," or "attempt to disprove" the defendant's experts); *Funderburk v. S.C. Elec. & Gas Co.*, No. 3:15-CV-04660-JMC, 2019 WL 3406814, at *3 (D.S.C. July 9, 2019) (collecting Fourth Circuit cases holding that rebuttal experts "must restrict their testimony to attacking the theories offered by the adversary's experts" and may cite new evidence only to the extent that it is "offered to directly contradict or rebut the opposing party's expert") (citations omitted); *Boles v. United States*, No. 1:13CV489, 2015 WL 1508857, at *3 (M.D.N.C. Apr. 1, 2015) (finding that reports were not rebuttal reports because

"Plaintiff's experts' reports do not address any of Defendant's experts' reports" and "Plaintiff's experts' reports do not rebut, contradict, or respond to the specific opinions or conclusions of Defendant's experts' reports."); *McKiver v. Murphy-Brown LLC*, No. 7:14-CV-180-BR, 2018 WL 1832964, at *1 (E.D.N.C. Apr. 17, 2018) ("if the purpose of expert testimony is to contradict an expected and anticipated portion of the other party's case-in-chief, then the witness is not a rebuttal witness or anything analogous to one.") (quoting *Boles*, 2015 WL 1508857, at *2).

Rule 26(a)(2)(A)–(C) requires a party to disclose the identities of expert witnesses "it may use at trial to present evidence" and provide reports by retained experts. Fed. R. Civ. P. 26(a)(2)(A)–(C). Rule 26(a)(2)(D)(ii) contemplates a subset of expert witnesses who are "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)." Fed. R. Civ. P. 26(a)(2)(D)(ii). Rule 26 further provides that a "party must make [expert] disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(C).

The scheduling order entered in this case on February 26, 2020 provides: "Disclosures required by Federal Rule of Civil Procedure 26(a)(2), including reports from retained experts, shall be served by plaintiff by **July 31, 2020,** and by defendant by **August 30, 2020**. Disclosures and reports by any rebuttal experts shall be served by **September 30, 2020**." [DE-70] at 2. The February 26, 2020 order does not specifically define "rebuttal experts" as Rule 26(a)(2)(D)(ii) experts, but the parties' joint motion to modify the scheduling order indicates that they understood "rebuttal experts" to mean Rule 26(a)(2)(D)(ii) experts, for the parties proposed modifications as follows: "Defendant's Rule 26(a)(2)(B) service of expert witness disclosures: January 31, 2021" and "Service of Rule 26(a)(2)(D)(ii) expert disclosures in rebuttal: February 14, 2021." [DE-84]

5

at 3. In its December 22, 2020 order allowing the parties' joint motion, the court adopted the parties' formulation of the new deadlines. [DE-85].

Accordingly, Defendant had until January 31, 2021 to disclose any expert it may use at trial, but because Plaintiff's deadline was not extended, Plaintiff's deadline to disclose any expert remained July 31, 2020. *Id.* The exception to those deadlines for both parties was the subset of expert reports contemplated by Rule 26(a)(2)(D)(ii), for which the deadline was reset to February 14, 2021. *Id.* Plaintiff therefore had until February 14, 2021 to serve reports "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)." *Id.*; Fed. R. Civ. P. 26(a)(2)(D)(ii).

Because Rule 26(a)(2)(D)(ii) applies to experts intended to rebut evidence on the same subject matter *identified*, in the past tense, by the other party's expert reports, a Rule 26(a)(2)(D)(ii) expert report logically cannot be served prior to the other party's Rule 26(a)(2)(B) or (C) expert disclosures. Plaintiff could not intend for Mr. Paige's report to rebut evidence on the same subject matter identified by Defendant's expert reports before Plaintiff knew the subject matter identified by Defendant's experts. Accordingly, the court affirms that Defendant's understanding of the February 14, 2021 deadline was correct—it applies to expert reports intended to rebut the opposing party's expert reports and not the opposing party's claims.

**B.      The November 16, 2020 report is stricken, and Plaintiff may use the identical February 15, 2021 report to rebut Defendant's expert report.**

Plaintiff's July 31, 2020 deadline to serve "[d]isclosures required by Federal Rule of Civil Procedure 26(a)(2), including reports from retained experts," [DE-70] at 2, applied to "any witness [Plaintiff] may use at trial to present" expert testimony, Fed. R. Civ. P. 26(a)(2)(A). The February 14, 2021 deadline applied only to the subset of witnesses intended to rebut evidence on the subject matter previously identified by Defendant's experts. Fed. R. Civ. P. 26(a)(2)(D)(ii). Logically,

6

the November 16, 2020 report could not have been intended to rebut evidence on subject matter identified by Defendant's experts, for it was served prior to Defendant's expert report. No subject matter had yet been identified by Defendant's experts on November 16, 2020. Accordingly, the November 16, 2020 report does not fall into the subset of expert reports for which the disclosure deadline was extended to February 14, 2021. The July 31, 2020 deadline applied to the November 16, 2020 expert report, and it was therefore served untimely.

The parties briefed the issue of whether the untimely report should be stricken. Def.'s Mem. [DE-90] at 6–12; Pl.'s Mem. [DE-91] at 10–15. However, in its reply brief, Defendant states that because the February 15, 2021 report was timely and is identical to the November 16, 2020 report, Defendant requests that the court strike the November 16, 2020 report in favor of the identical February 15, 2021 report and clarify that it is a Rule 26(a)(2)(D)(ii) report. Pl.'s Reply [DE-94] at 4. Defendant agrees in its response to Plaintiff's motion that the report is a Rule 26(a)(2)(D)(ii) report and that the February 15, 2021 report was timely. Def.'s Resp. [DE-91] at 15–16 ("Viewed in the present time, Penn National's expert disclosure report is a proper rebuttal disclosure pursuant to Fed. R. Civ. P. 26(a)(2)(D)(ii)," and "The disclosure report itself confirms its function is a Rule 26(a)(2)(D)(ii) rebuttal report."). The court affirms that the February 15, 2021 report, which is identical to the November 16, 2020 report, was timely and may be used as a Rule 26(a)(2)(D)(ii) rebuttal report. Accordingly, the November 16, 2020 untimely report is stricken in favor of the timely and identical February 15, 2021 report, and Plaintiff may use it to rebut the subject matter identified by Defendant's experts.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to strike the November 16, 2020 report is allowed, and Plaintiff may use the identical February 15, 2021 report as a Rule 26(a)(2)(D)(ii) rebuttal report.

So ordered, the **20** day of April 2021.

Robert B. Jones, Jr.
United States Magistrate Judge