IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:14-CV-08-FL

| | |
|---|---|
| PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| BEACH MART, INC., | ) ) |
| Defendant. | ) |

- - - - -

| | |
|---|---|
| BEACH MART, INC., | ) ) |
| Counter-claimant, | ) ) |
| v. | ) ) |
| PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, | ) ) ) |
| Counter-defendant. | ) |

ORDER

This matter is before the court on plaintiff's motion to stay proceedings. (DE 96). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254–55 (1936). "The grant or denial of a request to stay proceedings calls for an exercise of the district court's judgment 'to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket.'" Maryland v. Universal Elections, Inc., 729 F.3d 370, 375 (4th Cir. 2013)

1

(quoting United States v. Ga. Pac. Corp., 562 F.2d 294, 296 (4th Cir. 1977)). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 127 (4th Cir. 1983).

Upon consideration of the procedural posture of this case, the projected length of stay, and the parties' competing arguments in briefing, which are largely merits-based, plaintiff fails to demonstrate that clear and convincing circumstances, outweighing any potential harm to defendant, justify a stay. Accordingly, plaintiff's motion to stay (DE 96) is DENIED.

SO ORDERED, this the 8th day of July, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge