IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | |
|---|---|
| **PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY,**<br><br>Plaintiff,<br><br>v.<br><br>**BEACH MART, INC.,**<br><br>Defendants. | CIVIL ACTION NO.: 2:14-cv-00008-FL |

### DEFENDANT BEACH MART, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT I AND COUNT IV OF ITS AMENDED COUNTERCLAIMS AGAINST PLAINTIFF PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY

Pursuant to Rule 56(a) and Rule 57 of the Federal Rules of Civil Procedure, L.R. 56.1, 28 U.S.C. § 2201 *et seq.*, and N.C. GEN. STAT.§§ 75-1.1 and 75-16, and through the undersigned counsel, defendant Beach Mart, Inc. ("Beach Mart") respectfully moves for partial summary judgment in the above-captioned action, as follows:

1. Beach Mart moves for summary judgment on Count I of its Amended Counterclaims, for Declaratory Judgment. Beach Mart is entitled to judgment as a matter of law that the eight commercial liability insurance and umbrella insurance policies, which were sold and issued to Beach Mart by Plaintiff Pennsylvania National Mutual Casualty Insurance Company ("Penn National"), provided coverage for defense of certain Counterclaims asserted by L&L Wings, Inc. ("L&L") against Beach Mart on November 22, 2011 ("Underlying Counterclaims") in underlying litigation styled as *Beach Mart, Inc. v. L&L Wings, Inc.*, Case No. 2:11-cv-44-FL (E.D.N.C.). As set forth more fully in the accompanying memorandum of law in support of this motion, and the declarations, exhibits, testimony, and other materials filed therewith, the allegations that L&L made against Beach Mart were exactly the type of assertions that courts have uniformly held to fall within the "advertising injury" provisions of Penn National's policies. Moreover, Penn National cannot prove that any exclusion in the policies would be applicable in this case, or that any exclusion or condition of the Policies would exclude or excuse coverage of the Underlying Counterclaims.

2.      Beach Mart moves for partial summary judgment establishing Penn National's liability on Count IV of its Amended Counterclaims for unfair and deceptive trade practices under N. C. GEN. STAT. § 75-1.1.  As set forth more fully in the accompanying Memorandum of Law in support of this motion, the undisputed facts establish as a matter of law that Defendant engaged in the following acts of misconduct in violation of N. C. GEN. STAT. §§ 75-1.1 and 75-16:

a.      After Penn National accepted a defense of the Underlying Counterclaims, Penn National unlawfully failed to pay anything to Beach Mart to reimburse Beach Mart for its reasonable post-tender defense costs incurred between the date of tender of the Underlying Counterclaims to Penn National on June 8, 2012 and the date that Penn National first attempted to provide a defense to Beach Mart on January 15, 2013 (the "Reimbursement Claim" as described in the accompanying memorandum of law).  As set forth more fully in the accompanying Memorandum of Law, Penn National undisputedly had a duty to reimburse Beach Mart for these post-tender costs, but steadfastly refuses to do so.  There is no excuse or justification for Penn National to avoid this obligation, and Penn National is liable under N.C. GEN. STAT. § 75-1.1 as a matter of law.

b.      Not only did Penn National fail to pay these post-tender fees, but Penn National also refused to even reasonably respond to Beach Mart's repeated requests for reimbursement.  This conduct was a clear and unequivocal violation of an insurance company's duties to its insured.  Beach Mart and its counsel contacted Penn National numerous times seeking reimbursement of this amount, provided substantiating documentation, and clarified all the other details and information about which Penn National communicated any questions. Yet for more than two and a half years, Penn National never provided a meaningful response. Finally, in 2017, Penn National conditionally offered only $50,000 in settlement of the Reimbursement Claim, but this offer was contingent on release from all other liability under the Policies. Even after the Fourth Circuit clarified the scope of coverage under the Policies Claim on appeal and remanded this case to the trial court, Penn National still refused to make an unconditional payment of any amount of the Reimbursement Claims. Penn National also never offered any explanation to Beach Mart for its refusal to pay the Reimbursement Claim, until at least when discovery proceeded in this action in 2020.

3. Beach Mart also moves for partial summary judgment establishing the amount of damages awarded on this part of Count IV for which partial summary judgment is sought. Specifically, Beach Mart in this motion seeks a ruling that it is entitled as a matter of law to: (i) damages of $469,005.47 for the Reimbursement Claim, (ii) trebling of this amount of $469,005.47 pursuant to N.C. GEN. STAT. § 75-16, and (iii) prejudgment interest on the amount of $469,005.47, awarded at the statutory rate under North Carolina law, N.C. GEN. STAT. § 24-1 *et seq.* for the entire period of loss.

4. Beach Mart respectfully submits that these and further grounds for the instant Motion are set forth more fully in the accompanying memorandum of law in support of this Motion, the record before the Court in this action, Case No. 2:14-cv-8, and in the underlying litigation, Case No. 2:11-cv-44, and the declarations, exhibits, testimony, and other materials filed herewith.

5. Beach Mart respectfully reserves all rights to seek relief at trial or as otherwise appropriate on all of the remaining claims as alleged in its Amended Counterclaims and as revealed in discovery and other proceedings in this action, and including with respect to any other conduct of Penn National that may constitute a separate violation of N.C. GEN. STAT. § 75-1-1, other than with respect to the Reimbursement Claim as set forth in this Motion and the memorandum of law filed contemporaneously herewith.

WHEREFORE, Beach Mart respectfully asks the Court to grant partial summary judgment on Count I of Beach Mart's Amended Counterclaims, declaring and ordering that Penn National has a duty to defend Beach Mart in connection with the Underlying Counterclaims as of the date of tender; and to further grant partial summary judgment on Count IV of Beach Mart's Amended Counterclaims with respect to the Reimbursement Claim, ordering that Penn National has violated N.C. GEN. STAT. § 75-1.1 in connection with the Reimbursement Claim and is liable to Beach Mart in the amount of $469,005.47, and ordering that such amount should be trebled by the Court pursuant to N.C. GEN. STAT. § 75-16, and further awarding prejudgment interest on such amount as provided by law, including pursuant to N.C. GEN. STAT. § 24-1, *et seq.*

Respectfully submitted, this the 15th day of October, 2021.

/s/ Stephen F. Shaw
Charles A. Burke (N.C. State Bar No. 19366)
Stephen F. Shaw (NC State Bar No. 41582)
WOMBLE BOND DICKINSON (US) LLP
300 N. Greene Street, Suite 1900

Greensboro, North Carolina 27401
Telephone: 336.574.8030
Facsimile: 336.574.4521
charles.burke@wbd-us.com
stephen.shaw@wbd-us.com

Reid C. Adams, Jr. (NC State Bar No. 9669)
Jonathan R. Reich (NC State Bar No. 41546)
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: 336.721.3674
Facsimile: 336.733.8333
cal.adams@wbd-us.com
jonathan.reich@wbd-us.com

*Attorneys for Defendant Beach Mart, Inc.*