**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**NORTHERN DIVISION**
**CIVIL ACTION NO. 2:14-CV-00008-FL**

| | |
|---|---|
| **BEACH MART, INC.,** | |
| **Plaintiff,** | **DEFENDANT'S MOTION IN LIMINE TO EXCLUDE LAY OPINIONS, OTHERWISE INADMISSIBLE EXPERT TESTIMONY, AND RELATED ARGUMENTS OF COUNSEL** |
| **v.** | |
| **PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY,** | |
| **Defendant.** | |

Defendant Pennsylvania National Mutual Casualty Insurance Company ("Penn National"), by and through undersigned counsel and pursuant to Rules 701, 702, 703 and 705 of the Federal Rules of Evidence, Rules 26(a)(2) and 37(c) of the F.R.C.P., and this Court's Scheduling Orders [DE 70 and 85], respectfully moves the Court to: 1) exclude all expert testimony and related documents from individuals who were not previously designated as experts, 2) exclude all expert opinions and related documents that were not previously disclosed, 3) exclude testimony from designated experts and related documents on subjects for which they lack the proper expertise, 4) exclude purported expert opinions and related documents which include legal conclusions or otherwise invade the province of the Court or are not helpful to the jury, and 5) exclude arguments of Beach Mart's counsel pertaining to these subjects.

In support of this Motion, Penn National shows the Court as follows:

1. This civil matter is related to claims for breach of contract and unfair and deceptive claim practices in relation to Penn National's handling of the defense of counterclaims filed against Beach Mart, Inc. ("Beach Mart") in a separate lawsuit styled Beach Mart, Inc. v. L&L Wings, Inc., case no. 2:11-CV-44-FL ("underlying case").

1

2. The facts of this case are more fully set forth in this Court's Summary Judgment Order [DE 133].

3. Beach Mart claims that it is entitled to the reimbursement of its legal fees and expenses that it allegedly incurred defending the counterclaims from the underlying case.

4. Pursuant to this Court's Summary Judgment Order [DE 133], Penn National's duty to defend Beach Mart in the underlying case was limited to an approximate twenty-eight month period between June 8, 2012 and October 3, 2014. This Court's Summary Judgment Order was the first ruling that there was, in fact, a duty to defend Beach Mart in the underlying case.

5. Beach Mart has produced numerous invoices for legal fees and expenses it allegedly incurred during that twenty-eight month period. However, large sections of those invoices are redacted or are block-billed. Consequently, Beach Mart's legal invoices lack sufficient detail and information to deduce what entries are related to the defense of the counterclaims as opposed to the prosecution of Beach Mart's affirmative claims, the latter being a claim for which Beach Mart should not be reimbursed.

6. The expert disclosure deadline for the designation of experts by Beach Mart was originally August 30, 2020 and for rebuttal experts was September 30, 2020. [DE 70] This deadline was extended by informal agreement to October 15, 2020 and for rebuttal experts to November 14, 2020. DE 95]. The deadline was extended once more by Court Order with a new deadline of January 31, 2021 and for rebuttal experts to February 14, 2021. [DE 85 and 95].

7. On February 1, 2021, Beach Mart designated its sole expert, R. Bryan Tilden. Mr. Tilden prepared a twenty-four page report, not including attachments, that was served on that same date. See Exhibit A, expert report of R. Bryan Tilden.

2

8.      Beach Mart did not designate any other experts in its discovery responses or by way of a separate report nor has it supplemented Mr. Tilden's designation. Beach Mart has not requested that any other expert deadlines be extended.

9.      In fact, in early 2021, Beach Mart aggressively objected to any late designations by Penn National and moved to strike Penn National's expert, David Paige. [DE 89 and 95]

10.     Beach Mart may attempt to offer into evidence inadmissible opinion testimony and related documents or present arguments from its attorneys regarding the following subjects, all of which should be excluded:

   a.   The legal qualifications and competency of the attorneys Penn National hired to defend Beach Mart in the underlying action, David Brown and David Harris;

   b.   The proffering of legal conclusions that are disguised as expert opinions;

   c.   The profferring of opinions on matters that have already been decided by this Court's Summary Judgment Order [DE 133]; and

   d.   The proffering of testimony that would not be helpful to the trier of fact.

11.     However, on the subject of Mr. Brown's and Mr. Harris's qualifications and ability to competently represent Beach Mart in the defense of the counterclaims, Beach Mart's sole expert Mr. Tilden, who is not an attorney, provided the following deposition testimony on June 23, 2021:

> Q.      Okay. Getting back to this issue of hiring of defense counsel, what inquiry did you personally make into the qualifications, appropriateness, competency of David Brown and his firm to come in and to have defended the counterclaims asserted by – or – or those counterclaims that were pending against Beach Mart as of the time that he was engaged?
>
> A.      I know Mr. Brown and have dealt in other matters with Mr. Brown.
>
> Q.      Yes, sir.

