**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**NORTHERN DIVISION**
**CIVIL ACTION NO. 2:14-CV-00008-FL**

| | |
|---|---|
| **BEACH MART, INC.,**<br><br>         **Plaintiff,**<br><br>**v.**<br><br>**PENNSYLVANIA NATIONAL MUTUAL**<br>**CASUALTY INSURANCE COMPANY,**<br><br>         **Defendant.** | **DEFENDANT'S MEMORANDUM IN**<br>**SUPPORT OF DEFENDANT'S MOTION**<br>**IN LIMINE TO EXCLUDE LAY**<br>**OPINIONS, OTHERWISE**<br>**INADMISSIBLE EXPERT TESTIMONY**<br>**AND RELATED ARGUMENTS OF**<br>**COUNSEL** |

Defendant Pennsylvania National Mutual Casualty Insurance Company ("Penn National") submits its Memorandum pursuant to Local Rule 7.2 in support of its Motion in Limine, pursuant to Rules 701, 702, 703 and 705 of the Federal Rules of Evidence, Rule 26(a)(2) of the F.R.C.P., and this Court's Scheduling Orders [DE 70 and 85], to exclude from evidence all testimony and arguments regarding: 1) expert testimony and related documents from individuals who were not previously designated as experts, 2) expert opinions and related documents that were not previously disclosed, 3) testimony from designated experts and related documents on subjects for which they lack the proper expertise, 4) purported expert opinions and related documents which include legal conclusions or otherwise invade the province of the Court or are not helpful to the jury, and 5) arguments of Beach Mart's counsel pertaining to these subjects.

**I.**   **EXPERT TESTIMONY AND RELATED DOCUMENTS FROM INDIVIDUALS WHO WERE NOT PREVIOUSLY DESIGNATED AS EXPERTS SHOULD BE STRICKEN BECAUSE SUCH EVIDENCE VIOLATES F.R.C.P. 26(A)(2) AND THIS COURT'S PRIOR CASE MANAGEMENT ORDER.**

Pursuant to Rule 701 of the Federal Rules of Evidence, only qualified experts may give opinion testimony on subjects pertaining to "scientific, technical, or other specialized knowledge."

1

Further, those expert opinions must meet the criteria established by Rules 702, 703 and 705 of the Federal Rules of Evidence.

Rule 26(a)(2) of the Federal Rules of Civil Procedure imposes specific requirements for the timely and full disclosure of expert testimony during the discovery period. "Rule 26 disclosures *are often the centerpiece* of discovery in litigation that uses expert witnesses." Saudi v. Northrop Grumman Corp., 427 F.3d 271, 278 (4th Cir. 2005)(emphasis added). Pursuant to that rule, a plaintiff must disclose its expert by the date provided by a court's pretrial order. Campbell v. United States, 470 F. App'x 153, 155 (4th Cir. 2012)(citing Fed.R.Civ.P. 26(a)(2)(C)(2010))(unpublished). "A party that fails to provide [expert] disclosures unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case." Id, at 157 (internal citations omitted).

Consequently, per Rule 37(c) of the F.R.C.P., a failure to timely and properly designate an expert results in the "*automatic sanction*" of exclusion of that expert from testifying at trial. Campbell, 470 F. App'x at 156 (emphasis added). The purpose of Rule 37 is to prevent surprise and prejudice to the opposing party. Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 596 (4th Cir. 2003).

Consequently, it is plainly evident from the Federal Rules of Civil Procedure and this Court's prior case management orders that all of Beach Mart's experts were to be designated no later than February 14, 2021. [DE 85 and 95] On January 29, 2021, Beach Mart designated a single expert, R. Bryan Tilden. Mr. Tilden is the only expert that Beach Mart designated. Mr. Tilden's proffered expert designation is that of an insurance and claims handling expert; he is not an attorney. Beach Mart should not be allowed on the eve of trial to offer any additional expert witnesses.

