IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:14-CV-08-FL

| | | |
|---|---|---|
| BEACH MART, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| PENNSYLVANIA NATIONAL MUTUAL | ) | |
| CASUALTY INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

This order follows pretrial conference held August 28, 2023, where plaintiff appeared through counsel Stephen F. Shaw, Jonathan Reid Reich, and John D. Wooten, IV, and defendant appeared through counsel David L. Levy and John Larrimore Wright. At pretrial conference the court heard argument on the plethora of pretrial motions then pending. Memorializing here decisions made, without prejudice, as evidenced on the record of yesterday's conference,[1] the court also comments on certain issues remaining and enumerates additional pretrial deadlines as follows.

A. Motions

1. **Plaintiff's motions in limine numbers one to exclude opinions of counsel (DE 158), and three to exclude unredacted versions of redacted documents (DE 162)**. Granted as unopposed.

---

[1] Separate order will follow addressing several motions which the court is desirous of considering further. These include plaintiff's motion to supplement the pleadings to include additional factual allegations (DE 193), and defendant's motion to exclude lay opinions (DE 150).

2. **Plaintiff's motion in limine number two seeking exclusion of Adam Parsons ("Parsons") (DE 160)**. Denied.

3. **Plaintiff's motion in limine number 4 to exclude settlement negotiations (DE 164)**. While unopposed and granted, disagreement was noted at conference regarding what constitutes settlement negotiations, which may rear its head at trial and require further address.

4. **Plaintiff's in limine number five to exclude evidence regarding the underlying litigation case no. 2:11-CV-44-FL, between Beach Mart and nonparty L&L Wings after October 3, 2014 (DE 166)**. Held in abeyance pending trial developments. To provide guidance for the parties in their trial planning, however, the court foreshadows that it is, based on the arguments presented at conference, inclined to rule in favor of plaintiff.

5. **Plaintiff's motion in limine number 6 seeking wholesale exclusion of testimony by David Harris ("Harris") (DE 168)**. Denied.

6. **Plaintiff's motion in limine number 7 to limit testimony by David Paige ("Paige") to that of a rebuttal expert (DE 170)**. Granted. Whether Paige's testimony will be limited to address only of testimony of the plaintiff's proposed expert witness, R. Bryan Tilden, remains to be decided, if necessary, at trial.

7. **Plaintiff's motion in limine number eight to exclude defendant's good faith defense (DE 172)**. Granted by consent. It was also agreed by plaintiff at conference not to use bad faith terminology in describing the actions of defendant.

8. **Plaintiff's motions in limine numbers nine to exclude reference to nonparty Travelers Insurance Company ("Travelers") (DE 174), and ten to exclude**

**argument that plaintiff had a duty to mitigate damages (DE 176)**. Taken under advisement. Parties are invited to supplement their briefing by **September 1, 2023**, including with reference to <u>Murphy-Brown, LLC v. ACE Am. Ins. Co.</u>, 2023 WL 5016162 (N.C. Super. Bus. Ct. Aug. 7, 2023) and <u>Radiator Speciality Co. v. Arrowood Indem. Co.</u>, 383 N.C. 387, 881 S.E.2d 597 (2022).

9. **Plaintiff's motions in limine numbers 11 to exclude argument that plaintiff failed to cooperate with defendant (DE 178), and 12 to exclude argument that plaintiff failed to cooperate in discovery (DE 180)**. Denied.

10. **Plaintiff's motion in limine number 13 to exclude evidence regarding the L&L Wing, Inc. chapter 11 bankruptcy filing, case no. 21-10795 (S.D.N.Y.) (DE 182)**. Held in abeyance pending trial developments.

11. **Plaintiff's motion in limine number 14 to exclude customer satisfaction survey research (DE 184)**. Granted. Upon further discussion at conference, the court instructed that plaintiff is prohibited from introducing website(s) for the purpose of "showing promises broken." Upon request of plaintiff, the court held in abeyance pending trial developments introduction of the same for the purpose of impeachment.

12. **Plaintiff's motion for protective order and to quash untimely document subpoena (DE 201)**. The court determined defendant's sought after production directed to Visibility Corporation for "all billing statements and invoices related to work performed on North Carolina Eastern District Civil Action No. 2:11-CV-44, Beach Mart, Inc. v. L&L Wings, between the dates of November 1, 2012 and March 31, 2013" can proceed and, as acknowledged at hearing, defendant immediately upon receipt of response, if any, will provide copy of the same to plaintiff. It is incumbent upon

plaintiff on receipt to raise specific issue(s), if any, immediately. To the extent the court can address any issue before trial it is in the best interests of the parties.

13. **Defendant's omnibus motion in limine (DE 152)**. The day was long by the time this motion came to the fore. The parties were encouraged to resolve those parts not already decided by the court in relation to other motions, such as whether "denial" or "denied claims" should be part of trial vernacular, in the joint statement of the case due September 5, 2023.

14. **Defendant's motion regarding plaintiff's damage claim (DE 154)**. Held in abeyance.

15. **Defendant's motion to strike David L. Levy as a witness (DE 156)**. Granted.

B. Additional Pretrial Filings

1. The parties shall file revised proposed pretrial order not later than **September 8, 2023.** The revised order will include exhibits enumerated as instructed by the clerk at pretrial conference.

2. If additional conference with the court prior to trial is deemed helpful to the parties, they may contact the clerk, Sandra Collins, with that request, providing several mutually agreed to dates and times of availability for telephonic conference.

3. The parties are directed to file revised verdict forms reflecting case developments at final pretrial conference on or before **September 5, 2023**.

SO ORDERED, this the 29th day of August, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge