UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

PENNSYLVANIA NATIONAL MUTUAL )
CASUALTY INSURANCE COMPANY )
    Plaintiff, )
                                  )                     JUDGMENT
      v. )
                                  )                     No. 2:14-CV-00008-FL
BEACH MART, INC. )
                                  )
    Defendant. )

**DECISION BY THE COURT.**

It is **ORDERED, ADJUDGED AND DECREED** for the reasons detailed in the court's September 30, 2022, order, Pennsylvania National Mutual Casualty Insurance Company's claims for declaration of noncoverage under the insurance policies are dismissed as to L&L Wings, Inc.'s original counterclaims, and Beach Mart, Inc.'s claim seeking a declaration of coverage and establishing a duty to defend against L&L Wings, Inc.'s original counterclaims under the insurance policies is granted. Pennsylvania National Mutual Casualty Insurance Company was obligated under the insurance policies to defend Beach Mart, Inc. against L&L Wings, Inc.'s original counterclaims.

It is further **ORDERED, ADJUDGED AND DECREED** for the reasons detailed in the court's September 30, 2022, order, Pennsylvania National Mutual Casualty Insurance Company's claims for declaration of noncoverage under the insurance policies are granted as to L&L Wings, Inc.'s amended counterclaims, and Beach Mart's claim seeking a declaration of coverage and establishing a duty to defend against L&L Wings, Inc.'s amended counterclaims under the insurance policies is dismissed. Beach Mart, Inc.'s duty to defend under the insurance policies terminated upon the October 3, 2014, dismissal order in the underlying action, and the duty was not retriggered by L&L Wings, Inc.'s filing of its amended counterclaims on February 23, 2017.

It is further **ORDERED, ADJUDGED AND DECREED** for the reasons detailed in the court's September 30, 2022, order, that the part of Pennsylvania National Mutual Casualty Insurance Company's claim seeking declaratory judgment that it has no duty to indemnify is denied as moot.

It is further **ORDERED, ADJUDGED AND DECREED** for the reasons detailed in the court's September 30, 2022, order, that the following parts of Beach Mart Inc.'s counterclaims are dismissed: counterclaim III (breach of the implied covenant of good faith and fair dealing); counterclaim IV (unfair and deceptive trade practices in violation of N.C. Gen. Stat. § 58-63-15(11)(e), (g), (h), (m), and (n)).

It is further **ORDERED, ADJUDGED AND DECREED** for the reasons detailed in the court's December 28, 2022, order, Beach Mart, Inc., is realigned as plaintiff for purposes of trial, and Pennsylvania National Mutual Casualty Insurance Company is realigned as defendant for purposes of trial.

**JURY VERDICT.** The remaining claims in this action came before the court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

**IT IS ORDERED, ADJUDGED AND DECREED** that Beach Mart, Inc. has proven by the preponderance of the evidence that Pennsylvania National Mutual Casualty Insurance Company breached its obligations to Beach Mart, Inc. under an insurance policy.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the earliest date Pennsylvania National Mutual Casualty Insurance Company breached its obligations to Beach Mart, Inc. under an insurance policy was June 8, 2012.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Beach Mart, Inc. is entitled to recover from Pennsylvania National Mutual Casualty Insurance Company for the time period from June 8, 2012 to October 3, 2014 in the amount of $577,675.16.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Pennsylvania National Mutual Casualty Insurance Company did not prove by the preponderance of the evidence that Beach Mart, Inc. did not comply with material terms and conditions of an insurance policy, and either did not act in good faith or materially prejudiced Pennsylvania National Mutual Casualty Insurance Company.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Pennsylvania National Mutual Casualty Insurance Company did not prove by the preponderance of the evidence that Beach Mart, Inc. failed to use ordinary care to mitigate the consequences of Pennsylvania National Mutual Casualty Insurance Company's breach.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Beach Mart, Inc. did not prove by the preponderance of the evidence that Pennsylvania National Mutual Casualty Insurance Company misrepresented facts or insurance policy provisions relating to coverage at issue, conduct referenced in verdict question 9.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Beach Mart, Inc. proved by the preponderance of the evidence that Pennsylvania National Mutual Casualty Insurance Company failed to acknowledge and act reasonably promptly upon communications with respect to claims arising under an insurance policy, conduct referenced in verdict question 9.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Beach Mart, Inc. proved by the preponderance of the evidence that Pennsylvania National Mutual Casualty Insurance Company failed to adopt and implement reasonable standards for the prompt investigation of claims arising under an insurance policy, conduct referenced in verdict question 9.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Beach Mart, Inc. proved by the preponderance of the evidence that Pennsylvania National Mutual Casualty Insurance Company refused to pay claims without conducting a reasonable investigation based upon all available information, conduct referenced in verdict question 9.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Beach Mart, Inc. did not prove by the preponderance of the evidence that Beach Mart, Inc. suffered an injury proximately caused by Pennsylvania National Mutual Casualty Insurance Company's conduct referenced in verdict question 9.

**QUESTION 4.** This question was presented to the jury to answer what amount of damages, if any, Beach Mart, Inc. is entitled to recover from Pennsylvania National Mutual Casualty Insurance Company for the time period from October 4, 2014, to February 23, 2017, solely with reference to Beach Mart, Inc.'s December 17, 2023, request at trial for partial reconsideration of the court's September 30, 2022, order (DE 247). In light of the jury's response, finding no proof of actual damages for the time period from October 4, 2014, to February 23, 2017, said motion for reconsideration of the court's September 30, 2022, order in this part is terminated as moot.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Beach Mart, Inc. shall recover prejudgment interest, accruing from June 8, 2012, up to and until date of entry of judgment at the rate of eight percent (8%) per annum simple interest on the sum of $577,675.16, for a total prejudgment interest amount of $533,423.67. Beach Mart, Inc. is entitled to and shall recover postjudgment interest on the entire amount awarded under this judgment, in an amount determined by the rate established by 28 U.S.C. § 1961, accruing as of the date of entry of judgment up to and until satisfaction in full.

**This Judgment Filed and Entered on December 21, 2023, and Copies To:**
Stephen F. Shaw (via CM/ECF Notice of Electronic Filing)
Charles A. Burke (via CM/ECF Notice of Electronic Filing)
John D. Wooten, IV (via CM/ECF Notice of Electronic Filing)
Jonathan Reid Reich (via CM/ECF Notice of Electronic Filing)
David L. Levy (via CM/ECF Notice of Electronic Filing)
John Larrimore Wright (via CM/ECF Notice of Electronic Filing)
Brian Michael Williams (via CM/ECF Notice of Electronic Filing)

December 21, 2023      PETER A MOORE, JR., CLERK

　　　　　　　　　　　　　　　　　　/s/ Sandra K. Collins
　　　　　　　　　　　　　　　　　(By) Sandra K. Collins, Deputy Clerk