3

A. (sic) And I know his law firm, and I don't feel qualified to say he is a better or a worse attorney than anybody else.
…

Q. Okay. Have you ever observed Mr. Brown in court?

A. Not in court.

Q. Okay. Have you ever received any education from Mr. Brown?

A. If my memory serves me correct, I was on the committee that drafted the mold endorsement for the homeowners' policy, and he was counsel to the North Carolina Rate Bureau. And so I got a lesson that day.

Q. Yes, sir. Sir, you're not going to offer any opinions in this case about whether or not Mr. Brown was competent, qualified or otherwise had the appropriate requisite experience to come in and to have defended, as he did and his firm did, Beach Mart in this underlying case, true?

A. That's correct.

Q. Are you prepared to offer any opinions concerning the selection of defense counsel by Penn National for Beach Mart in this case?

MR. SHAW: Objection.

THE WITNESS: Other than not discussing the issue or explaining the issue to Beach Mart, no, sir.

See Exhibit B, deposition excerpts of R. Bryan Tilden, pp.191:23 – 192:10, 193:10-23.

Consequently, Beach Mart has no properly designated experts or properly designated expert opinions regarding Mr. Brown's and Mr. Harris's qualifications and competency. Thus, at trial, any opinions and related documents that Beach Mart may try to introduce regarding Mr. Brown's and Mr. Harris's qualifications and competency to represent Beach Mart in the underlying action should be excluded.

4

12. Beach Mart may also attempt to argue through its attorneys or offer into evidence opinion testimony and related documents on subjects requiring subject matter expertise from individuals who were not previously-identified as experts, including, but not limited to, Beach Mart's personal counsel E. Crouse Gray, Jack Hicks and Arthur DeBaugh. Those opinions may include, but not limited to, testimony on the qualifications and competency of David Brown and David Harris and the reasonableness of Beach Mart's legal expenses and invoices.

13. Per Rule 701 of the Federal Rules of Evidence, opinion testimony regarding subjects that require scientific, technical, or other specialized knowledge can only be given by an expert in the subject matter, and those expert opinions must comply with Rules 702, 703 and 705 of the F.R.C.P. Opinion testimony from improperly or non-designated experts on matters involving subject matter expertise would therefore violate Rules 26(a)(2) and 37(c) of the F.R.C.P. and this Court's prior Case Management Orders because these individuals were not designated as experts, their opinions were not fully and timely disclosed, and the introduction of their opinions at trial would prejudice Defendant's ability to adequately respond and provide a proper defense.

For the reasons stated herein and in its accompanying Memorandum in support thereof, Penn National respectfully requests that the Court issue an order granting this motion and affording other such relief as justice requires.

[SIGNATURES ON THE FOLLOWING PAGE]

This the 14th day of August, 2023.

HEDRICK GARDNER KINCHELOE &
GAROFALO LLP

*/s/ David L. Levy*
DAVID L. LEVY
NC State Bar No. 34060
4201 Congress St, Suite 300
Charlotte, NC 28209
Phone: 704-319-5426
Fax:    704-602-8178
Email:  dlevy@hedrickgardner.com

AUSTIN R. WALSH
NC State Bar No. 44882
4201 Congress St., Suite 300
Charlotte, NC 28209
Phone: 704-602-8010
Fax:    704-602-8058
Email:  awalsh@hedrickgardner.com

JOHN L. WRIGHT
NC State Bar No. 45554
4201 Congress St., Suite 300
Charlotte, NC 28209
Phone: 704-319-5436
Fax:    704-602-8160
Email:  jwright@hedrickgardner.com

BRIAN M. WILLIAMS
NC State Bar No. 28869
4131 Parklake Avenue, Suite 300
Raleigh, NC 27612
Phone: 919-719-2827
Fax:    919-832-9425
Email:  bwilliams@hedrickgardner.com

*Attorneys for Pennsylvania National Mutual
Casualty Insurance Company*

6

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2023, I electronically filed the foregoing *Defendant Pennsylvania National Mutual Casualty Insurance Company's Motion in Limine to Exclude Lay Opinions, Otherwise Inadmissible Expert Testimony, and Related Arguments of Counsel* with the Clerk of Court using the CM/ECF system, which will send notification of filing to the following counsel of record:

> Stephen F. Shaw
> WOMBLE BOND DICKINSON (US), LLP
> 300 N. Greene St., Suite 1900
> Greensboro, NC 27401
> stephen.shaw@wbd-us.com
> Fax: 336-574-4521
> *Attorneys for Beach Mart, Inc.*
>
> Charles A. Burke
> WOMBLE BOND DICKINSON (US) LLP
> 555 Fayetteville St., Suite 1100
> Raleigh, NC 27601
> charles.burke@wbd-us.com
> *Attorney for Beach Mart, Inc.*
>
> Jonathan R. Reich
> WOMBLE BOND DICKINSON (US), LLP
> One West Fourth Street
> Winston-Salem, NC 27101
> Fax: 336-726-9020
> jonathan.reich@wbd-us.com
> *Attorney for Beach Mart*

This the 14th day of August, 2023.

> */s/ David L. Levy*
> David L. Levy
> NC State Bar No. 34060

7