2

In <u>Campbell</u>, *supra*, the Fourth Circuit addressed the importance of timely designated experts, including the importance of fully complying with the mandatory reporting requirements. In <u>Campbell</u>, plaintiff filed a wrongful death action against the United States pursuant to the Federal Torts Claims Act alleging that medical staff at the Veterans Affairs Medical Center caused decedent's death. During discovery, plaintiff designated Dr. Moffatt as its sole expert. However, plaintiff's designation was five days past the original deadline for designating experts, and the substance of the designation failed to fully comply with the mandatory reporting requirements per Rule 26(a)(2). Approximately one month later, without leave of court, plaintiff attempted to supplement her expert designation by producing a second batch of information for Dr. Moffatt, the substance of which did meet the mandatory reporting requirements. Defendant moved to exclude Dr. Moffatt from testifying at trial, and the District Court granted defendant's motion, which resulted in the dismissal of plaintiff's complaint pursuant to summary judgment given the lack of medical testimony necessary to prove plaintiff's case.

On appeal, the Fourth Circuit affirmed. In so doing, the Fourth Circuit cited to F.R.C.P 26(a)(2) and that rule's mandatory disclosure *and* mandatory reporting requirements. The Court explained that "the expert report should be written in a manner that reflects the testimony the expert witness is expected to give at trial." Id, at 156. Moreover, a failure to meet those requirements to only produce late designations or supplementations "would [wreak] havoc in docket control and amount to unlimited expert opinion preparation." Id, at 157.

In our case, Beach Mart has only designated Mr. Tilden and has only produced one report from Mr. Tilden. This has been the state of Beach Mart's discovery since Mr. Tilden was designated on *January 29, 2021*. Consequently, at trial, the only potential expert witness that Beach Mart may be able to elicit expert opinions from is Mr. Tilden, and those opinions must be

confined to those in his single expert report and deposition from June 23, 2021. *See also* BorgWarner, Inc. v. Honeywell Int'l, Inc., 750 F. Supp. 2d 596, 605 (W.D.N.C. 2010)(Defendant was prohibited from introducing expert testimony from witness who had been identified as an expert and who had been deposed twice but who had not produced a written report.); Sciullo v. Griggs & Co., No. 2:14-CV-18-FL, 2016 WL 2731465 (E.D.N.C. May 9, 2016)(unpublished)(Factual witnesses who had been previously disclosed but who were later identified as expert witnesses on the eve of trial were prohibited from giving expert opinions at trial.); Simmons v. Corizon Health, Inc., No. 1:14CV730, 2016 WL 4537744 (M.D.N.C. Aug. 29, 2016)(unpublished)(Plaintiff's motion for additional time to designate additional expert witnesses, even though case was not close to trial, was denied); *and* Laschkewitsch v. Lincoln Life & Annuity Distributors, Inc., 47 F. Supp. 3d 327, 332 (E.D.N.C. 2014)(In granting motion to exclude affidavit of expert witness who had not been previously designated as an expert, the Court held there "are rules of evidence that guide parties in submitting evidence to the Court and those rules must be complied with. If defendant wanted the information in Dawson's affidavit to be considered by the Court, defendant should have designated Dawson an expert. This was not done, so the Court excludes the Dawson affidavit from consideration.")

## II. **MR. TILDEN'S EXPERT OPINIONS SHOULD BE LIMITED TO HIS OPINIONS THAT WERE DISCLOSED IN HIS JANUARY 29, 2021 REPORT AND JUNE 23, 2021 DEPOSITION.**

Again, Beach Mart has only designated a single expert, Mr. Tilden. Mr. Tilden produced a single expert report on January 29, 2021 and was deposed on June 23, 2021. Beach Mart has not supplemented his opinions in any way. Consequently, without commenting on the sufficiency, admissibility or credibility of his opinions, at trial Beach Mart and Mr. Tilden should be limited to those opinions that were discussed in his January 29, 2021 report and his June 23, 2021 deposition.

4

As explained previously in this memorandum, the Fourth Circuit Court of Appeals in Campbell, *supra*, addressed this very issue. The facts in Campbell are far less egregious than the facts in our case, which makes the holding in Campbell that much more compelling. Again, in Campbell, Dr. Moffatt's expert designation was supplemented just one month after its original designation. However, because the supplementation was done without leave of court and because the supplementation was so close to trial, the Fourth Circuit affirmed the exclusion of Dr. Moffatt's supplemental designation and limited the scope of the designation and Dr. Moffatt's opinions to those included in the original expert designation.

In our case, Mr. Tilden's opinions have not been supplemented at all since his deposition, which was more than two years ago. Consequently, Beach Mart's use of Mr. Tilden at trial should not exceed or include additional opinions that were not previously designated or discussed in his deposition. For example, Mr. Tilden should not be allowed to provide opinions regarding Mr. Brown's and Mr. Harris's competency and qualifications to defend Beach Mart in the underlying suit. (See previously cited deposition excerpts where Mr. Tilden refused to opine on that subject, Exhibit B, deposition excerpts of R. Bryan Tilden, pp.191:23 – 192:10, 193:10-23) Similarly, Mr. Tilden should not be allowed to testify regarding the reasonableness, necessity, or relatedness of Beach Mart's purported legal invoices regarding the defense of the underlying counterclaims as this opinion was not previously disclosed. See also Southern States, *supra* (Fourth Circuit affirmed exclusion of new expert opinions at trial that were not contained in the original expert designation nor were they timely supplemented.)

III. **BEACH MART SHOULD NOT BE ALLOWED TO INTRODUCE EXPERT OPINIONS WHICH INCLUDE LEGAL CONCLUSIONS OR INCLUDE MATTERS AND HOLDINGS THAT WERE ADDRESSED BY THIS COURT'S SUMMARY JUDGMENT ORDER OR ARE NOT OTHERWISE HELPFUL TO THE JURY.**

It is well-settled that expert opinions that state legal standards or draw legal conclusions are generally inadmissible at trial. Yates v. Ford Motor Co., No. 5:12-CV-752-FL, 2015 WL 3448905 (E.D.N.C. May 29, 2015)(unpublished)(citing United States v. McIver, 470 F.3d 550, 561–62 (4th Cir.2006)). "This is because such testimony is less likely to be helpful to the jury." Yates at *6 (E.D.N.C. May 29, 2015) The Fourth Circuit has stated "it does not help the jury for an expert to give testimony that states a legal standard or draws a legal conclusion by applying law to the facts." United States v. Offill, 666 F.3d 168, 175 (4th Cir. 2011)(internal citations and quotations omitted). Further, "when a witness gives an opinion about the meaning of a specialized legal term, the witness is giving a legal conclusion that is better handled by the judge and, coming from the witness, will be of little assistance to the jury." Id.

Consequently, Beach Mart should not be allowed to offer expert opinions that are legal conclusions or include terns that are of legal significance or terms of art. For example, Beach Mart's witnesses should not be allowed to testify to the following: 1) that Penn National "negligently misrepresented" (or similar language) the policy terms in its reservation of rights letters to Beach Mart; 2) that Penn National "breached" (or similar language) its policy provisions or company standards; 3) that Penn National failed to act "reasonably" or "reasonably promptly;" and 4) that Penn National's actions were "unfair and deceptive" or constituted "unfair claims handling practices" (or similar language). Each of these examples tracks specific language from the remaining legal issues that will be decided by the jury and instructed upon by the Court in the jury instructions. See DE 133, Chapter 75, and N.C.G.S. § 58-63-15(a) and (b). See Yates, *supra* (In granting Ford's motion to exclude expert testimony and forbidding plaintiff's expert from testifying regarding whether Ford's actions were "reasonable" or "adequate," the Court noted that

6

an "expert's use of some terms, such as "discrimination," "negligence," or "fraud," carries "considerable legal baggage" that "nearly always invades the province of the jury.")(*citing* United States v. Perkins, 470 F.3d 150, 158 (4th Cir.2006))

Furthermore, the cited case law requires the exclusion of testimony that repeats or draws the same legal conclusions that have already been decided by this Court in its Summary Judgment Order [DE 133]. For example, testimony from Mr. Tilden that Penn National had a duty to defend Beach Mart is a legal conclusion based on his interpretation of a contract and is also a matter that has already been ruled upon. To allow testimony on these previously-decided legal issues would therefore not only invade the province of the Court and be unhelpful to the jury, but it is also unnecessary and repetitive.

Finally, other federal courts have stricken R. Bryan Tilden's proffered opinions on the grounds that they were impermissible legal conclusions. In excluding Mr. Tilden's opinions, the Court in Bowlers' Alley, Inc. v. Cincinnati Ins. Co., 2015 WL 3441155 (E.D. Mich. 2015)(unpublished) stated the following:

> Expert testimony that attempts to tell the jury what result to reach and which runs the risk of interfering with a district court's jury instructions, hardly can be viewed as being helpful to the jury; exclusion of such testimony therefore also is appropriate on the ground that it would not be helpful to the trier of fact.

Bowlers, 2015 WL at 8. Similarly, in F.H. Paschen, S.N Nielsen & Associates LLC v. HISCOX, Inc. et al, 2015 WL 13532721 (E.D. La. 2015)(unpublished), in excluding Mr. Tilden's opinions, the Court stated:

> Tilden's report contains "a single 'opinion'—that Hiscox acted 'in good faith' " and that this opinion amounts to a legal conclusion. This Court agrees. While it is clear that Tilden is eminently qualified in the field of insurance, risk management, and claims adjustment, his opinion in this matter goes directly to the province of the jury—

7

> whether Hiscox acted in accordance with its duty of good faith. …
> It is well-settled that an expert may never render conclusions of law.

F.H. Paschen, 2015 WL at 2 (internal quotations omitted). *See also* Am. Home Assur. Co. v. Liberty Mut. Ins. Co., 454 F. Supp. 2d 593, 596 (E.D. La. 2005)(Motion in limine to exclude Mr. Tilden's opinions on insurance coverage assessment was granted.)

WHEREFORE, for the reasons set out above, Penn National respectfully requests that the Court grant Penn National's motion and enter an Order limiting evidence consistent with Penn National's motion.

This the 14th day of August, 2023.

HEDRICK GARDNER KINCHELOE & GAROFALO LLP

*/s/ David L. Levy*
DAVID L. LEVY
NC State Bar No. 34060
4201 Congress St, Suite 300
Charlotte, NC 28209
Phone: 704-319-5426
Fax:    704-602-8178
Email:  dlevy@hedrickgardner.com

AUSTIN R. WALSH
NC State Bar No. 44882
4201 Congress St., Suite 300
Charlotte, NC 28209
Phone: 704-602-8010
Fax:    704-602-8058
Email:  awalsh@hedrickgardner.com

JOHN L. WRIGHT
NC State Bar No. 45554
4201 Congress St., Suite 300
Charlotte, NC 28209
Phone: 704-319-5436
Fax:    704-602-8160
Email:  jwright@hedrickgardner.com

8

BRIAN M. WILLIAMS
NC State Bar No. 28869
4131 Parklake Avenue, Suite 300
Raleigh, NC 27612
Phone: 919-719-2827
Fax:    919-832-9425
Email:  bwilliams@hedrickgardner.com

*Attorneys for Pennsylvania National Mutual*
*Casualty Insurance Company*

9

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on August 14, 2023, I electronically filed the foregoing *Defendant*

*Pennsylvania National Mutual Casualty Insurance Company's Memorandum in Support of*

*Motion in Limine to Exclude Lay Opinions, Otherwise Inadmissible Expert Testimony, and*

*Related Arguments of Counsel* with the Clerk of Court using the CM/ECF system, which will

send notification of filing to the following counsel of record:

> Stephen F. Shaw
> WOMBLE BOND DICKINSON (US), LLP
> 300 N. Greene St., Suite 1900
> Greensboro, NC 27401
> stephen.shaw@wbd-us.com
> Fax: 336-574-4521
> *Attorneys for Beach Mart, Inc.*
>
> Charles A. Burke
> WOMBLE BOND DICKINSON (US) LLP
> 555 Fayetteville St., Suite 1100
> Raleigh, NC 27601
> charles.burke@wbd-us.com
> *Attorney for Beach Mart, Inc.*
>
> Jonathan R. Reich
> WOMBLE BOND DICKINSON (US), LLP
> One West Fourth Street
> Winston-Salem, NC 27101
> Fax: 336-726-9020
> jonathan.reich@wbd-us.com
> *Attorney for Beach Mart*

This the 14th day of August, 2023.

> */s/ David L. Levy*
> David L. Levy
> NC State Bar No. 34060

10